# EXHIBIT 3

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Asylum Division*
Washington, DC  20529-2100



March 25, 2009                                                                                         HQRAIO 120/12a

# Memorandum

TO:  All Asylum Office Staff

FROM:  Joseph E. Langlois /s/
Chief, USCIS Asylum Division

SUBJECT:  Implementation of Statutory Change Providing USCIS with Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children

### I.  Purpose

This memorandum provides notification and guidance to the USCIS Asylum Offices regarding the "initial jurisdiction" provision of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Public Law 110-457, which was signed into law on December 23, 2008 and became effective 90 days thereafter, on March 23, 2009.

The implementing procedures discussed herein have been established in consultation with Immigration and Customs Enforcement (ICE) and the Executive Office for Immigration Review (EOIR) based on a joint understanding.  These procedures will be incorporated into the Affirmative Asylum Procedures Manual, though potentially following modification upon monitoring and evaluation.  Federal regulations will ultimately be promulgated in order to reflect the procedures established for USCIS initial jurisdiction.

This guidance should be reviewed at each Asylum Office's next training.

Implementation of Statutory Change Providing USCIS With Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 2

## II.     Background

The TVPRA makes a number of changes that affect unaccompanied alien children (UACs)[1] who file for asylum. Among the statutory changes, section 235(d)(7)(B) of the TVPRA provides asylum officers with "initial jurisdiction over any asylum application filed by" a UAC. This means that UACs will have an opportunity to file for asylum with USCIS, even if the UAC has been issued a Notice to Appear (NTA). This initial jurisdiction provision is effective on March 23, 2009. It applies to all UACs who file for asylum on or after March 23, 2009, as well as to the asylum claims filed by UACs with pending proceedings in Immigration Court or cases on appeal to the Board of Immigration Appeals (BIA) or on petition for review in federal court (see attached USCIS News Release and USCIS Fact Sheet for more information).

UACs who are apprehended by Customs and Border Protection, ICE, or another federal entity must be placed into the custody of the Office of Refugee Resettlement (ORR) within the U.S. Department of Health and Human Services within 48 or 72 hours. *See* TVPRA §§ 235(a)(4); 235(b)(3). Those UACs are generally issued an NTA before an Immigration Judge of EOIR, within the U.S. Department of Justice (DOJ), for removal proceedings under section 240 of the Immigration and Nationality Act. During removal proceedings, a UAC may request asylum. Until the TVPRA's initial jurisdiction provision went into effect, such UACs defensively filed their Form I-589 applications for asylum with the Immigration Court in removal proceedings. With the initial jurisdiction provision of the TVPRA taking effect, UACs in removal proceedings will now file their Form I-589 application with USCIS. ICE will provide those UACs in Immigration Court intending to file for asylum with "Instructions for an unaccompanied alien child in immigration court to submit a Form I-589 asylum application to USCIS" ("UAC Instruction Sheet") (attached). The anticipated process is that ICE will request a continuance to provide time for the UAC to file the Form I-589 with USCIS and have the asylum case adjudicated. There may be cases, however, that are administratively closed or terminated without prejudice.

The Asylum Offices may encounter filings from UACs in a number of different procedural postures.
1. A UAC who has never been in removal proceedings may affirmatively file for asylum under pre-existing procedures.
2. A UAC may be placed in removal proceedings in Immigration Court on or after March 23, 2009, and seek to file for asylum.

---

[1] As defined at 6 U.S.C. § 279(g)(2), an unaccompanied alien child means:
   a child who—
       **(A)** has no lawful immigration status in the United States;
       **(B)** has not attained 18 years of age; and
       **(C)** with respect to whom—
               **(i)** there is no parent or legal guardian in the United States; or
               **(ii)** no parent or legal guardian in the United States is available to provide care and physical custody.

Implementation of Statutory Change Providing USCIS With Initial Jurisdiction over Asylum
Applications Filed by Unaccompanied Alien Children
Page 3

3. A UAC whose case was referred to Immigration Court after having been affirmatively adjudicated by USCIS may not re-file with USCIS, as USCIS already had initial jurisdiction of the case.
4. A UAC in pending removal proceedings, with a case on appeal to the BIA, or with a petition for review in federal court as of December 23, 2008, who has never submitted a Form I-589, may file for asylum with USCIS.
5. For an individual in pending removal proceedings, with a case on appeal to the BIA, or with a petition for review in federal court as of December 23, 2008, who has previously submitted a Form I-589 while a UAC, USCIS may have initial jurisdiction.

For scenario #2, concerning a UAC placed in removal proceedings on or after March 23, 2009, ICE will provide UACs intending to file for asylum with the UAC Instruction Sheet. The interpretation of and procedures concerning scenarios #4 and #5 are still under development. The litigating authority before EOIR or the federal courts may provide UACs in scenarios #4 and #5 with the UAC Instruction Sheet if it is determined that USCIS should have initial jurisdiction. Where there is a pre-existing Form I-589, the existing Form I-589 should be transferred to USCIS. Such cases would then be processed according to standards for processing new filings by UACs in removal proceedings, discussed below.

### III.   Field Guidance

This guidance focuses on the Asylum Offices' handling of I-589s by UACs in removal proceedings who are filing pursuant to the TVPRA.

#### A. Location of UAC filings with USCIS

The UAC Instruction Sheet communicates a new requirement for UACs to file the Form I-589 with the Nebraska Service Center (NSC). The outer envelope of the filing should be addressed with the heading "UAC I-589." In extenuating circumstances where expeditious processing is required, the Director of the local Asylum Office may consent to the UAC filing the Form I-589 application directly with the Asylum Office. Pre-existing guidance in the Affirmative Asylum Procedures Manual should inform the Director's decision as to whether to accept the direct filing, rather than have the applicant file with the NSC. Additionally, with regard to whether to accept the direct filing, the Director may consider whether the UAC continues to be in ORR custody as a factor meriting expeditious processing.

#### B. Documentation in RAPS to indicate the applicant is a UAC

At the time of receipt of a UAC's Form I-589 application, the NSC will verify whether the UAC is in removal proceedings. In such cases, the NSC will enter the special group code "KRD" (formerly Guam Kurd – presently defensive unaccompanied child) into the Refugees, Asylum and Parole System (RAPS). While this special group code was formerly utilized to refer to Guam Kurds, as it is no longer in use for new filings, it is now being converted to refer to UACs in removal proceedings. This special group code serves the purpose of taking the case off of the automatic scheduler, so that the Asylum Office can determine whether special arrangements for

Case 8:19-cv-01944-SAG   Document 3-2   Filed 07/01/19   Page 5 of 8

Implementation of Statutory Change Providing USCIS With Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 4

the interview location need to be arranged.  Additionally, the Asylum Office will have access to a weekly report of all minor principal applicants, which will differentiate those UACs who are in removal proceedings (i.e., in the special group KRD) from other minor principal applicants.

### C.  Determination as to whether the applicant is a UAC

USCIS typically does not have jurisdiction to accept the filing of a Form I-589 filed by an applicant in removal proceedings.  Because section 235(d)(7)(B) of the TVPRA places initial jurisdiction of asylum applications filed by UACs with USCIS, even for those UACs in removal proceedings, USCIS will need to determine whether an applicant in removal proceedings is a UAC at the time of filing such that USCIS has initial jurisdiction.  The NSC, as the entity where most UACs will file, will make an initial determination as to jurisdiction.  It will accept the filing of an applicant in removal proceedings where the filing includes the UAC Instruction Sheet indicating that the applicant is a UAC.  The NSC will also accept the filing of an individual under 18 years of age and in removal proceedings, even if there is no UAC Instruction Sheet included in the filing.[2]  Cases of UACs in removal proceedings will be entered into RAPS with the special group code KRD.  For individuals in removal proceedings who are over 18 years of age and who do not submit a UAC Instruction Sheet, the Service Centers will follow existing procedures.

The Asylum Offices play an important role in determining whether the applicant is a UAC such that USCIS properly has jurisdiction.  Where the Asylum Office receives a direct filing from an applicant in removal proceedings, it must make the determination that the applicant is a UAC.  Even where the NSC accepts the filing, the Asylum Office at the time of interview should evaluate whether the applicant was a UAC at the time of filing.

Inclusion of the UAC Instruction Sheet in the filing should serve as evidence that the applicant is a UAC.  Nonetheless, at the time of direct filing or of interview, the Asylum Office may need to review other factors to determine whether the applicant is a UAC.  For instance, while the applicant may have been a UAC at the time of receiving the UAC Instruction Sheet from ICE, the applicant must be a UAC at the time of filing the Form I-589 in order for USCIS to have initial jurisdiction.

#### 1. *Age*

The Asylum Office should confirm that the applicant was under 18 years of age at the time of filing the Form I-589.  Where the file includes a Form I-213, the apprehending agent's notation of the date of birth, this serves to indicate the age that the applicant claimed to be at the time of apprehension.  Where there is evidence that the applicant was in ORR custody, this also indicates that the applicant was under 18, at least at the time of apprehension.  Some applicants may include the ORR Interim Placement Authorization document with their filing.  Unless there is clear, contradictory evidence in the file, jurisdiction should not be refused on the basis of age.

---

[2] For purposes of accepting a filing under these procedures, the NSC will use the date of birth listed on the Form I-589.

Case 8:19-cv-01944-SAG   Document 3-2   Filed 07/01/19   Page 6 of 8

Implementation of Statutory Change Providing USCIS With Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 5

2. *Unaccompanied Status*

The Asylum Office should also confirm that the applicant was unaccompanied at the time of filing the Form I-589. Where, at the time of filing, the applicant has no parent or legal guardian in the U.S. who is available to provide care and physical custody, the applicant is unaccompanied. *See* 6. U.S.C. § 279. *See also* Joseph E. Langlois, Asylum Division Chief, USCIS. *Updated Procedures for Minor Principal Applicant Claims, Including Changes to RAPS*, Memorandum for Asylum Office Directors, etc. (Washington, DC: 14 August 2007), at 5. Legal guardianship refers to a formal (legal/judicial) arrangement. A child is unaccompanied even if he or she is in the informal care and physical custody of other adults, including family members. For instance, if a UAC is released from ORR custody to a sponsor who is not a parent or legal guardian, the child continues to be unaccompanied.

### D. Transfer of file

An A-file will already exist for UAC applicants for asylum with USCIS who are concurrently in removal proceedings. The NSC will create a T-file and transfer the file to the Asylum Office. Additionally, RAPS will automatically initiate the A-file transfer request from the ICE Office of Chief Counsel to the Asylum Office. ICE may contact the Asylum Office to confirm that the file is being transferred due to the applicant being a UAC.

### E. Scheduling of UAC interviews

The Asylum Office will manually schedule special group KRD applicants for interview, based on the weekly minor principal applicant report. While manually scheduling interviews for those UACs in ORR custody, the Asylum Office should suppress the mailing of the interview notice and instead send a manually generated notice to inform the UAC of the appropriate interview location. This will permit the Asylum Office to determine the optimal interview location for UACs in ORR custody, as further discussed below. The Asylum Office should not schedule an applicant for interview until the A-file has been received.

Arranging for interviews of UACs in removal proceedings may take time, either due to arranging for an interview in a circuit ride location or in an alternate location. Interview scheduling should be done as expeditiously as possible for UACs, particularly for those who are in ORR custody at the time of filing. Additionally, for UACs in removal proceedings, the Asylum Office should attempt to schedule the asylum interview to occur prior to the next scheduled hearing date in Immigration Court.

### F. Interview locations

Most UACs can be scheduled for interview at an Asylum Office or a pre-existing circuit ride location. Special arrangements may need to be made for certain UACs in ORR custody. While ORR is responsible for transportation of UACs in their custody to the asylum interview, it may be necessary for the Asylum Office to arrange for a new circuit ride location to interview those

Implementation of Statutory Change Providing USCIS With Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 6

UACs in ORR facilities not located within an hour of a current interview location (see attached map). Those ORR facilities for which special arrangements for a new USCIS interview location may need to be made include: Harlingen, TX; Corpus Christi, TX; San Antonio, TX; and Vincennes, IN. Additionally, while the general preference is for the interview to occur in a USCIS office, we recommend that those UACs in an ORR secure facility be interviewed at the secure facility, in order for proper security arrangements to be in place. Contact information for ORR's Division of Unaccompanied Children's Services and its facilities will be posted on the Asylum Virtual Library.

### G. Interpreters

The Asylum Division is able to provide telephonic interpreters for those UACs in ORR custody who cannot fulfill the general requirement under 8 C.F.R. § 208.9(g) to provide an interpreter for the asylum interview. The Asylum Office should follow standard procedures for arranging for telephonic interpretation. If any issues or questions arise, contact the Headquarters Asylum point of contact for the interpreter contract.

### H. Handling of case upon entry of final decision

Where the Asylum Office decides to grant asylum to a UAC in removal proceedings, standard grant procedures are followed. The Asylum Office will serve the grant on the applicant and place a copy of the grant letter in the file, per standard procedures. Additionally, the Asylum Office UAC point of contact (see below) should contact the local ICE Office of Chief Counsel in order to alert them to the nature of the decision, so that ICE can move the Immigration Court to terminate proceedings.

Where the Asylum Office decides that a UAC in removal proceedings is not eligible for a grant of asylum, case processing will depend on the individual's procedural posture before EOIR. The Asylum Office should coordinate with ICE for the transfer of the A-file to ICE.
1. If the UAC's removal proceedings are still pending, due to the hearing date having been continued for good cause pending USCIS adjudication of the asylum claim, the Asylum Office will be unable to issue an NTA, as an active NTA already exists. The Asylum Office should proceed in issuing a referral notice, but not issue an NTA.
2. If the UAC's removal proceedings are still pending, due to the case having been administratively closed pending USCIS adjudication of the asylum claim, the Asylum Office should proceed in issuing a referral notice, but not issue an NTA.
3. If the UAC's removal proceedings were terminated without prejudice pending adjudication by USCIS of the asylum claim, standard referral procedures should be followed by the Asylum Office, including issuance of the NTA.

Until further notice, the Asylum Office will not serve a court packet on the Immigration Court for those UACs whom the Asylum Office refers for whom there is an active NTA (i.e., scenarios #1 and 2 above). Nonetheless, the Asylum Office should prepare the court packet and the A-file as usual. After the file has been transferred to Immigration Court, ICE will serve court packet on

Implementation of Statutory Change Providing USCIS With Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 7

the Immigration Court.  Additionally, the Asylum Office should ensure that a copy of the CSTA screen in RAPS is attached to the outside of the A-file before transferring it to ICE.

### I. UAC points of contact for each office

Each Asylum Office should designate a UAC point of contact (POC).  This person will be responsible for interacting with local ICE Office of Chief Counsel, local EOIR Immigration Court staff, and ORR DUCS staff.   The POC may also manage the interview scheduling process for the Asylum Office's UAC cases.

We recommend that the POC coordinate with the local ICE Office of Chief Counsel to inform ICE of the UAC's asylum application, to arrange for ICE to forward the A-file to the Asylum Office, and to verify whether the UAC's case is continued, administratively closed, or terminated pending the asylum interview.  Following the entry of a decision, the Asylum Office UAC POC should contact ICE to alert them to the decision and to arrange for transfer of the file, where necessary.

Additionally, the Asylum Office UAC POC may need to coordinate with the Asylum Office POC for clock issues in order to interact with EOIR to resolve any asylum clock issues that arise.

If you have any questions concerning the guidance contained in this memorandum, please contact Mary Margaret Stone at 202-272-1651.

Attachments (4):
1. DHS UAC Instruction Sheet (internal use only).
2. USCIS Update: USCIS Initiates Procedures for Unaccompanied Alien Children in Removal Proceedings Seeking Asylum (March 25, 2009).
3. USCIS Questions and Answers: USCIS Initiates Procedures for Unaccompanied Alien Children in Removal Proceedings Seeking Asylum (March 25, 2009).
4. Map of current ORR DUCS facilities and USCIS asylum interview locations (internal use only).