# EXHIBIT 5

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Refugee, Asylum and International*
*Operations Directorate*
Washington, DC 20529-2100



**U.S. Citizenship and Immigration Services**

HQRAIO 120/12a

# Memorandum

MAY 28 2013

TO:       All Asylum Office Staff

FROM:   Ted Kim
         Acting Chief, Asylum Division

SUBJECT: Updated Procedures for Determination of Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children

### I.    Purpose

This memorandum provides updated guidance and procedures to U.S. Citizenship and Immigration Services (USCIS) Asylum Offices on determining jurisdiction in applications for asylum filed by unaccompanied alien children (UACs) under the initial jurisdiction provision of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Public Law 110-457, which was signed into law on December 23, 2008, and became effective on March 23, 2009. These procedures modify the current procedures found in Section III.C of the March 25, 2009, memorandum *Implementation of Statutory Change Providing USCIS with Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children*. These procedures are effective on June 10, 2013, and apply to any USCIS decision issued on or after that date. These updated procedures will be incorporated into the Affirmative Asylum Procedures Manual. The decision letters used by Asylum Offices in UAC cases will not change with the exception of the UAC Decision Notice for Non-Eligibility (updated version attached). All Asylum Offices will receive train-the-trainer instruction from Headquarters and are responsible for conducting field training prior to June 10.

### II.    Determination as to whether the applicant is a UAC

USCIS typically does not have jurisdiction to accept a Form I-589, *Application for Asylum and for Withholding of Removal*, filed by an applicant in removal proceedings. Section 235(d)(7)(B) of the TVPRA, however, places initial jurisdiction of asylum applications filed by UACs with USCIS, even for those UACs in removal proceedings. Therefore, USCIS must determine whether an applicant in removal proceedings is a UAC.

Prior to the issuance of this guidance, Asylum Offices made independent factual inquiries under the UAC definition to support their determinations of UAC status, which was assessed at the time of the UAC's filing of the asylum application. In most of these cases another Department of Homeland Security entity, either U.S. Customs and Border Protection (CBP) or U.S. Immigration and Customs Enforcement (ICE), had already made a determination of UAC status after apprehension, as required for the purpose of placing the individual

Updated Procedures for Determination of Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 2

in the appropriate custodial setting. Effective June 10, in those cases in which either CBP or ICE has already made a determination that the applicant is a UAC, and that status determination was still in place on the date the asylum application was filed, Asylum Offices will adopt that determination without another factual inquiry. Unless there was an affirmative act by HHS, ICE or CBP to terminate the UAC finding before the applicant filed the initial application for asylum, Asylum Offices will adopt the previous DHS determination that the applicant was a UAC. In cases in which a determination of UAC status has not already been made, Asylum Offices will continue to make determinations of UAC status per current guidance.

### A. Cases in which a determination of UAC status has already been made

In cases in which CBP or ICE has already determined that the applicant is a UAC, Asylum Offices will adopt that determination and take jurisdiction over the case. Asylum Offices will see evidence of these prior UAC determinations in A-files or in systems on the Form I-213, *Record of Deportable Alien*; the Form 93 (the CBP UAC screening form); the Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR) Initial Placement Form[1]; the ORR Verification of Release Form; and the encounters tab in the ENFORCE Alien Removal Module (EARM) (see attached samples). In these cases the Asylum Office will no longer need to question the applicant regarding his or her age and whether he or she is accompanied by a parent or legal guardian to determine UAC status. If CBP or ICE determined that the applicant was a UAC, and, as of the date of initial filing of the asylum application, that UAC status determination was still in place, USCIS will take initial jurisdiction over the case, even if there appears to be evidence that the applicant may have turned 18 years of age or may have reunited with a parent or legal guardian since the CBP or ICE determination. Generally, an Asylum Office should not expend resources to pursue inquiries into the correctness of the prior DHS determination that the applicant was a UAC.

Although Asylum Offices will no longer need to make independent factual inquiries about UAC status in cases in which another DHS entity has already determined the applicant to be a UAC, these cases will still receive headquarters quality assurance review as juveniles per the Quality Assurance Referral Sheet. Upon receiving headquarters concurrence, Asylum Offices should follow the guidance in the March 25, 2009, memorandum referenced above regarding handling the case upon entry of a final decision.

### B. Cases in which a determination of UAC status has not already been made

#### 1. UACs not in removal proceedings

For applicants not in removal proceedings who apply for asylum with USCIS via the affirmative asylum process, who have not been determined previously to be a UAC by CBP or ICE, and who appear to be UACs, Asylum Offices will continue to make UAC determinations not for the purpose of determining jurisdiction but for the purposes of determining whether the applicant is subject to the 1-year filing deadline[2] and whether the Asylum Office must notify HHS that it has discovered a UAC[3]. Asylum Offices should examine whether the applicant was a UAC at the time of filing the asylum application for purposes of determining whether the 1-year filing deadline applies and whether the applicant was a UAC at the time of the interview (i.e., when "discovery" takes place) for purposes of notifying HHS. Previously issued guidance on examining an applicant's age and unaccompanied status continue to apply to these determinations.

---

[1] After apprehending an individual and determining that he or she is a UAC, CBP or ICE transfers him or her to a facility run by the Office of Refugee Resettlement (ORR), which is part of the Department of Health and Human Services (HHS).
[2] *See* section 235(d)(7)(A) of the TVPRA.
[3] *See* section 235(b)(2) of the TVPRA.

Updated Procedures for Determination of Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children
Page 3

## 2. UACs in removal proceedings

For applicants in removal proceedings where CBP or ICE has not already made a determination that the applicant is a UAC,[4] Asylum Offices will need to make UAC determinations for the purpose of determining whether USCIS has jurisdiction over the case. Asylum Offices should examine whether the applicant was a UAC on the date of initial filing of the asylum application for the purpose of determining USCIS jurisdiction.

If the Asylum Office is the first federal government entity to make a determination that the individual is a UAC and the individual remains a UAC at the time of the asylum interview, then the Asylum Office will notify HHS that it has discovered a UAC. This obligation to notify HHS upon "discovery" of a UAC is separate from the issue of jurisdiction over the asylum application. Where another federal government entity has already made a UAC determination, that entity is the one that "discovered" the UAC, and it is not therefore USCIS's obligation to notify HHS in those cases. Previously issued guidance on examining an applicant's age and unaccompanied status continue to apply to these determinations.

## III.    Credible and reasonable fear screening processes

In the credible and reasonable fear screening processes Asylum Offices will generally accept CBP and ICE determinations that individuals were not UACs, unless the Asylum Office discovers evidence indicating that the individual is currently a UAC, in which case the Asylum Office will make a new determination of UAC status and communicate such determination to CBP or ICE as appropriate.[5] If the Asylum Office is the first federal government entity to make a determination that the individual is a UAC and the individual remains a UAC at the time of the credible fear or reasonable fear interview, then the Asylum Office will notify HHS that it has discovered a UAC.

If you have any questions concerning the guidance contained in this memorandum, please contact Kimberly Sicard at 202-272-1623 or kimberly.r.sicard@uscis.dhs.gov.

Attachments (9):
1. UAC Decision Notice for Non-Eligibility (updated decision letter; internal use only)
2. DHS UAC Instruction Sheet
3. Form I-213, *Record of Deportable Alien* (internal use only)
4. Form I-213, *Record of Deportable Alien* (internal use only)
5. Form 93, the CBP UAC Screening Form (internal use only)
6. Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR) Initial Placement Form (internal use only)

---

[4] This situation would most likely occur when a child was accompanied at the time of service of the charging document but later became unaccompanied. If the child appeared or claimed to be a UAC in immigration court and expressed an interest in applying for asylum, the ICE trial attorney would give the child a UAC Instruction Sheet so that the child could file an asylum application with USCIS. The Asylum Office would then need to make a determination of UAC status in order to determine whether USCIS has jurisdiction over the case. The ICE trial attorney giving the applicant the UAC Instruction Sheet does not constitute a determination by DHS of UAC status.

[5] Section 235(a)(5)(D) of the TVPRA provides that any UAC whom DHS seeks to remove, except for a UAC from a contiguous country subject to certain exceptions, shall be placed in removal proceedings; therefore, Asylum Offices generally should not encounter UACs in the credible and reasonable fear screening processes.

Updated Procedures for Determination of Initial Jurisdiction over Asylum Applications Filed by
Unaccompanied Alien Children
Page 4

7.  Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR)
    Verification of Release Form (internal use only)
8.  Screen shot of the encounters tab in EARM (internal use only)
9.  Screen shot of the encounters tab in EARM (internal use only)