# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

**J.O.P.**, **M.A.L.C.**, **M.E.R.E.**, and **K.A.R.C.,** on behalf of themselves as individuals and on behalf of others similarly situated,

Plaintiffs,

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY**, **KEVIN MCALEENAN** (in his official capacity as Acting Secretary of Homeland Security), **U.S. CITIZENSHIP & IMMIGRATION SERVICES**, and **KENNETH CUCCINELLI** (in his official capacity as Acting Director of U.S. Citizenship & Immigration Services)

Defendants.

Civil Action No. 8:19-CV-01944-GJH

**PLAINTIFFS' MOTION TO SEAL**

Pursuant to Local Rule 105.11, Plaintiffs J.O.P., M.A.L.C., M.E.R.E., and K.A.R.C (together, the "Plaintiffs"), by their attorneys, respectfully request that this Court enter an order sealing the attached Complaint, which contains the Plaintiffs' full names.  Plaintiffs respectfully request that the Court order that the Complaint containing Plaintiffs' full names be sealed rather than appear on the public docket.

Under Local Rule 105.11, courts may grant motions to seal if the moving party includes "(a) proposed reasons supported by specific factual representations to justify the sealing and (b)

1

an explanation why alternatives to sealing would not provide sufficient protection."  The

decision to seal is "best left to the sound discretion of the [district] court, a discretion to be

exercised in light of the relevant facts and circumstances of the particular case."  *Va. Dep't of*

*State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted).

In support of this motion, Plaintiffs state as follows:

1.      On July 1, 2019, Plaintiffs filed with the Court a Complaint alleging that the

Defendants have unlawfully implemented new asylum rules for unaccompanied alien children

("UAC").  Plaintiffs have also filed a Motion for Temporary Restraining Order, a memorandum

of law, and declarations from Plaintiffs in support of that motion.

2.      The filings listed above each identified the Plaintiffs solely by pseudonym and do

not include the Plaintiffs' full names.

3.      Also on July 1, 2019, Plaintiffs filed a Motion for Permission to Proceed Under

Pseudonym, along with a memorandum in support, requesting that this Court permit them to

proceed pseudonymously in light of Plaintiffs' significant privacy interests and legitimate fear of

retaliatory harm.  Plaintiffs have addressed the justifications for maintaining their anonymity to

the public, and thus for sealing the documents in question here, in their Motion for Permission to

Proceed Under Pseudonym.  As set forth in that motion, Plaintiffs risk real personal harms by

bringing this suit, including potential for threats of personal harm for challenging the

government's asylum policies, and allowing them to proceed pseudonymously so that their

identities are not revealed would prevent these significant harms.

4.      Sealing the Complaint containing Plaintiffs' full names is the only available

method to protect Plaintiffs from needless disclosure of their identities on the public docket.

5.      Although Plaintiffs seek to proceed under pseudonym, they recognize that this Court and the Defendants in this action must receive copies that include Plaintiffs' full names. Accordingly, attached to this motion, Plaintiffs have provided a copy of the Complaint to be filed under seal.  In order to protect Plaintiffs' privacy and safety, as set forth in more detail in Plaintiffs' Motion to Proceed Under Pseudonym, Plaintiffs respectfully request that this Court maintain this document under seal.

6.      Plaintiffs will serve the sealed version of the Complaint upon Defendants.

Accordingly, Plaintiffs respectfully request that this Court enter an order sealing the version of the Complaint with Plaintiffs' full names, as well as any other documents that may be filed in this action that contain Plaintiffs' full names.

Dated: July 1, 2019


Respectfully submitted,

/s/Brian Burgess

Brian Burgess (Bar No. 19251)
Stephen R. Shaw*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001-4432
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com
SShaw@goodwinlaw.com


Elaine Herrmann Blais*
Sarah K. Frederick*
Kevin J. DeJong*
Christie Larochelle*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
SFrederick@goodwinlaw.com
KDejong@goodwinlaw.com
CLarochelle@goodwinlaw.com

*Attorneys for Plaintiffs*

*\* pro hac vice application forthcoming*

Scott Shuchart*
Kids in Need of Defense
1201 L Street, NW, Floor 2
Washington, DC 20005
Phone: 202-318-0595
Fax: 202-824-0702
sshuchart@supportkind.org

Wendy Wylegala*
Kids in Need of Defense
1251 Avenue of the Americas (c/o
Lowenstein Sandler LLP)
New York, NY 10020
Phone: 862-926-2069
Fax: 202-824-0702
wwylegala@supportkind.org

Michelle N. Mendez
Catholic Legal Immigration Network
(CLINIC)
8757 Georgia Avenue, Suite 850
Silver Spring, MD 20910
Phone: 301-565-4824
Fax: 301-565-4824
mmendez@cliniclegal.org

Rebecca Scholtz*
Catholic Legal Immigration Network
(CLINIC)
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 651-962-4833
Fax: 301-565-4824
rscholtz@cliniclegal.org

Kristen Jackson*
Mary Tanagho Ross*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
kjackson@publiccounsel.org
mross@publiccounsel.org