**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| **J.O.P.**, **M.A.L.C.**, **M.E.R.E.**, and **K.A.R.C.,** on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, **KEVIN MCALEENAN** (in his official capacity as Acting Secretary of Homeland Security), **U.S. CITIZENSHIP & IMMIGRATION SERVICES**, and **KENNETH CUCCINELLI** (in his official capacity as Acting Director of U.S. Citizenship & Immigration Services)<br><br>   Defendants. | Civil Action No.<br>8:19-CV-01944-GJH |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMISSION TO
PROCEED UNDER PSEUDONYM AND TO
<u>OMIT PLAINTIFFS' ADDRESSES FROM THE CAPTION IN THE COMPLAINT</u>**

Plaintiffs came to the United States to escape violence, abuse, and persecution in their home countries. They arrived in the United States as children without a parent or guardian to care for them and were each determined by the government to be an "Unaccompanied Alien Child" (UAC). Plaintiffs have applied for asylum with Defendant U.S. Citizenship & Immigration Services ("USCIS"), as they were entitled to do so under the Trafficking in Victims Protection Reauthorization Act of 2008 ("TVPRA") and as recognized by USCIS rules in place since 2013. About two weeks ago, USCIS changed the rules—without following the required notice-and-comment procedure for rulemaking—to mandate that, as of June 30, asylum officers should re-determine whether a child is a UAC, even if that child had been previously been determined by the government to be a UAC. Under the new rules, Plaintiffs will likely be deprived of their right to seek asylum before USCIS and may lose the ability to seek asylum entirely. Plaintiffs seek the Court's immediate intervention so that they may exercise their right to seek asylum before USCIS and maintain the permanent protections afforded to UACs under the TVPRA.

Plaintiffs, who are particularly vulnerable as they are suspended between a precarious residency in the United States and the fear of retribution in the countries from which they seek asylum, seek through this action to challenge the validity of USCIS's new asylum eligibility rules. As victims of violence and abuse in their countries of origin, pursuing this legal challenge to an illegal governmental policy threatens to unnecessarily expose facts about their private histories to the greater public. Further, they fear the possibility of violence both from Americans who might hold extreme anti-immigrant views and from individuals in their countries of origin, to which they may be returned if their asylum applications are denied.

For the reasons set forth below, this Court should prevent these avoidable dangers by allowing Plaintiffs to proceed pseudonymously and to omit their addresses from the Complaint caption.

**LEGAL STANDARD**

Although there is a "general presumption of openness of judicial proceedings," this "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Parties can proceed pseudonymously where "privacy or confidentiality concerns are . . . sufficiently critical." *Id.* Courts may exercise their discretion to allow a party to proceed under a pseudonym in light of "the circumstances of particular cases." *Id.*; *see also Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017) ("[C]ompelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." (citation omitted)). The Fourth Circuit has identified a list of non-exhaustive factors to guide courts in determining whether to permit parties to proceed by pseudonym:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Because the *Jacobson* factors are non-exhaustive, the Court must analyze those factors holistically to balance plaintiffs' legitimate privacy interests against the public interest of transparency in judicial proceedings. *Id.*

**ARGUMENT**

The Court should allow Plaintiffs to proceed pseudonymously because they face the risk of significant personal harm, including loss of privacy and threats to their personal safety, while neither the public nor the Government will suffer any loss from Plaintiffs' anonymity in this litigation.

**I.        Preservation of Privacy**

Courts regularly find that plaintiffs have satisfied the first *Jacobson* factor where they allege that "highly sensitive and personal matter[s]" would be exposed by denying them the ability to proceed pseudonymously. *EEOC v. Spoa, LLC*, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (sexual assault); *Doe v. Liberty Univ.*, 2019 WL 2518148, at *3 (W.D. Va. June 18, 2019) (noting that first factor has been satisfied for issues including "birth control cases, abortion cases, welfare cases involving minors born to unmarried parents, and cases involving issues of homosexuality" (citation omitted)).

Plaintiffs' declarations include sensitive personal details, including facts relating to sexual orientation and abuse as children. *See* Declaration of J.O.P.; Declaration of M.A.L.C.; Declaration of M.E.R.E.; Declaration of K.A.R.C. These facts would cause Plaintiffs significant personal distress if revealed to the public (which is highly attuned to immigration and asylum issues in the present political climate) while being associated with Plaintiffs' names. Plaintiffs reasonably seek to keep their private traumas and personal sexual orientation out of the public eye. This factor weighs heavily in favor of allowing Plaintiffs to file under their initials only.

There is also a "strong public interest in restricting asylum seekers' identities from the public." *A.B.T. v. U.S. Citizenship & Immigration Services*, 2012 WL 2995064, at *5 (W.D. Wash. 2012) (allowing plaintiff asylum seekers to proceed under a pseudonym). By federal

regulation, a person seeking asylum has the right to keep confidential any information contained in or relating to their asylum application. *See* 8 CFR §§ 208.6, 1208.6. "Here, anonymity should be granted despite the strong presumption against closing proceedings" because "plaintiffs' identities cannot be separated from the facts and allegations about their asylum applications." *A.B.T.*, 2012 WL 2995064, at *5 ("Given the clear mandate to protect asylum applicants and to prevent disclosure of their identities to the general public, the court has grave concerns of the role it would play in essentially requiring the parties to violate 8 C.F.R. §§ 208.6, 1208.6."); *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) ("As DHS recognizes, the confidentiality regulations are of utmost importance in protecting asylum applicants because the regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors.").

## II.     Risk of Retaliation

The second *Jacobson* factor asks "whether identification poses a risk of retaliatory physical or mental harm to the requesting party." *Jacobson*, 6 F.3d at 238. In assessing this factor, courts "place particular importance on the retaliatory nature of any threatened harm." *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 732 (W.D. Va. 2012). This factor is satisfied when, "in light of the ongoing national conversation" about a sensitive topic and the potential for "a fair amount of press," "it stands to reason that there are some persons who would seek to inflict physical or mental harm" on a plaintiff for bringing a suit that might arouse passions. *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016).

Plaintiffs reasonably fear retaliatory harm as a result of their bringing the present suit. Plaintiffs K.R.C. fears that individuals with strong anti-immigrant beliefs "could hurt me if they knew my identity." Decl. of K.R.C. ¶ ___. This danger applies just as well to each Plaintiff,

and in the present political climate where anti-immigrant sentiment is high and there is a robust

national debate about how draconian immigration and asylum policies should be, it is reasonable

to fear that the plaintiffs in a suit challenging a change in asylum policy may be subject to the

threat, or reality, of physical harm if their identities were revealed.  Accordingly, the second

factor also supports allowing Plaintiffs to keep their identities private.

## III.    Plaintiffs' Age

The third *Jacobson* factor considers the age of the Plaintiffs.  Plaintiff J.O.P. is a minor

and therefore, under Federal Rule of Civil Procedure 5.2(a)(3), may only be identified by initials

unless this Court affirmatively ordered otherwise.  The same considerations that apply to the

identity of minor plaintiff J.O.P. apply to the name and address of his next friend, whose name

appears in the litigation solely by virtue of her relationship to him.  See Fed. R. Civ. P. 17(c)(2).

Although the other Plaintiffs are 20 years old, they are still entitled to keep their identifies

private.  Courts have found that this factor weighs in favor of anonymity even where plaintiffs

are still "*young* adults and so may still possess the immaturity of adolescence." *Alger*, 317

F.R.D. at 40-41 (citation and internal quotation marks omitted). Thus, the third factor also

supports permitting these young Plaintiffs to keep their identities private from the public.

Additionally, even where courts have found that the third factor weighed against anonymity, it

may be outweighed, as it is here, by more significant and relevant factors weighing in its favor.

*See, e.g.*, *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3.

## IV.    Action Brought Against Governmental Entity

Under the fourth *Jacobson* factor, "the fact that this case has been brought against the

federal government, rather than private parties, supports permitting [Plaintiffs] to proceed

anonymously." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3.  Courts recognize that

"[a]ctions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Pittsylvania Cty.*, 844 F. Supp. 2d at 730.

Here, Plaintiffs have brought an action against two U.S. government agencies and their acting directors in their official capacities. Even where representative officers are named defendants, this does not convert a suit to an action against private parties; when named defendants are sued "only in their official capacities," allegations are apt to be read as "an indictment of the [entity's] process itself and not of the persons involved in it." *Alger*, 317 F.R.D. at 41. Even though, in some cases, there may be "a heightened public interest in the disclosure of the plaintiffs' identities in suits against the federal government," courts have found this interest to be reduced when "the claim is a pure legal challenge . . . such that the individual plaintiffs play only a minor role in the litigation." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3. This is just such a case. Thus, because Plaintiffs bring their suit only against government entities raising a purely legal challenge, this factor does not weigh against allowing them to file pseudonymously.

## V.  There is No Prejudice to Defendants

Under the fifth *Jacobson* factor, there is zero prejudice to the Defendants here. Where plaintiffs reveal their identities to defendants and simply seek to maintain their privacy as against the greater public, courts have consistently found no prejudice. *See, e.g.*, *Doe v. Va. Polytechnic Institute & State Univ.*, 2018 WL 5929645, at *4 (W.D. Va. Nov. 13, 2018); *Alger*, 317 F.R.D. at 41. Plaintiffs here are identifying themselves to Defendants in order to permit them to defend against the claims set forth in the Complaint. Moreover, any possible prejudice is "limited" by the fact that Plaintiffs "are challenging the constitutional and statutory validity of a governmental

order, such that the questions presented in this case do not depend on identifying the specific parties but instead are purely legal." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3 (citation and internal quotation marks omitted). Because there is no possible prejudice to Defendants resulting from allowing Plaintiffs to prevent their identities from becoming public, this factor as well weighs in favor of permitting pseudonymous filing.

## CONCLUSION

Because all relevant factors identified by the Fourth Circuit as guiding the Court's discretion in allowing Plaintiffs to file pseudonymously either weigh in favor of privacy or at the least do not weigh against it, this Court should issue an order allowing Plaintiffs to file pseudonymously on public filings and to omit their addresses from the Complaint caption.

Dated: July 1, 2019

Respectfully submitted,

/s/Brian Burgess

Brian Burgess (Bar No. 19251)
Stephen R. Shaw*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001-4432
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com
SShaw@goodwinlaw.com


Elaine Herrmann Blais*
Sarah K. Frederick*
Kevin J. DeJong*
Christie Larochelle*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
SFrederick@goodwinlaw.com
KDejong@goodwinlaw.com
CLarochelle@goodwinlaw.com

*Attorneys for Plaintiffs*

*\* pro hac vice application forthcoming*

Scott Shuchart*
Kids in Need of Defense
1201 L Street, NW, Floor 2
Washington, DC 20005
Phone: 202-318-0595
Fax: 202-824-0702
sshuchart@supportkind.org

Wendy Wylegala*
Kids in Need of Defense
1251 Avenue of the Americas (c/o
Lowenstein Sandler LLP)
New York, NY 10020
Phone: 862-926-2069
Fax: 202-824-0702
wwylegala@supportkind.org

Michelle N. Mendez
Catholic Legal Immigration Network
(CLINIC)
8757 Georgia Avenue, Suite 850
Silver Spring, MD 20910
Phone: 301-565-4824
Fax: 301-565-4824
mmendez@cliniclegal.org

Rebecca Scholtz*
Catholic Legal Immigration Network
(CLINIC)
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 651-962-4833
Fax: 301-565-4824
rscholtz@cliniclegal.org

Kristen Jackson*
Mary Tanagho Ross*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
kjackson@publiccounsel.org
mross@publiccounsel.org