**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

**J.O.P. (by and through Next Friend G.C.P.)**, **M.A.L.C.**, **M.E.R.E.**, and **K.A.R.C.,** on behalf of themselves as individuals and on behalf of others similarly situated,

Plaintiffs,

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY**, **KEVIN MCALEENAN** (in his official capacity as Acting Secretary of Homeland Security), **U.S. CITIZENSHIP & IMMIGRATION SERVICES**, and **KENNETH CUCCINELLI** (in his official capacity as Acting Director of U.S. Citizenship & Immigration Services)

Defendants.

Civil Action No. 8:19-CV-01944-GJH

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiffs J.O.P., M.A.L.C., M.E.R.E, and K.A.R.C. (together, the "Plaintiffs") move, pursuant to Rule 65.1(c) of the Local Rules of the U.S. District Court for the District of Maryland and Rule 65 of the Federal Rules of Civil Procedure, for a temporary restraining order.

As more fully set forth in the attached Memorandum, the Defendants, agencies and officials of the U.S. Government, have issued a memorandum dated May 31, 2019, divorced from any rulemaking process, that instructs U.S. Customs and Immigration Services ("USCIS")

officials to redetermine the unaccompanied alien child ("UAC") status of asylum applicants at the time that their asylum applications are filed and to disregard any previous designation as a UAC. This new policy, which was only recently announced publicly and applies to all USCIS determinations on or after June 30, 2019, would punish asylum applicants who acted in reliance on USCIS's previous policy, which it has followed since 2013, and would violate the protections provided by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").

As explained in the Complaint and the attached Memorandum of Law, this new policy is unconstitutional and violates the Administrative Procedures Act ("APA"), the TVPRA, and Plaintiffs' and the proposed class's due process rights. The policy went into effect on June 30, 2019, just 30 days after the date of the memorandum announcing it (and just two weeks after it was posted to a federal government website without fanfare). In order to avoid the irreparable harm that Plaintiffs will suffer if the policy goes into effect, Plaintiffs respectfully request that this Court enter a temporary restraining order to preserve the status quo until it may consider the new policy's validity. A proposed order is attached.

Dated: July 1, 2019

Dated: July 1, 2019

Respectfully submitted,

/s/Brian Burgess

Brian Burgess (Bar No. 19251)
Stephen R. Shaw*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001-4432
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com
SShaw@goodwinlaw.com

Elaine Herrmann Blais*
Sarah K. Frederick*
Kevin J. DeJong*
Christie Larochelle*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
SFrederick@goodwinlaw.com
KDejong@goodwinlaw.com
CLarochelle@goodwinlaw.com

*Attorneys for Plaintiffs*

* *pro hac vice application forthcoming*

Scott Shuchart*
Kids in Need of Defense
1201 L Street, NW, Floor 2
Washington, DC 20005
Phone: 202-318-0595
Fax: 202-824-0702
sshuchart@supportkind.org

Wendy Wylegala*
Kids in Need of Defense
1251 Avenue of the Americas (c/o Lowenstein Sandler LLP)
New York, NY 10020
Phone: 862-926-2069
Fax: 202-824-0702
wwylegala@supportkind.org

Michelle N. Mendez
Catholic Legal Immigration Network (CLINIC)
8757 Georgia Avenue, Suite 850
Silver Spring, MD 20910
Phone: 301-565-4824
Fax: 301-565-4824
mmendez@cliniclegal.org

Rebecca Scholtz*
Catholic Legal Immigration Network (CLINIC)
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 651-962-4833
Fax: 301-565-4824
rscholtz@cliniclegal.org

Kristen Jackson*
Mary Tanagho Ross*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
kjackson@publicccounsel.org
mross@publiccounsel.org