

Brian Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
901 New York Ave., NW
Washington, DC 20001

goodwinlaw.com
+1 202 346 4000

July 21, 2019

**BY CM/ECF ONLY**

The Honorable George G. Hazel
U.S. District Court for the District of Maryland
Greenbelt Division
6500 Cherrywood Lane, Suite 445A
Greenbelt, MD 20770

**RE:** ***J.O.P., et al. v. U.S. Department of Homeland Security, et al.*, Case No. GJH-19-1944**

Dear Judge Hazel:

We write today to address three issues that arose during the temporary restraining order ("TRO") hearing that this Court held on July 19, 2019. We believe that the following three points will assist this Court in resolving Plaintiffs' Motion for a Temporary Restraining Order.

First, after Defendants proffered their two unexpected proposals for TROs narrower than Plaintiffs seek, the Court reserved its view on the question whether it is empowered to grant broad injunctive relief prior to certification of a class. Indeed, the Court has authority to enter an order that includes prospective, rather than merely retrospective, remedial relief for the purported class at this stage in the litigation for at least two independent reasons.

As Plaintiffs argued during the hearing, the remedy Congress provided for unlawful agency action is setting aside that agency action. No narrower relief adequately addresses the plaintiffs' injury than setting aside the 2019 memorandum through a blanket injunction against enforcing the illegitimately promulgated policy. *See Guilford Coll. v. McAleenan*, No. 1:18cv891, 2019 WL 1980132, at *11 (M.D.N.C. May 3, 2019) (stating, in an APA non-class action against a different USCIS policy memorandum, that injunction setting aside the unlawful policy in its entirety has the "breadth . . . necessary to give the prevailing parties the relief to which they are entitled" (quoting *Bresgal v. Brock*, 843 F.2d 1163, 1170-71 (9th Cir. 1987))).

In addition, there is broad authority that courts may enter classwide injunctive relief before certification of a class. "The lack of formal class certification does not create an obstacle to classwide preliminary injunctive relief when activities of the defendant are directed generally against a class of persons." *Rodriguez v. Providence Community Corrections*, 155 F. Supp. 3d 758, 766 (M.D. Tenn. 2015) (internal citations and quotation marks omitted); *see also Mullins v. Cole*, 218 F. Supp. 3d 488 (S.D.W.Va. 2016) (considering harms to putative class as a whole in awarding preliminary injunction prior to class certification). Doing so is particularly appropriate in



Brian Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
901 New York Ave., NW
Washington, DC 20001

goodwinlaw.com
+1 202 346 4000

"emergency situations" to avoid "imminent, irreparable harm." *Chhoeun v. Martin*, 306 F. Supp. 3d 1147, 1164 (C.D. Cal. 2018). "The impending irreparable harm at issue may very well require entry of a preliminary injunction before the parties can engage in the lengthy process of gathering evidence and submitting arguments in support of a motion for class certification." *Id.*

Second, regardless of whether the Court decides to enter the broader order proposed by Plaintiffs that imposes a blanket injunction against enforcing the illegitimately promulgated 2019 policy or the narrower one proposed by Defendants, Plaintiffs submit that an additional sentence should be added to account for the passage of time and the undisputed fact that USCIS has been applying the 2019 policy to reject asylum applications on jurisdictional grounds. We hereby request that the substance of the following sentence be included in any form of order entered by the Court: "ORDERED, that the Defendant United States Citizenship and Immigration Services will retract any adverse decision already rendered in an individual case applying the 2019 UAC Memorandum within one week following entry of this Order, and reinstate consideration of such case applying the 2013 UAC Memorandum."

Third, we believe that briefly clarifying one answer provided by Plaintiffs during the hearing would benefit this Court's consideration of the issues at hand. In discussing the inclusion of the phrase "permanent protection for certain at-risk children" in the TVPRA, there was some confusion suggesting that this language was only included in a "bill" rather than codified in the statute. Plaintiffs clarify that this language appeared in the TVPRA, a statute enacted by Congress on a bipartisan basis and signed into law by the President in December 2008, TVPRA, Pub. L. No. 110-457 § 235(d), 122 Stat. 5044, 5074, and appears in full in the U.S. Code, 8 U.S.C. § 1232(d). The fact that the codification process physically separated the "permanent protection" phrase from the asylum-related statutory amendments does not detract from the fact that Congress termed an entire group of protections "permanent" in a statute that amended many scattered portions of the U.S. Code.

    /s/ Brian Burgess
Brian Burgess
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-1432
T:  202-346-4215
F:  202-346-4444
BBurgess@goodwinlaw.com

Cc:  Counsel of Record, via CM/ECF

ACTIVE/100318938.2