

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Vickie E. LeDuc*  *Suite 400*  MAIN: 410-209-4800
*Assistant United States Attorney*  *36 S. Charles Street*
  *Baltimore, MD 21201-3119*

July 22, 2019

**BY CM/ECF ONLY**

The Honorable George J. Hazel
United States District Judge
United States District Court for the District of Maryland
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: J.O.P., et al v. DHS, et al., Civil No. GJH-19-1944

Dear Judge Hazel:

  Plaintiffs raise several arguments in their July 21, 2019 letter filed with the Court, following the July 19, 2019 hearing. Defendants do not intend to reargue the hearing, but would like to address one issue Plaintiffs raise concerning permanent protections for at risk children.

  As Plaintiffs note, the language "permanent protection" appears in section 235(d) of the TVPRA. Specifically, that section makes various changes to the standards and processes through which a UAC may seek Special Immigrant Juvenile (SIJ) status and asylum, both of which are forms of "permanent protection." Sections 235(d)(1) through (6) address the adjudication of SIJ applications and the treatment of applicants granted SIJ status.

  Section 235(d)(7) is titled "Access to Asylum Protections" and includes the provisions at issue here – the exemption from the one year asylum filing deadline for UACs and USCIS' initial jurisdiction over asylum applications filed by UACs. Section 325(d)(8) provides for specialized regulations to govern applications by UACs for these permanent protections and any other relief they may seek.

  The description of SIJ status and asylum as "permanent protection" does not suggest that the various procedural and substantive changes made to the provisions that govern them are required to extend beyond the point in time at which an applicant ceases to be a UAC. The asylum related provisions of TVPRA section 235(d)(7) address an underlying form of protection that is permanent. Asylum is a permanent immigration status. But that does not mean that the changes to the processes through which UACs may seek this permanent form of protection must be extended on a permanent basis to any individual who was designated a UAC at some time in the

past. The language of the provision itself at section 235(d)(7)(B) explicitly requires only that "an asylum officer have initial jurisdiction over any asylum claim *filed by a UAC* . . . ." *emphasis added.* The plain reading of this language is that an asylum application "filed by a UAC" is an application that was filed by an applicant who met the UAC definition on the date of filing. Moreover, that UAC definition contains elements that are by their very terms non-permanent. 6 U.S.C. § 279(g)(2). A parent who is unavailable on the date a CBP officer apprehends a child may become available in the months or even years before the child files an asylum application. And the child will eventually turn 18. If either of these scenarios occurs before the child files an asylum application, the most natural reading of the statute is that that application was not "filed by a UAC."

As such, Plaintiffs' argument as to permanent protection is without merit.

Thank you for your attention to this matter.

Very truly yours,

Robert K. Hur
United States Attorney


_____/s/_____
Vickie E. LeDuc
Assistant United States Attorney
*Counsel for the Defendants*
