## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P. (by and through Next Friend G.C.P.)**, **M.A.L.C.**, **M.E.R.E.**, and **K.A.R.C.,** on behalf of themselves as individuals and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY**, **KEVIN MCALEENAN** (in his official capacity as Acting Secretary of Homeland Security), **U.S. CITIZENSHIP & IMMIGRATION SERVICES**, and **KENNETH CUCCINELLI** (in his official capacity as Acting Director of U.S. Citizenship & Immigration Services) <br><br> Defendants. | Civil Action No. 8:19-CV-01944-GJH |

### PLAINTIFFS' CONSENTED-TO MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs J.O.P. (by and through next friend, G.C.P.), M.A.L.C., M.E.R.E., and K.A.R.C. ("Plaintiffs") hereby move the Court to convert the temporary restraining order currently in place into a preliminary injunction. Defendants consent to the requested relief.

This case concerns a May 31, 2019 USCIS memorandum that required asylum officers to redetermine whether asylum applicants met the statutory definition of unaccompanied alien child ("UAC") at the time of first filing their asylum applications. If USCIS determined that an individual did not satisfy the definition on the date of filing the application, USCIS was to decline jurisdiction over the asylum application and could conclude that the applicant was not entitled to an exemption from the one-year deadline for filing asylum applications. This new

policy applied to all USCIS decisions issued on or after June 30, 2019, thereby affecting asylum applicants who acted in reliance on USCIS's previous policy, which it has followed since 2013. *See* D.I. 14-1 at 11-12.  Under the 2019 policy, USCIS could reject an asylum application for lack of jurisdiction even though the applicant was entitled to pursue asylum before USCIS based on the previous 2013 policy, and in some instances, applicants would lose their ability to pursue asylum entirely by virtue of the one-year bar.  *See* D.I. 14-1 at 3.

On August 2, 2019, the Court granted Plaintiffs' Motion for Temporary Restraining Order.  D.I. 55.  The Court held that Plaintiffs are likely to succeed on their claims that (1) "USCIS failed to engage in the required notice-and-comment procedure for rulemaking," D.I. 54 at 10-11, and (2) "the redetermination policy is arbitrary and capricious in violation of the APA because USCIS failed to consider serious reliance interests engendered by the agency's longstanding prior policy," *id.* at 12-13.  The Court also acknowledged that "Defendants consent to the named Plaintiffs' requested temporary relief as to their due process claim on the issue of retroactive application of the policy."  *Id.* at 8.

The Court also held that Plaintiffs have "met their burden to demonstrate that the redetermination policy will cause irreparable harm if the status quo is not maintained," including because "individuals who relied on USCIS's longstanding policy of not rescinding UAC status may miss their opportunity to file for asylum all together if the one-year filing deadline from which they would have otherwise been exempt is now imposed."  *Id.* at 14-15.  Finally, the Court found that the last "two factors—the balance of the equities and the public interest—merge here because the Government is a party, and they favor maintaining the status quo."  *Id.* at 15.

Plaintiffs now seek a preliminary injunction to maintain the status quo through the duration of this litigation.  The parties have agreed to multiple extensions of the temporary

restraining order, currently set to expire on October 15, 2019, to allow time to negotiate a final resolution of the case.  *See* D.I. 60 (extended until September 3, 2019); D.I. 62 (extended to September 24, 2019); D.I. 66 (extended to October 15).  The limited duration of a temporary restraining order presents uncertainty to Plaintiffs and proposed class members who reasonably seek clarity on what policy USCIS will follow to determine jurisdiction over and adjudicate their applications.   While the parties continue to discuss a final resolution, Plaintiffs seek to have a preliminary injunction in place to provide certainty to Plaintiffs and the proposed class members, to ensure that proposed class members are not harmed through application of the policy if the temporary restraining order were to expire while this action remains pending, and to avoid burdening the Court with additional requests for extensions of the temporary restraining order.[1]

In support of this Motion for a Preliminary Injunction, Plaintiffs rely on their previously submitted brief and declarations in support of their motion for a temporary restraining order.  *See* D.I. 14 (Memorandum in Support of Motion for a Temporary Restraining Order); D.I. 15 (Declaration of Brian Burgess, and supporting exhibits); D.I. 16 (Declaration of Elizabeth Lopez); D.I. 17 (Declaration of Plaintiff K.R.C.); D.I. 19; (Declaration of Plaintiff M.A.L.C.); D.I. 20 (Declaration of Plaintiff M.E.R.E.).   The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same.  *See e.g.*, *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 281 n.1 (4th Cir. 2006).[2]  Accordingly, Plaintiffs request

---

[1] In requesting that the Court convert the temporary restraining order into a preliminary injunction, Plaintiffs take no position regarding Defendants' compliance with the temporary restraining order.   Plaintiffs specifically reserve the right to raise any issues regarding compliance with this Court, including, but not limited to, issues regarding Defendants' obligation under the order to retract any decisions applying the 2019 UAC Memorandum and to reinstate consideration of such cases to reflect USCIS policy applying the 2013 UAC Memorandum.

[2] Unlike a temporary restraining order, a preliminary injunction may be granted only when the opposing party is fairly on notice of the motion.  *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*,

that the Court grant a preliminary injunction for the same reasons underlying the Court's grant of Plaintiffs' motion for a temporary restraining order.

A proposed order is attached which tracks the language of the existing temporary restraining order.  In accordance with Local Rule 105(9), Plaintiffs have conferred with counsel for Defendants regarding Plaintiffs' motion.  Defendants consent to Plaintiffs' motion and agree on the language of the proposed order.

---

174 F.3d 411, 422 (4th Cir. 1999).  The notice requirement is met here, including because Defendants consent to the requested relief.

Dated: October 9, 2019


Respectfully submitted,

/s/ Brian T. Burgess

Brian T. Burgess (Bar No. 19251)
Stephen R. Shaw*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001-4432
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com
SShaw@goodwinlaw.com

Elaine Herrmann Blais*
Sarah K. Frederick*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
SFrederick@goodwinlaw.com
KDejong@goodwinlaw.com

Scott Shuchart*
Kids in Need of Defense
1201 L Street, NW, Floor 2
Washington, DC 20005
Phone: 202-318-0595
Fax: 202-824-0702
sshuchart@supportkind.org

Wendy Wylegala*
Kids in Need of Defense
1251 Avenue of the Americas (c/o
Lowenstein Sandler LLP)
New York, NY 10020
Phone: 862-926-2069
Fax: 202-824-0702
wwylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
Catholic Legal Immigration Network
(CLINIC)
8757 Georgia Avenue, Suite 850
Silver Spring, MD 20910
Phone: 301-565-4824
Fax: 301-565-4824
mmendez@cliniclegal.org

Rebecca Scholtz*
Catholic Legal Immigration Network
(CLINIC)
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 651-962-4833
Fax: 301-565-4824
rscholtz@cliniclegal.org

Kristen Jackson*
Mary Tanagho Ross*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
kjackson@publiccounsel.org
mross@publiccounsel.org

*Attorneys for Plaintiffs*

* admitted pro hac vice

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

**J.O.P. (by and through Next Friend G.C.P.)**,
**M.A.L.C.**, **M.E.R.E.**, and **K.A.R.C.**, on behalf
of themselves as individuals and on behalf of
others similarly situated,

        Plaintiffs,

        v.

**U.S. DEPARTMENT OF HOMELAND
SECURITY**, **KEVIN MCALEENAN** (in his
official capacity as Acting Secretary of
Homeland Security), **U.S. CITIZENSHIP &
IMMIGRATION SERVICES**, and
**KENNETH CUCCINELLI** (in his official
capacity as Acting Director of U.S. Citizenship
& Immigration Services)

        Defendants.

Civil Action No. 8:19-CV-01944-GJH

### [PROPOSED] ORDER

UPON CONSIDERATION of the Plaintiffs' Motion for a Preliminary Injunction, the

consent of the Defendants thereto, the record in this case, and the applicable law, it is this ____

day of October 2019, ORDERED that:

1.    Plaintiffs' Motion for a Preliminary Injunction is granted and that Defendants are,

during the pendency of this litigation and until further Order of this Court:

      a. enjoined and restrained from applying the asylum eligibility policy, as set forth

in USCIS's May 31, 2019 memorandum, to bar individuals previously determined to be

unaccompanied alien children ("UACs") from seeking asylum before the agency; and

      b.  enjoined and restrained from rejecting jurisdiction over the application of any UAC (as defined in the Homeland Security Act, 6 U.S.C § 279(g)(2)) under the Trafficking Victims Protection Act ("TVPRA") whose application would have been accepted under the USCIS policy predating the May 31, 2019 memorandum;

      c. The Court has determined that provision of a security bond under Federal Rule of Civil Procedure 65(c) is unnecessary.

2.      Defendant United States Citizenship and Immigration Services will retract any adverse decision already rendered in an individual case applying the 2019 UAC Memorandum and reinstate consideration of such case applying the 2013 UAC Memorandum.

Dated: _____           _____
                                                                       HON. GEORGE J. HAZEL
                                                                     United States District Judge