# Exhibit 1



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Refugee, Asylum and International Operations Directorate*
Washington, DC 20529-2100

**U.S. Citizenship and Immigration Services**

MAY 3 1 2019

HQRAIO 120/12a

# Memorandum

TO: All Asylum Office Staff

FROM: John Lafferty
Chief, Asylum Division

SUBJECT: Updated Procedures for Asylum Applications Filed by Unaccompanied Alien Children

### I. Purpose

This memorandum provides updated procedures to U.S. Citizenship and Immigration Services (USCIS) asylum offices on asylum applications filed by unaccompanied alien children ("UACs", or "UAC" when referencing an individual unaccompanied alien child) under section 235(d)(7)(B) of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA) (codified at 8 U.S.C. § 1158(b)(3)(C)). In particular, this guidance modifies the May 28, 2013, memorandum *Updated Procedures for Determination of Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children*.

These updated procedures are effective 30 calendar days from the date that this memorandum is issued. They apply to <u>any</u> USCIS decision issued on or after the effective date of this memorandum. All asylum offices will receive train-the-trainer instruction from headquarters and are responsible for conducting field training for staff prior to the memorandum's effective date.

### II. Background

USCIS typically does not have jurisdiction to accept a Form I-589, *Application for Asylum and for Withholding of Removal*, filed by an individual in removal proceedings.[1] Section 235(d)(7)(B) of the TVPRA, however, modified section 208 of the Immigration and Nationality Act (INA) in order to place initial jurisdiction over asylum applications filed by UACs with USCIS, even for those UACs in removal proceedings. *See* INA § 208(b)(3)(C) ("An asylum officer…shall have initial jurisdiction over any asylum application filed by an unaccompanied alien child…."). Therefore, in order for

---

[1] *See* 8 C.F.R. §§ 208.2(b), 1208.2(b).

www.uscis.gov

USCIS to have jurisdiction over an asylum application filed by an individual in removal proceedings, a determination must be made whether the asylum application was filed by a UAC.

When USCIS first implemented the TVPRA in March 2009, asylum officers made independent factual inquiries under the UAC definition[2] to determine whether USCIS had jurisdiction over an asylum application filed by an individual in removal proceedings claiming to be a UAC. The UAC determinations were based on an assessment of the individual's status as of the date the individual filed the asylum application. The May 28, 2013 USCIS memorandum changed the procedures for determining jurisdiction in these cases, allowing asylum officers to adopt prior UAC determinations made by U.S. Customs and Border Protection (CBP) or U.S. Immigration and Customs Enforcement (ICE) without further factual inquiry, so long as those determinations were still in place on the date of filing the asylum application. In cases in which a UAC determination had not already been made, asylum officers continued to make UAC determinations by making independent factual inquiries under the UAC definition, following the procedures established in the 2009 TVPRA implementation guidance, *Implementation of Statutory Change Providing USCIS with Initial Jurisdiction over Asylum Applications Filed by Unaccompanied Alien Children* ("2009 Memo").

On October 16, 2018, the Board of Immigration Appeals (BIA) issued a precedent decision related to initial jurisdiction over asylum applications filed by individuals in removal proceedings who were determined to be UACs at one time but turned 18 years of age prior to filing their asylum applications. *See Matter of M-A-C-O-*, 27 I&N Dec. 477 (BIA 2018).[3] Dealing with the issue of "whether the USCIS or the Immigration Judge [(IJ)] has initial jurisdiction over an asylum application filed by a respondent who was previously determined to be a UAC but who turned 18 before filing the application," *id.* at 478, the BIA held that the immigration judge has jurisdiction to determine that an individual who was 18 years of age at the time of filing an asylum application no longer qualified as a UAC at that time; therefore, INA § 208(b)(3)(C) granting USCIS initial jurisdiction over the asylum application was inapplicable and the IJ properly exercised initial jurisdiction over the asylum application that was before the immigration court.

The BIA's decision, however, does not divest USCIS of its authority to determine whether an application before it was filed by a UAC, such that USCIS has jurisdiction over it. Rather, both the Immigration Judge and USCIS have authority to make this jurisdictional determination.

To ensure that USCIS is making these jurisdictional determinations in a manner consistent with Immigration Judge determinations on the same issue under *Matter of M-A-C-O-*, USCIS is returning to making independent factual inquiries in all cases in order to determine whether the individual met the UAC definition on the date of filing the asylum application. This will help prevent incongruous results where USCIS would otherwise have deferred to a prior UAC determination that fails to take

---

[2] *See* section 462(g)(2) of the Homeland Security Act of 2002, codified at 6 U.S.C. § 279(g)(2):
    the term "unaccompanied alien child" means a child who—
      (A) has no lawful immigration status in the United States;
      (B) has not attained 18 years of age; and
      (C) with respect to whom—
          (i) there is no parent or legal guardian in the United States; or
          (ii) no parent or legal guardian in the United States is available to provide care and physical custody.

[3] https://www.justice.gov/eoir/page/file/1101226/download

into consideration the age and other circumstances of the applicant at the time of filing the application. Similar to the instructions contained in the 2009 Memo, this memorandum sets forth instructions for asylum officers on making the UAC determination.

### III. UAC Determination

The asylum officer must evaluate whether the asylum application was filed by a UAC by making an independent factual inquiry as to whether the individual met the UAC definition at the time of first filing the asylum application, whether with USCIS or the Executive Office for Immigration Review (EOIR). The asylum officer should examine all available records and information, and elicit any additional information at the interview when necessary, in order to make a UAC determination. This may require obtaining both oral testimony and documentary evidence from the applicant. Documentary evidence establishing the applicant's age and identity will be especially important if the applicant appears to be over the age of 18 at the time of filing, or if there are questions about the applicant's identity. As the party invoking USCIS jurisdiction, the individual filing for asylum bears the burden to establish that he or she met the UAC definition, which includes the applicant's burden to establish his or her age, and that the applicant was unaccompanied, at the time of first filing the asylum application.

#### A. Immigration Status

When making a UAC determination, the asylum officer must examine whether the individual established that he or she "[had] no lawful immigration status in the United States" at the time of first filing the asylum application. 6 U.S.C. § 279(g)(2)(A). If the asylum officer finds that, at the time of first filing with either EOIR or USCIS, an individual was without lawful immigration status in the United States, the asylum officer must make the additional determinations below.

#### B. Age

The asylum officer must assess whether the applicant established that he or she was under 18 years old at the time of first filing the asylum application. *See* 6 U.S.C. § 279(g)(2)(B) ("the term 'unaccompanied alien child' means a child who...has not attained 18 years of age").

#### C. Unaccompanied

The asylum officer must also determine whether the individual established that he or she was unaccompanied at the time of first filing the asylum application. Where, at the time of first filing, the individual had no parent or legal guardian in the United States who was available to provide care and physical custody, the individual was unaccompanied. *See* 6 U.S.C. § 279(g)(2)(C).

Legal guardianship refers to a formal (legal/judicial) arrangement. If the individual had a parent or legal guardian residing in the United States on the date of first filing and facts indicate that that parent or legal guardian was available at that time to provide care and physical custody to the individual, the asylum officer will find that the asylum application was not filed by a UAC.

If the asylum officer finds that the individual has a parent or legal guardian in the United States, the individual must then establish that the parent or legal guardian was either unwilling or unable to provide such care and physical custody. It remains the individual's burden to establish the unavailability of a parent or legal guardian in order for USCIS to take jurisdiction over an asylum application filed by an individual in removal proceedings who claims to be a UAC.

### D. Evidence

An asylum applicant's burden to establish his or her identity is one of the threshold requirements in every case. All claims of asylum, withholding of removal, and protection under the Convention against Torture are country-specific, which means determinations of nationality and citizenship are especially important. To establish that USCIS has initial jurisdiction over an asylum application because it was filed by a UAC, the applicant must establish that he or she was unaccompanied and under the age of 18 at the time of filing the application. *See* 6 U.S.C. § 279(g)(2)(B) and (C). In some cases, unresolved questions about other aspects of an applicant's identity, such as nationality, may raise doubts about the reliability of an applicant's testimony about his age or family circumstances, and may indicate greater scrutiny of that testimony. In all cases, asylum officers must determine what weight to give the evidence they consider; some evidence may be determined to be more persuasive or reliable and justify giving it greater weight than other evidence. *See* INA § 208(b)(1)(B)(ii).

As on all issues for which the applicant bears the burden of proof, an asylum officer may request documentary evidence when testimony alone is not sufficient to meet that burden of proof. This evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain it. *See id.* Some examples of situations where an asylum officer may request additional evidence include, but are not limited to, instances when there are doubts about the applicant's real age or identity, or whether the applicant is unaccompanied at the time of filing or is instead being cared for by his or her parent or legal guardian. Careful attention should be paid if the applicant has provided contradictory evidence or testimony, such as by giving more than one name or nationality, or if the applicant appears to be over the age of eighteen at the time of filing. *See id.* at INA § 208(b)(1)(b)(iii).

## IV. Purposes of the UAC Determination

### A. Jurisdiction

For individuals in removal proceedings, USCIS has jurisdiction over the asylum application only if it is determined that the asylum application was filed by a UAC.[4] Therefore, for an individual who is in removal proceedings, the asylum officer should examine whether the individual was a UAC at the time of first filing in order to determine whether USCIS has jurisdiction over the asylum application.[5]

---

[4] If an NTA has been served on the applicant but has not been served on EOIR, then the applicant is not yet in removal proceedings.

[5] EOIR has jurisdiction to determine its own jurisdiction. *See Matter of M-A-C-O-*, 27 I&N Dec. at 479. If EOIR has explicitly determined that USCIS does not have jurisdiction over an asylum application because it is not one filed by a UAC, the asylum officer will defer to that determination.

### B. One-Year Filing Deadline and UAC Discovery Notification

Aside from jurisdictional considerations, asylum officers must make UAC determinations for two other purposes. First, if an individual was a UAC at the time of first filing, then he or she is not subject to the one-year filing deadline. The one-year filing deadline for asylum applications, at section 208(a)(2)(B) of the INA, requires that the date of asylum filing occur within one year after the date of the individual's arrival in the United States. Section 235(d)(7)(A) of the TVPRA added section 208(a)(2)(E) to the INA, exempting UACs from the one-year filing deadline. Therefore, asylum officers should examine whether the individual was a UAC at the time of first filing for purposes of determining whether the one-year filing deadline applies.

Second, asylum offices have an obligation to notify the Department of Health and Human Services (HHS) within 48 hours of "discovery" of a UAC. This obligation to notify HHS upon "discovery" of a UAC is separate from the issue of jurisdiction over the asylum application. Under section 235(b)(2) of the TVPRA, a federal agency that "discovers" a UAC must notify HHS of the discovery. In those cases where another federal government entity has already made a UAC determination, USCIS does not have an obligation to notify HHS. When, however, the asylum office is the first federal government entity to make a determination that the individual is a UAC, the asylum office must notify HHS that it has "discovered" a UAC. For purposes of this HHS notification, asylum officers should assess whether the individual is a UAC at the time of "discovery," which in this context is generally at the time of the interview.

Asylum officers must make UAC determinations for purposes of the one-year filing deadline and HHS notification, both for applicants not in removal proceedings who apply for asylum with USCIS and who appear to be UACs, as well as for those in removal proceedings. As a general matter, however, a UAC in removal proceedings would have been apprehended by a Department of Homeland Security (DHS) component and the notification to HHS should already have occurred.

### V. Credible Fear and Reasonable Fear Screening Processes

Asylum offices ordinarily will not encounter UACs in the credible fear and reasonable fear screening processes.[6] If, in the credible fear or reasonable fear screening process, an asylum officer discovers evidence indicating that an individual is currently a UAC, the asylum officer should make a UAC determination and communicate such determination to the appropriate DHS enforcement component for purposes of issuing a charging document or taking other appropriate action. If the asylum office is the first federal government entity to make a determination that the individual is a UAC and the individual remains a UAC at the time of the credible fear or reasonable fear interview, then the asylum office will notify HHS that it has discovered a UAC.

---

[6] Section 235(a)(5)(D) of the TVPRA, codified at 8 U.S.C. § 1232(a)(5)(D), provides that any UAC whom DHS seeks to remove shall be placed in removal proceedings under section 240 of the INA. DHS may permit UACs from contiguous countries who meet special criteria to withdraw their applications for admission, as DHS does not seek to remove them, but instead allows their voluntary repatriation. Actual removal proceedings for UACs, whether from contiguous countries or not, however, must be under section 240.

## VI. Further Information

Further information on UAC-specific procedures can be found in the Affirmative Asylum Procedures Manual (AAPM). As a general matter, information provided prior to implementation of these updated procedures should not be relied upon if in conflict with the procedures specified in this memorandum.

If you have any questions concerning the procedures contained in this memorandum, please contact the headquarters UAC point or points of contact.

Attachments (3):
1. Notice of Lack of Jurisdiction (non-UAC): updated notice; internal use only
2. UAC Notice for Failure to Appear: updated notice; internal use only
3. UAC Decision Notice for Non-Eligibility: updated notice; internal use only