# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P., M.A.L.C.**, **M.E.R.E.**, **K.A.R.C.,** and **E.D.G.,** on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** et al.,<br><br>Defendants. | Civil Action No. 8:19-CV-01944-GJH |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS
Page

I.    FACTUAL AND PROCEDURAL BACKGROUND ................................................... 3
     A.    Plaintiffs' Original Complaint and Requested Relief ............................................ 3
     B.    The Court's TRO and Preliminary Injunction ...................................................... 4
     C.    Plaintiffs' Amended Complaint ............................................................................ 5
II.   ARGUMENT ................................................................................................................... 5
     A.    There Is a Live Dispute Between the Parties Regarding the Scope of Both the 2019 Redetermination Memo and the Orders Enjoining Its Continued Implementation ....................................................................................................... 7
     B.    Defendants Have Not Rescinded the 2019 Policy and Have Not Consented to a Judgment Declaring That It is Unlawful ........................................................ 10
III.  CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alan Guttmacher Institute v. McPherson*,
   616 F. Supp. 195 (S.D.N.Y. 1985) ...................................................................................... 10

*Chafin v. Chafin*,
   568 U.S. 165 (2013) .............................................................................................................. 5

*Knox v. SEIU, Local 1000*,
   567 U.S. 298 (2012) ............................................................................................................ 10

*Powell v. McCormack*,
   395 U.S. 486 (1969) .............................................................................................................. 5

Defendants' motion to dismiss this action as moot rests on a single *incorrect* premise—that there is no longer a live case or controversy because the Plaintiffs supposedly have "obtained everything they sought." D.I. 73 at 7. That is demonstrably false, as evidenced by the parties' active dispute regarding the scope of the Court's preliminary injunction order, which has compelled Plaintiffs to file both an amended complaint and a motion to enforce the preliminary injunction. Plaintiffs and the proposed class members have not received the full relief they are requesting and to which they are entitled; nor would they if the preliminary injunction were simply made permanent, as the government proposes.

Plaintiffs brought this litigation to stop Defendants from implementing an unlawful policy, issued without notice and comment, that drastically changed the rules for unaccompanied immigrant children applying for asylum and that operated retroactively. Defendants' motion entirely ignores that the parties have significant disputes regarding both Defendants' compliance with the Court's preliminary injunction and what full and effective relief looks like in this case. Moreover, the fact that Defendants have now disclosed that they were already implementing aspects of the 2019 policy even before posting it on a website does not make the case moot—it only further emphasizes the need for judicial intervention.

As set forth in Plaintiffs' pending motion to enforce the preliminary injunction, Defendant U.S. Citizenship & Immigration Services ("USCIS") continues to implement the enjoined 2019 Redetermination Memorandum by rejecting jurisdiction over asylum applications for applicants who had an "unaccompanied alien child" ("UAC") determination in place at the time they filed an application. *See* D.I. 76. Moreover, attorneys for U.S. Immigration and Customs Enforcement ("ICE")—a component of Defendant Department of Homeland Security ("DHS"), which is a party to this action and is subject to the preliminary injunction—actively

1

subvert USCIS jurisdiction protected by the injunction by advocating in immigration court proceedings for immigration judges to exercise jurisdiction over cases that fall within USCIS's initial jurisdiction under the 2013 Policy. Although Defendants consent to entry of an order transforming the preliminary injunction into a final order, their view as to what such an injunction would forbid is artificially narrow. In short, the parties disagree about the relief the injunction actually requires to prevent Defendants from effectively implementing the 2019 Policy in a disguised form.

Defendants' argument for mootness is further undermined by their failure to actually renounce the 2019 Redetermination Memorandum's legality and to ensure it will not influence implementation in the field. Even as Defendants have consistently declined to defend the 2019 Redetermination Memorandum, they have not rescinded it, and the Memo can still be downloaded from the USCIS website without any visible indication that it is enjoined. To this day, USCIS provides instructions to asylum applicants that comport with the 2019 Redetermination Memo, not the 2013 Policy that USCIS was ordered to follow.

In view of the significant disputes that remain, Plaintiffs have amended their Complaint, as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), to ensure that their challenge to the indefensible 2019 Redetermination Memo will result in real relief to the Plaintiffs and the proposed class that Defendants cannot subvert. For example, the Amended Complaint includes factual allegations (1) that USCIS continues to reject jurisdiction over asylum applications for applicants who had a UAC determination in place at the time of filing their applications; and (2) that ICE attorneys, who are bound by this Court's injunction, regularly fail to respect the scope of USCIS's initial jurisdiction outlined therein and instead advocate for immigration court judges to refuse to recognize USCIS's initial jurisdiction over asylum

2

applicants who have turned 18 or reunited with a parent or legal guardian before applying for asylum with USCIS.  *See* D.I. 91 ¶¶ 21-22, 139-141.  Plaintiffs also seek orders that would preclude Defendants from continuing those unlawful practices.  *Id.* at 41-42 (Prayer for Relief).

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiffs' Original Complaint and Requested Relief

Plaintiffs brought this class action to challenge Defendants' sudden shift in policy that retroactively stripped Plaintiffs and the proposed class members of critical asylum protections.

Under a policy USCIS adopted effective June 2013, Plaintiffs and all similarly situated asylum applicants were entitled to access the TVPRA asylum process once they had been determined to be a UAC, usually upon their initial apprehension by DHS, and as long as that determination remained in place at the time they applied.  D.I. 1 ¶ 7.  Under the 2013 Policy, USCIS exercised initial jurisdiction over such an applicant's asylum claim regardless of whether the applicant had turned 18 or joined a parent or legal guardian <u>before</u> applying for asylum.  *Id.*

The 2019 Redetermination Memo—which was put in place without following notice-and-comment procedures under the APA—mandated that an asylum officer make an independent factual inquiry to redetermine whether an applicant met the statutory definition of a UAC on their filing date, even if that filing was made when the 2013 Policy was in effect.  *Id.* ¶ 11.  Under the 2019 Redetermination Memo, if USCIS determined that the individual no longer satisfied the UAC definition on the date the individual applied for asylum, USCIS would decline jurisdiction over the asylum application.  *Id.*  Moreover, the 2019 Redetermination Memo instructs USCIS to defer to an immigration judge's determination that USCIS does not have jurisdiction over a particular asylum application because it is not one filed by a UAC.  D.I. 3 Ex. 1 at 4 n.5.

3

Plaintiffs' initial Complaint sought the Court's intervention so that they and others similarly situated may exercise their right to seek asylum before USCIS instead of being limited to an adversarial hearing before the immigration judge. D.I. 1 ¶ 14. In their prayer for relief, Plaintiffs sought a declaration that the 2019 Redetermination Memo is unlawful; that the 2019 Redetermination Memo be vacated; and to enjoin Defendants from enforcing or applying any aspect of the 2019 Redetermination Memo. *Id.* at 31.

B.      **The Court's TRO and Preliminary Injunction**

On August 2, 2019, the Court granted Plaintiffs' Motion for Temporary Restraining Order, which enjoined Defendants from implementing any aspect of the 2019 Redetermination Memorandum, and on October 15, 2019, the Court converted the order into a preliminary injunction by Plaintiffs' unopposed motion. D.I. 55; D.I. 71. In granting the TRO and PI, the Court held that Plaintiffs are likely to succeed on their claims that (1) "USCIS failed to engage in the required notice-and-comment procedure for rulemaking," D.I. 54 at 10-11, and (2) "that the [2019] policy is arbitrary and capricious in violation of the APA because USCIS failed to consider serious reliance interests engendered by the agency's longstanding prior policy." *Id.* at 12-13. The Court did not address Plaintiffs' due process claim, but only because Defendants consented to an injunction under that claim at the July 19, 2019 TRO hearing, evidently recognizing that the 2019 Redetermination Memo's retroactive application was indefensible. D.I. 54 at 8. The Court also held that Plaintiffs have "met their burden to demonstrate that the redetermination policy will cause irreparable harm if the status quo is not maintained," including because "individuals who relied on USCIS's longstanding policy of not rescinding UAC status may miss their opportunity to file for asylum all together if the one-year filing deadline from which they would have otherwise been exempt is now imposed." *Id.* at 14-15.

4

The Court's Order enjoined Defendants "from applying the asylum eligibility policy, as set forth in USCIS's May 31, 2019 memorandum, to bar individuals previously determined to be unaccompanied alien children ('UACs') from seeking asylum before the agency." D.I. 55; D.I. 71. Defendants are also "enjoined and restrained from rejecting jurisdiction over the application of any UAC (as defined in the Homeland Security Act, 6 U.S.C § 279(g)(2)) under the [TVPRA] whose application would have been accepted under the USCIS policy predating the May 31, 2019 memorandum." The policy predating the 2019 Redetermination Memo was set forth in the 2013 Kim Memo, and this Court's TRO Order recognized that Plaintiffs are likely to succeed in their claim that USCIS cannot depart from the 2013 Kim Memo without going through notice and comment. D.I. 54 at 10-11.

C. **Plaintiffs' Amended Complaint**

On December 20, 2019, Plaintiffs amended the Complaint herein pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) to name additional parties, and to elaborate on allegations with respect to USCIS and ICE policies and practices that result in the ceding of USCIS statutory initial jurisdiction to EOIR.

The First Amended Complaint adds Plaintiff E.D.G., who, like the original Plaintiffs, exercised his right to pursue asylum before USCIS pursuant to the 2013 Policy; yet E.D.G. was ordered removed by an immigration judge without receiving a decision from USCIS on the merits of his asylum claim. D.I. 91 ¶¶ 52-54. In an abundance of caution, the First Amended Complaint also names as Defendants ICE and its Acting Director, although Plaintiffs regard both as bound by the Court's orders directed at DHS, of which ICE is an instrumentality. *Id.* ¶¶ 60-61.

5

Supplementing the allegations of the original Complaint, the amendment explains that while the 2019 Redetermination Memo expressly instructs USCIS to defer to any EOIR determination asserting EOIR's jurisdiction over an asylum application filed with USCIS, the 2013 Kim Memo contained no such directive. *Id.* ¶¶ 10, 14-18, 89-91. The First Amended Complaint alleges that such deference is unlawful for the same reasons that gave rise to this Court's preliminary injunction. *Id.* In addition, the First Amended Complaint alleges that Defendants ICE and Albence have caused or permitted a practice whereby ICE attorneys, appearing as prosecutors in immigration court proceedings, advocate for EOIR to assert jurisdiction over an asylum claim filed with USCIS by a child previously determined to be a UAC. *Id.* ¶¶ 18, 22, 108. In so doing, these Defendants perpetuate the unlawful 2019 Redetermination Memo and violate this Court's injunctions by undermining USCIS's exercise of its initial jurisdiction over asylum claims.

## II. ARGUMENT

A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). To show that this case is moot, Defendants carry a heavy burden to show that the parties no longer have a live dispute or no "legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Defendants have not met that heavy burden here. Although Defendants offer to accept a permanent injunction barring them from implementing the 2019 Redetermination Memo, the parties have continued to dispute multiple aspects of the policy's scope and what it would mean to restore the policy that predated the unlawful 2019 Redetermination Memo. This dispute alone precludes dismissing the case as moot, and it has also prompted Plaintiffs to amend their Complaint in order to ensure that permanent relief in this case would implement full

6

rescission of the 2019 Redetermination Memo—rather than allowing Defendants to avoid the impact of an injunction by effectively implementing the enjoined policy in all but name. Defendants have never offered to accept the terms of Plaintiffs' amended Prayer for Relief, which undermines their contention that the Court cannot grant Plaintiffs any further relief. Moreover, Defendants have not even agreed to all of the terms of Plaintiffs' *initial* prayer for relief: They have not rescinded the 2019 Redetermination Memo; they have not agreed to a judgment formally declaring the 2019 Redetermination Memo unlawful (which would have preclusive effect); and they have not even agreed to refrain from applying *every* aspect of the 2019 Redetermination Memo, which adopted the policy of deferring to immigration judge determinations that Defendants continue to apply and defend. This case is not moot.

A.  **There Is a Live Dispute Between the Parties Regarding the Scope of Both the 2019 Redetermination Memo and the Orders Enjoining Its Continued Implementation**

Defendants continue to apply the 2019 Redetermination Memo to reject jurisdiction over asylum applications despite the Court's preliminary injunction order, and there is every reason to believe that they will continue to do so if the case were dismissed at this juncture because there is a fundamental disagreement between the parties regarding the order's scope. Despite the Court's Order, Defendants continue to implement the 2019 Redetermination Memo to deny proposed class members meaningful relief—which forced Plaintiffs to file the pending Motion to Enforce the Preliminary Injunction (D.I. 75). As set forth in that motion, USCIS continues to reject jurisdiction over asylum applications based on the 2019 Redetermination Memo. *See* D.I. 76. USCIS has rejected jurisdiction over at least one asylum application for an applicant who had a UAC determination in place at the time he filed his application. *See* D.I. 76. Under the enjoined 2019 Redetermination Memo, USCIS instructed asylum officers to defer to an immigration judge's decision as to whether USCIS had initial jurisdiction over an asylum application. D.I. 3.

7

Ex. 1 at 4 n.5. The 2013 Policy, however, does not permit this abdication of USCIS's jurisdiction to an immigration judge. D.I. 1, Ex. 5. Rather, it directs USCIS to process asylum applications as long as the applicant had been determined to be a UAC before she filed her application, and even if the applicant had turned 18 or been reunited with a parent or legal guardian before she filed. *Id.* at 2. The only narrow exception where USCIS can decline initial jurisdiction of an asylum applicant with a previous UAC determination is when another DHS entity or the U.S. Department of Health and Human Services ("HHS") had expressly taken an "affirmative act" to terminate the UAC finding before the filing of the asylum application. *Id.* Despite the Court's Orders, USCIS rejected jurisdiction over the asylum application by relying solely on an immigration judge's ruling—over 10 months after the applicant filed for asylum with USCIS—that the immigration court had jurisdiction over the asylum application—thereby continuing to follow the enjoined 2019 Redetermination Memo rather than the 2013 Policy that the Court's Orders have restored pending resolution of this litigation. *See* D.I. 76.

While USCIS continues to apply the 2019 Redetermination Memo, attorneys for ICE—a component of Defendant Department of Homeland Security—also continue to undermine the Court's orders and take a litigation position that advances the enjoined 2019 Redetermination Memo. ICE is an enforcement agency within DHS that represents the government in immigration court proceedings. During the TRO hearing in this case, counsel for Defendants acknowledged that, under the 2013 Policy, ICE should look to USCIS to see whether they would exercise jurisdiction—"Under the 2013 policy, where the person was over 18 . . . USCIS would still be able to take jurisdiction even though the immigration judge had said no, subject to deportation." DeJong Decl. Ex. 1 (7/19/19 Hearing Tr.) at 60-61. In a marked departure from that approach, attorneys representing ICE in immigration court now ignore USCIS's jurisdiction

8

protected by the injunction and instead advocate for immigration judges to exercise jurisdiction over cases involving applicants who have turned 18 or have reunited with a parent or legal guardian before applying for asylum with USCIS. *See, e.g.*, DeJong Decl. Ex. 2 (arguing that, "[s]ince the respondent filed an application after his 18th birthday, the Immigration Judge has jurisdiction as the respondent is no longer an unaccompanied minor"). In doing so, ICE attorneys further USCIS's unlawful abdication of jurisdiction over those cases by inviting immigration judge jurisdictional determinations to which USCIS will then unlawfully defer.

Defendants' proposed judgment of dismissal calls into question yet another dispute—whether Defendants have complied with the Court's previous orders to retract any adverse decision regarding USCIS jurisdiction already rendered in an individual case applying the 2019 Redetermination Memo and reinstate consideration of such case applying the 2013 Policy. The Court ordered that relief on August 2, 2019 with entry of the temporary restraining order (D.I. 55 ¶ 2), and again on October 15, 2019 with entry of the preliminary injunction (D.I. 71 ¶ 2). Defendants have had more than four months to carry out the Court's order, yet it appears Defendants still have not fully complied, thus requiring yet another proposal to allow them more time to do so (*see* D.I. 73 at 4).

In short, it is demonstrably false to suggest there is no longer a live dispute between the parties. In view of the significant disputes that remain pending, Plaintiffs have amended their complaint to include factual allegations that (1) USCIS continues to reject jurisdiction over asylum applications for applicants who had a UAC determination in place at the time they filed their applications; and (2) that ICE attorneys are ignoring USCIS's jurisdiction protected by the injunction and instead advocating for immigration judges to exercise jurisdiction over cases involving applicants who have turned 18 or have reunited with a parent or legal guardian before

9

applying for asylum with USCIS. *See* D.I. 91 ¶¶ 21-22, 139-141. Plaintiffs have also amended their complaint to ensure they get real relief with orders that would preclude Defendants from continuing those unlawful practices. *Id.* at 41-42 (Prayer for Relief). On its own, the existence of an Amended Complaint challenging agency practices that Defendants continue to implement and seeking relief that Defendants refuse to provide undermines any possible argument for mootness.

### B. Defendants Have Not Rescinded the 2019 Policy and Have Not Consented to a Judgment Declaring That It Is Unlawful

Defendants' argument to dismiss the action as moot also runs head long into the fact that they have not even rescinded the 2019 Redetermination Memo. As discussed above, Defendants continue to apply certain aspects of the 2019 Redetermination Memo, such as the directive for USCIS asylum officers to defer to jurisdictional determinations made by immigration judges. ICE also takes litigation positions designed to effectuate the policy of the 2019 Redetermination Memo and to undermine the 2013 Policy that is supposed to control. But even as to the aspects of the 2019 Redetermination Memo that Defendants no longer defend, they have not acknowledged the Memo's illegality or taken adequate steps to ensure that it no longer represents agency policy.

The 2019 Redetermination Memorandum remains available on the USCIS website without unequivocal notice to readers (which could include both USCIS field officers and asylum applicants) that the 2019 Redetermination Memo is enjoined and inoperative. Even on the very webpage that references this litigation and the Court's injunction, two hyperlinks labeled "Memo – Updated Procedures for I-589s Filed by UACs" and "Updates on Determining Jurisdiction of Asylum Claims from Unaccompanied Alien Children (UACs)" lead the reader to the 2019 Redetermination Memo and a contemporaneous explanatory document, respectively.

10

DeJong Ex. 3. Indeed, directly below a notice of entry of the injunction, the USCIS webpage prominently features this instruction addressed to "Minor and Unaccompanied Minor Applicants":

> You may apply for asylum with USCIS as an unaccompanied minor, even if you are in immigration court proceedings, if you:
> - Are under 18 years old;
> - Have no lawful immigration status in the United States; and
> - Have no parent or legal guardian in the United States available to provide care and physical custody.

*Id.* The website further states that "[a]sylum officers will consider your asylum claims if you filed your application with an asylum office and **you meet the criteria above**." *Id.* (emphasis added). But the listed criteria are from the 2019 Redetermination Memo that the Court has enjoined (*see* D.I. 3 at p. 4), not the 2013 Policy that the Court has directed USCIS to follow. Under the 2013 Policy, asylum officers are to consider an asylum claim as long as a previous determination that the applicant was a UAC remained in place at the time of filing, even if he or she was over 18 years old or had been reunited with a parent or legal guardian at the time she filed her asylum application with USCIS. D.I. 3, Ex. 5 at 3. This case cannot be moot when Defendants continue to tout the policy that this Court has enjoined.

In seeking to moot this case, Defendants also ignore that Plaintiffs seek a declaration that the 2019 Redetermination Policy is unlawful and should be vacated. D.I. 1 at 31. Defendants have not conceded that the 2019 Policy is unlawful—either substantively or in its manner of promulgation, except with regard to retroactivity—nor have they vacated that policy. Moreover, Plaintiffs' Amended Complaint makes clear that Plaintiffs seek orders that USCIS exercise its initial jurisdiction over individuals' asylum applications, regardless of whether EOIR has asserted jurisdiction over the asylum claim, and that ICE attorneys be enjoined from advocating before immigration judges to refuse to recognize USCIS's initial jurisdiction over asylum

11

applicants who have turned 18 or reunited with a parent or legal guardian before applying for asylum with USCIS. *See* D.I. 91 at 41-42. Plaintiffs are entitled to see this case through to the merits to obtain this relief, including a declaration that the 2019 Policy is unlawful and to have it permanently vacated. *See Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."); *Alan Guttmacher Institute v. McPherson*, 616 F. Supp. 195, 199-200 (S.D.N.Y. 1985) (holding case was not moot, given that defendant agency had not "disavowed the alleged underlying policy").

## III. CONCLUSION

For all of the above reasons, Defendants' motion should be denied and the case should be allowed to proceed to discovery and a final ruling on the merits.

Dated: December 20, 2019

Respectfully submitted,

/s/ Brian T. Burgess

<div style="column-count:2">

Brian T. Burgess (Bar No. 19251)
Stephen R. Shaw*
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001-4432
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com
SShaw@goodwinlaw.com

Elaine Herrmann Blais*
Sarah K. Frederick*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
SFrederick@goodwinlaw.com
KDejong@goodwinlaw.com

Scott Shuchart*
Kids in Need of Defense
1201 L Street, NW, Floor 2
Washington, DC 20005
Phone: 202-318-0595
Fax: 202-824-0702
sshuchart@supportkind.org

Wendy Wylegala*
Kids in Need of Defense
1251 Avenue of the Americas (c/o Lowenstein Sandler LLP)
New York, NY 10020
Phone: 862-926-2069
Fax: 202-824-0702
wwylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
Catholic Legal Immigration Network (CLINIC)
8757 Georgia Avenue, Suite 850
Silver Spring, MD 20910
Phone: 301-565-4824
Fax: 301-565-4824
mmendez@cliniclegal.org

Rebecca Scholtz*
Catholic Legal Immigration Network (CLINIC)
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 651-962-4833
Fax: 301-565-4824
rscholtz@cliniclegal.org

Kristen Jackson*
Mary Tanagho Ross*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
kjackson@publiccounsel.org
mross@publiccounsel.org

*Attorneys for Plaintiffs*

* *admitted pro hac vice*

</div>