IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| J.O.P., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-19-1944 |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is ordered by the United States District Court for the District of Maryland that:

1. Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, ECF No. 117, is **GRANTED**;

2. Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel, ECF No. 123, is **GRANTED**;

3. The Court **CERTIFIES** a class pursuant to Rule 23 defined as: All individuals nationwide who prior to the effective date of a lawfully promulgated policy prospectively altering the policy set forth in the 2013 Kim Memorandum (1) were determined to be an Unaccompanied Alien Child ("UAC"); and (2) who filed an asylum application that was pending with the United States Citizenship and Immigration Services ("USCIS"); and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits;

4. Plaintiffs J.O.P., M.A.L.C., M.E.R.E., and E.D.G. **ARE APPOINTED** as class representatives;

5. Plaintiffs' Motion to Amend the Preliminary Injunction, ECF No. 124, is **GRANTED**, in part, and **DENIED**, in part;

1

6. Defendants, during the pendency of this litigation and until further Order of this Court, are:

    a. **PRELIMINARILY ENJOINED** and restrained from relying on the policies set forth in USCIS's May 31, 2019 Memorandum (the "2019 Redetermination Memorandum") as a basis to:

        i. Decline jurisdiction over asylum applications of individuals previously determined to be UACs; or

        ii. Subject an asylum applicant to the one-year time limit for filing described at 8 U.S.C. § 1158(a)(2)(B);

    or for any other purpose;

    b. **PRELIMINARILY ENJOINED** and restrained from rejecting jurisdiction over any asylum application filed by Plaintiffs and members of the class whose applications would have been accepted under the 2013 Kim Memorandum;

    c. **PRELIMINARILY ENJOINED** and restrained from deferring to EOIR determinations in assessing jurisdiction over asylum applications filed by Plaintiffs and members of the class; and

    d. **PRELIMINARILY ENJOINED** and restrained during the removal proceedings of any Plaintiff or member of the class (including EOIR proceedings before immigration judges and members of the Board of Immigration appeals) from seeking any of the following where such individual's asylum application is pending before USCIS:

        i. Denials of continuances or other postponements in order to await adjudication of an asylum application that has been filed with USCIS;

        ii. EOIR exercise of jurisdiction over an asylum claim where USCIS has initial jurisdiction under the terms of the 2013 Kim Memorandum;

    or otherwise taking the position in such individual's removal proceedings that USCIS does not have initial jurisdiction over the individual's asylum application;

7. Defendants USCIS **SHALL RETRACT** any adverse decision rendered on or after June 30, 2019 that is based in whole or in part on any of the actions enjoined and restrained by subparagraphs 6(a), 6(b), or 6(c) above.

8. Plaintiffs' request to file a Second Amended Complaint, ECF No. 134 at 15, in order to encompass USCIS's alleged expansion of the "affirmative act" exception from the 2013 Kim Memorandum is **GRANTED**;

9. Plaintiffs is granted leave to file a second amended complaint within 21 days;

10. Parties' Joint Motion to Stay Summary Judgment Schedule, ECF No. 135, is **GRANTED**;

11. Parties **SHALL CONTACT** chambers to schedule a status call;

12. Parties' Joint Motion for Entry of Parties' Proposed Protective Order, ECF No. 136, is **GRANTED**; and

13. The Parties' Proposed Protect Order, ECF No. 136-1, is **ENTERED.**

Date: December   21 , 2020                  /s/
                                            GEORGE J. HAZEL
                                            United States District Judge