**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| **J.O.P.,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*, <br><br> Defendants. | Civil Action No. 8:19-CV-01944-SAG |

**[PROPOSED] ORDER GRANTING THE PARTIES' JOINT MOTION FOR
PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT
<u>AND TO AMEND THE CLASS DEFINITION</u>**

The Parties have filed a Joint Motion for Preliminary Approval of a settlement agreement, and to amend the definition of the class certified in this Court's December 21, 2020 order. The Court has carefully considered the settlement agreement (the "Agreement") together with all exhibits thereto (annexed to the Parties' motion as Exhibit 1), all the filings related to the instant motion, and the record in this case. The Court hereby gives its preliminary approval of this settlement; finds that the Agreement is sufficiently fair, reasonable, and adequate to allow dissemination of notice of the Agreement ("Class Notice") to the certified Class, as amended herein, and to hold a Fairness Hearing; orders the Class Notice be made available to the certified Class, as amended herein, in accordance with the Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed settlement is fair, adequate, and reasonable.

**IT IS HEREBY ORDERED THAT:**

1.      The Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Agreement.

2.      The Court preliminarily approves the Agreement, provisionally finding that the terms of the Agreement are fair, reasonable, and adequate as required by Fed. R. Civ. P. 23(e)(2), and within the range of possible approval and sufficient to warrant providing notice to the certified Class, as amended herein.

3.      The Court previously certified the class as "All individuals nationwide who prior to the effective date of a lawfully promulgated policy prospectively altering the policy set forth in the 2013 Kim Memorandum (1) were determined to be an Unaccompanied Alien Child; and (2) who filed an asylum application that was pending with the United States Citizenship and Immigration Services ("USCIS"); and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits."

4.      The Parties agree, as set forth in the Agreement, that the definition of the certified Class should be amended as follows:  "All individuals nationwide who prior to the effective date of the superseding memorandum discussed in Section III(A) [of the Agreement]: (1) were determined to be a UAC; and (2) who filed an asylum application that was pending with USCIS; and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical

custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits." The Court adopts the parties' amended Class definition as set forth in the Agreement.

5.    The Court finds that the proposed Class Notice and the proposed plan of distribution of the Class Notice meet the requirements of Federal Rule of Civil Procedure 23(e)(1) and hereby directs the parties to proceed with the notice distribution in accordance with the terms of the Agreement. Distribution of the Class Notice must be completed within 14 days of this Order.

6.    The Court also approves the procedures set forth in Section IV(F) of the Agreement for any objections to the settlement. Any Class Member who wishes to object to the Agreement must do so within 60 days of this Order. The Parties will have 14 days following the objection period in which to submit answers to any objections that are filed.

7.    The Court directs that a hearing be held on **November 25, 2024 at 10a.m.** (the "Fairness Hearing") to assist the Court in finally determining whether the settlement is fair, reasonable, and adequate; and whether Final Judgment should be entered dismissing with prejudice the claims in the above-captioned case but retaining jurisdiction in this Court to interpret and enforce the Agreement for its duration and to resolve any request for attorneys' fees and costs.

8.    If the Agreement is not finally approved, then (a) all parties will proceed as if the Agreement had not been executed and this order not entered, preserving in that event all of their respective claims and defenses in this action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the Agreement, including this Order, shall not be used or referred to in litigation for any purpose. Nothing in this paragraph is intended to alter the terms of the Agreement with respect to the effect of the Agreement if not approved.

9.    The Parties' Joint Motion for Preliminary Approval of Proposed Class Action Settlement and to Amend the Class Definition is hereby GRANTED. The Court hereby

preliminarily approves the proposed class-wide relief set forth in the Agreement, hereby approves the proposed form and plan of notice (addressed in the Agreement), and hereby schedules the Fairness Hearing.  The Court also adopts the amended class definition, as set forth above.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2024.

/s/
_____
U.S. District Judge Stephanie A. Gallagher