

Kevin J. DeJong
+1 617 570 1156
KDeJong@goodwinlaw.com

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
goodwinlaw.com
+1 617 570 1000

March 22, 2025

**VIA EMAIL**

Matthew A. Haven
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
(410) 209-4800
matthew.haven@usdoj.gov

Richard Ingebretsen
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4848 (P)
richard.ingebretsen@usdoj.gov

**Re:** *J.O.P. et al. v. U.S. Department of Homeland Security et al.*, **C.A. No. 19-1944-SAG (D. Md.) - Notice of Noncompliance - USCIS's Implementing Memorandum**

Dear Matt and Richard:

We have had a chance now to review USCIS's implementing memorandum, required by the J.O.P. settlement agreement. *See* J.O.P. Settlement Agreement Section III.A (a "superseding memorandum explaining and implementing this Settlement agreement . . . will apply to Class Members as well as other individuals with Prior UAC Determinations who file an asylum application when the memorandum is in effect."). We also found an online version of the Affirmative Asylum Procedures Manual ("AAPM") (last updated Feb. 2025); the USCIS implementing memorandum references J.O.P.-related updates to the AAPM.

We write now to notify Defendants of five aspects of the implementing guidance that violate the settlement agreement. We ask that USCIS promptly issue revised guidance that is compliant with the settlement agreement. We plan to integrate these issues into our Response to Defendants' First Compliance Report, which we will be filing with the Court next week.

1. **The Memo (and AAPM) Allows USCIS to Reject Jurisdiction in Circumstances Not Permitted by the Agreement**

Section III.B of the J.O.P. settlement agreement requires USCIS to exercise jurisdiction over the asylum applications of individuals with prior UC determinations and adjudicate those applications

on the merits. The only circumstance in which USCIS may reject jurisdiction over the asylum application of an individual with a prior UC determination is if the individual was placed in adult immigration detention before they filed their asylum application. J.O.P. Settlement Agreement III.C.1. The settlement agreement thus explicitly took a different approach to USCIS initial jurisdiction criteria than those found in the [2013 Kim Memo](), which had allowed USCIS to reject jurisdiction if there was a pre-filing "affirmative act" to terminate the UC finding. When Defendants during the pendency of this litigation took an impermissibly expansive view of jurisdiction-terminating "affirmative acts," Plaintiffs amended their complaint to challenge the expanded affirmative acts policy, *see* ECF No. 145, and Defendants subsequently [agreed]() to cease rejecting jurisdiction based on purported "affirmative acts" terminating a UC finding, other than adult immigration detention. The parties then agreed in the settlement agreement that pre-filing adult ICE detention was the only event that could permit USCIS to reject jurisdiction over the asylum application of an individual previously determined to be a UC. *See* J.O.P. Settlement Agreement section III.B-C.

However, the USCIS implementing memo and AAPM allow USCIS to reject jurisdiction not just in pre-filing adult ICE detention cases, but any time USCIS concludes that the UC determination is not "still in place" on the I-589 filing date. There are two sentences in the USCIS implementing memo and three sentences in the AAPM that need to be changed, quoted below and with the impermissible language italicized:

- "Pursuant to the J.O.P. settlement agreement, USCIS now returns to requiring asylum officers to adopt prior UAC determinations made by CBP or ICE (and, in certain circumstances, EOIR) without further factual inquiry, *so long as those determinations were still in place on the filing date of the initial asylum application with either USCIS or EOIR*." (Memo at 2)

- "If CBP or ICE determined that the applicant was a UAC, *and, as of the filing date of the initial asylum application, that UAC determination was still in place,* USCIS will take initial jurisdiction over the asylum application, even if there appears to be evidence that the applicant may have turned 18 years of age or may have reunited with a parent or legal guardian since the CBP or ICE determination." (Memo at 3).

- "If asylum office personnel find evidence of a prior UAC determination, they must also review the applicant's A-file record and DHS systems *to determine if the applicant's prior UAC determination was terminated before the filing of their first asylum application with either EOIR or USCIS*." (AAPM at 86).

- "Applicant Is in Removal Proceedings. For an applicant in removal proceedings, if the AO finds that the applicant was determined to be a UAC *and that determination was not terminated before the filing date of their first asylum application*, USCIS will take initial jurisdiction over the asylum application, find that the one-year filing deadline does not apply, and make a decision on the merits of the asylum claim." (AAPM at 86).

- "*If the AO finds evidence that the prior UAC determination was terminated before the filing date of their first asylum application, the AO will find that USCIS lacks jurisdiction over the application*." (AAPM at 86).

2

2.  **The Memo (and AAPM) Does Not Exempt Applicants with Prior UC Determinations from the One-Year Filing Deadline, as Required by the Agreement**

Section III.B of the J.O.P. settlement agreement prohibits USCIS from applying the one-year filing deadline to class members' asylum applications, and section III.A requires the USCIS implementing memo to apply the agreement's USCIS terms to both class members and "other individuals with Prior UAC Determinations who file an asylum application when the memorandum is in effect." However, the USCIS implementing memo only provides the one-year filing deadline exemption to individuals "who were UACs at the time of filing their applications." Memo at 5. Since by definition no J.O.P. class member was a UAC at the time of filing their application, the USCIS guidance violates a key term of the agreement. The USCIS implementing memo should include a statement that "USCIS will not apply the one-year filing deadline to applications filed by applicants with prior UAC determinations."

The AAPM guidance about the one-year filing deadline exemption lays out different criteria than that found in the USCIS implementing memo, but the AAPM criteria also violate the agreement. The AAPM allows USCIS to apply the one-year filing deadline if USCIS concludes that a "prior UAC determination was terminated before the filing date of their first asylum application." AAPM at 87. But as explained in the above section, the J.O.P. agreement does not allow USCIS to withhold UC asylum benefits based on "affirmative acts" purportedly terminating a UC determination. This language thus also violates section III.B of the agreement.

3.  **The Memo Permits Deference to an IJ in Circumstances Not Permitted by the Agreement**

The USCIS implementing memo's provision on USCIS deference to IJ determinations violates the settlement agreement. Section III.D of the agreement states in relevant part, "In assessing its jurisdiction over asylum applications filed by a Class Member, USCIS will not defer to any determinations by EOIR, including but not limited to determinations made pursuant to Matter of M-A-C-O-, 27 I&N Dec. 477 (BIA 2018)." In contrast, the USCIS implementing memo states at page 4, "Pursuant to the J.O.P. settlement agreement, in assessing jurisdiction over asylum applications filed by UACs, USCIS cannot defer to jurisdiction determinations made by EOIR, including but not limited to determinations that the immigration judge has initial jurisdiction over the applicant's asylum application made pursuant to Matter of M-A-C-O-, 27 I&N Dec. 477 (BIA 2018). . . ."

The USCIS implementing memo's language violates the J.O.P. settlement agreement in two ways:

First, the provision only applies to applications "filed by UACs," whereas under the agreement the deference provision should apply to Class Members and "other individuals with Prior UAC Determinations." J.O.P. Settlement Agreement Sections III.A, III.D.

Second, the USCIS memo allows USCIS to defer to some EOIR determinations in assessing jurisdiction over UC asylum applications as long as USCIS does not categorize those determinations as "jurisdiction determinations," but the settlement agreement prohibits USCIS from deferring to "*any* determinations by EOIR" in assessing its jurisdiction.

3

We offer proposed corrections to this language on page 4 of the USCIS memo as follows:

> "Pursuant to the J.O.P. settlement agreement, in assessing jurisdiction over asylum applications filed by ==individuals with prior== UAC~~s determinations~~, USCIS cannot defer to ~~jurisdiction~~ determinations made by EOIR, including but not limited to determinations that the immigration judge has initial jurisdiction over the applicant's asylum application made pursuant to Matter of M-A-C-O-, 27 I&N Dec. 477 (BIA 2018), unless EOIR determined that the applicant was a UAC at the time of filing their asylum application such that USCIS has jurisdiction over their asylum application, in which case USCIS may adopt the UAC determination."

### 4. The Memo Does Not Create Special Expedite Process Required by Agreement

The J.O.P. settlement agreement requires USCIS to "adopt procedures permitting Class Members [and others with Prior UAC Determinations] to request that USCIS . . . expedite adjudication of asylum applications" on the basis of certain specified circumstances, and separately affirms that other Class Members not meeting the specified circumstances "may also avail themselves of the general expedite procedures available at their local asylum offices." J.O.P. Settlement Agreement III.G.  Instead of adopting special expedite procedures for the listed circumstances as required by section III.G, the USCIS implementing memo merely acknowledges that UACs, like all other asylum applicants, can request an expedited adjudication, which the USCIS asylum office considers in their discretion.  Memo at 4.  Instead of "adopt[ing] procedures" for expediting the specified types of cases as required by section III.G of the agreement, the USCIS memo lists the specified types of cases as examples of circumstances underlying an expedite request "that are particularly relevant to UACs" and then references USCIS's general guidance on expedite request procedures.

### 5. The Memo's Timeline for Retractions Violates Section III.E.1 of the Agreement

The settlement agreement at section III.E.1 requires Defendants to retract Adverse Jurisdictional Determinations that merit retraction under the process described in section III.C.2 no later than 240 days after USCIS's issuance of the superseding memorandum, *i.e.* by September 26, 2025.  This means that Class Members entitled to retraction under section III.E.1 should receive that retraction on or before September 26, 2025.  However, the USCIS implementing memo (page 5), extends that timeline and allows USCIS to provide impacted Class Members the process they are entitled to under section III.C.2 after the September 26, 2025 deadline.

Instead, to comply with the agreement USCIS must complete the entire section III.C.2 process for impacted class members by September 26, 2025.  That is, on or before September 26, 2025, USCIS must:

- Provide impacted class members a compliant "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut"

- Await the 33-day rebuttal period, and

4

- Retract the Adverse Jurisdictional Determination within 30 days of receiving the rebuttal if the Class Member successfully rebuts the information USCIS relied upon to reject jurisdiction.

***

We also reiterate our request, first sent on February 28, 2025 and again on March 13, 2025, for a copy of the documents attached to, or referenced in, the Memo:

- Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut

- Notice of Final UAC Jurisdiction Determination Due to Adult Immigration Detention

- Notice of Re-Examination of Previous Lack of Jurisdiction Determination

- Notice of Retraction of Previous Lack of Jurisdiction Determination

- Notice of Release from JOP Hold

- Slides from the training released by headquarters about the memorandum

Plaintiffs reserve their right to raise any additional non-compliances with the settlement agreement upon review of the above documents.

Finally, we take this opportunity to ask that USCIS update its [J.O.P. webpage](#) (last updated in 2021 and which incorrectly suggests that the preliminary injunction still governs), to include a link to the 2024 settlement agreement and to the USCIS memo and AAPM.

Sincerely,

*/s/ Kevin J. DeJong*

Kevin J. DeJong