## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

J.O.P., *et al.*,

      Plaintiffs,

      v.

U.S. Department of Homeland Security, *et al.*,

      Defendants.

Civil Action No.
8:19-CV-01944-SAG

## MEMORANDUM IN SUPPORT OF CLASS COUNSEL'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYM

## I.    INTRODUCTION

As set forth in Class Counsel's Emergency Motion for a Temporary Restraining Order, Class Counsel seek a temporary restraining order ("TRO") to prevent the imminent removal of another Class Member in violation of the Settlement Agreement.  The Settlement Agreement, approved by this Court in November 2024, prohibits removal of any Class Member from the United States, provided that the Class Member has a pending asylum application with Defendant U.S. Citizenship and Immigration Services ("USCIS").  Class Counsel seek the Court's intervention to prevent the removal of a Class Member who is at imminent risk of removal.  With the instant motion, Class Counsel also seek to maintain the anonymity of the Class Member at issue by proceeding by pseudonym.

The Class Member at issue arrived in the United States as a child without a parent or guardian to care for him, and was determined by the government to be an "Unaccompanied Alien Child" (UAC).  He applied for asylum with USCIS, as he was entitled to do so under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").  Class Counsel has informed Defendants that removal of this Class Member would be a violation of the Settlement Agreement, and has specifically identified the Class Member at issue.  Class Counsel respectfully requests to proceed using a pseudonym—as the Named Plaintiffs in this litigation, including those over age 18 when the litigation commenced, have been permitted to do, ECF Nos. 55, 116— because of the strong public interest in restricting the asylum seeker's identity from the public; because of the risk of retaliation to the Class Member if his identity is made public; and because there is no prejudice to Defendants to proceed by pseudonym because they are fully aware of the Class Member's identity.  Furthermore, Defendants already agreed to a Protective Order to

maintain the confidentiality of identity of Class Members and their personal information. ECF No. 136; ECF No. 144 (so ordered).

## II.    LEGAL STANDARD

Although there is a "general presumption of openness of judicial proceedings," this "operates only as a presumption and not as an absolute, unreviewable license to deny." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Parties can proceed pseudonymously where "privacy or confidentiality concerns are . . . sufficiently critical." *Id.* Courts may exercise their discretion to allow a party to proceed under a pseudonym in light of "the circumstances of particular cases." *Id.*; *see also Int'l Refugee Assistance Project v. Trump*, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017) ("[C]ompelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." (citation omitted)). The Fourth Circuit has identified a list of non-exhaustive factors to guide courts in determining whether to permit parties to proceed by pseudonym:

> [(1)] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [(2)] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [(3)] the ages of the persons whose privacy interests are sought to be protected; [(4)] whether the action is against a governmental or private party; and [(5)] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Because the *Jacobson* factors are non-exhaustive, the Court must analyze those factors holistically to balance plaintiffs' legitimate privacy interests against the public interest of transparency in judicial proceedings. *Id.*

## III.    ARGUMENT

The Court should allow Class Counsel to proceed pseudonymously because the Class Member at issue faces risk of personal harm, including loss of privacy and threats to his personal

safety, while neither the public nor Defendants will suffer any loss from maintaining his anonymity.

### A.    Preservation of Privacy

Courts regularly find that plaintiffs have satisfied the first *Jacobson* factor where they allege that "highly sensitive and personal matter[s]" would be exposed by denying them the ability to proceed pseudonymously. *EEOC v. Spoa*, *LLC*, 2013 WL 5634337, at *4 (D. Md. Oct. 15, 2013) (sexual assault); *see also Doe v. Liberty Univ.*, 2019 WL 2518148, at *3 (W.D. Va. June 18, 2019) (noting that first factor has been satisfied for issues including "birth control cases, abortion cases, welfare cases involving minors born to unmarried parents, and cases involving issues of homosexuality" (citation omitted)). Furthermore, Defendants in this have already agreed to a Protective Order to maintain the confidentiality of identity of Class Members and their personal information. ECF No. 136; ECF No. 144 (so ordered).

The Class Member at issue is a Venezuelan youth seeking asylum in the United States. Tillman Decl. ¶¶ 5-7. There is a "strong public interest in restricting asylum seekers' identities from the public." *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, 2012 WL 2995064, at *5 (W.D. Wash. 2012) (allowing plaintiff asylum seekers to proceed under a pseudonym). By federal regulation, a person seeking asylum has the right to keep confidential any information contained in or relating to their asylum application. *See* 8 CFR §§ 208.6, 1208.6. "Here, anonymity should be granted despite the strong presumption against closing proceedings." *A.B.T.*, 2012 WL 2995064, at *5 ("Given the clear mandate to protect asylum applicants and to prevent disclosure of their identities to the general public, the court has grave concerns of the role it would play in essentially requiring the parties to violate 8 C.F.R. §§ 208.6, 1208.6."); *accord Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) ("As DHS recognizes, the confidentiality regulations are of

utmost importance in protecting asylum applicants because the regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors." (cleaned up)).

### B.    Risk of Retaliation

The second *Jacobson* factor asks "whether identification poses a risk of retaliatory physical or mental harm to the requesting party." *Jacobson*, 6 F.3d at 238.  In assessing this factor, courts "place particular importance on the retaliatory nature of any threatened harm." *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 732 (W.D. Va. 2012).  This factor is satisfied when, "in light of the ongoing national conversation" about a sensitive topic and the potential for "a fair amount of press," "it stands to reason that there are some persons who would seek to inflict physical or mental harm" on a plaintiff for bringing a suit that might arouse passions. *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016).

The Class Member at issue may face retaliatory harm if his name becomes public.  This is a highly sensitive situation and it is reasonable to fear that the Class Member may be subject to the threat, or reality, of physical harm upon his return if his identity is revealed.  Tillman Decl. ¶ 15. This harm could also occur inside the Salvadoran prison where he is detained to thwart the order requested from the Court before Defendants can return him to the United States. *Id.*  Accordingly, the second factor also supports allowing Class Counsel to keep his identity private.

### C.    The Class Member's Age

The third *Jacobson* factor considers the age of the Class Member at issue.  He is 18 years old.  Tillman Decl. ¶ 5.  Courts have found that this factor weighs in favor of anonymity even where individuals are still "*young* adults and so may still possess the immaturity of adolescence." *Alger*, 317 F.R.D. at 40–41 (citation and internal quotation marks omitted).  Thus, the third factor

also supports permitting the Class Member to keep his identity private from the public. Additionally, even where courts have found that the third factor weighed against anonymity, it may be outweighed, as it is here, by more significant and relevant factors weighing in its favor. *See, e.g.*, *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3.

### D.    Action Brought Against the Federal Government

Under the fourth *Jacobson* factor, "the fact that this case has been brought against the federal government, rather than private parties, supports permitting [the Class Member] to proceed anonymously." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3.  Courts recognize that "[a]ctions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Pittsylvania County*, 844 F. Supp. 2d at 730.  Thus, because the underlying motion seeks to remedy the government's violation of a settlement agreement, this factor does not weigh against allowing him to file pseudonymously.

### E.    There Is No Prejudice to Defendants

Under the fifth *Jacobson* factor, there is zero prejudice to Defendants.  Where individuals reveal their identities to defendants and simply seek to maintain their privacy as against the greater public, courts have consistently found no prejudice.  *See, e.g.*, *Doe v. Va. Polytechnic Inst. & State Univ.*, 2018 WL 5929645, at *4 (W.D. Va. Nov. 13, 2018); *Alger*, 317 F.R.D. at 41.  Class Counsel has identified the Class Member to Defendants.  Because there is no possible prejudice to Defendants resulting from allowing Plaintiffs to prevent the Class Member's identity from becoming public, this factor weighs in favor of permitting pseudonymous filing.

## IV.    CONCLUSION

Because all relevant factors identified by the Fourth Circuit as guiding the Court's discretion in allowing Class Counsel to file pseudonymously either weigh in favor of privacy or at

the least do not weigh against it, this Court should issue an order allowing Class Counsel to file pseudonymously on public filings.

Dated: April 16, 2025

Respectfully submitted,

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1201 Connecticut Ave. NW, Suite 531
PMB 896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project of the
National Lawyers Guild
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*