# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

## CLASS COUNSEL'S MOTION FOR A
## CLASS-WIDE TEMPORARY RESTRAINING ORDER

Defendants have made clear that they may continue to remove Class Members in violation of the Settlement Agreement and despite the Court's scheduling of a hearing to rule on the parties' dispute in just five days. In their filing last night, Defendants state that they "do not agree to not remove any Class Member." ECF No. 244. They thus expressly reserve a purported right to remove *any* Class Member allegedly implicated by President Trump's March 15, 2025, Proclamation titled *Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua*, *see* ECF No. 227-3, at *any* time, presumably up to and including during the hearing next Tuesday. That is untenable.

Class Counsel therefore seek to extend the TRO the Court entered yesterday, April 16, 2025, to the entire class.[1] *See* ECF No. 240. Each of the four factors weighs in favor of granting a class-wide TRO here. Class Counsel are likely to succeed on the merits; the Class Members would be irreparably harmed if removed; and the balance of equities and public interest all favor maintaining the status quo. *See ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) ("[A] party seeking a TRO must demonstrate that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest."). While Class Counsel was able to intervene and secure a TRO prohibiting the removal of an individual Class Member, ECF No. 240, Defendants have offered no assurance that Class Counsel would be notified before any other Class Member is targeted for removal. Indeed, Defendants have refused to provide Class Counsel with information about other Class Members they intend to remove, making it impossible for Class Counsel to seek individualized relief for any other Class Members

---

[1] The factual background of this litigation and the Settlement Agreement is set forth in Class Counsel's Emergency Motion to Enforce the Settlement Agreement (ECF No. 227) and Emergency Motion for a Temporary Restraining Order (ECF No. 235).

1

who may be at risk of imminent removal by Defendants in violation of the Settlement Agreement. A class-wide TRO is thus necessary to preserve the status quo until Tuesday's hearing and prevent Defendants from taking actions in the interim that would unquestionably result in irreparable harm to Class Members and that Defendants elsewhere have argued would be effectively irreversible.[2]

### I.    CLASS COUNSEL ARE LIKELY TO SUCCEED ON THE MERITS

As the Court already recognized in granting the individual TRO as to "Javier," *see* ECF No. 240, Class Counsel are likely to succeed in showing that the removal of any Class Member with a pending asylum application with Defendant U.S. Citizenship and Immigration Services ("USCIS") would violate the Settlement Agreement. The Settlement Agreement provides that, "[w]ith respect to any Class Member with a final removal order, ICE will refrain from executing the Class Member's final removal order until USCIS issues a Final Determination on one properly filed asylum application under the terms of this Agreement." ECF No. 199-2 at 8, Section III.I. Thus, the removal of any Class Member would violate the Settlement Agreement. *See* ECF No. 227; ECF No. 235. That is the case not just for the individual Class Member protected by the Court's April 16, 2025, TRO, but for ***any*** Class Member with a pending asylum application. And the Settlement Agreement expressly provides for the opportunity to seek class-wide relief. ECF No. 199-2 at § V.D. Class Counsel, therefore, have demonstrated they are likely to succeed on the merits.

### II.   CLASS MEMBERS WILL BE IRREPARABLY HARMED IF REMOVED

In the absence of a class-wide TRO, Class Members are at risk of "imminent," "irreparable" harm. *ClearOne Advantage, LLC*, 710 F. Supp. 3d at 436. As discussed in Class Counsel's

---

[2] A class-wide TRO will also avoid the need for the Court to adjudicate further similar individual TRO motions between today and Tuesday's hearing, to the extent that Class Counsel learn about other individual Class Members who are at risk of imminent removal.

briefing in support of the individual TRO, ECF No. 235-1 at 14-15, removal from the United States to El Salvador's "notorious supermax prison known for widespread human rights violations" satisfies the TRO standard for irreparable harm. *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1014261, at *3 (D. Md. Apr. 6, 2025); *see also id.* at *11 ("Obviously, the risk of torture, beatings, and even death clearly and unequivocally supports a finding of irreparable harm." (citation omitted)). And Defendants' refusal to represent to the Court that they would not remove any Class Member before the hearing scheduled for April 22, 2025 (ECF No. 244)—not even one week later—plainly demonstrates that the threat of harm to Class Members is "actual and imminent." *ClearOne Advantage, LLC*, 710 F. Supp. 3d at 436. Therefore, the irreparable harm factor also supports converting the individual TRO to class-wide relief.

### III. THE BALANCE OF THE EQUITIES AND THE PUBLIC INTEREST FAVOR A TRO

The balance of the equities and the public interest, which merge in cases involving the government, *see Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 511 (D.C. Cir. 2016), also strongly favor extending the TRO to the entire class. Defendants are party to the Settlement Agreement, which covers all Class Members; Defendants suffer no conceivable harm by the Court enforcing obligations to which they already agreed and merely preserving the status quo for a matter of days until the Court can hear the parties' dispute about the scope of the Settlement Agreement. *See ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 437 (D. Md. 2024) ("The Defendants can suffer little cognizable hardship from the Court enforcing contracts that they agreed to sign."). Further, the TRO seeks only to hold Defendants to their legal obligations. *See Doe v. Jaddou*, 2024 WL 2057144, at *17 ("the public has an interest in seeing its governmental institutions follow the law" (quotation marks omitted)); *Nken v. Holder*, 556 U.S. 418, 436 (2009) (describing the "public interest in preventing aliens from being wrongfully removed, particularly

3

to countries where they are likely to face substantial harm"). Thus, the final two factors support maintaining the status quo such that any Class Member is not removed from the United States before this Court has an opportunity to rule on Class Counsel's Motion to Enforce the Settlement Agreement.

## IV. CONCLUSION

The Court should convert the TRO to class-wide relief and enjoin Defendants from removing any Class Member with a pending asylum application, at least until such time as the Court rules on the pending Motion to Enforce the Settlement Agreement.

Dated: April 17, 2025

Respectfully submitted,

*/s/ Brian T. Burgess*

| | |
|---|---|
| Brian T. Burgess (Bar No. 19251)<br>Goodwin Procter LLP<br>1900 N Street, NW<br>Washington, DC 20036<br>Phone: 202-346-4000<br>Fax: 202-346-4444<br>BBurgess@goodwinlaw.com | Wendy Wylegala*<br>Kids in Need of Defense<br>252 West 37th Street, Suite 1500W<br>New York, NY 10018<br>Phone: 646-970-2913<br>Fax: 202-824-0702<br>WWylegala@supportkind.org |
| Elaine Herrmann Blais*<br>Kevin J. DeJong*<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Phone: 617-570-1000<br>Fax: 617-523-1231<br>EBlais@goodwinlaw.com<br>KDeJong@goodwinlaw.com | Michelle N. Mendez (Bar No. 20062)<br>National Immigration Project<br>1763 Columbia Road NW<br>Suite 175 #896645<br>Washington, DC 20036<br>Phone: 540-907-1761<br>Fax: 617-227-5495<br>Michelle@nipnlg.org |

Rebecca Scholtz*
National Immigration Project of the
National Lawyers Guild
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*
*Admitted *pro hac vice*