IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. <br> 8:19-CV-01944-SAG |

### ORDER

The Court has reviewed Class Counsel's Motion for a Class-Wide Temporary Restraining Order, ECF 245, along with the record in this case. Defendants are the U.S. Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and several officials of these agencies (collectively "Defendants").

On November 25, 2024, this Court granted final approval of a Settlement Agreement resolving the instant litigation. ECF 205. The Settlement Agreement provides that "[w]ith respect to any Class Member with a final removal order, ICE will refrain from executing the Class Member's final removal order until USCIS issues a Final Determination on one properly filed asylum application under the terms of this Agreement." ECF No. 199-2 at 9, Section III.I.

The record reflects that Defendants have recently removed at least one Class Member to a maximum-security prison in El Salvador, ECF 227, and Class Counsel asserts that other Class Members are "at imminent risk" of being similarly removed from the United States, ECF 235, despite the fact that they have not received Final Determinations on their pending asylum

1

applications from USCIS. ECF 245 at 3. Class Counsel filed an Emergency Motion to Enforce the Settlement Agreement on April 14, 2025, ECF 227, and this Court set a briefing schedule and a hearing to be held on Tuesday, April 22, less than one week from today, ECF 233. During a telephonic hearing on April 16, this Court granted a temporary restraining order ("TRO") enjoining removal of one specific Class Member, Javier,[1] finding that Class Counsel is likely to succeed on the merits in showing that removal of Javier would violate the Settlement Agreement, Javier would be irreparably harmed if he is removed, and the balance of the equities and public interest favor maintaining the status quo. ECF 240. During the hearing, this Court asked counsel for Defendants to confirm whether Defendants would agree to refrain from removing any other Class Members before the conclusion of the hearing on Tuesday, April 22. In a written response later that evening, the Defendants expressly declined to make that agreement. ECF 244. The logical inference to be drawn from that declination is a present intent to move forward with such removals, or at least a refusal to consider refraining from such removals, before this Court can address the issues raised by Class Counsel in an orderly and expedited manner in less than five days.

As best this Court can now tell from the record, having not yet received and reviewed Defendants' opposition to the Emergency Motion to Enforce the Settlement Agreement, Defendants contest "the applicability of the Settlement Agreement," ECF 244, to individuals "subject to the Alien Enemies Act," 50 U.S.C. § 21 ("AEA"). ECF 227-2 at 68. In other words, Defendants argue that a person subject to the AEA falls outside the Class definition. This Court will address the merits of that argument at Tuesday's hearing, once briefing is complete.

---

[1] This Court has reserved ruling on the use of pseudonyms for the hearing on April 22, 2025, but has ordered the parties to continue using pseudonyms until the ruling issues.

However, the purpose of a TRO or a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.,* 333 F.3d 517, 525 (4th Cir. 2003). The substantive requirements for a TRO and a preliminary injunction are identical. *See U.S. Dept. of Labor v. Wolf Run Mining Co., Inc.*, 452 F.3d 275, 281 n. 1 (4th Cir. 2006). Specifically, parties moving for a TRO or preliminary injunction must show: (1) they are likely to succeed on the merits; (2) they will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) maintaining the status quo is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)). The final two factors generally "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

At this preliminary stage, this Court finds that Class Counsel are likely to succeed on the merits in showing that removal of Class Members from the United States violates the terms of the Settlement Agreement. The AEA became law in 1798, and thus Defendants would have been well-aware of its existence when negotiating the Settlement Agreement in this case. Nothing in the plain language of the Class definition mentions the AEA or exempts any persons otherwise meeting the Class definition from the protections the Settlement Agreement affords. *See* ECF 199-2. Of course, this Court will consider fully any arguments and evidence Defendants put forth at or before Tuesday's hearing before reaching a final decision on the merits, but this Court finds Class Counsel have made the showing required to obtain a TRO.

The other factors weigh overwhelmingly in favor of the Class Members. This Court readily finds that Class Members face irreparable injury if their removal is not enjoined, including that their pending asylum applications could be rendered abandoned. *See* 8 C.F.R. § 208.8(a);

ECF 227-2 at 34-35; *see also* ECF 227-2 at 38 (Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, 90 Fed. Reg. 13033 (2025) (the "AEA Proclamation")); *G.F.F., et al. v. Trump, et al.*, No. 25-2886, ECF 35 (S.D.N.Y. Apr. 11, 2025) (finding that class of "[a]ll noncitizens in federal, state, or local custody in the Southern District of New York who were, are, or will be subject to the [AEA Proclamation] and/or its implementation, who have not been given notice following the Supreme Court's decision of April 7, 2025, *Trump v. J.G.G.*, No. 24A931, 2025 WL 1024097, and granted a hearing," would "suffer irreparably injury in the absence of injunctive relief" and granting TRO); *Abrego Garcia, et al. v. Noem, et al.*, No. 8:25-cv-0951, ECF 21 (D. Md. Apr. 4, 2025) (finding plaintiff's "unlawful removal" and "continued presence in El Salvador…constitutes irreparable harm"). Defendants have taken the express and very public position in the *Abrego Garcia* matter that this Court "lacks jurisdiction" when the plaintiff "is not in United States custody." No. 8:25-cv-00951, ECF 11 at 7 (D. Md. Mar. 31, 2025). In other words, in Defendants' present view, once a person has been removed to prison in El Salvador, there is no way to return him to the status quo ante. Such injury is, by definition, irreparable.

The balance of equities and public interest also clearly weigh in favor of temporary injunctive relief that maintains the status quo pending the hearing five days from now, on April 22, 2025. The worst harm Defendants will suffer, if they eventually prevail, is the continued detention of one or more Class Members in this country for less than a week. There will be no associated public safety risk, as the persons in question are detained. But, in the absence of preliminary relief, the Class Members may suffer evisceration of their pursuit of asylum and what Defendants argue is an irrevocable and permanent removal from this country. *See Nken v. Holder*, 556 U.S. 418, 436 (2009) (describing the "public interest in preventing aliens from being

4

wrongfully removed, particularly to countries where they are likely to face substantial harm").

Accordingly, it is this 17th day of April, 2025, hereby ORDERED that:

1. Class Counsel's Motion for a Class-Wide Temporary Restraining Order, ECF 245, is GRANTED;

2. Defendants are hereby ORDERED not to remove from the United States members of the certified "Class," defined in Section II.E of the Settlement Agreement, ECF 199-2, as "all individuals nationwide who prior to [February 24, 2025]: (1) were determined to be a[n] [Unaccompanied Alien Child, as defined in 6 U.S.C. § 279(g)(2)]; and (2) who filed an asylum application that was pending with USCIS; and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits," pending this Court's prompt disposition of the Motion to Enforce the Settlement Agreement, ECF 227.

3. The Court has determined that provision of a security bond under Federal Rule of Civil Procedure 65(c) is unnecessary, as it is not clear that the costs of detaining any Class Members in the United States until Tuesday exceed the costs of transporting the same Class Members to El Salvador and detaining them there. *See Md. Dep't of Human Res. v. U.S. Dept. of Agric.*, 976 F.2d 1462, 1483 n.23 (4th Cir. 1992) (stating that district court has "discretion to set a bond amount of zero where the enjoined or restrained party faces no likelihood of material harm"); 11A Wright, Miller & Kane, Federal Practice & Procedure § 2954 (3d ed. April 2025 Update) (stating that a "court may dispense with security altogether if the grant of an injunction carries no

risk of monetary loss to the defendant").

4. This temporary restraining order will expire upon the Court's adjudication of the Motion to Enforce the Settlement Agreement, ECF 227, at or shortly following Tuesday's hearing.

Dated: <u>April 17, 2025</u>                               <u>            /s/            </u>
                                                         Stephanie A. Gallagher
                                                         United States District Judge