

Brian Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC  20036

goodwinlaw.com
+1 202 346 4000

April 30, 2025

<u>**FILED VIA CM/ECF**</u>

The Honorable Stephanie A. Gallagher
District Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 7C
Baltimore, MD 21201

Re:   *J.O.P., et al. v. U.S. Department of Homeland Security, et al.*,
      Civil Action No. 19-cv-01944-SAG

Dear Judge Gallagher:

  We represent Plaintiffs and the certified class in the above-captioned class action case. We write to request three amendments to the Court's April 23, 2025 Order (ECF No. 254): (1) to correct the class cut-off date; (2) to order Defendants to provide by May 5, 2025 a list of any other Class Members who have been removed; and (3) to order Defendants to provide a status report on Monday, May 5, 2025 as to all actions taken to comply with the Court's Order. A proposed amended order is attached, along with a red-lined version. Class Counsel also request a status conference next week to discuss the status of Defendants' compliance with the Court's Order.

  First, Plaintiffs request that the class cut-off date in the Order be modified to "on or before February 24, 2025," in lieu of "prior to February 24, 2025." Defendants do not oppose this request. The Class Definition includes the following cut-off date: "prior to the effective date of the superseding memorandum discussed in Section III(A)." ECF No. 199-2; ECF No. 205. As set forth in the Settlement Agreement, "[t]he superseding memorandum's effective date will be 90 days after the Court's final approval of this Settlement Agreement." ECF No. 199-2 at III.A. The Court's final approval order issued on November 25, 2024 (ECF No. 205), and therefore 90 days later was Sunday, February 23, 2025. Since that date fell on a Sunday, under VIII.C of the Agreement, the date for performance was the next business day, i.e. Monday, February 24, 2025. As relevant to the Class Definition, the day "prior to" the February 24 effective date of the superseding memorandum was Sunday, February 23, 2025—and thus again under



The Honorable Stephanie A. Gallagher
April 30, 2025
Page 2

VIII.C of the Agreement prospective Class Members had until the end of the day on Monday, February 24, 2025, to meet the Class Definition. Prior to distributing the Class Notices, the parties communicated their agreement on this interpretation, and this date is reflected in the Class Notices that ICE and USCIS posted on their websites[1] and that were distributed to prospective Class Members. Accordingly, Plaintiffs request that the Order be modified to reflect this revised date.

     Second, Class Counsel respectfully request that Defendants be ordered to provide a list of all Class Members whom Defendants have removed from the United States on or after November 25, 2024 without their having first received an adjudication by USCIS on the merits of their asylum applications, as well as the alien registration number ("A number") and contact information (including for any counsel of record) for each such Class Member. The Court has found that Defendants' removal of Cristian was a violation of the Settlement Agreement. ECF No. 253; ECF No. 254. If any other Class Members have also been removed prior to receiving an adjudication by USCIS on the merits of their asylum application, their removal would also be a violation of the Settlement Agreement for the same reasons. In response to several requests from Class Counsel, both before and after the entry of the Court's order, Defendants have not agreed to provide such a list. Class Counsel respectfully request an order that Defendants provide Class Counsel with a list of any such Class Members, along with their A-number and contact information including for any counsel of record, to enable Class Counsel to ascertain whether any additional Class Members must be returned to the United States.

     On Wednesday, April 23, 2025, after the Court issued its Order, Class Counsel requested that Defendants provide a list of any other Class Members who have been removed. On April 29, 2025, Defendants responded that they are "continuing to work with our client" on the request. There are exigent circumstances, as other Class Members may have been improperly removed months ago, and they may be held improperly in a high-security prison known for human-rights violations. Accordingly, Defendants should be ordered to promptly provide Class Counsel and the Court the requested information, which should be filed under seal to avoid publicly identifying any such Class Member.

     Third, Class Counsel respectfully request that Defendants be ordered to provide a status report on Monday, May 5, 2025 to identify all actions taken to comply with the Court's Order to "facilitate Class Member Cristian's return to the United States to await the adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement," ECF No. 254. Class Counsel are concerned that, without the Court's supervision, Defendants will delay compliance with the Court's Order. Furthermore, given Cristian's exigent circumstances, Class Counsel request that a status conference be scheduled for the week of May 5, 2025 to discuss the status of Defendants' compliance with the Court's Order.

---

[1] *See, e.g.*, https://www.uscis.gov/sites/default/files/document/legal-docs/J.O.P._v._DHS_Final_Class_Notice_11.25.2024_English_508Accessible.pdf (referring to the class cut-off date as "on or before February 24, 2025).



The Honorable Stephanie A. Gallagher
April 30, 2025
Page 3

Sincerely,

*/s/ Brian Burgess*

Brian Burgess

BB

Cc: Counsel of Record