IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 8:19-cv-01944-SAG |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, *et al.* ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO FILE UNDER SEAL

Pursuant to Local Rule 105.11, Defendants respectfully request that this Court enter an order sealing Defendants' Memorandum in Support of their Motion to Vacate and Exhibit A, Indicative Asylum Decision, ECF Nos. 261-1 and 261-2. As good cause therefore, Defendants state:

1. Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11.

2. Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the

1

presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598–99 (1978)).

3. Defendants' Memorandum in Support of its Motion to Vacate and Exhibit A, Indicative Asylum Decision, contain or discuss information regarding the disposition of the asylum application of the individual that is the subject of the Court's Order granting Class Counsel's Motion to Enforce the Settlement Agreement, ECF No. 254. Such information is subject to the confidentiality requirements of 8 C.F.R. § 1208.6. The accompanying Exhibit A also includes the individual's name and Alien Number, both of which are subject to the terms of the Protective Order entered in this case. *See* ECF Nos. 136-1; 144 (entering the order). "Information contained in or pertaining to: (1) asylum claims or applications" are also treated as "Confidential Information" under the Protective Order. *Id.*

4. The Fourth Circuit has recognized that the confidentiality provided in 8 C.F.R. § 1208.6 is breached when:

> when information contained in or pertaining to an asylum application is disclosed to a third party in violation of the regulations, and the unauthorized disclosure is of a nature that allows the third party to link the identity of the applicant to: (1) the fact that the applicant has applied for asylum; (2) specific facts or allegations pertaining to the individual asylum claim contained in an asylum application; or (3) *facts or allegations that are sufficient to give rise to a reasonable inference that the applicant has applied for asylum.*

*Befekadu-Ashene v. Holder*, 367 F. App'x 446, 447 (4th Cir. 2010) (emphasis original). While 8 C.F.R. § 1208.6(c)(2)(i) permits disclosure to this Court, courts have still taken steps to preserve such information on the public docket. *See, e.g., Doe v. Dep't of Homeland Sec.,* No. CV 22-5172, 2023 WL 372085, at *2 (E.D. La. Jan. 24, 2023) (noting

2

"the confidential nature of her asylum application weighs in favor of restricting the public's right of access to at least certain portions of the judicial records involved in this case.").

5. Moreover, the Court has recognized the confidentiality of this matter in granting Class Counsel's Motion to Proceed Under Pseudonym for this individual. *See* ECF No. 253 at 16 ("Here, Plaintiffs' declarations make clear that they do not seek to proceed under pseudonym "merely to avoid…annoyance and criticism" but "to preserve privacy" and security in a 'sensitive' matter.").

6. Sealing Defendants' memorandum in support of its motion and Exhibit A is necessary because Defendants discuss and quote throughout their memorandum information contained in Exhibit A, the Indicative Asylum Decision, which is covered by § 1208.6. Filing under seal is accordingly necessary for Defendants to comply with their obligations under § 1208.6; the Protective Order entered in this case; and this Court's Order granting Class Counsel's Motion to Proceed Under Pseudonym, ECF No. 254.

7. Defendants recognize that this Court and the Plaintiffs in this action must receive copies of any materials filed under seal. Accordingly, Defendants will serve the sealed documents upon class counsel and provide a courtesy copy to the Court.

Accordingly, Defendants respectfully request that this Court enter an order sealing Defendants' Memorandum in Support of their Motion to Vacate and Exhibit A, Indicative Asylum Decision.

Dated: May 4, 2025                             Respectfully submitted,

                                               YAAKOV M. ROTH
                                               Acting Assistant Attorney General
                                               Civil Division

                                               WILLIAM C. PEACHEY
                                               Director

        Office of Immigration Litigation

        YAMILETH G. DAVILA
        Assistant Director

        ERHAN BEDESTANI
        Trial Attorney

        */s/Richard Ingebretsen*
        RICHARD G. INGEBRETSEN
        Trial Attorney (DC Bar No. 1736200)
        U.S. Department of Justice
        Civil Division
        Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 616-4848
        Fax: (202) 305-7000
        richard.ingebretsen@usdoj.gov

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 4th day of May, a copy of the foregoing Motion to Seal was electronically filed and served on counsel by ECF, and copies of the sealed documents were served by email.

                                              /s/Richard Ingebretsen
                                              RICHARD G. INGEBRETSEN
                                              Trial Attorney (DC Bar No. 1736200)
                                              U.S. Department of Justice
                                              Civil Division
                                              Office of Immigration Litigation
                                              P.O. Box 868, Ben Franklin Station
                                              Washington, DC 20044
                                              Telephone: (202) 616-4848
                                              Fax: (202) 305-7000
                                              richard.ingebretsen@usdoj.gov

                                              Attorney for Defendants