IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

J.O.P., *et al.*,

    Plaintiffs,

v.

U.S. Department of Homeland Security, *et al.*,

    Defendants.

Civil Action No.
8:19-CV-01944-SAG

**MEMORANDUM OPINION**

Before this Court is ECF 264, Defendants' Motion to Seal their Memorandum in Support of their Motion to Vacate (ECF 261-1) and Exhibit A, USCIS Indicative Asylum Decision (ECF 261-2). For the reasons discussed below, Defendants' Motion to Seal will be DENIED IN PART and GRANTED IN PART. Additionally, after hearing from the parties at the status conference scheduled in this matter on May 6, 2025, the Court will consider whether to make public additional information from the Defendants' Memorandum in Support of their Motion to Vacate and Exhibit A, USCIS Indicative Decision.

**I.   LEGAL STANDARD**

A motion to seal implicates the well-settled common law right of the press and the public to access to judicial documents. *See Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428-29 (4th Cir. 2005). This presumptive right of access is qualified, however, and a judicial officer may deny access to judicial documents "if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Buchanan*, 417 F.3d at 429 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989)). A motion to seal in this Court must also comply with Local Rule 105.11, which requires that the motion "shall include (a) proposed

reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." This rule "endeavors to protect the common-law right to inspect and copy judicial records and documents, while recognizing that competing interests sometimes outweigh the public's right of access." *Simpson v. Tech. Serv. Corp.*, Civ. No. DKC-14-1968, 2015 WL 6447253, at *3 (D. Md. Oct. 22, 2015) (citations omitted). Before granting a motion to seal, "the court should consider less drastic alternatives to sealing, such as filing redacted versions of the documents." *Id*.

## II. DISCUSSION

Defendants ask this Court to seal their Memorandum in Support of their Motion to Vacate, ECF 261-1, and Exhibit A, USCIS Indicative Asylum Decision, ECF 261-2, because these documents contain "Confidential Information" under the Protective Order entered in this case and "information subject to the confidentiality requirements of 8 C.F.R. § 1208.6." ECF 264 at 2.[1] The Protective Order, ECF 136-1, ECF 144, protects from public disclosure "class members' identifying information, including their names and/or alien registration numbers ('A numbers')." However, the "*Protective Order does not confer blanket protection on all information provided by Defendants to Plaintiffs*; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and *it does not presumptively entitle parties to file confidential information under seal*." ECF 136-1 at 2 (emphasis added). Thus, to the extent Defendants' Memorandum in Support of their Motion to Vacate and Exhibit A, USCIS Indicative

---

[1] Defendants also contend that filing under seal is necessary for Defendants "to comply with their obligations under…this Court's Order granting Class Counsel's Motion to Proceed Under Pseudonym, ECF 254." ECF 264 at 3. The Court disagrees. Defendants have complied with the Order in their Memorandum in Support of their Motion to Vacate, ECF 261-1, by referencing Cristian by pseudonym. To the extent Exhibit A, USCIS Indicative Asylum Decision, ECF 261-2, contains any information identifying Cristian, that information has been redacted in the public version of the document filed pursuant to this decision.

Asylum Decision contain "Confidential Information" pursuant to the Protective Order, including Cristian's name and A number, that information has been redacted in the public versions of these documents filed pursuant to this decision.

Defendants also argue that sealing the "memorandum in support of [their] motion and Exhibit A is necessary because Defendants discuss and quote throughout their memorandum information contained in Exhibit A, the Indicative Asylum Decision, which is covered by § 1208.6." ECF 264 at 3. Section 1208.6 is a "a federal regulation prohibiting *government* disclosure of information pertaining to asylum applications." *Befekadu-Ashene v. Holder*, 367 F. App'x 446, 447 (4th Cir. 2010) (emphasis in original). Defendants fail to explain why an alternative to sealing, such as redaction, would not provide sufficient protection to comply with § 1208.6. *See* Loc. R. 105.11 (Md. 2023). Moreover, the cases Defendant cite in support of their argument here are inapposite. *Befekadu-Ashene* involved an asylum applicant who alleged that the government breached the regulation by having the Consular Section of the U.S. Embassy in Ethiopia investigate a portion of his asylum claim. 367 F. App'x at 446. The Fourth Circuit found that "Ashene's protection against improper disclosure about his request for asylum was not breached" because "the evidence regarding the investigation does not give rise to a reasonable inference that Ashene applied for asylum." *Id*. at 447. In *Doe v. Department of Homeland Security*, No. CV 22-5172, 2023 WL 372085, at *2 (E.D. La. Jan. 24, 2023), a *pro se* plaintiff sought to seal the entirety of her case involving processing of her asylum application. The *Doe* Court found it appropriate to "maintain the seal on the asylum application-related records" and other filings containing the name of the plaintiff because those documents contained "sensitive information, the disclosure of which could be dangerous for [plaintiff] and her family." *Id*. at *1-*2. The court weighed the plaintiff's privacy concerns with "the public's legitimate interest in knowing all the facts involved in a case," and found that the interests could be balanced by permitting plaintiff to proceed by pseudonym rather than sealing the entirety of the case. *Id*. at *3.

Here, the fact that Cristian (who is proceeding by pseudonym) has applied for asylum is part of the public record in this case. *See, e.g.*, ECF 227-1 at 9; ECF 248 at 17. Moreover, § 1208.6 permits disclosure of "[i]nformation contained in or pertaining to any application for…asylum" to this Court. *See id.* at § 1208.6(c)(2)(i) ("This section shall not apply to any disclosure to…[a]ny Federal, State, or local court in the United States considering any legal action…[a]rising from the adjudication of, or failure to adjudicate, the asylum application…"). Balancing the importance of the public's right of access to documents filed in this case, which has garnered significant public interest, with the interests protected by § 1208.6, the Court finds that the needs and interests presented here are best achieved by redacting any information potentially implicated by § 1208.6 in the public versions of Defendants' Memorandum in Support of their Motion to Vacate and Exhibit A, USCIS Indicative Asylum Decision. *See Simpson*, 2015 WL 6447253, at *3.

Although Cristian is proceeding by pseudonym, this Court has continued to redact sensitive information potentially bearing on the merits of his asylum application, pending further discussion with the parties at the status conference tomorrow about whether additional material should be unsealed.

### III.    CONCLUSION

For the reasons explained above, Defendants' Motion to Seal, ECF 264, is DENIED IN PART and GRANTED IN PART. A separate Order follows.

Dated: May 5, 2025                                         /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge