## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P.**, *et al.*, <br><br>        Plaintiffs, <br><br>    v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*, <br><br>        Defendants. | Civil Action No. 8:19-CV-01944-SAG <br><br> **PLAINTIFFS' CORRECTED RESPONSE TO DEFENDANTS' FIRST COMPLIANCE REPORT** |

Pursuant to Paragraph V.C of the settlement agreed to by the Parties and approved by the Court (ECF. No. 199-2), Plaintiffs respectfully submit the following Response to Defendants' First Compliance Report (ECF No. 217), filed on February 25, 2025. Plaintiffs below reproduce each paragraph of Defendants' First Compliance Report, immediately followed by Plaintiffs' response to that paragraph.

### A.  [Relating to Paragraph III.A]

**Text of Defendants' First Compliance Report**: On January 30, 2025, USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement. The public may find this memorandum online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response**: The Settlement Agreement requires a memorandum explaining and implementing the Settlement Agreement, applicable to Class Members as well as other individuals with prior "unaccompanied alien child" ("UC") determinations. Plaintiffs have identified five ways in which the USCIS memorandum violates the Settlement Agreement:

1

1.     The USCIS memorandum allows USCIS to reject jurisdiction over asylum applications of individuals with prior UC determinations in circumstances not permitted by the Settlement Agreement, violating Paragraphs III.B and III.C.

2.     The USCIS memorandum does not exempt individuals with prior UC determinations from the one-year filing deadline, in violation of Paragraph III.B of the Settlement Agreement.

3.     The USCIS memorandum permits USCIS to defer to immigration judge determinations in circumstances not permitted by the Settlement Agreement, in violation of Paragraph III.D.

4.     The USCIS memorandum does not adopt expedite procedures as required by Paragraph III.G of the Settlement Agreement.  *See* Part G *infra*.

5.     The USCIS memorandum's timeline for retractions violates Paragraph III.E.1 of the Settlement Agreement.

On March 22, 2025, Plaintiffs sent a letter to Defendants describing the above problems with the memorandum and offering corrections to bring the memorandum—as well as additional implementing guidance—into compliance with the Settlement Agreement. *See* Exhibit 1. Plaintiffs await Defendants' response.

**B.   [Relating to Paragraph III.B]**

**Text of Defendants' First Compliance Report**: USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: Plaintiffs are aware of at least five cases since the Court's final approval of the Settlement Agreement in which USCIS has failed to comply with Paragraph III.B

of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications. Plaintiffs have sent five cases to Defendants' counsel, and await Defendants' corrective action.

### C.    [Relating to Paragraph III.C]

**Text of Defendants' First Compliance Report**: USCIS has issued Adverse Jurisdictional Determinations to 0 Class Members based on USCIS's determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. 279(g)(2)) at the time of filing their asylum application. USCIS certifies that all of those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response**: As stated in Part B above, Plaintiffs are aware of at least five cases in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement. None of these rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Plaintiffs have sent five cases to Defendants' counsel, and await Defendants' corrective action.

### D.    [Relating to Paragraph III.D]

**Text of Defendants' First Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

E.   **[Relating to Paragraph III.E]**

    1.   **[Relating to Paragraph III.E.1]**

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 0 Class Members, as required by Paragraph III.C.2 of the Settlement Agreement. As of February 25, 2025, USCIS has fully complied with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.E.1 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.1.

    2.   **[Relating to Paragraph III.E.2]**

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 0 Class Members, as required by Paragraphs III.B and/or III.D of the Settlement Agreement. As of February 25, 2025, USCIS has fully complied with Paragraph III.E.2 of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.E.2 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.2.

    3.   **[Relating to Paragraph III.E.3]**

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 995 Class Members. As of February, USCIS has fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members who were expecting a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one.

### F.  [Relating to Paragraph III.F]

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has mailed notices to 0 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021. As of February 25, 2025, USCIS has fully complied with Paragraph III.F of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.F has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.F.

### G.  [Relating to Paragraph III.G]

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement.  The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response**: Paragraph III.G of the Settlement Agreement requires USCIS to "adopt procedures permitting Class Members to request that USCIS . . . expedite adjudication of asylum applications" on the basis of certain specified circumstances, and separately affirms that Class Members not meeting the specified circumstances "may also avail themselves of the general expedite procedures available at their local asylum offices." Under Paragraph III.A, Defendants must incorporate such procedures into the USCIS memorandum and make them available to both Class Members and other individuals with prior UC determinations. Defendants

have failed to adopt special expedite procedures as required by Paragraph III.G of the Settlement Agreement.  Instead, the USCIS memorandum merely acknowledges that, like all other asylum applicants, unaccompanied children can request an expedited adjudication, which the USCIS asylum office considers in their discretion.  USCIS Memorandum at 4.  Instead of "adopt[ing] procedures" for expediting the specified types of cases as required by Paragraph III.G, the USCIS memorandum lists the specified types of cases as examples of circumstances underlying an expedite request "that are particularly relevant to UACs" and then references the USCIS Asylum Division's general guidance on expedite request procedures. Plaintiffs informed Defendants of this violation of the Settlement Agreement in the letter sent to Defendants on March 22, 2025, referenced in Part A above.

* * *

Pursuant to Paragraph V.C of the Settlement Agreement, Defendants have 30 days to respond to the concerns Plaintiffs raise herein, and the Parties shall thereafter meet and confer regarding the open issues related to Defendants' First Compliance Report.  If the Parties are unable to resolve those issues, Plaintiffs may request a hearing before the Court.

Dated: May 27, 2025


Respectfully submitted,

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org


*Attorneys for Plaintiffs*


*Admitted *pro hac vice*