IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P.**, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>    Defendants. | Civil Action No. 8:19-CV-01944-SAG<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND COMPLIANCE REPORT** |

Pursuant to the Paragraph V.C of the settlement agreed to by the Parties and approved by the Court (ECF. No. 199-2), Plaintiffs respectfully submit the following Response to Defendants' Second Compliance Report (ECF No. 257), filed on April 24, 2025. Plaintiffs reproduce below each subparagraph of Defendants' Second Compliance Report, immediately followed by Plaintiffs' response to that paragraph.

    A.   [Relating to Paragraph III.A]

**Text of Defendants' Second Compliance Report**: On January 30, 2025 USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement. The public may find this memorandum online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying- for-asylum-by-themselves.

**Plaintiffs' Response**: In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224,[1] Plaintiffs noted that five aspects of the USCIS memorandum violated the

---

[1] In preparing the instant Response, Plaintiffs became aware that several pages of their March 25,

1

Settlement Agreement. Plaintiffs first raised these issues to Defendants by letter on March 22, 2025. ECF No. 224-1. On April 28, 2025, Defendants responded via email to Plaintiffs' March 22 letter, agreeing to amend the USCIS memorandum to address two of the five issues Plaintiffs had raised. On May 8, 2025, the parties met and conferred regarding the open deficiencies with the USCIS memorandum, and after the meet-and-confer Plaintiffs provided Defendants proposed redlines to address several of the open issues. On May 23, 2025, counsel for Defendants indicated that they intend to respond to the proposed redlines the week of May 26. Plaintiffs await Defendants' response.

### B.  [Relating to Paragraph III.B]

**Text of Defendants' Second Compliance Report**: USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications. During this reporting period Defendants were made aware of 3 instances in which class members allegedly received an erroneous jurisdictional rejection of their asylum application from USCIS. Defendants have provided a response to these allegations and since taken any necessary corrective action in each of these instances.

**Plaintiffs' Response**: Plaintiffs have raised to Defendants at least 15 cases in which USCIS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications, between the Agreement's effective date and April 21, 2025. Ten of those cases were raised by Plaintiffs after the March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224. Defendants have taken corrective action in most but not all of the cases.

### C.  [Relating to Paragraph III.C]

**Text of Defendants' Second Compliance Report**: USCIS has issued Adverse Jurisdictional Determinations to 2 Class Members based on USCIS's determination that EOIR has jurisdiction

---

2025 filing were inadvertently cut off in the as-filed PDF, ECF No. 224. Plaintiffs have thus filed a corrected version of the March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 283.

because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application.  USCIS certifies those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response**: Plaintiffs have brought to Defendants' attention at least 11 cases, in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and April 21, 2025.  None of those rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Plaintiffs await Defendants' corrective action in one of these cases.

### D.   [Relating to Paragraph III.D]

**Text of Defendants' Second Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

### E.   [Relating to Paragraph III.E]

#### 1.   [Relating to Paragraph III.E.1]

**Text of Defendants' Second Compliance Report**: As of April 21, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 19 Class Members, as required by Paragraph III.C.2 of the Settlement Agreement.   As of April 21, 2025, USCIS has fully complied with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.E.1 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph

III.E.1.

2. **[Relating to Paragraph III.E.2]**

**Text of Defendants' Second Compliance Report**: As of April 21, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 216 Class Members, as required by Paragraphs III.B and/or III.D of the Settlement Agreement. As of April 21, 2025, USCIS has fully complied with Paragraph III.E.2 of the Settlement Agreement.

**Plaintiffs' Response:** Since Defendants' deadline for compliance with Paragraph III.E.2 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.2.

3. **[Relating to Paragraph III.E.3]**

**Text of Defendants' Second Compliance Report**: As of April 21, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of April 21, 2025, USCIS has fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs are not aware of any Class Members who were entitled to a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one.

F. **[Relating to Paragraph III.F]**

**Text of Defendants' Second Compliance Report**: As of April 21, 2025, USCIS has mailed notices to 1871 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021. As of April 21, 2025, USCIS has fully complied with Paragraph III.F of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one. However, Class Members whose cases had been placed on hold likely did not know their case was on hold; thus Plaintiffs are not in a position to confirm or dispute the veracity of Defendants' representation of

compliance with Paragraph III.F.

### G. [Relating to Paragraph III.G]

**Text of Defendants' Second Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement. The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224, Plaintiffs noted that Defendants had failed to adopt special expedite procedures as required by Paragraph III.G of the Settlement Agreement. Plaintiffs informed Defendants of this violation via the March 22 letter referenced in Paragraph A above, and the parties met and conferred regarding this and other issues with the USCIS memorandum on May 8, 2025. Plaintiffs await Defendants' response.

* * *

Pursuant to Paragraph V.C of the Settlement Agreement, Defendants have 30 days to respond to the concerns Plaintiffs raise herein, and the parties shall thereafter meet and confer regarding the open issues related to Defendants' Second Compliance Report. If the parties are unable to resolve those issues, Plaintiffs may request a hearing before the Court.

Dated: May 27, 2025

Respectfully submitted,

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted pro hac vice*