IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

# **ORDER**

Upon review of Defendants' "status report," ECF 285, this Court finds that Defendants utterly disregarded this Court's May 20, 2025 Order. That Order directed Defendants to "provide a status report on the steps they have taken to facilitate the return of Cristian to the United States…on or before 5:00 PM ET on Tuesday, May 27, 2025" and to include, "in the form of a declaration from an individual with personal knowledge…[:] (1) Cristian's current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate Cristian's return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate Cristian's return." ECF 280.

Defendants' untimely response is the functional equivalent of, "We haven't done anything and don't intend to." Defendants' filing disregarded the deadline and the substantive requests in this Court's May 20, 2025 Order. Instead, Defendants simply reiterated their well-worn talking points on their reasons for removing Cristian and failed to provide any of the information the Court required. ECF 285. The existing record is clear that Cristian was removed to El Salvador on March 15, 2025. *See, e.g.*, ECF 227-2 at 60; ECF 228; ECF 248-1. As a Venezuelan native, he is in El

Salvador only because the United States sent him there pursuant to an agreement apparently reached with the government of El Salvador. Telling this Court that "[i]t is DHS's understanding that Cristian is in the custody of El Salvador," ECF 285 ¶ 10, adds nothing to the underlying record and simply reflects a lack of any effort to obtain or provide information regarding Cristian's "current physical location and custodial status," ECF 280. The remainder of the "status update" shows zero effort to comply with this Court's April 23, 2025 Order, ECF 254, that Defendants "facilitate" Cristian's return to the United States for adjudication of his asylum application on the merits by USCIS, which "includes, but is not limited to, a good faith request by Defendants to the government of El Salvador to release Cristian to U.S. custody for transport back to the United States." *Id*. at 2. Instead, Defendants simply state that "DHS has informed the Department of State (DOS) of the Court's order and requested DOS assistance in complying with the Court's order" and that "DOS acknowledged DHS's request." ECF 285 ¶ 10. Those "steps" are patently insufficient to comply with this Court's April 23, 2025 Order to facilitate Cristian's return, which the United States Court of Appeals for the Fourth Circuit declined to stay pending Defendants' appeal, *J.O.P. v. U.S. Department of Homeland Security*, No. 25-1519, ECF 34 (May 19, 2025). Moreover, Defendants not only ignore the requirements of this Court's Orders, ECF 254, 280, but also make no attempt to offer any justification for their blatant lack of effort to comply.

The Court invites input from Class Counsel, on or before 5:00 PM ET on Monday, June 2, 2025, regarding a process to create an appropriate record on Defendants' lack of compliance with this Court's Orders and any additional relief sought by the Class. Should Defendants wish to remedy their noncompliance with ECF 280, they have until 5:00 PM ET on Monday, June 2, 2025 to do so. While this Court has no option but to "grant" Defendants' motion for leave to file the

2

declaration out of time, since the filing was already late, strict adherence to this Court's deadlines is expected and required.

    So Ordered.

Dated: May 28, 2025                         /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge