IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> *Defendants*. | Civil Action No. <br> 8:19-CV-01944-SAG |

**CLASS COUNSEL'S PROPOSED PROCESS TO CREATE A COMPLETE RECORD OF DEFENDANTS' LACK OF COMPLIANCE WITH THE COURT'S ORDERS**

**TABLE OF CONTENTS**

**Page**

I.    This Court Should Order Expedited Discovery To Uncover the Extent of Defendants' Non-Compliance with the Court's Orders. ........................................................................... 2

II.   This Court Should Set an Evidentiary Hearing and Briefing Schedule. ............................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrego Garcia v. Noem*,
   348 F.R.D. 589 (D. Md. 2025) .................................................................................. 3, 4, 5, 7

*Adapt of Philadelphia v. Philadelphia Hous. Auth.*,
   2004 WL 2700324 (E.D. Pa. Nov. 24, 2004) ...................................................................... 2

*Brightview Grp., LP v. Teeters*,
   2019 WL 11660174 (D. Md. Nov. 6, 2019) ........................................................................ 3

*Courthouse News Serv. v. Harris*,
   2022 WL 3577255 (D. Md. Aug. 18, 2022) ........................................................................ 4

*Damus v. Nielsen*,
   328 F.R.D. 1 (D.D.C. 2018) ............................................................................................ 3, 4

*Damus v. Wolf*,
   2020 WL 601629 (D.D.C. Feb. 7, 2020) ......................................................................... 3, 4

*Frazier v. State of Mich.*,
   2019 WL 464446 (E.D. Mich. Feb. 6, 2019) ....................................................................... 2

*J.G.G. v. Trump*,
   1:25-cv-00766 (D.D.C.) .................................................................................................. 2, 6

*Kilmar Abrego Garcia v. Noem et al.*,
   8:25-cv-00951 (D. Md.) .................................................................................................. 2, 6

*Lederman v. N.Y. City Dep't of Parks & Rec.*,
   731 F.3d 199 (2d Cir. 2013) ................................................................................................ 3

*Mey v. Phillips*,
   71 F.4th 203 (4th Cir. 2023) ................................................................................................ 3

*Noem v. Abrego Garcia*,
   145 S. Ct. 1017 (2025) ........................................................................................................ 6

Class Member Cristian remains incarcerated in El Salvador after being wrongly removed two and a half months ago, and more than a month since this Court ordered that Defendants facilitate his return to the United States. This Court has already found that Defendants have violated the Settlement Agreement and then failed to comply with *two* Court Orders. Defendants have failed to take any steps to "facilitate Class Member Cristian's return to the United States," ECF No. 254 at 2, and failed to provide a status report that "includes (1) Cristian's current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate Cristian's return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate Cristian's return," ECF No. 280 at 2. As the Court stated, Defendants' declaration filed on May 27, 2025, was "patently insufficient to comply with this Court's April 23, 2025, Order to facilitate Cristian's return." ECF No. 287 at 2. In view of Defendants' blatant violations of this Court's Orders, Class Counsel seek discovery to support a likely finding of contempt or other appropriate sanctions.

This Court invited input from Class Counsel on a "process to create an appropriate record on Defendants' lack of compliance with this Court's Orders and any additional relief sought by the Class." ECF No. 287 at 2. In response, Class Counsel proposes the following process: (1) allow expedited discovery to uncover what, if anything, Defendants have done in response to the Court's Orders, and to ascertain the individuals and decision-makers who are responsible for the non-compliance; (2) conduct an evidentiary hearing which the key decision-maker(s) must attend to provide testimony as to all steps taken to comply with this Court's Orders; and (3) set a briefing schedule on Class Counsel's likely forthcoming motion for a finding of contempt or other appropriate sanctions. In addition, the Court should require Defendants to provide daily updates on their efforts to facilitate the return of Cristian. Further non-compliance (or delays in

1

compliance) with the Court's Orders to facilitate the return of Cristian to the United States should be factors that are considered in crafting the appropriate sanctions.

**I.   This Court Should Order Expedited Discovery To Uncover the Extent of Defendants' Non-Compliance with the Court's Orders.**

Plaintiffs seek discovery to determine the extent of Defendants' non-compliance with this Court's Orders. Given that Defendants have also engaged in similar discovery on similar issues in *Kilmar Abrego Garcia v. Noem et al.*, 8:25-cv-00951 (D. Md.) ("*Abrego Garcia*") and *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C.) ("*J.G.G.*"), Plaintiffs request that Defendants produce all such documents, discovery responses, and transcripts. Plaintiffs also seek discovery that focuses on the specific actions, if any, that Defendants have taken to comply with this Court's Orders.

Plaintiffs also seek discovery to ascertain whether any other Class Members have been removed to El Salvador in violation of the Settlement Agreement.[1] This Court has authority to order Defendants to provide discovery to ascertain whether Defendants have violated the Court-approved Settlement Agreement by removing other Class Members. *See, e.g.*, *Adapt of Philadelphia v. Philadelphia Hous. Auth.*, 2004 WL 2700324, at *3 (E.D. Pa. Nov. 24, 2004), *reconsideration granted, judgment vacated in part*, 2004 WL 2801149 (E.D. Pa. Dec. 3, 2004) (granting discovery to determine whether a settlement agreement was violated); *Frazier v. State of Mich.*, 2019 WL 464446, at *4 (E.D. Mich. Feb. 6, 2019) (granting discovery "as to whether Defendants violated the Settlement Agreement").

---

[1] During the May 7, 2025, hearing, the Court stated that it would consider supplemental briefing on the issue of whether Defendants should be required to provide a list of other Class Members they have removed in violation of this Court's Order approving the Settlement Agreement (ECF No. 205). As explained herein, courts have authority to order discovery to uncover whether a court order has been violated. Class Counsel submits that such discovery is particularly warranted here in view of Defendants' continued violations of this Court's orders.

2

Upon a showing of good cause, the Court may permit expedited discovery "where significant questions regarding noncompliance with a court order have been raised." *Abrego Garcia v. Noem*, 348 F.R.D. 589, 591 (D. Md. 2025) (quoting *Cal. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033-34 (9th Cir. 2008)); *see also Damus v. Nielsen*, 328 F.R.D. 1, 3-4 (D.D.C. 2018) (granting expedited discovery into government's compliance with a preliminary injunction); *Damus v. Wolf*, 2020 WL 601629, at *2 (D.D.C. Feb. 7, 2020) ("[A] court has the authority to issue additional orders to enforce a prior injunction."). Factors supporting good cause include:

> (1) whether a preliminary injunction motion is pending; (2) the breadth of the requested expedited discovery; (3) the proffered reasons for the expedited discovery; (4) the burden on the opponent to comply with the request for expedited discovery; (5) whether the evidence sought could be obtained more efficiently from some other source; (6) the extent to which the discovery process would be expedited; and (7) whether a motion to dismiss for failure to state a claim is pending.

*Abrego Garcia*, 348 F.R.D. at 591 (citing *Courthouse News Serv. v. Harris*, 2022 WL 3577255, at *4 (D. Md. Aug. 18, 2022)). Expedited discovery is appropriate where "good cause, considering the totality of the circumstances," supports the request. *Brightview Grp., LP v. Teeters*, 2019 WL 11660174, at *1 (D. Md. Nov. 6, 2019).

Under the Federal Rules of Civil Procedure, this Court has "broad discretion" and "wide latitude in controlling discovery." *Mey v. Phillips*, 71 F.4th 203, 217 (4th Cir. 2023) (citations omitted). Among other things, this Court can order depositions, even of high-ranking government officials where they have "unique first-hand knowledge related to the litigated claims or . . . the necessary information cannot be obtained through other, less burdensome or intrusive means." *Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013).

Good cause supports expedited discovery into Defendants' actions, or lack thereof, to comply with the Court's Orders. To begin, it is indisputable that "significant questions" exist as

3

to Defendants' "noncompliance" with the Court's Orders. *See Abrego Garcia*, 348 F.R.D. at 591. Plaintiffs' objective remains the return of Cristian as a remedy for Defendants' violation of Section III.I of the Parties' Settlement Agreement, so that he can access the process he is entitled to under that agreement, *i.e.*, an adjudication on the merits of his pending asylum application. Defendants' untimely "status report" (ECF No. 285) "adds nothing to the underlying record" and demonstrates a "blatant" disregard for this Court's Orders. ECF No. 287 at 1-2. The report, which contains only Defendants' "well-worn talking points," "shows zero effort to comply," *id.*, with either the Court's Order granting Class Counsel's Motion to Enforce or its specific, modest requests that Defendants provide information that is "wholly consistent with ascertaining what, if anything[,] the Defendants have done to 'facilitate' [Cristian's] 'release from custody in El Salvador,'" *Abrego Garcia*, 348 F.R.D. at 592 (requiring disclosures identical to those directed in ECF No. 280). Thus, where, as here, "the enjoined party has not 'fully complied with the court's earlier orders,'" the Court should use its broad equitable authority to enforce its prior Orders and to permit inquiry into Defendants' noncompliance. *See Damus v. Nielsen*, 328 F.R.D. at 3-4; *Damus v. Wolf*, 2020 WL 601629, at *2.

The "good cause" factors overwhelmingly support expedited discovery here. *See Abrego Garcia*, 348 F.R.D. at 591 (setting forth good cause factors). <u>First</u>, the Court already determined that Defendants violated the Settlement Agreement when they removed Cristian from the United States, and in the absence of the Court-ordered disclosures from Defendants concerning information about where Cristian is being held, Class Counsel must assume that Cristian continues to be held in CECOT—a notoriously dangerous prison in El Salvador. The urgency created by Cristian's continued detention in El Salvador—forty days after this Court ordered Defendants to facilitate his return—warrants expedition. *See Courthouse News Serv. v. Harris*, 2022 WL

4

3577255, at *5 (D. Md. Aug. 18, 2022) (explaining that the first good cause factor—whether a preliminary injunction has issued—is a proxy for urgency). Indeed, Defendants sought a stay of the Court's Order to facilitate Cristian's return from the U.S. Court of Appeals for the Fourth Circuit. That Court *rejected* Defendants' request. Despite that ruling, Defendants now appear to be engaged in self-help, proceeding as if the Fourth Circuit stayed this Court's Order when, in fact, it *denied* the requested stay.

Second, Class Counsel seeks discovery into matters as to which the Court has already properly inquired. *See* ECF No. 280 at 1-2 (ordering disclosures about "the steps [Defendants] have taken to facilitate the return of Cristian to the United States," including specifically: "(1) Cristian's current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate Cristian's return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate Cristian's return"). Those are the same "areas . . . the Supreme Court made clear are 'properly require[d]'" to facilitate a noncitizen's release and return to the United States in similar circumstances. *Abrego Garcia*, 348 F.R.D. at 593 (quoting *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025)).

Third, discovery is necessary in light of Defendants' "blatant lack of effort to comply" with the Court's prior Orders and failure to present "any justification" whatsoever for "ignor[ing]" the Court's requirements. ECF No. 287 at 2. Without discovery, Class Counsel and the Court will be unable to evaluate the extent to which Defendants are adhering to their obligation to facilitate Cristian's return to the United States or to create a record on which Class Counsel can seek further relief, such as sanctions, for Defendants' egregious noncompliance.

Fourth, the burden on Defendants is minimal. Class Counsel seeks discovery only as to areas the Court has already put Defendants on notice would be subject to further inquiry. *See* ECF

No. 280.  And these are the same areas concerning which Defendants have been required to engage in discovery in *Abrego Garcia*, No. 8:25-cv-951-PX.  *See Abrego Garcia*, 145 S. Ct. at 1018 ("[T]he Government should be prepared to share what it can concerning the steps it has taken and the prospect of further steps.").  Therefore, the burden to provide similar, and to some extent the same, discovery here that was already provided in another case is minimal.

Fifth, the request for discovery is timely:  Defendants filed their inadequate Response to the Court's Order of May 20, 2025, only six days ago, Defendants have not yet complied with the Court's Orders, and Cristian remains detained in El Salvador.

Sixth, Class Counsel's proposed schedule for expedited discovery is reasonable.  Class Counsel propose the following deadlines: Defendants should provide all discovery they produced in *Abrego Garcia* and *J.G.G.* by June 4, 2025; any additional documentary and written discovery responses by June 11, 2025; and, by June 18, 2025, make available for deposition the key decision-maker(s) and those with personal knowledge of the relevant facts.[2]

The first category of information and documents requested consists of materials that Defendants have already served in *Abrego Garcia* and *J.G.G.*; two days to produce such materials is therefore appropriate.  Producing the second category of information and documents within nine days is appropriate based on (1) Defendants' prior notice that they would need to disclose such information and (2) the continuing harm Cristian experiences each additional day he is detained in CECOT despite this Court's Order enforcing the Settlement Agreement and requiring Defendants to facilitate his return to the United States.  To the extent Defendants object to any discovery

---

[2] Plaintiffs seek a 30(b)(6) deposition of Defendants (*see* Ex. D) and may seek 30(b)(1) depositions, but will need to receive Defendants' document production and discovery responses to identify the 30(b)(1) witnesses.

6

request, they should be required to file a motion for a protective order, to allow the Court to address the propriety of any objections, by June 6, 2025.

<u>Seventh</u>, and last, the posture of this case supports ordering expedited discovery. Plaintiffs' discovery requests "focus[] on securing compliance with this Court's [Orders] . . . and in the face of ongoing refusal to comply, to assist the Court in determining whether contempt proceedings are warranted." *Abrego Garcia*, 348 F.R.D. at 593.

Thus, the good cause factors and totality of the circumstances presented in this case support expedited discovery into Defendants' efforts to comply with the Court's Orders. The Court should therefore permit expedited discovery as provided in the attached Exhibits A-D seeking documents, interrogatory responses, requests for admission, and deposition(s) that will shed light on "the steps [Defendants] have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS," including specifically: "(1) Cristian's current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate Cristian's return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate Cristian's return." ECF No. 280 at 1-2.

## II.     This Court Should Set an Evidentiary Hearing and Briefing Schedule.

Class Counsel also requests that the Court schedule an evidentiary hearing in early July 2025 in which Defendants' key decision-maker(s) and/or those with personal knowledge of the key facts, as determined by Class Counsel and the Court based upon discovery, must attend to provide testimony, and be subject to cross-examination, as to all steps taken to comply with this Court's Orders. As the Court is aware, Defendants' "status report" filed on May 27, 2025, was woefully inadequate. Defendants should be obligated to offer testimony in Court from the key decision-makers involved in any steps taken to comply with this Court's Orders. Class Counsel

submit that this hearing should take place after completion of the expedited discovery, in order to create a full record as to the extent of Defendants' non-compliance.

After the evidentiary hearing, Class Counsel will analyze in good faith the evidence derived from expedited discovery and the hearing. Class Counsel anticipates that they are likely to then file a motion for a finding of contempt or other sanctions. Of course, Defendants cannot avoid compliance with the Court's Order while the foregoing process unfolds; to the extent they further delay compliance, that should be a factor this Court considers in the appropriate sanctions.

Dated: June 2, 2025


Respectfully submitted,

/s/ Brian T. Burgess

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org


*Attorneys for Plaintiffs*

*Admitted pro hac vice