# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>　　Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

**PLAINTIFFS' FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure 26 and 34, Plaintiffs hereby serve the following Requests for Production of Documents on Defendants U.S. Department of Homeland Security; United States Citizenship and Immigration Services; Kika Scott, Senior Official Performing the Duties of the Director, U.S. Citizenship & Immigration Services; Kristi Noem, Secretary of Homeland Security; and U.S. Immigration & Customs Enforcement; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement (collectively, "Defendants"). Each of the Defendants is obligated to search for and produce documents in response to the Requests for Production.

Your written responses and productions should be delivered to Kevin DeJong, Goodwin Procter LLP, 100 Northern Avenue, Boston, MA 02210, at KDeJong@goodwinlaw.com, and via email to the remaining undersigned counsel.

1

## **DEFINITIONS**

1. "You" and "Your" refers to all Defendants, and any other agency or official of the United States.

2. "Person" means any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

3. "Cristian" refers to the individual Class Member proceeding pseudonymously under that name in this action. *See* ECF No. 254.

4. "Class Member" means Class Member as defined in Section II.E of the Settlement Agreement, ECF 199-2 at 5, as "all individuals nationwide who [on or before February 24, 2025]: (1) were determined to be a[n] [Unaccompanied Alien Child, as defined in 6 U.S.C. § 279(g)(2)]; and (2) who filed an asylum application that was pending with USCIS; and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits."

5. "Document" or "Documents" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure, including, without limitation, any written, printed, typed, recorded, computerized or electronic data, taped, filmed, graphic or other matter, in whatever form, whether in final or draft, however produced or reproduced, and any written or original, master, duplicate, paper copy or electronic copy.  The terms shall further include all aural, visual records or representations (including, without limitation, photographs, negatives a computer, electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, recordings, programs, etc.). "Electronic data" includes without limitation all text files (including word processing documents and presentations),

2

spreadsheets, electronic mail documents (e-mails), instant messages including those saved as files and stored on computer systems, databases, calendars, computer system activity logs, audit trails, data used for electronic data interchange, internet usage files, network access information, voice mail, digitized audio, digital image files, video files and any other information stored magnetically, optically or electronically, and data stored on workstations, laptops, network servers, cloud storage, removable media, handheld devices, backup tapes, hard disk drives, diskettes, and other computer media such as magnetic tape, floppy disks, memory sticks and recordable optical disks.

**6.** "Facilitate" means facilitate as defined by Judge Xinis and the U.S. Court of Appeals for the Fourth Circuit in *Abrego Garcia* and adopted by the Court in this case. *See* ECF No. 253 at 13–14; No. 8:25-cv-00951, ECF 79 at 4 (D. Md. Apr. 15, 2025); No. 25-1404 (4th Cir. Apr. 17, 2025); No. 25-1345, 2025 WL 1021113, at *6 (4th Cir. Apr. 7, 2025) (Wilkinson, J. concurring).

## INSTRUCTIONS

**1.** Unless otherwise specified, Your responses will be governed by the Federal Rules of Civil Procedure, and these Instructions and Definitions.

**2.** Each Defendant is obligated to search for and produce documents in response to the Requests for Production.

**3.** If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement or correct that response under Federal Rule of Civil Procedure 26(e).

**4.** If You refuse to provide a response to a Request due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b).

3

5. "And/or," "or," and "and" shall be used disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

6. "Any," "each," and "all" are to be construed as to be synonymous and mean "any and all."

7. These requests shall be deemed to include all documents and things in Defendants' charge and/or possession as well as those subject to their custody and/or control, whether in their possession, at the office of their attorneys, and/or at any other place and/or in the possession of any other person and/or entity subject to Defendants' control.

8. In responding to these Requests, pursuant to Federal Rule of Civil Procedure 34(b), Defendants are requested to identify those documents and things they will produce for inspection and copying. If Defendants object to a particular Request, Defendants are requested to state the precise grounds upon which their objection rests.

9. If any requested document is known or believed to have existed and cannot now be located or has been lost, discarded, destroyed, or is otherwise unavailable for any reason, identify the document as completely as possible, by stating without limitation:

   a. the pertinent information regarding withheld documents requested in the preceding paragraph directly above;

   b. the date of, manner of, and reason for the document's loss, discarding, or destruction;

   c. any person who or organization that has possession, custody, or control of a partial or incomplete copy of such document;

   d. the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the loss, destruction, or discarding of the document; and

   e. the efforts made to locate such document.

**10.** If an English language version or English-language translation of non-English records or documents exist, the non-English language records and documents and the English language version or English language translation of the non-English records and documents should both be produced.

**11.** To the extent that Defendants believe any part of any Request herein is duplicative of any other Request, indicate which Request requested the same information.

**12.** If the meaning of any term in these Requests is unclear, Defendants should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

**13.** If in responding to these Requests Defendants claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, such claim shall not be utilized by Defendants as a basis for refusing to respond and Defendants shall set forth, as part of their response to the Request, the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

**14.** Responses to these document Requests shall be supplemented and/or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure and the Local Rules of this Court. These Requests shall be deemed to impose a continuing duty upon Defendants to serve supplemental and/or amended responses as Defendants acquire additional knowledge and/or information relating to these document Requests.

## REQUESTS FOR PRODUCTION

**1.** All Documents You produced in response to requests for production in *Abrego Garcia v. Noem*, 8:25-cv-0095 (D. Md. 2025).

**2.** All responses You provided to interrogatories and requests for admission served in *Abrego Garcia v. Noem*, 8:25-cv-0095 (D. Md. 2025).

3. All deposition transcripts in *Abrego Garcia v. Noem*, 8:25-cv-0095 (D. Md. 2025).

4. All Documents You produced in response to requests for production in *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C. 2025).

5. All responses You provided to interrogatories and requests for admission served in *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C. 2025).

6. All deposition transcripts in *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C. 2025).

7. All Documents concerning or reflecting Cristian's health or condition during transport to or confinement in El Salvador.

8. All Documents provided to, reviewed by, or relied on by Mellissa Harper in preparing the May 27, 2025 declaration filed in this matter (ECF No. 285-1), and all Communications concerning the same.

9. All Communications involving any Defendant concerning the Court's May 20, 2025 order (ECF No. 280).

10. All Communications involving any Defendant concerning the Court's April 23, 2025 order (ECF No. 254).

11. All Documents concerning each action You have already taken, or plan to take in the future, to Facilitate Cristian's release from custody in El Salvador.

12. All Documents concerning each action You have already taken, or plan to take in the future, to Facilitate Cristian's return to the United States.

13. All Documents reflecting any request to release Cristian from custody in El Salvador, and any responses thereto.

14. All Communications to or from anyone in the U.S. Department of State or any other United States or state government agency or official concerning Cristian.

**15.** All Communications to or from anyone in the government of El Salvador or any personnel of any facility in El Salvador used for detention or confinement concerning Cristian or any other Class Member.

**16.** All Documents concerning any agreement, arrangement, or understanding between the governments of the United States and El Salvador to confine Cristian or any other Class Member in El Salvador.

**17.** All Documents memorializing, documenting, or describing the arrangements between the United States and El Salvador concerning the detention of Cristian or any other Class Member in El Salvador.

**18.** All Documents concerning the rights the government of the United States possesses, retains, or has exercised with respect to Cristian or other Class Members removed from the United States or transported by You from the United States to El Salvador and who are confined there, including (but not limited to) Documents concerning the decision-making authority over the disposition of Cristian and any other removed Class Members.

**19.** All Documents reflecting payments You made or withheld (or payments that are to be made or withheld) in connection with the detention in El Salvador of Cristian and other Class Members of any nationality removed or deported from the United States or transported by You from the United States to El Salvador.

Dated: June 2, 2025

Respectfully submitted,

/s/ Kevin J. DeJong

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*