# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. <br> 8:19-CV-01944-SAG |

**PLAINTIFFS' FIRST SET OF EXPEDITED REQUESTS FOR ADMISSION**

Pursuant to the Federal Rules of Civil Procedure 26 and 36, Plaintiffs hereby serve the following Requests for Admission on Defendants U.S. Department of Homeland Security; United States Citizenship and Immigration Services; Kika Scott, Senior Official Performing the Duties of the Director, U.S. Citizenship & Immigration Services; Kristi Noem, Secretary of Homeland Security; and U.S. Immigration & Customs Enforcement; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement (collectively, "Defendants").

Your written responses should be delivered to Kevin DeJong, Goodwin Procter LLP, 100 Northern Avenue, Boston, MA 02210, at KDeJong@goodwinlaw.com, and via email to the remaining undersigned counsel.

**DEFINITIONS**

1. "You" and "Your" refers to all Defendants, and any other agency or official of the United States.

2. "Person" means any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

3. "Cristian" refers to the individual Class Member proceeding pseudonymously under that name in this action. *See* ECF No. 254.

4. "Class Member" means Class Member as defined in Section II.E of the Settlement Agreement, ECF 199-2 at 5, as "all individuals nationwide who [on or before February 24, 2025]: (1) were determined to be a[n] [Unaccompanied Alien Child, as defined in 6 U.S.C. § 279(g)(2)]; and (2) who filed an asylum application that was pending with USCIS; and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits."

5. "Facilitate" means facilitate as defined by Judge Xinis and the U.S. Court of Appeals for the Fourth Circuit in *Abrego Garcia* and adopted by the Court in this case. *See* ECF No. 253 at 13–14; No. 8:25-cv-00951, ECF 79 at 4 (D. Md. Apr. 15, 2025); No. 25-1404 (4th Cir. Apr. 17, 2025); No. 25-1345, 2025 WL 1021113, at *6 (4th Cir. Apr. 7, 2025) (Wilkinson, J. concurring).

**INSTRUCTIONS**

1. Unless otherwise specified, Your responses will be governed by the Federal Rules of Civil Procedure, and these Instructions and Definitions.

2. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement or correct that response under Federal Rule of Civil Procedure 26(e).

3. If You refuse to provide a response to a Request due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b).

4. "And/or," "or," and "and" shall be used disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

5. "Any," "each," and "all" are to be construed as to be synonymous and mean "any and all."

6. To the extent that Defendants believe any part of any Request herein is duplicative of any other Request, indicate which Request requested the same information.

7. If the meaning of any term in these Requests is unclear, Defendants should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

8. If in responding to these Requests Defendants claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, such claim shall not be utilized by Defendants as a basis for refusing to respond and Defendants shall set forth, as part of their response to the Request, the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

9. Responses to these document Requests shall be supplemented and/or amended to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure and the Local Rules of this Court. These Requests shall be deemed to impose a continuing duty upon Defendants to serve

supplemental and/or amended responses as Defendants acquire additional knowledge and/or information relating to these document Requests.

## REQUESTS FOR ADMISSION

1. Admit that the United States requested of El Salvador that Cristian be detained in El Salvador.

2. Admit that the United States has committed to provide El Salvador with funds that it has not yet provided in recognition of El Salvador's cooperation in detaining Persons, including Cristian, whom the United States has alleged to be members of Tren de Aragua.

3. Admit that prior to Defendants' removal of Cristian on March 15, 2025, Defendants recognized Cristian to be a Class Member.

4. Admit that El Salvador did not request that Cristian be sent to El Salvador.

5. Admit that prior to the arrival of Cristian in El Salvador on March 15-16, 2025, El Salvador had neither charged nor convicted Cristian with a crime.

6. Admit that President Trump stated to ABC News on April 29, 2025, that he could secure the return of Mr. Kilmar Abrego Garcia to the United States from El Salvador.

7. Admit that the United States has not requested the return of Cristian from El Salvador to the United States.

8. Admit that the United States has taken no actions to Facilitate the return of Cristian from El Salvador to the United States.

9. Admit that Department of Homeland Security Assistant Secretary Tricia McLaughlin stated to ABC News and/or other media on or around May 20, 2025 that, "If the court forces his return, he will be removed again" (referring to Cristian).

Dated: June 2, 2025

Respectfully submitted,

*/s/ Kevin J. DeJong*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*