**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |
|---|---|
| J.O.P., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 8:19-cv-01944-SAG ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) ) ) |
| Defendants. | ) ) ) |

# DEFENDANTS' RESPONSE AND OBJECTIONS TO CLASS COUNSEL'S PROPOSED PROCESS TO CREATE A COMPLETE RECORD

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    Discovery is Inappropriate to Resolve this Contract Enforcement Dispute. ...................... 2

    II.    Class Counsel's Request for "Clone Discovery" Generated in *Abrego Garcia v. Noem* and *J.G.G. v. Trump*, Should be Rejected. ......................................................................... 3

    III.    Class Counsel Has Not Met Their Burden for Discovery Into Whether Other Class Members Have Been Removed to El Salvador. ................................................................. 6

    IV.    The Scope of Class Counsel's Proposed Expedited Discovery and Timeline for Completion is Unduly Burdensome. ................................................................................... 8

CONCLUSION .................................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Abrego Garcia v. Noem*,
  No. 25-1345, 2025 WL 1021113 (4th Cir. Apr. 7, 2025) ............................................................ 2

*Adapt of Philadelphia v. Philadelphia Hous.Auth.*,
  2004 WL 2700324 (E.D. Pa. Nov. 24, 2004) ............................................................................ 8

*Chicago & S. Air Lines v. Waterman S.S. Corp.*,
  333 U.S. 103 (1948) ................................................................................................................. 2

*Courthouse News Serv. v. Harris*,
  2022 WL 3577255 (D. Md. Aug. 18, 2022) ............................................................................. 8

*Frazier v. Dep't of Licensing & Regul. Affs.,*
  *2019* WL 464446 (E.D. Mich. Feb. 6, 2019) ........................................................................... 7

*In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*,
  347 F.R.D. 572 (E.D.N.Y. 2024) ............................................................................................. 4

*Insignia Sys., Inc. v. News Corp.*,
  No. CV 19-1820 (MJD/BRT), 2020 WL 12570807 (D. Minn. Mar. 24, 2020) ................... 4, 6

*Jama v. Immigr. & Customs Enf't*,
  543 U.S. 335 (2005) ................................................................................................................. 2

*Martin v. Mott*,
  25 U.S. 19 (1827) ..................................................................................................................... 2

*Midwest Gas Servs., Inc. v. Indiana Gas Co.*,
  No. IP 99-690-C-D/F, 2000 WL 760700 (S.D. Ind. Mar. 7, 2000) .......................................... 4

*Miller v. Hamm*,
  No. 2:22-CV-506-RAH, 2022 WL 12029102 (M.D. Ala. Oct. 20, 2022) .............................. 12

*Mullane v. Almon*,
  339 F.R.D. 659 (N.D. Fla. 2021) ............................................................................................. 9

*Oklahoma v. Tyson Foods*,
  2006 WL 2862216 (N.D. Okla. Oct. 4, 2006) ............................................................... 4, 5, 10

*Parker v. Ciena Corp.*,
  No. GLR-14-4036 2017 WL 2364291 (D. Md. May 30, 2017) ............................................... 3

*Trump v. Hawaii*,
  585 U.S. 667 (2018) ................................................................................................................. 2

*United States ex rel. Touhy v. Ragen*,
  340 U.S. 462 (1951) .................................................................................................................. 14

*United States v. Anthem, Inc.*,
  No. 20CV2593ALCKHP, 2024 WL 1116276 (S.D.N.Y. Mar. 13, 2024) .................................. 3

**Statutes**

5 U.S.C. § 301 .................................................................................................................................. 13

**Rules**

Federal Rule of Civil Procedure 26(b)(1) ........................................................................................ 3

**INTRODUCTION**

Defendants file this Response pursuant to this Court's June 3, 2025 Order affording Defendants the opportunity to "respond to the scope and timing of Class Counsel's proposed discovery," ECF No. 291. As a threshold matter, Defendants maintain they have acted in good faith to comply with this Court's orders. ECF Nos. 254, 280. The government has taken steps to "facilitate" Cristian's return as set forth in two declarations filed since May 27, 2025. ECF Nos. 285-1, 290-1. As Defendants continue to undertake facilitation efforts concerning Cristian, Defendants could offer status reports every two weeks to the Court, to the extent there is relevant information to share, which would be relevant and proportional to the needs of the case. The Court should reject Plaintiffs' attempt to broadly recast this contract enforcement dispute to permit broad, roving discovery into issues not relevant to the Court's discrete orders concerning (1) *Cristian's* current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate *Cristian's* return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate *Cristian's* return. ECF No. 280 at 2.

Further, Defendants respectfully provide the following response and objections to Class Counsel's Proposed Process to Create a Complete Record of Defendants' Lack of Compliance with the Court's Orders. ECF No. 289. Specifically, Defendants object to (1) Class Counsel's specific request for the production of "all such documents, discovery responses, and transcripts" produced in *Kilmar Abrego Garcia v. Noem et al.*, 8:25-cv-00951 (D. Md.) ("*Abrego Garcia*") and *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C.) ("*J.G.G.*"); and (2) Class Counsel's specific request for discovery to ascertain whether any other Class Members have been removed to El Salvador in violation of the Settlement Agreement;" and (3) Class Counsel's proposed scope of and timeline for the completion of expedited discovery.[1]

---

[1] Defendants do not waive and reserve any and all additional objections available to them under the Federal Rules of Evidence, Federal Rules of Civil Procedure, Local Rules of the District of Maryland, and applicable case law that can be brought to Class Counsel's specific Request for Production, Request for Interrogatories, Requests for Admissions, and Notice of 30(b)(6) Deposition.

1

# ARGUMENT

## I. Discovery is Inappropriate to Resolve this Contract Enforcement Dispute.

At base, this matter is a contract dispute in a since settled case involving a challenge to a U.S. Citizenship and Immigration Services' policy statement that adjusted the procedure by which the agency would consider certain asylum applications. ECF 199-2 at 2. Moreover, in light of the settlement and subsequent dismissal of this action, the Court has limited jurisdiction. ECF No. 205 at 3. Wide-ranging discovery into areas unrelated to the original case, including any and all removals under the Alien Enemies Act, is inappropriate in such a context. This is doubly so because the discovery Class Counsel seeks relates to the active exercise of U.S. foreign policy, which is a plenary power of the Executive Branch and to which the Judicial Branch has no role. *Abrego Garcia v. Noem*, No. 25-1345, 2025 WL 1021113, at *7 (4th Cir. Apr. 7, 2025) (Wilkinson, J., concurring) (observing the Constitution "grants substantive authority in foreign affairs both to Congress in Article I and to the Executive in Article II. No such substantive power is granted to the Judiciary."). As Justice Jackson once wrote for the Court,

> [T]he very nature of executive decisions as to foreign policy is political, not judicial. Such decisions are wholly confided by our Constitution to the political departments of the government, Executive and Legislative. . . . They are decisions of a kind for which the Judiciary has neither aptitude, facilities nor responsibility and which has long been held to belong in the domain of political power not subject to judicial intrusion or inquiry.

*Chicago & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948). Following this reasoning, the Court has consistently rebuffed invitations to micromanage the Executive's diplomatic and national-security activities. *See, e.g.*, *Trump v. Hawaii*, 585 U.S. 667, 704 (2018); *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 348 (2005); *Martin v. Mott*, 25 U.S. 19, 30 (1827). This Court should act similarly here and instead of ordering discovery into the active foreign policy dealings of the United States government with another sovereign, ECF No. 290-1 at 3, order Defendants to file status reports every two weeks on ongoing compliance efforts, while

2

acknowledging that these reports may contain no new information in the event there is no new information to share.

## II. Class Counsel's Request for "Clone Discovery" Generated in *Abrego Garcia v. Noem* and *J.G.G. v. Trump*, Should be Rejected.

Class Counsel specifically requests Defendants produce "all such documents, discovery responses, and transcripts" produced in *Kilmar Abrego Garcia v. Noem et al.*, 8:25-cv-00951 (D. Md.) ("*Abrego Garcia*") and *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C.) ("*J.G.G.*"). *See* ECF No. 289 at 5. Such request for "cloned discovery" produced in separate matters outside the instant litigation is outside the scope of discovery as Class Counsel has not identified how such documents are relevant to the claims and defenses of either party in *this* litigation nor proportional to the needs of the case. The issues and procedural posture of both *Abrego Garcia v. Noem* and *J.G.G. v. Trump* are both different from the case at hand and Class Counsel cannot meet their burden that the entire universe of "all such documents, discovery responses, and transcripts" generated in those cases fall within the scope of discovery of this case.

Federal Rule of Civil Procedure 26(b)(1) limits the scope of permissible discovery to information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "[A]ll permissible discovery must be measured against the yardstick of proportionality." *Parker v. Ciena Corp.*, No. GLR-14-4036 2017 WL 2364291, at *2 (D. Md. May 30, 2017), aff'd, 787 F. App'x 817 (4th Cir. 2019).

Class Counsel's request for a copy of all the discovery generated in *Abrego Garcia* and *J.G.G.* falls outside the scope of discovery and should be rejected. Courts routinely reject requests for production of discovery produced in other matters, also referred to as cloned discovery, as outside the scope of discovery. *See, e.g.*, *United States v. Anthem, Inc.*, No. 20CV2593ALCKHP,

3

2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024) (noting "numerous courts have found that requests for 'all' documents produced in another litigation, so-called 'clone' of 'copycat' discovery, are inherently overbroad requests requiring the Court to considerably scale back the information that a producing party must produce from another litigation or deny it entirely on the ground that a party must do its own work"). "Courts only grant motions to compel discovery from another case when the requests are narrowly tailored to request discovery from another case that is essentially identical and deny requests to compel discovery from another case 'merely because there are some similarities between cases.'" *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 583 (E.D.N.Y. 2024). And a showing of "some surface similarities" is insufficient to require a *carte blanche* production of all documents" in another action. *Oklahoma v. Tyson Foods*, 2006 WL 2862216, at * 1 (N.D. Okla. Oct. 4, 2006). "'If relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is to request those documents.'" *Insignia Sys., Inc. v. News Corp.*, No. CV 19-1820 (MJD/BRT), 2020 WL 12570807, at *1 (D. Minn. Mar. 24, 2020) (rejecting a request for cloned discovery) (quotation omitted); *see also Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (holding in rejecting a request for "cloned discovery" that "plaintiffs' counsel must do their own work and request the information they seek directly").

Class Counsel make no attempt to establish that the issues in *Abrego Garcia* and *J.G.G.* are similar enough to the extent to warrant *carte blanche* production of the discovery produced in those cases, nor can they. First, the procedural posture of both cases is substantially different. Both cases are live cases over which the courts are actively exercising jurisdiction over the merits of the causes of action. *See Kilmar Abrego Garcia v. Noem et al.*, 8:25-cv-00951 (D. Md.); *J.G.G. v. Trump*, 1:25-cv-00766 (D.D.C.). In contrast, this case has been dismissed, and the court's jurisdiction is expressly limited "to enforce the Agreement during the term of the Agreement, and to resolve any request for attorneys' fees and costs." ECF No. 205 at 3. Both *Abrego Garcia* and *JGG* also include additional named defendants than the case at hand, notably including the Department of State and Secretary of State Marco Rubio. *See* Compl. *Abrego Garcia*, 8:25-cv-

4

00951 (D. Md.), ECF No. 1; Compl. *J.G.G.*, 1:25-cv-00766 (D.D.C.), ECF No. 1. Additionally, the issues in both those cases are distinct from the case at hand. The discovery in *Abrego Garcia* centers around the defendants' compliance with a *different* court order dated April 10, 2025, requiring only the facilitation of the return of Kilmar Armando Abrego Garcia, the plaintiff in that case, to the United States. Order Granting Expedited Discovery, *Abrego Garcia*, 8:25-cv-00951 (D. Md.), ECF No. 79. Abrego Garcia is also not a class member in *J.O.P.* and is a Salvadorian national in the custody of El Salvador, as opposed to a Venezuelan national. While both Cristian and Abrego Garcia are the subject of court orders directing the government to facilitate their return to the United States, inquiry into compliance with another court's earlier order has no bearing on compliance with a different court in the contract enforcement case at hand.

Class Counsel's request for the discovery in *J.G.G.* is even more problematic. There the discovery Class Counsel would seek Defendants to produce is even more far afield from the issue at hand as it involves jurisdictional discovery regarding whether the government has constructive custody over individuals removed to El Salvador for purposes of habeas jurisdiction. Order, *J.G.G.*, 1:25-cv-00766 (D.D.C.), ECF No. 128. In the case at hand, the court already has established, albeit limited, jurisdiction to enforce the agreement and, as Class Counsel concedes—and the Court has recognized—this case does not sound in habeas. *See* ECF No. 253 at 2 ("It is not a habeas case, or a case assessing the propriety of the government's recent invocation of the Alien Enemies Act ("AEA")."). Class Counsel cannot meet their burden to compel the production of "all such documents, discovery responses, and transcripts" generated in the case as relevant or proportional to the needs of this contract enforcement dispute concerning Cristian.

While there may be some overlap of some of the issues of inquiry in each of the three cases, overlap of some issues alone is not sufficient to justify wholesale production of discovery generated in each case. *Oklahoma*, 2006 WL 2862216, at * 1. The proper course of action for Class Counsel is to request any documents that are relevant and proportional to efforts to facilitate Cristian's return. ECF Nos. 254, 280 (orders concerning (1) *Cristian's* current physical location and custodial status; (2) what steps Defendants have taken to facilitate *Cristian's* return to the US;

5

and (3) what additional steps will be taken to facilitate *Cristian's* return); *see also Insignia Sys.*, 2020 WL 12570807, at *1 ("If relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is to request those documents."). The Court should accordingly reject Class Counsel's request. But if this Court nonetheless grants the request for cloned discovery, it should stagger any additional discovery until after that cloned discovery is produced and Class Counsel makes an adequate showing that additional discovery is required.

### III. Class Counsel Has Not Met Their Burden for Discovery Into Whether Other Class Members Have Been Removed to El Salvador.

Defendants also object to Class Counsel's renewed request for discovery into "whether any other Class Members have been removed to El Salvador in violation of the Settlement Agreement." ECF No. 289 at 5. The Court already rejected Class Counsel's first such request for a "list" of all class members removed to El Salvador. *See* Transcript of May 6, 2025 Hearing at 17:3-4. The Court rejected Class Counsel's request on the basis that it "[didn't] see any reason that [it] should enforce anything other than the deal that the plaintiff class made with respect to what its remedies and rights are under the agreement." *Id.* at 17:19-22. While the Court permitted Class Counsel to provide supplemental briefing later regarding its "equitable authority" to order such relief, the two cases Class Counsel cite to in support of their request fall woefully short. Further, their additional briefing on discovery provides no information that alters the fundamentals that remain the same today as they did when the Court first denied Class Counsel's request: Class Counsel has not identified any other instances to support a conclusion that other class members have been removed and can point to nowhere in the settlement agreement that gives them the right to request such compliance information. *Id.* at 14:8-15:3. The settlement agreement contains specific reporting requirements as to compliance with certain provisions of the settlement agreement in Section V.B. *See* ECF No. 199-2 at 13. Absent from this is any reporting requirement for Section III.I which

6

contains the stay of removal provision. Class Counsel still does not identify any other provision that would permit them to compel such reporting because the parties plainly did not agree to any lists.

Class Counsel also do not identify any other instances of removal to support production of a list, instead only pointing to "Defendants' continued violations of this Court's orders." ECF No. 289 at 5 n.2. But Defendants are only accused of being in noncompliance with the Court's orders to facilitate Cristian's return and to provide updates on their efforts to do so, not its order enjoining removal of class members until "USCIS adjudicates a Class Member's asylum application on its merits." ECF No. 254 at 1. Class Counsel point to no other instances, either before or after the Court's April 23, 2025 Order, of class members being removed prior to receiving and adjudication on the merits of their asylum application other than the two already identified to the Court, including Cristian. Transcript of May 6, 2025 Hearing at 14:18-23. Further, one of those removal was brought to the attention of Class Counsel and the Court by Defendants, themselves. Thus, showing that Defendants will notify Class Counsel of known violations.

Nor are the two cases Class Counsel cite for the proposition that the Court can conduct discovery to determine whether a violation of the settlement agreement has occurred dispositive. *See* ECF No. 289 at 5. In each case it appears there were already grounds to support a conclusion that broader violations of the settlement agreement had occurred which warranted compliance discovery. In *Frazier v. Dep't of Licensing & Regul. Affs.* for instance, "media reporting has corroborated many of the claims offered in support of the original motion and has cast serious doubt on Defendants' assertion that violations of the Settlement Agreement were few and far between. No. 96-73419, 2019 WL 464446, at *4 (E.D. Mich. Feb. 6, 2019). And in *Adapt of Philadelphia v. Philadelphia Hous. Auth.*, the plaintiffs had information to suggest that the

7

settlement agreement was being violated because the Defendants were leasing the special housing units that were the subject of the settlement agreement. No. CIV.A.98-4609, 2004 WL 2700324, at *1 (E.D. Pa. Nov. 24, 2004), reconsideration granted, judgment vacated in part, No. CIV.A.98-4609, 2004 WL 2801149 (E.D. Pa. Dec. 3, 2004). Here, Class Counsel provides no reason to support a conclusion that other Class Members have been removed in violation of the settlement agreement beyond mere supposition. This is especially in light of the nationwide notice of the implementation of this settlement agreement on USCIS's and private websites and the fact that no other removal of class members pursuant to the AEA has been reported since Cristian was removed on March 15, 2025. *See, e.g.*, Notice of Final Class Action Settlement, https://www.uscis.gov/sites/default/files/document/legal-docs/J.O.P._v._DHS_Final_Class_Notice_11.25.2024_English_508Accessible.pdf; Notice of Final Class Action Settlement in *J.O.P., et al. v. DHS, et al.*, American Immigration Lawyers Association, https://www.aila.org/library/uscis-notice-of-final-class-action-settlement-in-j-o-p-et-al-v-dhs-et-al. Notwithstanding the passage of several months and the prominence of the AEA removals, class counsel asks this Court to accept mere speculation to hunt for any other violations. The Court should accordingly deny their request, as it did so before.

### IV. The Scope of Class Counsel's Proposed Expedited Discovery and Timeline for Completion is Unduly Burdensome.

Class Counsel's proposed discovery timeline is unduly burdensome in light of the universe of their requested discovery and the practical difficulties and anticipated costs necessary to comply with discovery that broad. One of the factors courts consider in determining whether there is good cause for expedited discovery is "the burden on the opponent to comply with the request for expedited discovery." *See Courthouse News Serv. v. Harris*, 2022 WL 3577255, at *4 (D. Md.

Aug. 18, 2022). "Federal courts have an obligation to protect litigants from any excessive burden that expedited discovery likely would engender." *Mullane v. Almon*, 339 F.R.D. 659, 667 (N.D. Fla. 2021) (citation omitted). While Class Counsel pays lip service to this factor in broadly asserting "the burden on Defendants is minimal," ECF No. 289 at 8, this assertion is largely unsubstantiated and does not factor the costs and practical difficulties in complying with Plaintiffs' proposed discovery schedule. Without knowing the full breadth of discovery that may be ordered by the court or the number of documents that may be reviewed, it is difficult to estimate the exact amount of resources and time it will take to comply. Generally, though, it is understood that broad discovery, especially including a 30(b)(6) deposition, takes significant resources and time to properly review and produce. This is why in normal litigation the discovery period is generally 30 days for initial objections and responses to interrogatories, requests for production, and requests for admission. *See* Rule 33(b)(2); Rule 34(b)(2)(A); and Rule 36(a)(3). Even after the initial 30 days, there is often a rolling production of additional documents across the span of a discovery period of months—especially for broad discovery as requested by Class Counsel. Therefore, Defendants respectfully request that this Court reject Class Counsel's request for discovery and instead order status reports every two weeks on compliance efforts. *Supra* Section I. Alternatively, the Court should (1) appropriately narrow Plaintiffs' request for production to the needs of the case focused on efforts regarding the facilitation of Cristian's return, and (2) allow Defendants additional time to produce responsive documents.

Additionally, the request for a 30(b)(6) deposition is not required. The topics for the 30(b)(6) deposition are duplicative of the interrogatories, requests for admission, and requests for production. Additionally, the parties have had no time to meet and confer regarding the 30(b)(6) as is required by Rule 30(b)(6). *See* Rule30(b)(6) ("Before or promptly after the notice of

9

subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."). At the very least, Defendants request that the court withhold is decision on the 30(b)(6) deposition until production of documents is finished in order to determine if the 30(b)(6) deposition will be necessary and reasonable to ascertain compliance efforts with the court's orders.

Class Counsel's assertion that "the burden on Defendants is minimal" is unsubstantiated and incorrect. Class Counsel's assertion largely rests on the proposition that because "Defendants have been required to engage in [similar] discovery in *Abrego Garcia* . . . the burden to provide similar, and to some extend the same, discovery here that was already provided in another case is minimal." ECF No. 289 at 9. As an initial matter, Defendants dispute that the discovery in *Abrego Garcia* was not exceptionally burdensome—in fact, it has severely strained the resources of DOJ, DHS, and the State Department, to the extent that it has already been impossible to meet certain deadlines in that case alone despite diligent efforts by all three agencies. In any event, as explained earlier, *Abrego Garcia* is a different case from the one at hand involving compliance with a different court order, a different plaintiff, and different defendants. *Supra* Section II. The burdens must accordingly be considered separately and independent from either case. *Cf. Oklahoma*, 2006 WL 2862216, at *2 ("In this instance, Plaintiffs appear to equate "similarity to a prior lawsuit" to relevant to a claim or defense in the current proceeding. The Court cannot accept that this conclusion is automatic. As noted, the two lawsuits involve different watersheds.").

Class Counsel also assert the burden on Defendants is minimal because "Class Counsel seeks discovery only as to areas the Court has already put Defendants on notice would be subject to further inquiry." ECF 289 at 8. Class Counsel's proposed discovery requests, however, belie

10

this argument. Class Counsel's discovery requests go well beyond the subject matter of the Court's orders Defendants are allegedly in noncompliance of. *See* ECF Nos. 254, 280.

The Court's May 20, 2025 Order directed Defendants to provide updates on three discrete items of inquiry, including "(1) Cristian's current physical location and custodial status; (2) what steps, if any, Defendants have taken to facilitate Cristian's return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate Cristian's return." ECF No. 280. Class Counsel however ask for extensive discovery on topics going well beyond these three discrete issues. Class Counsel have instead served requests for discovery that—in terms of breadth—resemble those that would be served in full merits discovery in a habeas, programmatic, or conditions of confinement matter. These requests are well beyond the Court's orders keyed to enforcement of the parties' contract as to Cristian. ECF Nos. 254, 280. For example, Class Counsel's proposed Requests for Production asks for "all documents concerning or reflecting Cristian's health or condition during transport to or confinement in El Salvador." *See* ECF No. 289-1 at 7 (RFP No. 7). The proposed requests for production also ask for "all documents" regarding any agreement or arrangement between the United States and El Salvador to Confine Cristian or any other Class Member in El Salvador, and any documents reflecting payments made to El Salvador in connection with the agreement or arrangement. *Id.* at 8 (RFP Nos. 16, 17, 19). Also problematic, Class Counsel's request for "[a]ll communication to or from anyone in the U.S. Department of State or any other United States or state government agency or official concerning Cristian." *Id.* at 7 (RFP No. 14). Not Cristian's removal. Not efforts to facilitate Cristian's return. *All* communications with *any* agency or official concerning Cristian. These requests necessarily encompass information that predates this Court's Order to facilitate the return of Cristian and have no relation to Defendants' efforts to comply with this Court's contract enforcement orders in this

11

case. The scope of information sought in Class Counsel's proposed Requests for Interrogatories similarly seek information that is beyond the narrow scope of Defendants' compliance with the Court's April 23rd and May 20th orders, including a similar request for details regarding payments made to El Salvador (ROG No. 11); details regarding any understanding or arrangement between the United States and El Salvador to detain Cristian (ROG No. 10); and details regarding the process used to determine whether any person designated for removal from the United States on or after November 25, 2024 met the definition of Class Member (ROG No. 15). *See* ECF No. 289-2 at 6-7. So too for Class Counsel's Requests for Admission, which asks "Admit that the United States has committed to provide El Salvador with funds that it has not yet provided in recognition of El Salvador's cooperation in detaining Persons including Cristian, whom the United States has alleged to be members of Tren de Aragua." ECF No. 289-3 at 5 (RFA No. 2). Such inquiries into the status of payments to El Salvador and the terms of any agreement between the United States and El Salvador go well beyond the narrow scope of inquiry at issue here regarding Defendants' compliance with the Court's order to "facilitate" Cristian's return.

In total, Class Counsel seeks responses to 15 interrogatories, 19 requests for production of documents, nine request for admissions; and depositions on 10 topics of inquiry. Class Counsel also seeks to compel information that is necessarily in the control of third parties who are not and never have been part of the litigation nor the settlement agreement, including but not limited to, the State Department. *See, e.g.*, ECF No. 289-2 at 2 ("'You' and 'Your' refers to all Defendants, and any other agency or official of the United States."). If the court determines discovery is necessary, the breadth, number, and targets of Class Counsel's discovery all counsel increased time to complete discovery, or a significant narrowing of the areas of inquiry. *See, e.g.*, *Miller v. Hamm*, No. 2:22-CV-506-RAH, 2022 WL 12029102, at *3 (M.D. Ala. Oct. 20, 2022) ("The

12

requested discovery seeks information easily within the Defendants' control, and the requests are, for the most part, 'reasonably focused' and reasonable in number, thereby minimizing the burden."). Class counsel's requests are entirely indistinguishable from requests made in habeas and programmatic challenges to AEA—a litigation goal they have repeatedly disavowed and this Court has disallowed. *See* ECF No. 227-1 at 5 ("Nor does the motion ask the Court to determine the scope of the Government's removal authority under the Alien Enemies Act ("AEA"). The Court does not need to decide whether the AEA applies to any Class Member."); ECF No. 254 at 2 ("It is not a habeas case, or a case assessing the propriety of the government's recent invocation of the Alien Enemies Act ("AEA")."). If discovery is ordered, the Court should accordingly narrow the scope of Class Counsel's discovery to the issue at hand: named Defendants efforts to comply with the Court's April 23 Order to facilitate Cristian's return and May 20 Order to report on compliance efforts to do so and report on Cristian's detention status.

Further, Class Counsel seek documents that on their face would appear to contain a significant amount of material that is potentially subject to several privileges, including attorney client privilege, deliberative process privilege, and law enforcement privileges. *See, e.g.* ECF No. 289-1 at 7 (RFP No. 8-10) (request "*all* communications involving *any* Defendant concerning" the Court's orders). Without knowing the full breadth of discovery ordered, Defendants cannot predict necessary review resources. However, it is generally understood that reviewing for governmental privileges requires additional time to conduct the necessary privilege review. Additionally, the request for "[a]ll communications to or from anyone in the U.S. Department of State or any other United States or state government agency or official concerning Cristian," ECF No. 289-1 at 7 (RFP No. 14) on its face necessarily implicates the equities of non-parties to the litigation who

13

must also be given an opportunity to review and assert any necessary privileges before production. Class Counsel would also need to comport with the applicable *Touhy*[2] regulations under 5 U.S.C. § 301 for the release of official information in litigation and the presentation of witness testimony by Department of State personnel.

For all the reasons addressed, the Court should reject Class Counsel's request for discovery and should order status reports every two weeks on facilitation efforts concerning Cristian. Alternatively, if the Court is inclined to permit discovery that is relevant and proportional to the needs of the case and avoids the associated burdens with Class Counsel's proposed schedule discussed above, Defendants propose proceeding with discovery on the following schedule from the date of entry of any scheduling order, noting that until the full breadth of the number of documents to be reviewed is understood, it is difficult to estimate:

1. Within three weeks Defendants' motion for a protective order as to any specific discovery request; submission of a Joint ESI Protocol and Federal Rule of Evidence 502(d) Clawback Agreement;

2. Within 30 days completion of written discovery responses, with the ability to seek extension as permitted by the Federal Rules of Civil Procedure;

3. Within 45 days production of privilege logs for written discovery responses, with the ability to seek extension as permitted by the Federal Rules of Civil Procedure;

4. Requests for leave to conduct depositions be made by Plaintiffs after documents are produced and only upon showing of need that document discovery is insufficient.

---

[2] The Supreme Court affirmed the authority of federal agencies to promulgate such regulations in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Consequently, regulations that fall within the scope of § 301 are commonly referred to as *Touhy* regulations.

## **CONCLUSION**

For the foregoing reasons, the Court should reject Class Counsel's Proposed Process, ECF 289.

Dated: June 4, 2025               Respectfully submitted,

                                            YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

YAMILETH G. DAVILA
Assistant Director

ERHAN BEDESTANI
Trial Attorney

*/s/Richard Ingebretsen*
RICHARD G. INGEBRETSEN
Trial Attorney (DC Bar No. 1736200)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-4848
Fax: (202) 305-7000
richard.ingebretsen@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I served a copy of the foregoing on counsel for Plaintiffs via the Court's CM/ECF e-filing system.

>*/s/ Richard Ingebretsen*
>Richard Ingebretsen
>Trial Attorney
>United States Department of Justice
>Civil Division
>Office of Immigration Litigation
>
>*Attorney for Defendants*