**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*, | ) |
|     Plaintiffs, | ) |
| v. | ) Case No. 8:19-cv-01944-SAG |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) |
|     Defendants. | ) |

## STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the inadvertent production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, materials described in para. III(C) of the parties' stipulated ESI Discovery Protocol, and any other applicable privileges or protections. Nothing in this Order shall constitute an admission that any document disclosed here is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I. DEFINITIONS

1. "Counsel of Record" includes all attorneys who have appeared as counsel of record on behalf of a party to this action.

2. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

3. "Documents Produced" includes all Documents made available for review or produced in any manner during this litigation.

4. "Litigation" is the matter captioned *J.O.P. v D.H.S. et al.*, 8:10-CV-01944-SAG (District of Maryland).

5. "Non-Party" includes any natural person, partnership, corporation, association, agency, or other legal entity not named as a Party to this action.

6. "Party" includes any party to this action, including all of its officers, directors, employees, consultants, and Counsel of Record (and their support staffs).

7. "Producing Party" includes a Party or Non-Party that furnishes a Document in this action.

8. "Receiving Party" includes Party that receives a Document from a Producing Party.

## II. PROCEDURES

The procedures applicable to a claim of privilege on a produced Document and the resolution thereof shall be as follows:

1. If a Receiving Party discovers a Document, or part thereof, produced by a Producing Party is privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and must then return the Document, and any copies, or destroy it, and any copies, and certify that it has been destroyed to the Producing Party. The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

2. If a Producing Party determines that a Document produced, or part thereof, is subject to a privilege or privileges, the Producing Party shall give the Receiving Party notice of the claim of privilege ("Privilege Notice") within (1) business day from any such determination.

3. The Privilege Notice must contain information sufficient to identify the Document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis. However, nothing in this paragraph shall be construed to require disclosure of privileged information in the Privilege Notice to assert privilege.

4. Upon receiving the Privilege Notice, the Receiving Party must within (3) business day return the specified Document(s) and any copies or destroy the Document(s) and copies and certify to the Producing Party that the Document(s) and copies have been destroyed. The Receiving Party must sequester or destroy any notes taken about the Document. If a Receiving Party disclosed the Document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

5. Upon receiving the Privilege Notice, if a Receiving Party wishes to dispute a Producing Party's Privilege Notice, the Receiving Party shall request a meet and confer with the Producing Party, and the parties shall meet and confer within (2) business days of the request for a meet and confer. If the Parties are unable to resolve informally any dispute about the privilege assertions made in the Privilege Notice, the Receiving Party may make a sealed motion to compel for a judicial determination of the privilege claim. However, nothing in this paragraph relieves the Receiving Party from the obligations imposed by the previous paragraph.

6. Pending resolution of the judicial determination, the Producing Party shall preserve the challenged information and both Parties shall refrain from using the challenged information for any purpose not permitted by this Order, and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

7. If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

So Ordered

DATED: June 13, 2025

/s/

Stephanie A. Gallagher
United States District Judge