# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

|  |  |
|---|---|
| **J.O.P.**, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,<br><br>       Defendants. | Civil Action No. 8:19-CV-01944-SAG |

### [PROPOSED] AMENDED PROTECTIVE ORDER

The Parties anticipate that the production by Defendants of documents and information in this action may involve case-specific, asylum-related, or private information relating to Plaintiffs and/or class members as well as official use only or law enforcement sensitive information for which special protection may be warranted. To adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the Parties; and to serve the ends of justice, a protective order governing the disclosure of such confidential information in documents produced in the course of discovery, responses to Interrogatories, responses to Requests for Admission, responses to Requests for Production, and deposition testimony and deposition exhibits is justified.

This Amended Protective Order does not confer blanket protections on all information provided by Defendants to Plaintiffs; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or attorney's eyes only treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential or attorney's eyes only information under seal. Moreover identifying information,

including Plaintiff and/or class member names and/or alien registration numbers ("A numbers"), shall be subject to the terms of this Order, and pursuant to the Court's orders granting Plaintiffs' motions for leave to proceed using pseudonyms, the Parties will, in all public documents or Court filings or discussion in open Court, reference Plaintiff and/or class members only by their initials or pseudonym.

1.    **DEFINITIONS**

(a)    Person(s):  any natural person.

(b)    Party:  Plaintiffs or Defendants, including their agents, employees, representatives, consultants, retained experts, and counsel (including the paralegal, clerical, and secretarial staff employed by such counsel).

(c)    Confidential Information:  The categories of "Confidential Information" include:

(i)  Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

(ii)  Information, documents or tangible things—which may include, among other things, Department of Homeland Security, Immigration and Customs Enforcement and U.S. Citizenship and Immigration Services records regarding law enforcement activities and operations, internal policies, processes and procedures, and internal investigations—which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E);

(iii)  Sensitive information about Defendants' law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

(iv) Sensitive information regarding diplomatic negotiations between the United States

and foreign countries, the release of which to the public may adversely impact the foreign policy and/or national security interests of the United States;

(v) Information contained in or pertaining to: (1) asylum claims or applications, including applications for relief under the Convention Against Torture ("CAT") and refugee information; (2) legalization applications under 8 U.S.C. § 1255a; (3) Special Agricultural Worker applications under 8 U.S.C. § 1160m; (4) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (5) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (6) information protected by 8 U.S.C. § 1367; and 1202(f), 1304(b), and 1367(a)(2), 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6.

(vi) To the extent that discoverable information about any Plaintiff and/or class member is covered by the disclosure provisions of 8 U.S.C. § 1367(a)(2), the Defendants are ordered to release it to the Plaintiffs, their attorney(s) and related personnel assisting in their case, and any Court involved in this or related proceedings and its personnel as confidential information, despite the limits on disclosure contained in that provision;

(vii) Any identifying information that is not publicly available and qualifies for protection under applicable law, statutes or regulations (including 8 C.F.R. 208.6), including, but not limited to: (i) the names, addresses, date of birth, and "A" number of the particular individual(s) to whom information relates and any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2; and (ii) any personally identifiable information related to third parties other than the individual whose information is being sought;

(viii) All other protected documents, information or tangible things not identified

3

above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c). The Parties do not waive their right to assert other or further privileges over the information and redact such information. For instance, Defendants may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure.

(d)     Attorney's eyes only: Material is "Attorney's Eyes Only" under this order when a party has a good faith belief that it contains sensitive government information, including sensitive, but unclassified, records regarding law enforcement activities and operations, internal policies, processes and procedures, training material, staffing, priorities, resources, intelligence methods, and internal investigation, which contain information that is law enforcement sensitive and may be designated as limited official use or for official use only information.

(e)     Receiving Party: a Party that receives Confidential Information from a Designating Party in this action that is designated as "CONFIDENTIAL."

(f)     Designating Party: a Party that designates Confidential Information as "CONFIDENTIAL."

(g)     Third Party: any natural person, partnership, corporation, association, agency, or other legal entity not named as a Party to this action.

## 2.     CONFIDENTIAL OR ATTORNEY'S EYES ONLY  DESIGNATIONS

(a)     Confidential Information produced by any Party may be designated as "CONFIDENTIAL" under the terms of this Order. Attorney's eyes only information produced by any party may be designated "ATTORNEY'S EYES ONLY." By designating a document, material, or other information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under the terms of this Order, the Designating Party is certifying to the Court that it has a good faith basis, both in law and in

4

fact, for the designation. The Designating Party must take care to limit any such designation to specific material that qualifies as defined above. The Designating Party must designate for protection only documents, materials, or other information that qualify as defined above. Nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any documents or information that are or is in the public domain. A Party may designate material that it obtained from a Third Party pursuant to this Protective Order, if it believes in good faith that it qualifies as Confidential or Attorney Eyes Only Material under this Protective Order.

(b)     Confidential Information shall be designated as such in the following manner: "CONFIDENTIAL" or by otherwise marking the thing with such label. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL." The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain labeled with "CONFIDENTIAL" unless the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

(c)     Attorney's Eyes Only Information shall be designated as such in the following manner: "ATTORNEY'S EYES ONLY" or by otherwise marking the thing with such label. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "ATTORNEY'S EYES ONLY" on each page of the document asserted to contain Attorney's Eyes Only Information. For electronic

information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Attorney's Eyes Only." The media on which the Attorney's Eyes Only Information is provided (e.g., CD, DVD, external hard drive) also must be and remain labeled with "ATTORNEY'S EYES ONLY" unless the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Attorney's Eyes Only material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

(d)     For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL."

(e)     For interrogatory answers and responses to requests for admissions, designation of Attorney's Eyes Only Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "ATTORNEY'S EYES ONLY."

(f)     For depositions, designation of Confidential or Attorney's Eyes Only Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 15 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available) listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential or Attorney's Eyes Only Information. The entire deposition transcript (including any exhibits not previously produced in discovery) shall be treated as Confidential or Attorney's Eyes Only Information under this Protective Order until the expiration of the above-referenced 15-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 15-day period subject to this

6

Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential or Attorney's Eyes Only Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONFIDENTIAL" or Attorney's Eyes Only Information: "ATTORNEY'S EYES ONLY." If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY."" The parties agree that the 15-day time period in this paragraph applies to all expedited discovery, including discovery pursuant to the Court's June 5, 2025 Order (ECF. No. 293), but that a 30-day timeline applies to any non-expedited discovery.

(g)    For any other document or item produced in discovery not falling within subparagraphs 2(b), (c), (d), (e) or (f) above, designation of Confidential Information shall be made by labeling the item or the items containing with "CONFIDENTIAL," and designation of Attorney's Eyes Only Information shall be made by labeling the items or the items' containing with "ATTORNEY'S EYES ONLY."

(h)    If it comes to a Producing Party's attention that information designated as Confidential or Attorney's Eyes Only Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

(i)    When it comes to Personally Identifiable Information (PII), the Parties agree that PII shall be assumed to be Designated as Confidential Information by default, without the need for specific "CONFIDENTIAL" markings or redactions on documents where PII may be found. The Parties may follow the procedures outlined in Section D of this Order to challenge an assumed assertion of Confidentiality over PII as any other Confidentiality Designation.

3.      **USE OF CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION**

The Parties may use Confidential or Attorney's Eyes Information that is disclosed in connection with this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this case, including any appeal(s) therefrom, and Confidential or Attorney's Eyes Only Information shall not be used, made available, or disclosed for any other purpose, including (without limitation) any other litigation, judicial, or administrative proceeding, dispute, or case.

No one subject to this Order shall use Confidential or Attorney's Eyes Only Information to retaliate against, discriminate against, intimidate, report to governmental authorities, or harass any Party or witness or any individuals associated with them.

Confidential or Attorney's Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential or Attorneys' Eyes Only Information must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.      **DISCLOSURE OF CONFIDENTIAL AND ATTORNEY'S EYES ONLY INFORMATION**

(a)      Except with prior stipulation of Plaintiffs' and Defendants' counsel, or upon prior order of the Court, Confidential Information shall not be disclosed to any Person other than:

(i)   Counsel for the Parties and any support staff of such counsel assisting in this action;

(ii)  the Court and its personnel; and

(iii) Professional staff assisting counsel of record in connection with this action;

(iv) Witnesses, potential witnesses, and deponents, including their counsel;

(v) Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interview or depositions in connection with this Action.

8

(b)    The parties and counsel for the parties shall not disclose any documents or information designated as Attorney's Eyes Only under this Order to any other person or entity, except that disclosures may be made to those designated under subsection 4(a)(i), 4(a)(ii), 4(a)(iv) (provided that the witness or deponent is on behalf of the Producing Party), and 4(a)(v).  To the extent the Receiving Party wishes to disclose information designated Attorney's Eyes Only to any person in category 4(a)(iii), the Receiving Party shall notify the Producing Party and the parties shall confer in good faith as to whether the disclosure should be allowed and, if no agreement is reached, the Receiving Party may raise the issue with the Court.

(c)    Any Person receiving Confidential or Attorney's Eyes Only Information shall not reveal, disclose, or discuss such information to or with any Person who is not entitled under this Order to receive such information, except as set forth herein.

(d)    Except for Persons identified in Paragraphs 4(a)(i)-(ii) and 4(a)(iv), each Person who is authorized by this Order to have access to Confidential Information or Attorney's Eyes Only Information shall, prior to being given such access, be provided a copy of this Order and shall sign the Agreement set forth in Exhibit A.  Each signed Agreement must be retained by counsel for the Party that disclosed the Confidential Information or Attorney's Eyes Only Information for the duration of this action (and shared with Defendants' or Plaintiffs' counsel upon request) including the final determination of any appeal (or, where no appeal is taken, expiration of the period for bringing an appeal) of the action.

(e)    Neither the termination of this action nor the termination of employment of any person who has had access to any Confidential or Attorney's Eyes Only Information shall relieve such person of his or her obligations under the Protective Order, which shall survive.

**5.     INADVERTENT DISCLOSURE OF CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION[1]**

(a)     If any Confidential or Attorney's Eyes Only Information is inadvertently produced or provided without being marked as "CONFIDENTIAL" or " ATTORNEY'S EYES ONLY" in accordance with this Order, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party otherwise would be entitled.  The Producing Party shall promptly notify all other Parties in writing of its inadvertent production of the undesignated Confidential or Attorney's Eyes Only Information, and upon receipt of such notice, all Parties shall thereafter treat the Confidential or Attorney's Eyes Only Information identified in the written notification as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in accordance with the terms of this Order.  The Receiving Party may object to the belated designation by notifying the Producing Party of its objection and filing a motion with the Court to "un-designate" the belatedly designated documents or information, in accordance with the provisions of Paragraph 10 below.  If no such objection is made, all Parties shall continue to treat the Confidential or Attorney's Eyes Only Information identified in the written notification as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Order.

(b)     If a Party inadvertently discloses Confidential or Attorney's Eyes Only Information to Persons other than those listed in Paragraph 4 above, such disclosure shall promptly be reported in writing to all Parties, including the Producing Party and Designating Party.  Such report shall include the name and contact information of each Person to whom the disclosure was improperly made, the circumstances surrounding the improper disclosure, and the specific Confidential or Attorney's Eyes Only Information that was improperly disclosed.  Upon discovery of such inadvertent disclosure, counsel for the Party who improperly disclosed the Confidential or Attorney's Eyes Only Information

---

[1] The Parties have agreed that the Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order (ECF No. 299) govern the inadvertent disclosure of privileged information.

shall promptly make all reasonable efforts to retrieve such Confidential or Attorney's Eyes Only Information, including any documents containing such information. The Party who improperly disclosed the Confidential or Attorney's Eyes Only Information also shall use all reasonable efforts to bind the Person to whom the disclosure was improperly made to the terms of this Order, by (i) promptly informing the Person to whom the disclosure was improperly made of all the provisions of this Order by at least providing them a copy of this Order; and (ii) requesting the Person to whom the disclosure was improperly made to sign the Agreement. The Party who improperly disclosed the Confidential or Attorney's Only Information shall advise in writing all other Parties, including the Producing Party and the Designating Party, of the results of its efforts.

6.      **NO WAIVER**

Nothing contained herein shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such right. While a Designating Party may redact information subject to a claim of privilege, the Designating Party must produce a corresponding privilege log and the Receiving Party may object to the claim of privilege.

7.      **PARTIES' OWN INFORMATION**

Nothing contained herein is intended to or shall limit the ability of a Producing Party to use or disclose its own information or documents, including information or documents it has designated as "CONFIDENTIAL" or Attorney's Eyes Only.

8.      **DISCLOSURES BEYOND PROTECTIVE ORDER**

Nothing contained herein shall prevent disclosure of Confidential or Attorney's Eyes Only Information to Persons who are not listed in Paragraph 4 above under the terms of this Order if (a) Plaintiffs' and Defendants' counsel stipulate to such disclosure in writing; or (b) the Court, after notice to all Parties, including the Producing Party and Designating Party, orders such disclosures.

## 9.    RELIEF FROM PROTECTIVE ORDER

(a)    The fact that a document or any information has been designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in this action shall not control whether it is, in fact, ultimately deemed by the Court to be confidential.

(b)    Any Party may, on notice to all affected Parties, apply to the Court for an order (i) modifying this Order in any way; (ii) relieving the Party from any restriction contained  herein; (iii) removing any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation made by another Party; or (iv) seeking greater protection for documents or information than is provided for in this Order.  In the event a "CONFIDENTIAL" or ATTORNEY'S EYES ONLY" designation is so challenged, the Designating Party shall bear the burden of establishing that the designation is proper.  Any document or information whose designation is challenged shall continue to be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Order until and unless the Court enters an order to the contrary.  The Parties may amend or modify any provision of this Order by mutual agreement; any such agreement shall be embodied in a written stipulation and shall be submitted to the Court for approval.  Any such modification or amendment shall not become effective until approved by the Court.

## 10.    USE OF CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION IN COURT PROCEEDINGS

(a)    Where a Party files (or seeks to file) a document with the Court that contains Confidential or Attorney's Eyes Only Information, the Party shall comply with the procedures and requirements of the Local Rules of this Court and shall properly redact any Confidential or Attorney's Eyes Only Information contained in that document.  Where redaction is not feasible because the Confidential or Attorney's Eyes Only Information is relevant or essential to the paper(s) being filed with the Court, the Party must conspicuously label the document, or protected part thereof, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and submit such document, or protected part thereof, to the Court with a motion requesting that it be filed under seal, in accordance with the procedures set out in the local rules or other applicable rules of this Court.

(b)      In the event Confidential or Attorney's Eyes Only Information is used in any court proceeding in this action, it shall not lose its protected status through such use, and the Party using the information shall take all reasonable steps to protect its confidentiality during such use.

## 11.    FINAL DISPOSITION

Upon termination of this action including expiration or termination of the settlement agreement (ECF No. 199-2), and the conclusion of any appeal taken from this action, or in the event an appeal is not taken, upon expiration of all periods for the filing of a notice of appeal, a Party in possession of Confidential or Attorney's Eyes Only Information shall, at its election, either: (i) return such Confidential or Attorney's Eyes Only Information to counsel for the Party who designated such material within ninety (90) days from the date of the final disposition; or (ii) destroy such Confidential Information and certify in writing the destruction thereof within ninety (90) days from the date of the final disposition.  The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Counsel is entitled to retain one set of archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contains Confidential or Attorney's Eyes Only Information, notwithstanding the information shall remain subject to this Order.

## 12.    ENFORCEABILITY UPON SIGNING

By signing this Order, the Parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

## 13.    SURVIVAL

All provisions of this Order will survive the termination of this action and will continue to be binding upon the Parties and their counsel, unless subsequently modified by agreement among the Parties and/or by further order of this Court.  Further, this Court will retain jurisdiction over all persons

13

subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose

sanctions for any contempt thereof.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: June 18, 2025

PLAINTIFFS

*/s/ Brian T Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Counsel for Plaintiffs

DEFENDANTS

By       */s/ Erhan Bedestani*
Erhan Bedestani
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 202-598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

Counsel for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

_____
HON. STEPHANIE GALLAGHER
United States District Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

1.      My name is _____ (first, middle initial, last).

2.      I am employed as a/an _____ by _____

(company), which is located at _____ (street address),

_____ (city), _____ (state) _____ (zip code).

Its telephone number is _____.

3.      I have read the attached Amended Protective Order entered by the United States District Court for the District of Maryland in the action of *J.O.P., et al. v. U.S. Department of Homeland Security*, *et al.*, No. 8:19-CV-01944-SAG, and a copy of the Order has been given to me.

4.      I agree to comply with and to be bound by all the terms of this Amended Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

5.      I further agree to submit to the jurisdiction of the United States District Court for the District of Maryland for the purpose of enforcing the terms of this Amended Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____
                                                                  Signature

                                                                  _____
                                                                  City and State where sworn & signed

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____

J.O.P., *et al.*,

          Plaintiffs,

          v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

          Defendants.

_____

Civil Action No. 8:19-CV-01944-~~GJH~~SAG

## [PROPOSED] AMENDED PROTECTIVE ORDER

The Parties anticipate that the production by Defendants of documents and information in this action may involve case-specific, asylum-related, or private information relating to Plaintiffs and ~~other putative~~ /or class members ~~of the proposed class~~ as well as ~~for~~ official use only or law enforcement sensitive information for which special protection may be warranted.  To adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the Parties; and to serve the ends of justice, a protective order ~~for such confidential information~~ governing the disclosure of such confidential information in documents produced in the course of discovery, responses to Interrogatories, responses to Requests for Admission, responses to Requests for Production, and deposition testimony and deposition exhibits is justified.

This Amended Protective Order does not confer blanket ~~protection~~ protections on all information provided by Defendants to Plaintiffs; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or attorney's eyes only treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential or attorney's eyes only information under seal.  Moreover, ~~Plaintiffs' and other~~

~~putative class members'~~ identifying information, including ~~their~~Plaintiff and/or class member names and/or alien registration numbers ("A numbers~~")~~")), shall be subject to the terms of this Order, and pursuant to the Court's orders granting Plaintiffs' motions for leave to proceed using pseudonyms, the Parties will, in all public documents or Court filings or discussion in open Court, reference Plaintiff and/or class members only by their initials or pseudonym.

~~proceed using pseudonyms, the Parties will, in all public documents or Court filings or discussions in open Court, reference Plaintiffs and other putative class members only by their initials.~~

1.    **DEFINITIONS**

(a)    Person(s):  any natural person.

(b)    Party:  Plaintiffs or Defendants, including their agents, employees, representatives, consultants, retained experts, and counsel (including the paralegal, clerical, and secretarial staff employed by such counsel).

(c)    Confidential Information:  The categories of "Confidential Information" include:

(i)  Information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

(ii)  Information, documents or tangible things—which may include, among other things, Department of Homeland Security, Immigration and Customs Enforcement and U.S. Citizenship and Immigration Services records regarding law enforcement activities and operations, internal policies, processes and procedures, and internal investigations—which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E); ~~U.S.C. § 552(b)(7)(E).~~

2

(iii) Sensitive information about Defendants' law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

(iv) Sensitive information regarding diplomatic negotiations between the United States and foreign countries, the release of which to the public may adversely impact the foreign policy and/or national security interests of the United States;

(iii)(v) Information contained in or pertaining to: (1) asylum claims or applications, including applications for relief under the Convention Against Torture ("CAT") and refugee information; (2) legalization applications under 8 U.S.C. § 1255a; (3) Special Agricultural Worker applications under 8 U.S.C. § 1160m; (4) applications for temporary protected status ("TPS") under 8 U.S.C. § 1254a; (5) information contemplated by 8 U.S.C. § 1186a(c)(4)(C) concerning any abused alien spouse or child, including information regarding the whereabouts of such spouse or child (*see* 8 C.F.R. §§ 216.5(a)(1)(iii) and 1216.5(a)(1)(iii); 8 U.S.C. § 1154(a)(1)(A)(iii), (iv), (v), and (vi); 8 U.S.C. § 1154(a)(1)(B)(ii), (iii) and (iv)); (6) information protected by 8 U.S.C. § 1367; and 1202(f), 1304(b), and 1367(a)(2), 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6.

C.F.R. §§ 210.2(e), 214.11(e), 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6;

(vi) To the extent that discoverable information about any Plaintiff and/or class member is covered by the disclosure provisions of 8 U.S.C. § 1367(a)(2), the Defendants are ordered to release it to the Plaintiffs, their attorney(s) and related personnel assisting in their case, and any Court involved in this or related proceedings and its personnel as confidential information, despite the limits on disclosure contained in that provision;

3

(iv)(vii)          Any identifying information that is not publicly available and qualifies for protection under applicable law, statutes or regulations (including 8 C.F.R. 208.6), including, but not limited to: (i) the names, addresses, date of birth, and "A" number of the particular individual(s) to whom information relates and any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2; and (ii) any personally identifiable information related to third parties other than the individual whose information is being sought;

(v)(viii)   All other protected documents, information or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).  The Parties do not waive their right to assert other or further privileges over the information and redact such information.  For instance, Defendants may withhold or redact information that is subject to a claim of privilege such as withholding classified national security information or withholding or redacting any other information subject to a claim of privilege or exemption from disclosure.

(d)      Attorney's eyes only:  Material is "Attorney's Eyes Only" under this order when a party has a good faith belief that it contains sensitive government information, including sensitive, but unclassified, records regarding law enforcement activities and operations, internal policies, processes and procedures, training material, staffing, priorities, resources, intelligence methods, and internal investigation, which contain information that is law enforcement sensitive and may be designated as limited official use or for official use only information.

(d)(e)   Receiving Party:  a Party that receives Confidential Information from a Designating Party in this action that is designated as "CONFIDENTIAL."

(e)(f)  Designating Party: a Party that designates Confidential Information as "CONFIDENTIAL."

(g)      Third Party: any natural person, partnership, corporation, association, agency, or other

4

legal entity not named as a Party to this action.

2.    **CONFIDENTIAL OR ATTORNEY'S EYES ONLY DESIGNATIONS**

(a)    Confidential Information produced by any Party may be designated as "CONFIDENTIAL" under the terms of this Order. Attorney's eyes only information produced by any party may be designated "ATTORNEY'S EYES ONLY." By designating a document, material, or other information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under the terms of this Order, the Designating Party is certifying to the Court that it has a good faith basis, both in law and in fact, for the designation. The Designating Party must take care to limit any such designation to specific material that qualifies as defined above. The Designating Party must designate for protection only ~~those parts of the document, material~~documents, materials, or other information that qualify~~, so that other portions of the document, material, or information for which protection is not warranted are not swept unjustifiably within the ambit of this Order.~~ as defined above. Nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any documents or information that are or is in the public domain. A Party may designate material that it obtained from a Third Party pursuant to this Protective Order, if it believes in good faith that it qualifies as Confidential or Attorney Eyes Only Material under this Protective Order.

~~(a)    Confidential Information shall be designated as such in the following manner: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or by otherwise marking the thing with such label.~~

(b)    Confidential Information shall be designated as such in the following manner: "CONFIDENTIAL" or by otherwise marking the thing with such label. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in

5

native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL."  The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain labeled with "CONFIDENTIAL" unless the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

(c)    Attorney's Eyes Only Information shall be designated as such in the following manner: "ATTORNEY'S EYES ONLY" or by otherwise marking the thing with such label. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "ATTORNEY'S EYES ONLY" on each page of the document asserted to contain Attorney's Eyes Only Information.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Attorney's Eyes Only."  The media on which the Attorney's Eyes Only Information is provided (e.g., CD, DVD, external hard drive) also must be and remain labeled with "ATTORNEY'S EYES ONLY" unless the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Attorney's Eyes Only material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

(d)    For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL."

(e)    For interrogatory answers and responses to requests for admissions, designation of

Attorney's Eyes Only Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "ATTORNEY'S EYES ONLY."

(f)        For depositions, designation of Confidential or Attorney's Eyes Only Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 15 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available) listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential or Attorney's Eyes Only Information. The entire deposition transcript (including any exhibits not previously produced in discovery) shall be treated as Confidential or Attorney's Eyes Only Information under this Protective Order until the expiration of the above-referenced 15-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 15-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential or Attorney's Eyes Only Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONFIDENTIAL" or Attorney's Eyes Only Information: "ATTORNEY'S EYES ONLY." If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY."" The parties agree that the 15-day time period in this paragraph applies to all expedited discovery, including discovery pursuant to the Court's June 5, 2025 Order (ECF. No. 293), but that a 30-day timeline applies to any non-expedited discovery.

(g)        For any other document or item produced in discovery not falling within subparagraphs 2(b), (c), (d), (e) or (f) above, designation of Confidential Information shall be made by labeling the item or the items containing with "CONFIDENTIAL," and designation of Attorney's Eyes Only

Information shall be made by labeling the items or the items' containing with "ATTORNEY'S EYES ONLY."

(h)    If it comes to a Producing Party's attention that information designated as Confidential or Attorney's Eyes Only Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

(i)    When it comes to Personally Identifiable Information (PII), the Parties agree that PII shall be assumed to be Designated as Confidential Information by default, without the need for specific "CONFIDENTIAL" markings or redactions on documents where PII may be found. The Parties may follow the procedures outlined in Section D of this Order to challenge an assumed assertion of Confidentiality over PII as any other Confidentiality Designation.

3.    **USE OF CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION**

The Parties may use Confidential or Attorney's Eyes Information that is disclosed in connection with this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this case, including any appeal(s) therefrom, and Confidential or Attorney's Eyes Only Information shall not be used, made available, or disclosed for any other purpose, including (without limitation) any other litigation, judicial, or administrative proceeding, dispute, or case.

No one subject to this Order shall use Confidential or Attorney's Eyes Only Information to retaliate against, discriminate against, intimidate, report to governmental authorities, or harass any Party or witness or any individuals associated with them.

Confidential or Attorney's Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential or Attorneys' Eyes Only Information must be stored and maintained by the Parties at a location and in a secure manner that

ensures that access is limited to the persons authorized under this Order.

**4.     DISCLOSURE OF CONFIDENTIAL  AND ATTORNEY'S EYES ONLY INFORMATION**

(a)     Except with prior stipulation of Plaintiffs' and Defendants' counsel, or upon prior order of the Court, Confidential Information shall not be disclosed to any Person other than:

(i)     Counsel for the Parties and any support staff of such counsel assisting in this action;

(ii)  the Court and its personnel; and

(iii) Professional staff assisting counsel of record in connection with this action.;

(iv) Witnesses, potential witnesses, and deponents, including their counsel;

(v) Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interview or depositions in connection with this Action.

(b)     The parties and counsel for the parties shall not disclose any documents or information designated as Attorney's Eyes Only under this Order to any other person or entity, except that disclosures may be made to those designated under subsection 4(a)(i), 4(a)(ii), 4(a)(iv) (provided that the witness or deponent is on behalf of the Producing Party), and 4(a)(v).  To the extent the Receiving Party wishes to disclose information designated Attorney's Eyes Only to any person in category 4(a)(iii), the Receiving Party shall notify the Producing Party and the parties shall confer in good faith as to whether the disclosure should be allowed and, if no agreement is reached, the Receiving Party may raise the issue with the Court.

(b)(c)  Any Person receiving Confidential or Attorney's Eyes Only Information shall not reveal, disclose, or discuss such information to or with any Person who is not entitled under this Order to receive such information, except as set forth herein.

(c)(d)  Except for Persons identified in Paragraphs 4(a)(i)-(iii)ii) and 4(a)(iv), each Person who

9

is authorized by this Order to have access to Confidential Information or Attorney's Eyes Only Information shall, prior to being given such access, be provided a copy of this Order and shall sign the Agreement set forth in Exhibit A.  Each signed Agreement must be retained by counsel for the Party that disclosed the Confidential Information or Attorney's Eyes Only Information for the duration of this action (and shared with Defendants' or Plaintiffs' counsel upon request) including the final determination of any appeal (or, where no appeal is taken, expiration of the period for bringing an appeal) of the action.

(e)    Neither the termination of this action nor the termination of employment of any person who has had access to any Confidential or Attorney's Eyes Only Information shall relieve such person of his or her obligations under the Protective Order, which shall survive.

## 5.    INADVERTENT DISCLOSURE OF CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION[1]

(a)    If any Confidential or Attorney's Eyes Only Information is inadvertently produced or provided without being marked as "CONFIDENTIAL" or " ATTORNEY'S EYES ONLY" in accordance with this Order, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party otherwise would be entitled.  The Producing Party shall promptly notify all other Parties in writing of its inadvertent production of the undesignated Confidential or Attorney's Eyes Only Information, and upon receipt of such notice, all Parties shall thereafter treat the Confidential or Attorney's Eyes Only Information identified in the written notification as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in accordance with the terms of this Order.  The Receiving Party may object to the belated designation by notifying the Producing Party of its objection and filing a motion with the Court to "un-designate" the belatedly designated documents or information, in accordance with the provisions of

---

[1] The Parties have agreed that the Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order (ECF No. 299) govern the inadvertent disclosure of privileged information.

Paragraph 10 below.  If no such objection is made, all Parties shall continue to treat the Confidential or Attorney's Eyes Only Information identified in the written notification as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Order.

(b)     If a Party inadvertently discloses Confidential or Attorney's Eyes Only Information to Persons other than those listed in Paragraph 4 above, such disclosure shall promptly be reported in writing to all Parties, including the Producing Party and Designating Party.  Such report shall include the name and contact information of each Person to whom the disclosure was improperly made, the circumstances surrounding the improper disclosure, and the specific Confidential or Attorney's Eyes Only Information that was improperly disclosed.  Upon discovery of such inadvertent disclosure, counsel for the Party who improperly disclosed the Confidential or Attorney's Eyes Only Information shall promptly make all reasonable efforts to retrieve such Confidential or Attorney's Eyes Only Information, including any documents containing such information.  The Party who improperly disclosed the Confidential or Attorney's Eyes Only Information also shall use all reasonable efforts to bind the Person to whom the disclosure was improperly made to the terms of this Order, by (i) promptly informing the Person to whom the disclosure was improperly made of all the provisions of this Order by at least providing them a copy of this Order; and (ii) requesting the Person to whom the disclosure was improperly made to sign the Agreement.  The Party who improperly disclosed the Confidential or Attorney's Only Information shall advise in writing all other Parties, including the Producing Party and the Designating Party, of the results of its efforts.

2.     INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

If any Confidential Information that is subject to a claim of attorney-client privilege or any other applicable privilege or protection, and/or that is entitled to work product protection is inadvertently produced, the Producing Party shall promptly notify the Receiving Party in writing of its inadvertent production of the undesignated privileged or protected discovery material.

~~Upon receipt of such notice, the Receiving Party shall thereafter return or destroy the privileged or protected material to the Producing Party within three (3) business days, and provide confirmation of the return or destruction to the Producing Party; the Producing Party shall promptly list the inadvertently produced information and/or document(s) on a privilege log, including all information necessary to permit the Receiving Party to challenge the belated privilege/work product designation.~~

## 6.    NO WAIVER

Nothing contained herein shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such right.  While a Designating Party may redact information subject to a claim of privilege, the Designating Party must produce a corresponding privilege log and the Receiving Party may object to the claim of privilege.

## 7.    PARTIES' OWN INFORMATION

Nothing contained herein is intended to or shall limit the ability of a Producing Party to use or disclose its own information or documents, including information or documents it has designated as "CONFIDENTIAL~~."~~" or Attorney's Eyes Only.

## 8.    DISCLOSURES BEYOND PROTECTIVE ORDER

Nothing contained herein shall prevent disclosure of Confidential or Attorney's Eyes Only Information to Persons who are not listed in Paragraph 4 above under the terms of this Order if (a) Plaintiffs' and Defendants' counsel stipulate to such disclosure in writing; or (b) the Court, after notice to all Parties, including the Producing Party and Designating Party, orders such disclosures.

## 9.    RELIEF FROM PROTECTIVE ORDER

(a)    The fact that a document or any information has been designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in this action shall not control whether it is,

in fact, ultimately deemed by the Court to be confidential.

(b)    Any Party may, on notice to all affected Parties, apply to the Court for an order (i) modifying this Order in any way; (ii) relieving the Party from any restriction contained herein; (iii) removing any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation made by another Party; or (iv) seeking greater protection for documents or information than is provided for in this Order. In the event a "CONFIDENTIAL" or ATTORNEY'S EYES ONLY" designation is so challenged, the Designating Party shall bear the burden of establishing that the designation is proper. Any document or information whose designation is challenged shall continue to be treated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Order until and unless the Court enters an order to the contrary. The Parties may amend or modify any provision of this Order by mutual agreement; any such agreement shall be embodied in a written stipulation and shall be submitted to the Court for approval. Any such modification or amendment shall not become effective until approved by the Court.

## 10.    USE OF CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION IN COURT PROCEEDINGS

(a)    Where a Party files (or seeks to file) a document with the Court that contains Confidential or Attorney's Eyes Only Information, the Party shall comply with the procedures and requirements of the Local Rules of this Court and shall properly redact any Confidential or Attorney's Eyes Only Information contained in that document. Where redaction is not feasible because the Confidential or Attorney's Eyes Only Information is relevant or essential to the paper(s) being filed with the Court, the Party must conspicuously label the document, or protected part thereof, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" and submit such document, or protected part thereof, to the Court with a motion requesting that it be filed under seal, in accordance with the procedures set out in the local rules or other applicable rules of this Court.

(b)    In the event Confidential or Attorney's Eyes Only Information is used in any court proceeding in this action, it shall not lose its protected status through such use, and the Party using the information shall take all reasonable steps to protect its confidentiality during such use.

13

## 11.    FINAL DISPOSITION

Upon termination of this action (including expiration or termination of the settlement agreement (ECF No. 199-2), and the conclusion of any appeal taken from this action, or in the event an appeal is not taken, upon expiration of all periods for the filing of a notice of appeal), a Party in possession of Confidential or Attorney's Eyes Only Information shall, at its election, either: (i) return such Confidential or Attorney's Eyes Only Information to counsel for the Party who designated such material within ninety (90) days from the date of the final disposition; or (ii) destroy such Confidential Information and certify in writing the destruction thereof within ninety (90) days from the date of the final disposition.  The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Counsel is entitled to retain one set of archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contains Confidential or Attorney's Eyes Only Information, notwithstanding the information shall remain subject to this Order.

## 12.    ENFORCEABILITY UPON SIGNING

By signing this Order, the Parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

## 13.    SURVIVAL

All provisions of this Order will survive the termination of this action and will continue to be binding upon the Parties and their counsel, unless subsequently modified by agreement among the Parties and/or by further order of this Court.  Further, this Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

14

DATED: ~~August 25, 2020~~June 18, 2025

~~GOODWIN PROCTER LLP~~

~~By _____~~PLAINTIFFS

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Counsel for Plaintiffs
~~UNITED STATES DEPARTMENT OF JUSTICE~~

DEFENDANTS

By      /s/ ~~Allen Loucks~~

~~Allen Loucks~~*Erhan Bedestani*
Erhan Bedestani
U.S. ~~Attorney's~~ Department of Justice
Civil Division
Office ~~District~~ of ~~Maryland~~Immigration
Litigation
~~36 S. Charles Street, 4th Fl.~~
~~Baltimore, MD 21201~~
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: ~~410-209-4800~~(202) 202-598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

Counsel for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

HON. ~~GEORGE J. HAZEL~~STEPHANIE GALLAGHER
United States District Judge

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

1.      My name is _____ (first, middle initial, last).

2.      I am employed as a/an _____ by _____

(company), which is located at _____ (street address),

_____ (city), _____ (state) _____ (zip code).

Its telephone number is _____.

3.      I have read the attached ~~Stipulated~~Amended Protective Order entered by the United States District Court for the District of Maryland in the action of *J.O.P., et al. v. U.S. Department of Homeland Security*, *et al.*, No. 8:19-CV-01944-~~GJH~~SAG, and a copy of the Order has been given to me.

4.      I agree to comply with and to be bound by all the terms of this ~~Stipulated~~Amended Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

5.      I further agree to submit to the jurisdiction of the United States District Court for the District of Maryland for the purpose of enforcing the terms of this ~~Stipulated~~Amended Protective Order, even if such enforcement proceedings occur after termination of this litigation.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____                    _____
                                                Signature

                                                _____
                                                City and State where sworn & signed