IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 8:19-CV-01944-SAG<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' CORRECTED RESPONSE TO DEFENDANTS' FIRST COMPLIANCE REPORT** |

Parties Settlement Agreement, pursuant Paragraph V.B. (ECF 199-2 at 13,14) calls for compliance reports to be submitted by Defendants at various stages of the Settlement Agreement's lifespan. Plaintiffs, pursuant to Paragraph V.C. (ECF 199-2 at 14) shall respond to Defendants compliance report 30 days following filing. Defendants, pursuant to Paragraph V.C. in turn are allowed 30 days to respond to any concerns Plaintiffs raise in their response. Defendants filed their first compliance report on February 25, 2025, to which Plaintiffs filed an initial response on March 25, 2025 and a corrected response to on May 27, 2025. Defendants' now respond to concerns Plaintiff's raised in their May 27, 2025 corrected response to Defendants' first compliance report. As practice throughout the response, Defendants present their text from the first compliance report, followed by the text from the Plaintiffs corrected May 27, 2025, response, followed by Defendants response.

　　A.　**[Relating to Paragraph III.A]**

　　　　**Text of Defendant's First Compliance Report:** On January 30, 2025 USCIS issued a superseding memorandum in accordance with Paragraph III.A (ECF 199-2 at 7) of the Settlement Agreement. The public may find this memorandum online under the related links tab at https:// www.uscis.gov/humanitarian/refugees-and-

1

asylum/asylum/minor-children-applying- for-asylum-by-themselves.

**Plaintiff's Response:** The Settlement Agreement requires a memorandum explaining and implementing the Settlement Agreement, applicable to Class Members as well as other individuals with prior "unaccompanied alien child" ("UC") determinations. Plaintiffs have identified five ways in which the USCIS memorandum violates the Settlement Agreement:

1. The USCIS memorandum allows USCIS to reject jurisdiction over asylum applications of individuals with prior UC determinations in circumstances not permitted by the Settlement Agreement, violating Paragraphs III.B and III.C.

2. The USCIS memorandum does not exempt individuals with prior UC determinations from the one-year filing deadline, in violation of Paragraph III.B of the Settlement Agreement.

3. The USCIS memorandum permits USCIS to defer to immigration judge determinations in circumstances not permitted by the Settlement Agreement, in violation of Paragraph III.D.

4. The USCIS memorandum does not adopt expedite procedures as required by Paragraph III.G of the Settlement Agreement. *See* Part G *infra*.

5. The USCIS memorandum's timeline for retractions violates Paragraph III.E.1 of the Settlement Agreement.

On March 22, 2025, Plaintiffs sent a letter to Defendants describing the above problems with the memorandum and offering corrections to bring the memorandum—as well as additional implementing guidance—into compliance with the Settlement Agreement. Plaintiffs await Defendants' response.

**Defendants' Response:** Please refer to Defendants' Reply to Plaintiffs' response to Defendants' Second Compliance Report.

B. **[Relating to Paragraph III.B]**

**Text of Defendant's First Compliance Report:** USCIS has complied with

Paragraph III.B (ECF 199-2 at 7) of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response:** Plaintiffs are aware of at least five cases since the Court's final approval of the Settlement Agreement in which USCIS has failed to comply with Paragraph III.B.

**Defendants' Response:** Please refer to Defendants' Reply to Plaintiffs' response to Defendants' Second Compliance Report.

C. **[Relating to Paragraph III.C]**

**Text of Defendant's First Compliance Report:** USCIS has issued Adverse Jurisdictional Determinations to 0 Class Members based on USCIS's determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application. USCIS certifies those determinations were issued pursuant to Paragraph III.C (ECF 199-2 at 7) of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response:** As stated in Part B above, Plaintiffs are aware of at least five cases in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement. None of these rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Plaintiffs have sent five cases to Defendants' counsel, and await Defendants' corrective action.

**Defendants' Response:** Please refer to Defendants' Reply to Plaintiffs' response to

Defendants' Second Compliance Report.

D. **[Relating to Paragraph III.D]**

**Text of Defendants' First Compliance Report**: USCIS has complied with Paragraph III.D (ECF 199-2 at 8) of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

**Defendants' Response**: No response required

E. **[Relating to Paragraph III.E]**

  1. **[Relating to Paragraph III.E.1]**

     **Text of Defendants' First Compliance Report:** As of February 25, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 0 Class Members, as required by Paragraph III.C.2 (ECF 199-2 at 7) of the Settlement Agreement. As of February 25, 2025, USCIS has fully complied with Paragraph III.E.1 (ECF 199-2 at 8) of the Settlement Agreement.

     **Plaintiffs' Response:** Since Defendants' deadline for compliance with Paragraph III.E.1 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.1.

     **Defendants' Response:** No response required

  2. **[Relating to Paragraph III.E.2]**

     **Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 0 Class Members, as required by Paragraphs III.B (ECF 199-2 at 7) and/or

4

III.D (ECF 199-2 at 8) of the Settlement Agreement. As of February 25, 2025, USCIS has fully complied with Paragraph III.E.2 (ECF 199-2 at 8) of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.E.2 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.2.

**Defendants' Response:**   No response required

3. **[Relating to Paragraph III.E.3]**

    **Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 995 Class Members. As of February, USCIS has fully complied with Paragraph III.E.3 (ECF 199-2 at 8) of the Settlement Agreement.

    **Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members who were expecting a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one.

    **Defendants' Response**:  No response required

F.  **[Relating to Paragraph III.F]**

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has mailed notices to 0 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021. As of February 25, 2025, USCIS has fully complied with Paragraph III.F (ECF 199-2 at 8) of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.F has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph

III.F.

**Defendants' Response**: No response required

G. **[Relating to Paragraph III.G]**

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G (ECF 199-2 at 9) of the Settlement Agreement. The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** Paragraph III.G of the Settlement Agreement requires USCIS to "adopt procedures permitting Class Members to request that USCIS . . . expedite adjudication of asylum applications" on the basis of certain specified circumstances, and separately affirms that Class Members not meeting the specified circumstances "may also avail themselves of the general expedite procedures available at their local asylum offices." Under Paragraph III.A, Defendants must incorporate such procedures into the USCIS memorandum and make them available to both Class Members and other individuals with prior UC determinations. Defendants have failed to adopt special expedite procedures as required by Paragraph III.G of the Settlement Agreement. Instead, the USCIS memorandum merely acknowledges that, like all other asylum applicants, unaccompanied children can request an expedited adjudication, which the USCIS asylum office considers in their discretion. USCIS Memorandum at 4. Instead of "adopt[ing] procedures" for expediting the specified types of cases as required by Paragraph III.G, the USCIS memorandum lists the specified types of cases as examples of circumstances underlying an expedite request "that are particularly relevant to

6

UACs" and then references the USCIS Asylum Division's general guidance on expedite request procedures. Plaintiffs informed Defendants of this violation of the Settlement Agreement in the letter sent to Defendants on March 22, 2025, referenced in Part A above.

**Defendants' Response:** Please refer to Defendants' Reply to Plaintiffs' response to Defendants' Second Compliance Report.

Dated: June 26, 2025                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director,
Office of Immigration Litigation

YAMILETH G. DAVILA
Assistant Director

RICHARD G. INGEBRESTEN
ERHAN BEDESTANI
Trial Attorneys

<u>/s/Kelark Azer Habashi</u>
KELARK AZER HABASHI
Trial Attorney (DC Bar No. 9009126)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-3340
Fax: (202) 305-7000
Kelark.azer.habashi2@usdoj.gov

*Attorneys for Defendants*