IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Civil Action No. 8:19-CV-01944-SAG <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND COMPLIANCE REPORT** |

Parties Settlement Agreement, pursuant Paragraph V.B. (ECF 199-2 at 13,14) calls for compliance reports to be submitted by Defendants at various stages of the Settlement Agreement's lifespan. Plaintiffs, pursuant to Paragraph V.C (ECF 199-2 at 7,8), shall respond to Defendants compliance report 30 days following filing. Defendants, pursuant to Paragraph V.C., in turn are allowed 30 days to respond to any concerns Plaintiffs raise in their response. Defendants filed their second compliance report on April 24, 2025, to which Plaintiffs responded on May 27, 2025, and now Defendants respond adhering to a June 26, 2025 deadline. As practice throughout the response, Defendants present their text from the second compliance report, followed by the text from the Plaintiffs May 27, 2025, response, followed by Defendants' response.

    A.   [Relating to Paragraph III.A]

    **Text of Defendant's Second Compliance Report:** On January 30, 2025 USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement (ECF 199-2 at 7). The public may find this memorandum online under the related links tab at https:// www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying- for-asylum-by-themselves.

1

**Plaintiff's Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, (ECF No. 224-1) Plaintiffs noted that five aspects of the USCIS memorandum violated the Settlement Agreement. Plaintiffs first raised these issues to Defendants by letter on March 22, 2025. (ECF No. 224-1). On April 28, 2025, Defendants responded via email to Plaintiffs' March 22, 2025 letter, agreeing to amend the USCIS memorandum to address two of the five issues Plaintiffs had raised. On May 8, 2025, the parties met and conferred regarding the open deficiencies with the USCIS memorandum, and after the meet-and-confer Plaintiffs provided Defendants proposed redlines to address several of the open issues. On May 23, 2025, counsel for Defendants indicated that they intend to respond to the proposed redlines the week of May 26. Plaintiffs await Defendants' response.

**Defendants' Response:** Plaintiffs listed five issues in their March 25, 2025 letter (ECF 224-1). These issues are associated with the USCIS implementing Memorandum and Affirmative Asylum Procedures Manual (AAPM) (last updated Feb. 2025). Parties have reached agreement on three of the five issues:

1) **Issue 2:** Defendants agree that USCIS will edit the implementing Memo and Affirmative Asylum Procedure Manual (AAPM) to clarify that USCIS does not apply the one-year filing deadline to applications that were filed by J.O.P. class members or by an applicant whose Unaccompanied Alien Children (UAC) determination is "still in place" at the time of filing, i.e., the applicant was not placed in adult immigration detention before filing the application.

2) **Issue 3:** Defendants agree with plaintiffs proposed language which will now read "Pursuant to the J.O.P. settlement agreement, in assessing the jurisdiction over asylum application filed by individuals with prior UAC determinations, USCIS cannot defer determinations made by EOIR, including but not limited to determinations that the immigration judge has initial jurisdiction over the applicant's asylum application made pursuant to *Matter of M-A-C-O-*, 27 I&N Dec. 477 (BIA 2018), unless EOIR determined that the applicant was a UAC at the time of filing their asylum application such that USCIS has jurisdiction over their asylum application, in which case USCIS may adopt the UAC determination.

3) **Issue 5:** Defendants agree that to comply with the settlement agreement (ECF 199-2), USCIS must complete the entire section III.C.2 (ECF 199-2 at 7) process for impacted class members which means that on or before September 26, 2025 USCIS shall provide impacted class members a compliant "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut," await the 33 day rebuttal period, and retract the adversarial Jurisdictional Determination within 30 days of reeving the rebuttal if the Class Member successfully rebuts the information USCIS relied upon to reject jurisdiction.

The parties are continuing to discuss how to resolve two issues:

1) **Issue 1:** Defendants are considering Plaintiffs requested change of language in the USCIS implementing memorandum to state that an applicant's placement in adult immigration detention before having filed their asylum application with USCIS or EOIR is the only circumstance in which USCIS may reject jurisdiction of an asylum application filed by an individual with a prior Unaccompanied Child (UC) determination.

2) **Issue 4:** Defendants are considering Plaintiffs proposal they will drop their request for a special expedite process so long as Defendants add proposed language to clarify that UAC as used in the USCIS implementing memorandum includes all those with prior UC determination who had not been placed in adult immigration detention before they filed their asylum application.

B. **[Relating to Paragraph III.B]**

**Text of Defendant's Second Compliance Report:** USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications. During this reporting period Defendants were made aware of three instances in which class members allegedly received an erroneous jurisdictional rejection of their asylum application from USCIS. Defendants have provided a response to these allegations and since taken any necessary corrective action in each of these instances.

**Plaintiffs' Response:** Plaintiffs have raised to Defendants at least fifteen cases in which USCIS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications, between

3

the Agreement's effective date and April 21, 2025. Ten of those cases were raised by Plaintiffs after the March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224. Defendants have taken corrective action in most but not all of the cases.

**Defendants' Response:** Defendants continue to address and when required take necessary actions regarding alleged violations brought to their attention by Plaintiffs, in accordance with the Settlement Agreement (ECF 199-2 at 14, Section V.D). For the period of February 25, 2025 to April 24, 2025, Defendants have taken corrective action regarding the alleged violations of erroneous jurisdictional rejection.

C. **[Relating to Paragraph III.C]**

**Text of Defendant's Second Compliance Report:** USCIS has issued Adverse Jurisdictional Determinations to two Class Members based on USCIS's determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application. USCIS certifies those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement (ECF 199-2 at 7,8), in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response:** Plaintiffs have brought to Defendants' attention at least eleven cases, in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and April 21, 2025. None of those rejections complied with the procedures set forth in Paragraph III.C of the Settlement

4

Agreement. Plaintiffs await Defendants' corrective action in one of these cases.

**Defendants' Response:** Defendants continue to address and when required take necessary correction action regarding alleged violations brought to their attention by Plaintiffs, in accordance with the Settlement Agreement (ECF 199-2 at 14, Section V.D). For the period of February 25, 2025 to April 24, 2025, Defendants have taken corrective action regarding the alleged violations of Adverse Jurisdictional Determinations.

D. **[Relating to Paragraph III.D]**

**Text of Defendants' First Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement (ECF 199-2 at 8).

**Defendants' Response**: No response required

E. **[Relating to Paragraph III.E]**

1. **[Relating to Paragraph III.E.1]**

   **Text of Defendants' First Compliance Report:** As of April 21, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 19 Class Members, as required by Paragraph III.C.2 (ECF 199-2 at 7,8) of the Settlement Agreement. As of April 21, 2025, USCIS has fully complied with Paragraph III.E.1 of the Settlement Agreement (ECF 199-2 at 8).

   **Plaintiffs' Response:** Since Defendants' deadline for compliance with Paragraph III.E.1 (ECF 199-2 at 8) of the Settlement Agreement has not yet

passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.1.

**Defendants' Response:** No response required

2. **[Relating to Paragraph III.E.2]**

   **Text of Defendants' First Compliance Report**: As of April 21, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 216 Class Members, as required by Paragraphs III.B (ECF 199-2 at 7) and/or III.D (ECF 199-2 at 8) of the Settlement Agreement. As of April 21, 2025, USCIS has fully complied with Paragraph III.E.2 (ECF 199-2 at 8) of the Settlement Agreement.

   **Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.E.2 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.2.

   **Defendants' Response:** No response required

3. **[Relating to Paragraph III.E.3]**

   **Text of Defendants' First Compliance Report**: As of April 21, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of April 21, 2025, USCIS has fully complied with Paragraph III.E.3 (ECF 199-2 at 8) of the Settlement Agreement.

   **Plaintiffs' Response**: Plaintiffs are not aware of any Class Members who were entitled to a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one.

   **Defendants' Response**: No response required

F. **[Relating to Paragraph III.F]**

   **Text of Defendants' First Compliance Report**: As of April 21, 2025, USCIS has mailed notices to 1871 Class Members notifying them that USCIS has released a hold

placed on the application in or after March 2021. As of April 21, 2025, USCIS has fully complied with Paragraph III.F (ECF 199-2 at 8) of the Settlement Agreement.

**Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one. However, Class Members whose cases had been placed on hold likely did not know their case was on hold; thus Plaintiffs are not in a position to confirm or dispute the veracity of Defendants' representation of compliance with Paragraph III.F.

**Defendants' Response**: No response required

G. **[Relating to Paragraph III.G]**

**Text of Defendants' First Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G (ECF 199-2 at 9) of the Settlement Agreement. The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, (ECF No. 224), Plaintiffs noted that Defendants had failed to adopt special expedite procedures as required by Paragraph III.G of the Settlement Agreement. Plaintiffs informed Defendants of this violation via the March 22, 2025 letter referenced in Paragraph A above, and the parties met and conferred regarding this and other issues with the USCIS memorandum on May 8, 2025. Plaintiffs await Defendants' response.

**Defendants' Response:** Plaintiffs original proposal called for Defendants to administer a special expedite process. Plaintiffs clarified that they are asking Defendants to add proposed language to clarify that UAC as used in the USCIS

7

implementing memorandum includes all those with prior UC determination who had not been placed in adult immigration detention before they filed their asylum application. Plaintiffs also ask that when they become aware of instances where USCIS's treatment of a Class Members' expedite process is not compliant with paragraph III.G of the Settlement Agreement, they may raise those issues to Defendants attention. Defendants are considering this proposal.

Dated: June 26, 2025                    Respectfully Submitted,

                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General
                                                        Civil Division

                                                        WILLIAM C. PEACHEY
                                                        Director,
                                                        Office of Immigration Litigation

                                                        YAMILETH G. DAVILA
                                                        Assistant Director

                                                        RICHARD G. INGEBRESTEN
                                                        ERHAN BEDESTANI
                                                        Trial Attorneys

                                                        */s/Kelark Azer Habashi*
                                                        KELARK AZER HABASHI
                                                        Trial Attorney (DC Bar No. 9009126)
                                                        U.S. Department of Justice
                                                        Civil Division
                                                        Office of Immigration Litigation
                                                        P.O. Box 868, Ben Franklin Station
                                                        Washington, DC 20044
                                                        Telephone: (202) 305-3340
                                                        Fax: (202) 305-7000
                                                        Kelark.azer.habashi2@usdoj.gov

                                                        *Attorneys for Defendants*