**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

<table>
<tr><td>

J.O.P., *et al.*,

        Plaintiffs,

        v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*

        Defendants.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

Case No. 8:19-cv-01944-SAG

</td></tr>
</table>

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST TO SEEK
LEAVE TO CONDUCT THE DEPOSITIONS OF AD-EAD MELLISSA HARPER AND A
FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) WITNESS</u>**

Pursuant to the Court's June 5, 2025 order, ECF No. 293, Defendants file this opposition to Plaintiffs' request to seek leave to conduct the deposition of Acting Deputy Executive Associate Director of Enforcement and Removal Operations at U.S. Immigration and Customs Enforcement, part of the Department of Homeland Security ("AD-EAD") Mellissa Harper and a separate deponent pursuant to Federal Rule of Civil Procedure Rule 30(b)(6). In that order, the Court permitted Plaintiffs to move for leave of Court to conduct up to two depositions of individuals with knowledge and authority to testify regarding the matters identified in paragraph two of the Court Order. ECF No. 293 ¶ 6. Pursuant to the Court's June 5, 2025 Order, the Court limited discovery to ascertaining Defendants' compliance with this Court's Orders: "(a) to facilitate Class Member *Cristian's* return to the United States, ECF 254; and (b) to provide a status report on the steps they have taken to facilitate the return of *Cristian* to the United States for adjudication on the merits of his asylum application by USCIS, including evidence concerning *Cristian's* current physical location and custodial status, what steps, if any, Defendants have taken to facilitate *Cristian's* return to the United States, and what additional steps Defendants will take, and when,

to facilitate *Cristian's* return, ECF 280." *Id.* ¶ 2. Accordingly, in light of the foregoing, Defendants

object to the scope of AD-EAD Harper's deposition because Plaintiffs seek to elicit information

regarding the Department of State's efforts to comply with the Court's order beyond the content

of the reports filed with the Court bearing her signature. The Court should also deny Plaintiffs'

request to seek a Rule 30(b)(6) deposition outright. In the alternative, even if the Court grants

Plaintiffs' request to take the deposition of a 30(b)(6) witness, the topics for examination should

only be limited to Matters of Examinations Nos. 1-12 subject to the objections laid out in the

Defendants' Responses to Interrogatory Nos. 2-7 and 9-13, and Requests for Production Nos. 1

and 4-8 for the reasons discussed below.[1]

## DISCUSSION

### A. The Court Should Deny Plaintiffs' Request to Depose AD-EAD Harper On Topics For Which She Lacks Authority to Testify.

Defendants object to AD-EAD Harper's deposition to the extent Plaintiffs seek to depose

her on any topic for which she lacks personal knowledge or authority to testify. *See* ECF No. 293

at ¶ 6 (authorizing Plaintiffs to move for leave of Court to depose "individuals with *knowledge*

*and authority* to testify" regarding the matters identified in the order) (emphasis added). *See also*

*United States v. Galecki*, 932 F.3d 176, 182 n.4 (4th Cir. 2019) ("Under 5 U.S.C. § 301 and [*United*

*States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)], federal agencies may regulate their

employees' ability to testify about their work"); 6 C.F.R. §§ 5.41-49 (DHS *Touhy* regulations).

Mellissa Harper is the Acting Deputy Executive Associate Director of Enforcement and Removal

Operations at U.S. Immigration and Customs Enforcement, part of the Department of Homeland

---

[1] Pursuant to the Court's Order, Defendants will respond to the Motion to Compel on July 9, 2025. *See* ECF No. 312.

Security. *See, e.g.*, ECF No. 290-1 ¶ 1. In that capacity, AD-EAD Harper has executed reports that have been submitted to the Court in this matter. *See* ECF Nos. 285-1, 290-1, 294-1, 295-1, 300-1, 303-1, 307-1. Assuming Plaintiffs comply with DHS's *Touhy* regulations, AD-EAD Harper may be authorized to testify at deposition regarding the content of the reports she has executed and her personal knowledge of the factual matters addressed therein. *Sherin v. Crane-Houdaille, Inc.*, 47 F. Supp. 3d 280, 287 (D. Md. 2014) ("Under [Fed. R. Evid.] 602, a witness may not testify about matters outside [her] personal knowledge."). Thus, AD-EAD Harper may be authorized to testify regarding, for example, her knowledge of the Department of Homeland Security's requests to the Department of State for assistance in complying with the Court's orders. *See, e.g.*, ECF No. 290-1 ¶¶ 3-5. AD-EAD Harper may also be authorized to testify regarding her discussions with DOS senior leadership regarding DOS's efforts to assist in complying with the Court's orders, to the extent such discussions are non-classified and non-privileged. *Id.*

However, AD-EAD Harper would not be authorized to testify at deposition regarding matters outside her personal knowledge and the scope of her duties. *Sherin*, 47 F. Supp. 3d at 287; 5 C.F.R. §§ 5.41-49. For example, she would not be authorized to offer deposition testimony on behalf of DOS regarding its efforts to comply with the Court's order. Her representations regarding the DOS's efforts in reports filed with the Court have been made pursuant to specific authorizations from the Department of State. *See, e.g.*, ECF No. 290-1 ¶ 6. AD-EAD Harper would, therefore, not be authorized to testify regarding those efforts beyond what is contained in the reports she has signed and her conversations with DOS. Accordingly, Defendants object to AD-EAD Harper's deposition to the extent Plaintiffs seeks to elicit information from her regarding the Department of State's efforts to comply with the Court's order beyond the content of the reports filed with the Court bearing her signature. In particular, Defendants object to questions about the basis for the

information provided in AD-EAD Harper's declarations and the communications between the U.S. government and the government of El Salvador to the extent such information is beyond AD-EAD Harper's knowledge or authorization to testify.

**B. The Court Should Deny Plaintiffs' Request to Depose a Witness Pursuant to Rule 30(b)(6).**

Defendants provide the following objections to the definitions identified in Plaintiff's Notice of Deposition of Defendants Pursuant to Fed. R. Civ. P. 30(b)(6) ("Notice"), Ex. F:

1.      The Defendants object to Plaintiffs' definition of "you" and "your" in the Notice as vague and overbroad. *See* Fed. R. Civ. P. 30(b)(6) (requiring "reasonable particularity" in the notice); *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996) ("For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity.") *Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *20 (D. Md. Feb. 21, 2017) ("[T]o allow the Rule to effectively function, the requesting party must take care to designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."). Defendants should be required to respond only to topics that seek information that are known or are reasonably available to Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Accordingly, information related to diplomatic efforts to comply with the Court's Orders are known to the Department of State, which is not a party to this case, and thus Defendants can only provide testimony to only what has been shared by the Department of State, which has been provided in the status reports that have been submitted to the Court in this matter. *See* ECF Nos.

285-1, 290-1, 294-1, 295-1, 300-1, 303-1, 307-1; *see also Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235 (D. Md. 2010) ("As AMResorts acknowledges, a corporate designee need not acquire knowledge from an affiliate on matters in which the deposed corporation was entirely uninvolved, . . . , but may be required to designate witnesses prepared to discuss topics involving "related companies" to the extent the corporation has knowledge of those topics[.]"); *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428(SAS)THK, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006) ("It is simply not comparable to require a corporate parent to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved, and to testify to those matters in a manner which binds the parent, a separate legal entity"). Accordingly, the term "you" and your" in the context of the Notice should be construed as meaning Defendants and/or the specified named person(s) to whom the request are addressed and their current employees and agents.

2.    The Defendants object to Plaintiffs' definition of "Facilitate" in the notice goes beyond what the Supreme Court and the Fourth Circuit Court of Appeals endorsed in *Abrego Garcia.* In *Abrego Garcia II*, the Supreme Court affirmed an order that the government "facilitate" the return of a deported individual but not demand return. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). On remand in *Abrego Garcia*, the district court defined facilitate as "at a minimum, to take the steps available to [the government] toward aiding, assisting, or making easier Abrego Garcia's release from custody in El Salvador and resuming his status quo ante." *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1113440, at *2 (D. Md. Apr. 15, 2025). The Fourth Circuit subsequently affirmed. *See Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025) (hereinafter "*Abrego Garcia III*"). Plaintiffs' definition of "Facilitate" in the Notice exceeds the orders in *Abrego Garcia II* and *III.* On April 23, 2025, the

district court ordered that Defendants "facilitate Class Member Cristian's return to the United States to await the adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement. Facilitation includes, but is not limited to, a good faith request by Defendants to the government of El Salvador to release Cristian to U.S. custody for transport back to the United States." *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 254 (D. Md. Apr. 23, 2025). Expansion of the term "Facilitate," to encompass an order requiring specific diplomatic communication from the Executive Branch is beyond the orders in *Abrego Garcia II* and *III. J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *12-13 (4th Cir. May 19, 2025) (Richardson, J. dissenting). Rather, when it comes to negotiating with foreign states, precedent is clear that the Constitution gave no authority to the courts or Congress "that would enable it to initiate diplomatic relations with a foreign nation." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13-14 (2015). Accordingly, Plaintiffs' definition of "Facilitate" goes beyond the decisions in *Abrego Garcia* to include the Executive's foreign affairs conduct in excess of the district court's jurisdiction and is the subject of a pending appeal. *J.O.P. v. United States Dep't of Homeland Sec.* , No. 25-1519 (4th Cir.). Thus, the definition of "Facilitate" should be limited in scope to comply with Supreme Court and Fourth Circuit Precedent.

**Defendants provide the following objections to Matter of Examination No. 1:**

1.    Defendants object to Matter of Examination No. 1 as it is duplicative of Interrogatory No. 2. *See* Ex. F., Plaintiffs' Notice of Deposition of Defendants Pursuant to Fed. R. Civ. P. 30(b)(6), at 6; *see also* Ex. H, Plaintiffs' First Set of Expedited Interrogatories, at 5. Generally, it is understood that broad discovery, especially including a 30(b)(6) deposition, takes significant resources and time to properly review and produce. Accordingly, like any discovery

request, a deposition under Rule 30(b)(6) "is subject to the limitations under Rule 26, which requires that discovery not be unduly burdensome or duplicative. *See, e.g., Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, 2015 WL 3742929, at *6 (D. Kan. June 15, 2015) ("[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." (internal quotations and citation omitted)); *see also* Fed. R. Civ. P. 26(b)(2)(C). Here, Matter of Examination 1 is duplicative of Interrogatory No.2 and thus a 30(b)(6) deposition related to this matter of examination is not required under the federal rules of civil procedure. *Compare* Ex. F, at 6, with Ex. H at 5; *see also Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination 1 is duplicative of Interrogatory No. 2, the Defendants incorporate herein all objections it asserted in response to this interrogatory. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory Nos. 2. *See* Defendants' Response to Plaintiffs' First Set of Expedited Interrogatories, Ex. A at 10-15.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 2:**

1.      Defendants object to Matter of Examination No. 2 as it is duplicative of Interrogatory No. 3 and Request for Production No. 4. *See* Ex. F. at 4; Ex. H at 5; Ex. I, Plaintiffs' First Set of Expedited Requests for Production, at 4. For the same reasons discussed above, given that Matter of Examination No. 2 is duplicative of Interrogatory No. 3 and Request for Production No. 4, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 2 is duplicative of Interrogatory No. 3 and Request for Production No. 4, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 3 and Request for Production No. 4. *See* Ex. A at 15-19; Defendants' Response to Plaintiffs' First Set of Expedited Requests For Production of Documents, Ex. B at 15-19.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See,*

*e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 3**:

1.      Defendants object to Matter of Examination No. 3 as it is duplicative of Interrogatory No. 4 and Request for Production No. 4. *See* Ex. F. at 4; Ex. H at 5; Ex. I at 4. For the same reasons discussed above, given that Matter of Examination No. 3 is duplicative of Interrogatory No. 4 and Request for Production No. 4, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g., Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 3 is duplicative of Interrogatory No. 4 and Request for Production No. 4, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 3 and Request for Production No. 4. *See* Ex. A at 20-23; Ex. B at 15-19.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See,*

*e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 4**:

1.      Defendants object to Matter of Examination No. 4 as it is duplicative of Interrogatory No. 5 and Request for Production No. 5. *See* Ex. F. at 5; Ex. H at 5; Ex. I at 4. For the same reasons discussed above, given that Matter of Examination No. 4 is duplicative of Interrogatory No. 5 and Request for Production No. 5, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 4 is duplicative of Interrogatory No. 5 and Request for Production No. 5, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 5 and Request for Production No. 5. *See* Ex. A at 23-28; Ex. B at 19-23.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See,*

*e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 5:**

1.      Defendants object to Matter of Examination No. 5 as it is duplicative of Interrogatory No. 6 and Request for Production No. 5. *See* Ex. F. at 5; Ex. H at 5; Ex. I at 4. For the same reasons discussed above, given that Matter of Examination No. 5 is duplicative of Interrogatory No. 6 and Request for Production No. 5, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g., Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination 5 is duplicative of Interrogatory No. 6 and Request for Production No. 5, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 6 and Request for Production No. 5. *See* Ex. A at 28-32; Ex. B at 19-23.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See,*

11

*e.g.*, *Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 6:**

1.      Defendants object to Matter of Examination No. 6 as it is duplicative of Interrogatory No. 7 and Request for Production No. 6. *See* Ex. F. at 5; Ex. H at 6; Ex. I at 6. For the same reasons discussed above, given that Matter of Examination No. 6 is duplicative of Interrogatory No. 7 and Request for Production No. 6, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination 6 is duplicative of Interrogatory No. 7 and Request for Production No. 6, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 7 and Request for Production No. 6. *See* Ex. A at 32-26; Ex. B at 23-27.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See,*

*e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 7:**

1.    Defendants object to Matter of Examination No. 7 as it is duplicative of Interrogatory No. 9. *See* Ex. F. at 5; Ex. H at 6. For the same reasons discussed above, given that Matter of Examination No. 7 is duplicative of Interrogatory No. 9, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.    Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 7 is duplicative of Interrogatory No. 9, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 9. *See* Ex. A at 39-42.

3.    Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 8:**

1.      Defendants object to Matter of Examination No. 8 as it is duplicative of Request for Production No. 1. *See* Ex. F. at 5; Ex. I at 6. For the same reasons discussed above, given that Matter of Examination No. 8 is duplicative of Request for Production No. 1, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 8 is duplicative of Request for Production No. 1, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 7 and Request for Production No. 6. *See* Ex. B at 5-9.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 9:**

1.    Defendants object to Matter of Examination No. 9 as it is duplicative of Interrogatory No. 10 and Request for Production No. 7. *See* Ex. F. at 5; Ex. H at 6; Ex. I at 6. For the same reasons discussed above, given that Matter of Examination No. 9 is duplicative of Interrogatory No. 10 and Request for Production No. 7, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.    Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 9 is duplicative of Interrogatory No. 10 and Request for Production No. 7, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 10 and Request for Production No. 7. *See* Ex. A at 43-46; Ex. B at 27-31.

3.    Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 10:**

1.      Defendants object to Matter of Examination No. 10 as it is duplicative of Interrogatory No. 11 and Request for Production No. 8. *See* Ex. F. at 5; Ex. H at 6; Ex. I at 7. For the same reasons discussed above, given that Matter of Examination No. 10 is duplicative of Interrogatory No. 11 and Request for Production No. 8, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 10 is duplicative of Interrogatory No. 11 and Request for Production No. 8, the Defendants incorporate herein all objections it asserted in response to these written discovery requests. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 11 and Request for Production No. 8. *See* Ex. [ROGS EXHIBIT] at 47-51; Ex. [RFP EXHIBIT] at 32-36.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See,*

*e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 11:**

1.      Defendants object to Matter of Examination No. 11 as it is duplicative of Interrogatory No. 12. *See* Ex. F. at 6; Ex. H at 6. For the same reasons discussed above, given that Matter of Examination No. 11 is duplicative of Interrogatory No. 12, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 11 is duplicative of Interrogatory No. 12, the Defendants incorporate herein all objections it asserted in response to Interrogatory No. 12. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 12. *See* Ex. A at 51-54.

3.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 12:**

1.    Defendants object to Matter of Examination No. 11 as it is duplicative of Interrogatory No. 13. *See* Ex. F. at 6; Ex. H at 6. For the same reasons discussed above, given that Matter of Examination No. 12 is duplicative of Interrogatory No. 12, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known").

2.    Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination No. 11 is duplicative of Interrogatory No. 13, the Defendants incorporate herein all objections it asserted in response to Interrogatory No. 13. Accordingly, to the extent the Court permits a rule 30(b)(6) deposition in relation to this Matter of Examination, testimony on this Matter of Examination should be subject to the objections laid out in the Defendants' Responses to Interrogatory No. 13. *See* Ex. A at 54-58.

> Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 13:**

1.     Defendants object to Matter of Examination No. 13 as it would be an overly broad and unduly burdensome request and would not be proportional to the needs of this case. This Matter of Examination is in essence seeking a list of all class members removed to El Salvador, in which the Court already rejected such a request on the basis that it "didn't see any reason that it should enforce anything other than the dead that the Plaintiff class made with respect to what its remedies and rights are under the agreement." *See* Transcript of May 6, 2025 Hearing at 17:19-22. Furthermore, Class Counsel has not identified any other instances to support a conclusion that other class members have been removed and can point to nowhere in the settlement agreement that gives them the right to request such information. Additionally, pursuant to the Court's June 5, 2025 Order, the Court limited discovery to ascertaining Defendants' compliance with this Court's Orders: "(a) to facilitate Class Member facilitate Class Member *Cristian's* return to the United States, ECF 254; and (b) to provide a status report on the steps they have taken to facilitate the return of *Cristian* to the United States for adjudication on the merits of his asylum application by USCIS, including evidence concerning *Cristian's* current physical location and custodial status, what steps, if any, Defendants have taken to facilitate *Cristian's* return to the United States, and what additional steps Defendants will take, and when, to facilitate *Cristian's* return, ECF 280." *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (emphasis added) (directing discovery "must be narrowly tailored to focus on any agreement, arrangement, or understanding between the United States and El Salvador that also implicates or affects the removal, confinement, or return of *Cristian*.") (emphasis added). Plaintiffs' Matter of Examination seeking information and testimony about other hypothetical individuals is beyond limited discovery concerning Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate

including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1) and Fed. R. Civ. P. 30. Fed. R. Civ. P. 26(b)(1) (recognizing that courts may limit the scope of discovery by order); Fed. R. Civ. P. 30(c)(2) (witnesses may be instructed by their counsel not to answer questions that go beyond a "limitation ordered by the court"). Thus, the Plaintiffs should not be entitled to seek testimony in relation to this Matter of Examination.

2.      Defendants further object to Matter of Examination No. 13 as it is duplicative of Interrogatory No. 14 and Request for Production No. 9. *See* Ex. F. at 6; Ex. H at 5; Ex. I at 4. For the same reasons discussed above, given that Matter of Examination No. 13 is duplicative of Interrogatory No. 14 and Request for Production No. 9, a rule 30(b)(6) deposition on this matter of examination is not required pursuant to the Federal Rules of Civil Procedure as it would be duplicative and cumulative. *See, e.g.*, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 18-19 (D.D.C. 2004) (rejecting as "absurdly overbroad" a wide-ranging 30(b)(6) deposition notice that "reads like an interrogatory or a section of a request for production of documents"); *Tri-State Hosp. Supply Corp.*, 226 F.R.D. 118, 126 (D.D.C. 2005) (holding that Rule 30(b)(6) depositions should "be productive and not simply an excuse to seeking information that is already known"). Thus, the Plaintiffs should not be entitled to seek testimony in relation to this Matter of Examination.

3.      Given that the Plaintiffs rely on the same set of Definitions in the Notice as in their written discovery requests and Matter of Examination 13 is duplicative of Interrogatory No. 14

and Request for Production No. 9, the Defendants also incorporate herein all objections it asserted in response to these written discovery requests. *See* Ex. A at 58-60; Ex. B at 36-38.

4. Defendants also object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

**Defendants provide the following objections to Matter of Examination No. 14:**

1. Defendants object to Matter of Examination No. 14 as it seeking discovery in relation to specific diplomatic communication from the Executive Branch. As discussed above, seeking such testimony and information would be an expansion of the term "Facilitate," and would go beyond the orders in *Abrego Garcia II* and *III. J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *12-13 (4th Cir. May 19, 2025) (Richardson, J. dissenting). Furthermore, this Matter of Examination touches on negotiations with foreign states and when it comes to negotiating with foreign states, precedent is clear that the Constitution gave no authority to the courts or Congress "that would enable it to initiate diplomatic relations with a foreign nation." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13-14 (2015). Therefore, the Plaintiffs should not be entitled to seek testimony in relation to this matter of examination.

2. The Defendants also object to Matter of Examination No. 14 as overbroad and disproportionate to the needs of the case because Plaintiffs' request is not reasonably limited in time and scope. *See Pederson v. Preston*, 250 F.R.D. 61, 65-66 (D.D.C. 2008) ("Courts need not tolerate fishing expeditions, discovery abuse, and an inordinate expense involved in overbroad and far-ranging discovery requests.") Matter of Examination No. 14, which includes Ambassador

Duncan's communication "with any El Salvador official regarding Cristian or related to this case," is not sufficiently limited because it does not contain any restrictions or limitations in time, the officials within the government of El Salvador, and the very limited subject matter that the Court authorized discovery for. Furthermore, Class Counsel's indication that there has been a WhatsApp communication between the Ambassador and the advisor to President Bukele reflect communications concerning the housing of TdA members does not warrant the Plaintiffs to engage in a fishing expedition into Ambassador Duncan's diplomatic communications with the government of El Salvador. *See* ECF No. 308.

3.    The Defendants likewise objects to Matter of Examination No. 14 as outside the scope of the Court's limited discovery order because the Court's June 5, 2025 Order did not authorize discovery into specific diplomatic communication from the Executive Branch. Fed. R. Civ. P. 26(b)(1) (recognizing that courts may limit the scope of discovery by order); Fed. R. Civ. P. 30(c)(2) (witnesses may be instructed by their counsel not to answer questions that go beyond a "limitation ordered by the court").

4.    The Defendants also objects to Matter of Examination No. 14 to the extent Plaintiffs seek information covered by: (a) attorney work product, trial preparation material, or communications protected by the attorney-client privilege or the attorney work product protection, (b) information protected by the deliberative process privilege, law enforcement privilege, or State Secrets Privilege, and (c) any other applicable privilege, statute, or regulation restricting its dissemination.

5.    Defendants also object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State.

*See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

6.    Defendants also object to this Matter of Examination to the extent that disclosure of diplomatic communications are problematic for the conduct of foreign policy of the United States and far beyond the purview of the Court.  Such disclosures burden the conduct of the Government's current and future foreign policy and will have a chilling effect on foreign governments' willingness to engage in fulsome discussions with U.S. counterparts. If foreign government counterparts believe that the details of their discussions with U.S. counterparts may find there into a court by way of deposition, it will significantly risk U.S. foreign policy and national security objectives.  *See, e.g., Chi. & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("[E]xecutive decisions as to foreign policy . . . are decisions of a kind for which the Judiciary has neither aptitude, facilities nor responsibility and have long been held to belong in the domain of political power not subject to judicial intrusion or inquiry.")

**Defendants provide the following objections to Matter of Examination No. 15:**

1.    Defendants object to Matter of Examination No. 15 as it seeking discovery that touches on specific diplomatic communication from the Executive Branch. As discussed above, seeking such testimony and information would be an expansion of the term "Facilitate," and would go beyond the orders in *Abrego Garcia II* and *III. J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *12-13 (4th Cir. May 19, 2025) (Richardson, J. dissenting). Furthermore, this Matter of Examination seeks discovery on communications that touches on negotiations with foreign states and when it comes to negotiating with foreign states, precedent is clear that the Constitution gave no authority to the courts or Congress "that would enable it to initiate diplomatic relations with a foreign nation." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S.

23

1, 13-14 (2015). Therefore, the Plaintiffs should not be entitled to seek testimony in relation to this matter of examination.

      2.      The Defendants also object to Matter of Examination No. 15 as overbroad and disproportionate to the needs of the case because Plaintiffs' request is not reasonably limited in time and scope. *See Pederson v. Preston*, 250 F.R.D. 61, 65-66 (D.D.C. 2008) ("Courts need not tolerate fishing expeditions, discovery abuse, and an inordinate expense involved in overbroad and far-ranging discovery requests.") Matter of Examination No. 14, which includes "communications between Secretary of State Marco Rubio, and any other U.S. State Department official or 'in country Embassy officials,'" is not sufficiently limited because it does not contain any restrictions or limitations in time, the officials within the government of El Salvador or offices within the Department of State, and the very limited subject matter that the Court authorized discovery for.

      3.      The Defendants likewise objects to Matter of Examination No. 15 as outside the scope of the Court's limited discovery order because the Court's June 5, 2025 Order did not authorize discovery into specific diplomatic communication from the Executive Branch or communications between Secretary of State Marco Rubio, and any other U.S. State Department official. Fed. R. Civ. P. 26(b)(1) (recognizing that courts may limit the scope of discovery by order); Fed. R. Civ. P. 30(c)(2) (witnesses may be instructed by their counsel not to answer questions that go beyond a "limitation ordered by the court").

      4.      Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

5.      The Defendants also object to Matter of Examination No. 15 to the extent Plaintiffs seek information covered by: (a) attorney work product, trial preparation material, or communications protected by the attorney-client privilege or the attorney work product protection, (b) information protected by the deliberative process privilege, law enforcement privilege, or State Secrets Privilege, and (c) any other applicable privilege, statute, or regulation restricting its dissemination,

6.      The Defendants also object to Matter of Examination No. 15 to the extent that disclosure of intra-Department of State communications discussing and planning specific diplomatic engagement and foreign policy in advance of execution  is just as  problematic as disclosure of State Department communications with foreign partners and nations. The conduct of foreign policy by the United States begins with intra-Departmental planning activities and communications which then lead to specific and deliberate engagements with foreign nations and partners.  These intra-department communications take into context engagements with foreign partners and nations and represent deliberative planning and thus are also far beyond the purview of the Court.  Such disclosures burden the conduct of the Government's current and future foreign policy and will have a chilling effect on foreign governments' willingness to engage in fulsome discussions with U.S. counterparts. If foreign government counterparts believe that the details of their discussions with U.S. counterparts may find there into a court by way of deposition, it will significantly risk U.S. foreign policy and national security objectives.  *See, e.g.*, *Chi. & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("[E]xecutive decisions as to foreign policy . . . are decisions of a kind for which the Judiciary has neither aptitude, facilities nor responsibility and have long been held to belong in the domain of political power not subject to judicial intrusion or inquiry.")

**Defendants provide the following objections to Matter of Examination No. 16:**

1.     Defendants object to Matter of Examination No. 16 as it is an overly broad and unduly burdensome request and would not be proportional to the needs of this case. Class Counsel, makes no attempt to establish that the issues in *Abrego Garcia* are similar enough to the extent to warrant *carte blanche* testimony about why Mr. Kilmer Abrego Garcia has been returned to the United States, but not Cristian. First, the procedural posture of this case and the *Abrego Garcia* case, is substantially different. The *Abrego Garcia* case includes additional named defendants than the case at hand, notably including the Department of State and Secretary of State Marco Rubio. *See* Compl. *Abrego Garcia*, 8:25-cv- 00951 (D. Md.), ECF No. 1; Compl. *J.G.G.*, 1:25-cv-00766 (D.D.C.), ECF No. 1. Additionally, the issues in *Abrego Garcia* are distinct from the case at hand. The discovery in *Abrego Garcia* centered around the defendants' compliance with a *different* court order dated April 10, 2025, which required only the facilitation of the return of Kilmar Armando Abrego Garcia, the plaintiff in that case, to the United States. Order Granting Expedited Discovery, *Abrego Garcia*, 8:25-cv-00951 (D. Md.), ECF No. 79. Mr. Abrego Garcia is also not a class member in *J.O.P.* and is a Salvadorian national that was in the custody of El Salvador, as opposed to a Venezuelan national in the Custody of El Salvador. While both Cristian and Mr. Abrego Garcia are the subject of court orders that directed the government to facilitate their return to the United States, inquiry into "all facts and circumstances" related compliance with another court's earlier order has no bearing on compliance with a different court in the contract enforcement case at hand. Therefore, the Plaintiffs should not be entitled to seek testimony in relation to this Matter of Examination.

2.     The Defendants likewise object to Matter of Examination No. 16 as outside the scope of the Court's limited discovery order because the Court's June 5, 2025 Order did not

authorize discovery into another Court's earlier compliance order. Fed. R. Civ. P. 26(b)(1) (recognizing that courts may limit the scope of discovery by order); Fed. R. Civ. P. 30(c)(2) (witnesses may be instructed by their counsel not to answer questions that go beyond a "limitation ordered by the court").

3.    Defendants object to this Matter of Examination to the extent it seeks information related to diplomatic efforts to comply with the Court's Orders to which Defendants were uninvolved because such diplomatic efforts are known strictly to the Department of State. *See, e.g., Coryn Grp. II, LLC.*, 265 F.R.D. at 239; *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *9.

4.    The Defendants also objects to Matter of Examination No. 16 to the extent Plaintiffs seek information covered by: (a) attorney work product, trial preparation material, or communications protected by the attorney-client privilege or the attorney work product protection, (b) information protected by the deliberative process privilege, law enforcement privilege, or State Secrets Privilege, and (c) any other applicable privilege, statute, or regulation restricting its dissemination.

## CONCLUSION

For the reasons discussed in greater detail above, Defendants object to the scope of AD-EAD Harper's deposition because Plaintiffs seek to elicit information regarding the Department of State's efforts to comply with the Court's order beyond the content of the reports filed with the Court bearing her signature. The Court should also deny Plaintiff's request to seek a Rule 30(b)(6) deposition outright. In the alternative, even if the Court grants Plaintiffs request to take the deposition of a 30(b)(6) witness, the topics for examination should only be limited to Matters of Examinations Nos. 1-12 subject to the objections laid out in the Defendants' Responses to

Interrogatory Nos. 2-7 and 9-13, and Requests for Production Nos. 1 and 4-8 for the reasons discussed above.

DATED: July 2, 2025                                    Respectfully Submitted,

                                                        BRETT A. SHUMATE
                                                        *Assistant Attorney General*
                                                        Civil Division

                                                        WILLIAM C. PEACHEY
                                                        *Director*,
                                                        Office of Immigration Litigation

                                                        YAMILETH G. DAVILA
                                                        *Assistant Director*

                                                        RICHARD G. INGEBRETSEN
                                                        BRANDON ZELLER
                                                        KELARK AZER HABASHI
                                                        *Trial Attorneys*

                                                        /s/ *Erhan Bedestani*
                                                        ERHAN BEDESTANI
                                                        *Trial Attorney* (MN Bar No. 0504824)
                                                        U.S. Department of Justice, Civil Division
                                                        Office of Immigration Litigation
                                                        District Court National Security Section
                                                        P.O. Box 868, Washington D.C. 20044
                                                        T: (202)-598-7451
                                                        erhan.bedestani2@usdoj.gov

                                                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Erhan Bedestani*
Erhan Bedestani (MN Bar No. 0504824)
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation