# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

|  |  |
|---|---|
| J.O.P., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 8:19-cv-01944-SAG |
| | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF EXPEDITED INTERROGATORIES

Defendants object and respond to Plaintiffs' First Set of Expedited Requests for

Interrogatories ("ROG") in accordance with Federal Rules of Civil Procedure 26 and 33, Local

Rule 104, and the Court's Order Granting Expedited Discovery ("Order") (Dkt. 293). Plaintiffs'

interrogatories were served on Defendants on June 9, 2025. Defendants respond subject to the

accompanying objections. Defendants' objections are based on information known to Defendants

at this time and are made without prejudice to additional objections should Defendants later

identify additional grounds for objection. Defendants also submit this response subject to: (a) any

objections as to competency, relevancy, materiality, privilege, and admissibility of any of the

answers; (b) the right to object to other discovery procedures involving and relating to the

subject matter of the requests herein; and (c) a reservation of the right to supplement, clarify,

revise, or correct any or all of the responses herein at any time as provided under Federal Rule of

Civil Procedure 26(e).

## PRELIMINARY STATEMENT

1

Defendants have made a diligent and good faith effort to obtain information that is responsive to the Expedited Interrogatories. Defendants' responses are based on their knowledge, information, and documents acquired and reviewed to date. Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence of subsequently discovered facts.

Importantly, this document contains confidential information and information designated Attorney's Eyes Only and is subject to the stipulated protective order entered in the case (ECF No. 302).

## **GENERAL OBJECTIONS**

Defendants object to these discovery requests to the extent that they purport to impose obligations other than those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the U.S. District Court for the District of Maryland.

Defendants object to these requests to the extent they seek privileged information, including but not limited to attorney client privilege, state secrets, executive privilege, and deliberative process privilege. Defendants further object to the extent that any instruction or definitions calls for disclosure of draft documents, which are not relevant to any party's claims or defenses. Respondents do not intend to waive any privilege with these Responses and reserve all rights to assert those privileges. Defendants' objections and responses shall not be deemed to constitute admissions that (a) information or any document or thing exists or is relevant, non-privileged, or admissible in evidence; or (b) any statement or characterization by Plaintiffs in the requests are accurate or complete.

Further, Defendants object to Plaintiffs' service of more than fifteen interrogatories in contravention of the district court's order. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-

2

CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen interrogatory requests). Several interrogatories served in Plaintiffs' First Set of Interrogatories contain discrete subparts that count as independent, additional interrogatories. Accordingly, Plaintiffs have impermissibly served more than fifteen interrogatories in total. *See, e.g.*, *U.S. ex rel. Birckhead Elec., Inc. v. James W. Ancel, Inc.*, 2014 WL 7364461, at \*1 (D. Md. Dec. 23, 2014) (highlighting that "an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation.") (citation and internal quotes omitted); *Safeco of Am. v. Rawstron, 181 F.R.D. 441*, 444 (C.D. Cal. 1998) (highlighting that "discrete subparts" need not be numbered or lettered to count as multiple interrogatories); *see also* Fed. R. Civ. P. 33(a).

## OBJECTIONS TO DEFINITIONS

**Definition No. 1.** "You" and "Your" refers to all Defendants, and any other agency or official of the United States.

**OBJECTION:** Defendants object to Plaintiffs' definition of "You" and "Your" as overbroad and vague. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to this definition to the extent it would require Defendants to obtain

3

and disclose information that is not within the knowledge or possession of parties to the litigation and their current employees and agents. Defendants will construe "You" and "Your" in the context of Plaintiffs' requests as meaning Defendants and/or the specific named person(s) to whom the requests are addressed, and their agents and representatives. This objection is incorporated into each of Defendants' responses to the requests that involve the usage of the terms "You" and "Your."

**Definition No. 8.** "Facilitate" means facilitate as defined by Judge Xinis and the U.S. Court of Appeals for the Fourth Circuit in *Abrego Garcia* and adopted by the Court in this case. *See* ECF No. 253 at 13–14; No. 8:25-cv-00951, ECF 79 at 4 (D. Md. Apr. 15, 2025); No. 25-1404 (4th Cir. Apr. 17, 2025); No. 25-1345, 2025 WL 1021113, at *6 (4th Cir. Apr. 7, 2025) (Wilkinson, J. concurring).

**OBJECTION:** Defendants object to Plaintiffs' definition of "Facilitate." Plaintiffs' definition of "Facilitate" goes beyond what the Supreme Court and the Fourth Circuit Court of Appeals endorsed in *Abrego Garcia.* In *Abrego Garcia II*, the Supreme Court affirmed an order that the government "facilitate" the return of a deported individual but not demand return. *See Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). On remand in *Abrego Garcia*, the district court defined facilitate as "at a minimum, to take the steps available to [the government] toward aiding, assisting, or making easier Abrego Garcia''s release from custody in El Salvador and resuming his status quo ante." *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1113440, at *2 (D. Md. Apr. 15, 2025). The Fourth Circuit subsequently affirmed. *See Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025) (hereinafter "*Abrego Garcia III*").

4

Plaintiffs' definition of "Facilitate" exceeds the orders in *Abrego Garcia II* and *III*. On April 23, 2025, the district court ordered that Defendants "facilitate Class Member Cristian's return to the United States to await the adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement. Facilitation includes, but is not limited to, a good faith request by Defendants to the government of El Salvador to release Cristian to U.S. custody for transport back to the United States." *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 254 (D. Md. Apr. 23, 2025). Expansion of the term "Facilitate," to encompass an order requiring specific diplomatic communication from the Executive Branch is beyond the orders in *Abrego Garcia II* and *III. J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *12-13 (4th Cir. May 19, 2025) (Richardson, J. dissenting). Rather, when it comes to negotiating with foreign states, precedent is clear that the Constitution gave no authority to the courts or Congress "that would enable it to initiate diplomatic relations with a foreign nation." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13-14 (2015). Accordingly, Plaintiffs' definition of "Facilitate" goes beyond the decisions in *Abrego Garcia* to include the Executive's foreign-affairs conduct in excess of the district court's jurisdiction and is the subject of a pending appeal. *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519 (4th Cir.).

## OBJECTIONS AND RESPONSES TO REQUESTS FOR INTERROGATORIES

**ROG No. 1:** Describe with specificity the custodial status of Cristian since March 15, 2025, including identification of all known locations in which Cristian has been detained, including providing the name of the facility or facilities, and identify the dates he was detained in each location.

5

**OBJECTIONS:** Defendants object to Plaintiffs' request as seeking information beyond

the limited scope of expedited discovery ordered by the district court. Specifically, the district

court limited discovery to "ascertaining":

> compliance with this Court's Orders: (a) to "facilitate Class Member Cristian's return to the United States," ECF 254; and (b) to "provide a status report on the steps they have taken to facilitate the return of Cristian was removed from the United States to El Salvador on March 15, 2025, and, to the United States for adjudication on the merits' of his asylum application by USCIS," including evidence concerning Cristian's current physical location and custodial status, what steps, if any, Defendants have taken to facilitate Cristian's return to the United States, and what additional steps Defendants will take, and when, to facilitate Cristian's return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5,

2025) (emphasizing discovery "must be narrowly tailored to focus on any agreement,

arrangement, or understanding between the United States and El Salvador that also implicates or

affects the removal, confinement, or return of Cristian."). This ROG is overly broad, unduly

burdensome, and not proportional to the needs of this case as the request is not reasonably

limited in scope to the Court's April 23, May 20, May 27, and June 5 orders. The Court did not

grant discovery of Cristian's physical location and custodial status since March 15, 2025, nor is

Cristian's custodial status prior to the Court's Order of April 23, 2025, relevant to Defendants'

"compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2)

status reports on steps to facilitate including physical location, custodial status, what steps have

been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF

No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the

requested information exceeds the district court's order of June 5, 2025, and is not relevant or

proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1).

Defendants will construe the temporal scope of this request to be limited to "since April 23, 2025."

Defendants further object that the ROG is overbroad and vague. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants also object to this request as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

Defendants also object to this request to the extent it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived.");

*Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at \*4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request to the extent it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to custodial status, which can include information pertaining to "law enforcement techniques and procedures." *See, e.g., United States v. Matish,* 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York,* 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland,* 2021 WL 4169600, at \*9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, Defendants object to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations in relation to the detention and supervision status assigned to Cristian's detention. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may

9

disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to ROG No. 1:** Subject to the foregoing objections, Defendants respond as follows: Cristian was removed from the United States to El Salvador on March 15-16, 2025, and, to the best of Defendants' knowledge, has been physically located at CECOT in Tecoluca, El Salvador, from the time of his arrival in the country until the present. On June 6, 2025, and June 12, 2025, Mellissa Harper, the Acting Assistant Director (AD) for the Removal Division, Enforcement and Removal Operations (ERO) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS), learned from a U.S. Department of State (State Department) representative that the Salvadoran government informed the Embassy that Cristian remains at CECOT.

Defendants expressly reserve the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 2:** Describe with specificity all requests from You to El Salvador regarding Cristian's custodial and/or health status, including when each request was made and by whom, and any response to each request.

**OBJECTIONS:** Defendants object to Plaintiffs' request as seeking information beyond the limited scope of expedited discovery ordered by the district court. Specifically, the district court limited discovery to ascertaining:

Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member Cristian's return to the United States," ECF 254; and (b) to "provide a status report

10

on the steps they have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS," including evidence concerning Cristian's current physical location and custodial status, what steps, if any, Defendants have taken to facilitate Cristian's return to the United States, and what additional steps Defendants will take, and when, to facilitate Cristian's return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025). This ROG is overly broad, unduly burdensome, and not proportional to the needs of this case as the request is not reasonably limited in scope to the Court's April 23, May 20, May 27, and June 5 orders. The ROG provides no temporal limitation that adheres to the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. Additionally, the ROG impermissibly seeks discovery concerning Cristian's "health status" which is not within the scope of limited discovery ordered by the Court. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1). Defendants will construe the temporal scope of this request to be limited to "since April 23, 2025."

Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above, as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information

11

from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants further object that ROG No. 1 is compound seeking both information regarding "Cristian's custodial and/or health status." The request is compound Interrogatory No. 2 because it asks for one answer to two different questions. The request comprises two ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants also object to this request to the extent it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from the disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request to the extent it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the

12

other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking information related to custodial and health status of Cristian, which can include information pertaining to "law enforcement techniques and procedures." *See, e.g., United States v. Matish,* 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York,* 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland,* 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations in relation to Cristian's custodial and health status. *See, e.g., NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which

13

governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the of state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to ROG. No. 2:** Defendants respond as follows: On or about June 2, 2025, Acting AD Mellissa Harper learned from the State Department that Secretary of State Marco Rubio is personally handling the discussions with the Government of El Salvador. In addition, a

representative of the U.S. Embassy in El Salvador asked a Salvadoran government interlocutor on May 30, June 6, June 11, and June 20 about Cristian's custodial status and health. On June 6, 2025, Acting AD Mellissa Harper learned from the State Department that the Salvadoran government told the Embassy that Cristian remained at CECOT, was in a good state of health, had undergone regular medical exams, and had put on weight. On June 12, 2025, Acting AD Mellissa Harper learned from the State Department that the Salvadoran government notified the United Stated Embassy in El Salvador that Cristian remained at CECOT in a good state of health and had gained weight.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 3:** Describe each action You have already taken, and when, to Facilitate Cristian's release from custody in El Salvador; and for each Person involved in the foregoing, Describe with Specificity each such person.

**OBJECTIONS:** ROG No. 3 provides no temporal limitation that adheres to the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1). Defendants will construe the temporal scope of this request to be limited to "since April 23, 2025."

15

Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants further object that ROG No. 3 is compound seeking both information regarding "action" taken, and "each Person involved." The request is compound because it asks for one answer to two different questions. The request comprises two ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of

16

and in furtherance of the joint legal effort" so long as "the privilege has not been waived.");
*Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010
WL 5125447, at \*4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it
calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A)
("[o]rdinarily, a party may not discover documents and tangible things that are prepared in
anticipation of litigation or for trial by or for another party or its representative" "including the
other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th
Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a
substantial need and an inability to secure the substantial equivalent of the materials by alternate
means without undue hardship[,] ... [o]pinion work product is even more carefully protected,
since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information
protected by the law enforcement privilege. Here, the Plaintiffs are seeking information related
to actions taken to facilitate Cristian's release from El Salvador, which can include information
pertaining to "law enforcement techniques and procedures," and information that would
undermine "the confidentiality of sources." *See, e.g., United States v. Matish,* 193 F. Supp. 3d
585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information
pertaining to law enforcement techniques and procedures, information that would undermine the
confidentiality of sources, information that would endanger witness and law enforcement
personnel [or] the privacy of individuals involved in an investigation, and information that would
otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York,* 607 F.3d
923, 944 (2d Cir. 2010)); *Jardaneh v. Garland,* 2021 WL 4169600, at \*9 (D. Md. Sept. 14, 2021)

17

(same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations in relation to facilitating the release of Cristian from El Salvador. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation''s national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign

governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to ROG No. 3:** To the extent not objected to as explained above, the Defendants respond as follows: On June 2, a State Department representative provided the following statement to Mellissa Harper: "Secretary Rubio has a personal relationship with President Bukele and senior officials in the Salvadoran government that dates back over a decade to the Secretary's service on the Senate Foreign Relations Committee. Based on this deep experience with El Salvador and the Secretary's familiarity with political and diplomatic sensitivities in the country, he is personally handling the discussions with the government of El Salvador regarding persons subject to the Court's order detained in El Salvador. Secretary Rubio has read and understands this Court's order, and wants to assure this Court that he is committed to making prompt and diligent efforts on behalf of the United States to comply with that order." Defendants are unable to provide more detail on past, current, or future discussions with the Government of El Salvador about facilitating Cristian's release and return to the United States because such information is highly sensitive and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests.

Defendants expressly reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

19

**ROG No. 4:** Describe each action You plan to take in the future, and when, to Facilitate Cristian's release from custody in El Salvador; and for each Person you expect to be involved in the foregoing, Describe with Specificity each such person.

**OBJECTIONS:** Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants also object to this request as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

Defendants object that ROG No. 4 is vague and overbroad in that "involved in" is neither defined in the request or in Plaintiffs' definitions and lacks any discernable limitation.

Defendants further object that ROG No. 4 is compound seeking both information regarding each "action" and "each Person" to be involved. The request is compound because it asks for one answer to two different questions. The request comprises two ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*,

20

No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to actions that will be taken to facilitate Cristian's release from El Salvador, which can

21

include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations in relation to action that will be taken to facilitate the release of Cristian from El Salvador. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state

22

secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to ROG No. 4:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants hereby incorporate the response to ROG No. 3 as the response to ROG No. 4.

The Defendants expressly reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 5:** Describe each action You have already taken, and when, to Facilitate Cristian's return to the United States; and for each Person involved in the foregoing, Describe with Specificity each such person.

23

**OBJECTIONS:** ROG No. 5 provides no temporal limitation that adheres to the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1). Defendants will construe the temporal scope of this request to be limited to "since April 23, 2025."

Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants also object to this request as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

Defendants object that ROG No. 5 is vague and overbroad in that "involved in" is neither defined in the request or in Plaintiffs' definitions and lacks any discernable limitation.

Defendants further object that ROG No. 5 is compound seeking both information regarding "action" taken, and "each Person involved." The request is compound because it asks for one answer to two different questions. The request comprises two ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a

25

substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to actions taken to facilitate Cristian's return to the United States, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g., United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations in relation to action that were taken to facilitate Cristian's return to the United States. *See, e.g., NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes

omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic outreach to El Salvador and the content of discussions with individuals in the government of El Salvador regarding the facilitation of Critian's return. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 5:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants hereby incorporate the response to ROG No. 3 as the response to ROG No. 5.

27

The Defendants expressly reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 6:** Describe each action You plan to take in the future, and when, to Facilitate Cristian's release from custody in El Salvador; and for each Person you expect to be involved in the foregoing, Describe with Specificity each such person.

**OBJECTIONS:** Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants also object to this request as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

Defendants object that ROG No. 6 is vague and overbroad in that "involved in" is neither defined in the request or in Plaintiffs' definitions and lacks any discernable limitation.

28

Defendants further object that ROG No. 6 is compound seeking both information regarding "action" to be taken, and "each Person" to be involved. The request is compound because it asks for one answer to two different questions. The request comprises two ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate

29

means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to actions that will be taken to facilitate Cristian's release from El Salvador, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations in relation to action that will be taken to facilitate Cristian's release from El Salvador. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021)

("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Defendants object to Interrogatory No. 6 because it calls for the disclosure of state secrets. Specifically, this Interrogatory No. 6 calls for the disclosure of information regarding the details of the United States' future diplomatic outreach to El Salvador and the content of future discussions with individuals in the government of El Salvador regarding the facilitation of Critian's release from the custody of El Salvador. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 6:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants hereby incorporate the response to ROG No. 3 as the response to ROG No. 6.

DHS has also established processes for taking steps to remove domestic obstacles that would otherwise prevent an alien from lawfully entering the United States. DHS is prepared to facilitate Cristian's presence in the United States in accordance with those processes if he presents at a port of entry. If Cristian does present himself at a port of entry, he would become subject to detention by DHS. In that case, DHS would take him into custody in the United States, and he will be processed for removal again consistent with applicable law.

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 7:** Describe any good faith requests by You to the government of El Salvador to release Cristian to U.S. officials for transport back to the United States, and/or any such request You will make in the future, and when; the response to any such request; and Describe with Specificity the Person who made (or will make) any such request and the Person who respond to any such request.

**OBJECTIONS:** Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not

32

within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants further object that ROG No. 7 is vague and compound seeking information regarding "requests" made or that "will" be made, and "Persons who made (or will make)," and "the Person who respond." The request is compound because it asks for one answer to at least six different questions. The request is vague and comprises as many as six ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at \*2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at \*4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th

33

Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to requests made or requests that will be made to the government of El Salvador related to the release of Christian to the United States, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations in relation to requests made or requests that will be made to the Government of El Salvador facilitate the return of Christian to the United States. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions,

34

recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic previous and future outreach to El Salvador and the content of previous and future discussions with individuals in the government of El Salvador regarding the Cristian's release from custody. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 7:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants hereby incorporate the response to ROG No. 3 as the response to ROG No. 7.

35

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 8:** Describe with specificity each communication any Defendant has had with the U.S. Department of State concerning this Court's April 23, 2025 Order (ECF No. 254) requiring Defendants to Facilitate Cristian's return to the United States, this Court's May 28, 2025 Order (ECF No. 287), and/or this Court's June 5, 2025 Order (ECF No. 293).

**OBJECTIONS:** ROG No. 8 is compound, containing three distinct and separate questions. This request first asks to describe each communication that Defendants had with the U.S. Department of State concerning the Court's April 23, 2025 Order requiring Defendants to facilitate Cristian's return to the United States. Then, this question asks to describe each communication concerning this Court's May 28 2025 Order, which required the Defendants to file a status report on other discrete areas such as Cristian's physical location and current custodial status. And finally this request then asks to describe each communication that Defendants had with the U.S. Department of State concerning this Court's June 5, 2025 Order, which includes amongst other things the nature of the expedited discovery at issue. Therefore, this interrogatory contains three subparts and is three interrogatories. *See Mezu v. Morgan State University,* 269 F.R.D. 565, 572–73 (D.Md.2010) ("'[A]n interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question," but "an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation.'"); *see also U.S. ex rel. Birckhead Elec., Inc. v. James W. Ancel, Inc.,* 2014 WL 7364461, at *1 (D. Md. Dec. 23, 2014) (highlighting that

"an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation.") (citation and internal quotes omitted).

The Defendants also object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to communications between Defendants and the U.S. Department of State concerning the

37

facilitation of Cristian's return to the United States, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations in relation to communications between Defendants and the U.S. Department of State concerning the facilitation of Cristian's return to the United States. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

**Response to ROG No. 8:** To the extent not objected to as explained above, the Defendants respond as follows: Subject to the foregoing objections, Defendants respond as follows: On June

38

2, 2025, a State Department representative called Acting AD Mellissa Harper to provide her with a Department of State authorized statement as quoted in her June 2, 2025 declaration. On June 6, 2025 and June 12, 2025, a State Department representative e-mailed AD Harper to provide her with an update regarding Cristian.

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 9:** Describe with specificity each Communication You have had with any Person in the government of El Salvador or at any facility in El Salvador used for detention or confinement concerning Cristian, including when, in what form, by whom, and to whom.

**OBJECTIONS:** Defendants incorporate their general objection to the Plaintiffs' definition of "You" noted above as vague and overbroad. Defendants will respond only to the extent that information is in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants further object that ROG No. 9 is compound seeking information regarding "communication" with a "Person in the government of El Salvador or at any facility in El

Salvador." The request is compound because it asks for one answer to two different questions.
The request exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S.
Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025)
(limiting Plaintiffs to fifteen ROG).

Defendants also object to this request as based on the premise that the United States may
exercise authority over third-country nationals detained by El Salvador within the sovereign
territory and pursuant to the domestic law of El Salvador.

The Defendants object to this request as it calls for information protected by the attorney-
client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL
1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential
communications made between a client and an attorney in an effort to obtain legal services are
protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2
(D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications
that are between parties who "share[ ] an identical legal interest" and are "made in the course of
and in furtherance of the joint legal effort" so long as "the privilege has not been waived.");
*Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010
WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it
calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A)
("[o]rdinarily, a party may not discover documents and tangible things that are prepared in
anticipation of litigation or for trial by or for another party or its representative" "including the
other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th
Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a
substantial need and an inability to secure the substantial equivalent of the materials by alternate

means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to communications with the government of El Salvador concerning the detention of Cristian, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations in relation to communications with the government of El Salvador concerning the detention of Cristian. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*,

41

592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Interrogatory No. 9 calls for the disclosure of information regarding the details of the United States' diplomatic previous and future outreach to El Salvador and the content of previous and future discussions with individuals in the government of El Salvador regarding the confinement of Cristian.' Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 9:** To the extent not objected to as explained above, the Defendants respond as follows: Subject to the foregoing objections, Defendants respond as follows: Defendants hereby incorporate the response to ROG No. 3 as the response to ROG No. 9 and adds that "'''''''''a representative of the U.S. Embassy asked a Salvadoran government interlocutor on May 30, June 6, June 11, and June 20 about Cristian's custodial status and health. As conveyed to

AD Harper from the State Department, the Salvadoran government responded to the Embassy on June 6 that Cristian remains at CECOT and is in good health and added that he has had regular medical exams and had put on weight. On June 12, the Salvadoran government reconfirmed his good health and presence at CECOT, noting that he had again put on weight.

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 10:** Describe with specificity the terms of any agreement, arrangement, or understanding between the governments of the United States and El Salvador, pursuant to which Cristian was or is confined, including any rights the government of the United States possesses, retains or has exercised concerning any individual removed from the United States.

**OBJECTIONS:** Defendants object to ROG No. 10 as overbroad and vague in that it seeks information that is not in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

43

Defendants also object to this request as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

Defendants object that ROG No. 10 is vague and overbroad in that "rights" is neither defined in the request or in Plaintiffs' definitions and lacks any discernable limitation.

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

44

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to agreements or arrangements between the United States and El Salvador under which Cristian is being detained, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at \*9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations concerning agreements or arrangements with the Government of El Salvador, under which Cristian is being detained. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were

generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 10:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants respond that on March 22, the United States and El Salvador entered into a letter grant providing funds for El Salvador's law enforcement and anticrime needs. The letter grant acknowledged that El Salvador could choose to use these funds for "costs associated with" the housing of TdA members. However, the use of the funds was not limited to this purpose but was available to help address law enforcement and anticrime needs more generally. High-level Salvadoran officials have confirmed to the U.S. Embassy their understanding that the funds may be used for these broader purposes and need not be used to pay for housing TdA persons transferred from the United States.

The Defendants expressly reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

46

**ROG No. 11:** Describe with specificity each payment or other compensation that has been, or will be, made or withheld in connection with the detention in El Salvador of Cristian, including when each payment was or will be made or withheld, in what amount, by whom, and to whom.

**OBJECTIONS:** Defendants object to Plaintiffs' request as seeking information beyond the limited scope of expedited discovery ordered by the district court. Specifically, the district court limited discovery to ascertaining:

> Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member Cristian's return to the United States," ECF 254; and (b) to "provide a status report on the steps they have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS," including evidence concerning Cristian's current physical location and custodial status, what steps, if any, Defendants have taken to facilitate Cristian's return to the United States, and what additional steps Defendants will take, and when, to facilitate Cristian's return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025). This ROG is overly broad, unduly burdensome, and not proportional to the needs of this case as the request is not reasonably limited in scope to the Court's April 23, May 20, May 27, and June 5 orders. The ROG provides no temporal limitation that adheres to the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. The request is beyond the permissible scope of discovery in that it seeks information related to payments or compensations made to the government of El Salvador in relation to the detention of Cristian that bear no relevance to facilitating the return of Cristian or inform upon his physical location or custodial status, or relate to status reports. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5,

47

2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1).

Defendants object to ROG No. 11 as overbroad and vague in that it seeks information that is not in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants further object that ROG No. 11 is compound seeking information regarding payments made, not made, that will be made, or that will not be made. The request is compound because it asks for one answer to four different questions. The request comprises four ROGs and exceeds the number of ROG allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen ROG).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications

48

that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at \*4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party''s attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to payments and compensation made to El Salvador concerning Cristian's detention, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at \*9

49

(D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations concerning payments or compensation made to El Salvador concerning Cristian's detention. *See, e.g., NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

50

**Response to ROG No. 11:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants respond that on March 22, the United States and El Salvador entered into a letter grant providing funds for El Salvador's law enforcement and anticrime needs. The letter grant acknowledged that El Salvador could choose to use these funds for "costs associated with" the housing of TdA members. However, the use of the funds was not limited to this purpose but was available to help address law enforcement and anticrime needs more generally. High-level Salvadoran officials have confirmed to the U.S. Embassy their understanding that the funds may be used for these broader purposes and need not be used to pay for housing TdA persons transferred from the United States. The United States is considering on further grant for these purposes. Otherwise, there are no other plans for future payments.

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 12:** Describe with Specificity each Person having a role in compliance with the Court's May 20, 2025 Order directing Defendants to provide a status report (ECF No. 280).

**OBJECTIONS:** Defendants object to ROG No. 12 as overbroad in that it seeks information that is not in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not

51

within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants object to ROG No. 12 as vague and overbroad in that "role" is not defined in the ROG or elsewhere in Plaintiffs' definitions and has no discernable limitation. Defendants further object that ROG No. 12 is vague and overbroad in that it assumes a non-party "Person" (including a natural person or business entity) that takes actions related to status reports has a "role in compliance" although only Defendants are subject to the Court's Orders enforcing the parties' settlement agreement. *See* ECF Nos. 254, 280.

Defendants also object to this request as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in

anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. Here, the Plaintiffs are seeking specific information related to the facilitation of Cristian's return to the United States and the custodial status of Cristian, which can include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.,* *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at \*9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations concerning the facilitation of Cristian's return and the custodial status of Cristian. *See, e.g., NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150

53

(1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 12:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants incorporate their objections to definitions and objections to instructions. Defendants stand on the objections and will not provide an answer.

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 13:** Describe with Specificity each Person who reviewed and/or approved any of the Declarations of Assistant Director Mellissa B. Harper (ECF No. 285-1, ECF No. 290-1,

54

ECF 291-1), before they were filed with the Court, and/or any subsequent declarations (by any declarant) to be filed with the Court pursuant to the Court's June 3, 2025 Order (ECF No. 293).

**OBJECTIONS:** Defendants object to ROG No. 13 as overbroad in that it seeks information that is not in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. Defendants object to the extent the request seeks to obtain information that is not within the knowledge or possession of parties to the litigation and their current employees and agents.

Defendants object to ROG No. 13 as vague and overbroad in that "reviewed and/or approved" is not defined in the ROG or elsewhere in Plaintiffs' definitions and has no discernable limitation. Further, ROG No. 13 exceeds the Court's order limiting discovery to "*Defendants'* compliance" with the Court's Orders concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293 (emphasis added). The request is beyond the permissible scope of discovery in that it seeks information about a non-party "Person" (including a natural person or business entity) although only Defendants are subject to the Court's Orders. *See* ECF Nos. 254, 280. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the

requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1).

The Defendants object to this request as it calls for information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information

pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at \*9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks information subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional opinions, recommendations, and deliberations of individuals who reviewed and/or approved any of the Declarations of Assistant Director Mellissa B. Harper. *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.* ("*In re MTBE*"), 643 F.Supp.2d 439, 441 (S.D.N.Y. 2009)("The deliberative process privilege protects from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"); *City of Virginia Beach, Va. v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) ("[T]he deliberative process exemption protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v.*

57

*Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017)

(same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a

common law evidentiary rule that protects information from discovery when disclosure would be

inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to ROG No. 13:** To the extent not objected to as explained above, the

Defendants respond as follows: Defendants incorporate their objections to definitions and

objections to instructions. Defendants stand on their objections and will not provide an answer.

The Defendants reserve the right to supplement or modify their response upon

consideration of additional evidence that the Defendants may obtain or determine is relevant to

this request, in accordance with the Federal Rules of Civil Procedure.

**ROG No. 14:** Describe with Specificity all "[P]ersons subject to the Court's order

detained in El Salvador," as set forth in the June 2, 2025 Declaration of Mellissa Harper (ECF

No. 290-1).

**OBJECTIONS:** Defendants object to Plaintiffs' request as seeking information beyond

the limited scope of expedited discovery ordered by the district court. Specifically, the district

court limited discovery to ascertaining:

> Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member
> *Cristian's* return to the United States," ECF 254; and (b) to "provide a status report
> on the steps they have taken to facilitate the return of *Cristian* to the United States
> for adjudication on the merits of his asylum application by USCIS," including
> evidence concerning *Cristian's* current physical location and custodial status, what
> steps, if any, Defendants have taken to facilitate *Cristian's* return to the United
> States, and what additional steps Defendants will take, and when, to facilitate
> *Cristian's* return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5,

2025) (emphasis added) (directing discovery "must be narrowly tailored to focus on any

agreement, arrangement, or understanding between the United States and El Salvador that also

implicates or affects the removal, confinement, or return of *Cristian*.") (emphasis added).
Plaintiffs' request seeking information about other hypothetical individuals is beyond limited
discovery concerning Defendants' "compliance with the Court's Orders" concerning (1)
facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical
location, custodial status, what steps have been taken, or what steps will be taken to facilitate
Cristian's return from El Salvador. *See* ECF No. 293. Accordingly, Plaintiffs' request is not
within the permissible scope of discovery as the requested information exceeds the district
court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as
required under Federal Rule of Civil Procedure 26(b)(1).

Defendants object to this ROG as overly broad, unduly burdensome, and not proportional
to the needs of this case. This request is in essence seeking a list of all class members removed to
El Salvador, in which the Court already rejected such a request on the basis that it "[didn't] see
any reason that [it] should enforce anything other than the deal that the plaintiff class made with
respect to what its remedies and rights are under the agreement. *See* Transcript of May 6, 2026
Hearing at 17:19-22. Furthermore, Class Counsel has not identified any other instances to
support a conclusion that other class members have been removed and can point to nowhere in
the settlement agreement that gives them the right to request such information. *Id.* at 14:8-15:3.

The Defendants object to this request as it calls for information protected by the attorney-
client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL
1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential
communications made between a client and an attorney in an effort to obtain legal services are
protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2
(D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications

that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

**Response to ROG No. 14: RESPONSE:** To the extent not objected to as explained above, the Defendants respond as follows: Defendants incorporate their objections to definitions and objections to instructions. Defendants stand on their objections and will not provide an answer.

The Defendants reserve the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request, in accordance with the Federal Rules of Civil Procedure.

## VERIFICATION OF RESPONSES

I, [], declare under the penalty of perjury that the foregoing answers to the interrogatories is true and correct.

DATED: June 23, 2025

/s/    MELLISSA B HARPER
Digitally signed by
MELLISSA B HARPER
Date: 2025.06.23
19:15:46 -04'00'

Mellissa B. Harper
Acting Deputy Executive Associate Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security]

DATED: June 23, 2025                    Respectfully Submitted,

                                        BRETT A. SHUMATE
                                        *Assistant Attorney General*
                                        Civil Division

                                        WILLIAM C. PEACHEY
                                        *Director*,
                                        Office of Immigration Litigation

                                        YAMILETH G. DAVILA
                                        *Assistant Director*

                                        RICHARD G. INGEBRETSEN
                                        KELARK AZER HABASHI
                                        *Trial Attorneys*

                                        /s/ *Erhan Bedestani*
                                        ERHAN BEDESTANI
                                        *Trial Attorney* (MN Bar No. 0504824)
                                        U.S. Department of Justice, Civil Division
                                        Office of Immigration Litigation
                                        District Court National Security Section
                                        P.O. Box 868, Washington D.C. 20044
                                        T: (202)-598-7451
                                        erhan.bedestani2@usdoj.gov

                                        *Attorneys for Defendants*