# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

_____

J.O.P., *et al.*,

        Plaintiffs,

      v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*

        Defendants.
_____)

Case No. 8:19-cv-01944-SAG

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants object and respond to Plaintiffs' Expedited First Set of Requests for Production ("RFPs") in accordance with Federal Rules of Civil Procedure 26 and 34, Local Rule 104, and the Court's Order Granting Expedited Discovery ("Order") (Dkt. 293) as well as its April 30, 2025 order (Dkt. 254). Plaintiffs' RFPs were served on Defendants on June 9, 2025. Defendants respond subject to the accompanying objections. Defendants' objections are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants later identify additional grounds for objection. Defendants also submit this response subject to: (a) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the answers; (b) the right to object to other discovery procedures involving and relating to the subject matter of the requests herein; and (c) a reservation of the right to supplement, clarify, revise, or correct any or all of the responses herein at any time as provided under Federal Rule of Civil Procedure 26(e).

## PRELIMINARY STATEMENT

Defendants have made a diligent and good faith effort to obtain documents that are responsive and not privileged. Defendants' responses are based on their knowledge, information, and documents acquired and reviewed to date. Defendants reserve the right to supplement these responses in accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence of subsequently discovered facts.

Importantly, this document contains confidential information and information designated Attorney's Eyes Only and is subject to the stipulated protective order entered in the case (ECF No. 302).

## GENERAL OBJECTIONS

Defendants object to these discovery requests to the extent that they purport to impose obligations other than those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the U.S. District Court for the District of Maryland.

Defendants object to these requests to the extent they seek privileged information, including but not limited to attorney client privilege, state secrets, executive privilege, and deliberative process privilege. Defendants further object to the extent that any instruction or definitions calls for disclosure of draft documents, which are not relevant to any party's claims or defenses. Respondents do not intend to waive any privilege with these Responses and reserve all rights to assert those privileges. Defendants' objections and responses shall not be deemed to constitute admissions that (a) information or any document or thing exists or is relevant, non-privileged, or admissible in evidence; or (b) any statement or characterization by Plaintiffs in the requests are accurate or complete.

2

## OBJECTIONS TO DEFINITIONS

**Definition No. 1.** "You" and "Your" refers to all Defendants, and any other agency or official of the United States.

**OBJECTION:** Defendants object to Plaintiffs' definition of "You" and "Your" as vague and overbroad. Defendants will respond only to the extent that responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty. This objection is incorporated into each of Defendants' responses to the requests that involve the usage of the terms "You" and "Your."

**Definition No. 6.** "Facilitate" means facilitate as defined by Judge Xinis and the U.S. Court of Appeals for the Fourth Circuit in *Abrego Garcia* and adopted by the Court in this case. *See* ECF No. 253 at 13–14; No. 8:25-cv-00951, ECF 79 at 4 (D. Md. Apr. 15, 2025); No. 25-1404 (4th Cir. Apr. 17, 2025); No. 25-1345, 2025 WL 1021113, at *6 (4th Cir. Apr. 7, 2025) (Wilkinson, J. concurring).

**OBJECTION:** Defendants object to Plaintiffs' definition of "Facilitate." Plaintiffs' definition of "Facilitate" goes beyond what the Supreme Court and the Fourth Circuit Court of Appeals endorsed in *Abrego Garcia*. In *Abrego Garcia II*, the Supreme Court affirmed an order that the government "facilitate" the return of a deported individual but not demand return. *See*

*Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025). On remand in *Abrego Garcia*, the district court defined facilitate as "at a minimum, to take the steps available to [the government] toward aiding, assisting, or making easier Abrego Garcia's release from custody in El Salvador and resuming his status quo ante." *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1113440, at *2 (D. Md. Apr. 15, 2025). The Fourth Circuit subsequently affirmed. *See Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025) (hereinafter "*Abrego Garcia III*").

Plaintiffs' definition of "Facilitate" exceeds the orders in *Abrego Garcia II* and *III*. On April 23, 2025, the district court ordered that Defendants "facilitate Class Member Cristian's return to the United States to await the adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement. Facilitation includes, but is not limited to, a good faith request by Defendants to the government of El Salvador to release Cristian to U.S. custody for transport back to the United States." *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 254 (D. Md. Apr. 23, 2025). Expansion of the term "Facilitate," to encompass an order requiring specific diplomatic communication from the Executive Branch is beyond the orders in *Abrego Garcia II* and *III*. *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *12-13 (4th Cir. May 19, 2025) (Richardson, J. dissenting). Rather, when it comes to negotiating with foreign states, precedent is clear that the Constitution gave no authority to the courts or Congress "that would enable it to initiate diplomatic relations with a foreign nation." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13-14 (2015). Accordingly, Plaintiffs' definition of "Facilitate" goes beyond the decisions in *Abrego Garcia* to include the Executive's foreign-affairs conduct in excess of the district court's jurisdiction and is

the subject of a pending appeal. *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519 (4th Cir.).

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**RFP No. 1:** All Documents provided to, reviewed by, and/or relied on by Mellissa Harper, or any other declarant, in preparing any declarations submitted to the Court in this litigation relating to the Court's April 23, 2025 order to Facilitate the return of Cristian to the United States (ECF No 254) and orders to file status reports (ECF Nos. 280, 293), including the May 27, 2025 declaration (ECF No. 285-1), the June 2, 2025 declaration (ECF No. 290-1), and the June 6, 2025 declarations (ECF No. 294-1 and ECF No. 295-1).

**OBJECTIONS:**

At the outset, given that this request references the May 27, 2025 declaration (ECF No. 285-1), the June 2, 2025 declaration (ECF No. 290-1), and the June 6, 2025, June 6, 2025 declarations (ECF No. 294-1 and ECF No. 295-1), Defendants will confine their understanding of the term "Mellissa Harper," to mean the Acting Deputy Executive Executive Associate Director of the Enforcement and Removal Operations within the U.S. Immigration and Customs Enforcement ("ICE").

The Defendant objects to the phrase "all documents" as overly broad and unduly burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents" is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007); *see also Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 2026131, *3 (E.D. Mich. May 12, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999).

5

This request is compound, pursuing four distinct categories of documents. The RFP impermissibly requests documents related to May 27, 2025 declaration (ECF No. 285-1), the June 2, 2025 declaration (ECF No. 290-1), and the June 6, 2025, June 6, 2025 declarations (ECF No. 294-1 and ECF No. 295-1) in one request. Defendants object to Plaintiffs' service of more than fifteen RFP in contravention of the district court's order. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen RFP).

The Defendants object to this request to the extent it calls for documents and information protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request to the extent it calls for documents and information protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the

substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request to the extent it calls for information protected by the law enforcement privilege. *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it seeks documents subject to the deliberative process privilege, given that it is seeking information related to the pre-decisional deliberative opinions, recommendations, and deliberations in relation to the detention and supervision status assigned to Cristian's detention. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the

matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks documents subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F. Supp. 551, 556 (D. Md. 1956).

**Response to RFP No. 1:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserve the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 2**: All Communications involving any Defendant concerning matters covered by this Court's April 23, 2025 order (ECF No. 254).

**OBJECTIONS:**

Defendants object to this request as vague. Neither RFP No. 2 or Plaintiffs' definitions define what "covered by" means in this request.

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D. Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a

showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking communication related to facilitating the return of Cristian to the United States, which would include information pertaining to "law enforcement techniques and procedures and information" that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks communications related to the pre-decisional opinions, recommendations, and deliberations in relation to the Court's order. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife*

*Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic outreach to El Salvador and the content of discussions with individuals in the government of El Salvador regarding the facilitation of Cristian's return to the United States. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993

(D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to RFP No. 2:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 3**: All Communications involving any Defendant concerning matters covered by this Court's May 20, 2025 order (ECF No. 280) and this Court's June 5, 2025 Order (ECF No. 293).

**OBJECTIONS:**

Defendants object to this request as vague and overbroad. Neither RFP No. 2 or Plaintiffs' definitions define what "covered by" means in this request.

This request is compound, pursuing two distinct categories of documents. The RFP impermissibly requests documents related to the May 20, 2025 order (ECF No. 280) and June 5, 2025 order (ECF No. 293) in one request. Defendants object to Plaintiffs' service of more than fifteen RFP in contravention of the district court's order. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen RFP).

12

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking communication related to facilitating the return of Cristian to the United States, which would include information pertaining to "law enforcement techniques and procedures and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F.

Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks communications related to the pre-decisional opinions, recommendations, and deliberations in relation to the Court's order. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic outreach to El Salvador and the content of discussions with individuals in the government of El Salvador regarding the facilitation of Cristian's return to the United States. Defendants assert that such information is protected by the state secrets privilege

because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953))); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to RFP No. 3:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify their response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 4**: All Documents concerning each action You have already taken, or plan to take in the future, to Facilitate Cristian's release from custody in El Salvador.

**OBJECTIONS:**

Defendants object to RFD No. 4 based on Plaintiffs' vague and overbroad definition of "You" and "Your." Defendants will respond only to the extent that responsive documents are in

the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure.  Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

The Defendant objects to the phrase "all documents" as overly broad and unduly burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents" is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007); *see also Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 2026131, *3 (E.D. Mich. May 12, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999).

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived.");

16

*Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents and information related to facilitating the release of Cristian from El Salvador's custody, which would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

17

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to facilitating the release of Cristian from El Salvador's custody. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' previous and future diplomatic outreach to El Salvador and the content of these discussions with individuals in the government of El Salvador regarding the facilitation of Cristian's release from El Salvador's custody. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953))); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir.

2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to RFP No. 4:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 5:** All Documents concerning each action You have already taken, or plan to take in the future, to Facilitate Cristian's return to the United States.

**OBJECTION:**

Defendants object to RFP No. 5 based on Plaintiffs' vague and overbroad definition of "You" and "Your." Defendants will respond only to the extent responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the

United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

The Defendant objects to the phrase "all documents" as overly broad and unduly burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents" is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007); *see also Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 2026131, *3 (E.D. Mich. May 12, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999).

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d

394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents and information related to facilitating Cristian's return to the United States, which would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to facilitating the return of Cristian to the United States. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations

21

comprising part of a process by which governmental decisions and policies are formulated")
(internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261,
268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final
decision on the matter, and they are "deliberative" if they were prepared to help the agency
formulate its position.").

This request is also objectionable as it seeks information subject to the state secret
privilege. Specifically, this request calls for the disclosure of information regarding the details of
the United States' previous and future diplomatic outreach to El Salvador and the content of
these discussions with individuals in the government of El Salvador regarding the facilitation of
Cristian's return to the United States. Defendants assert that such information is protected by the
state secrets privilege because it is highly sensitive, and its disclosure reasonably could be
expected to cause significant harm to the United States' foreign affairs and national security
interests. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets
doctrine, the United States may prevent the disclosure of information in a judicial proceeding if
'there is a reasonable danger' that such disclosure 'will expose military matters which, in the
interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345
U.S. 1, 10 (1953))); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re
Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law
evidentiary rule that protects information from discovery when disclosure would be inimical to
the national security.") (citation omitted and internal quotes omitted).

**Response to RFP No. 5:**

Subject to the Defendants' understanding stated above and its objection, the Defendants
are providing and/or are searching for documents responsive to this RFP. Defendants will share a

privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 6:** All Documents reflecting any request to release Cristian from custody in El Salvador, and any responses thereto.

**OBJECTIONS:**

Defendants object to RFP No. 6 as overbroad and vague. Defendants will respond only to the extent that responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

Defendants also object to this request as based on the premise that the United States may exercise authority over Salvadoran citizens detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

The Defendant objects to the phrase "all documents" as overly broad and unduly burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents"

is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007).

Furthermore, the Defendants objects to this RFP as this request is cumulative and duplicative, given that this request is seeking documents that would be covered by RFP No. 4. *See Dwoskin v. Bank of America, N.A.*, 888 F.3d 117, 121 (4th Cir. 2018) ("Plaintiffs are not entitled to endless discovery to search for evidence for their claims."); *Gregory v. Harris*, 2023 WL 8561329, at *3 (D.N.M. Dec. 11, 2023) ("Rule 26(b)(2)(C)(i) requires courts to limit discovery that is "'unreasonably cumulative or duplicative[.]'")

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a

24

showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents and information related to requesting the release of Cristian from El Salvador's custody and responses thereto, which would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to requesting the release of Cristian from El Salvador's custody and responses thereto. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental

25

decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic outreach to El Salvador and the content of these discussions with individuals in the government of El Salvador regarding requests made to facilitate Cristian's release from El Salvador's custody. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195,

198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977,

n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556

(D. Md. 1956).

**Response to RFP No. 6:**

Subject to the Defendants' understanding stated above and its objection, the Defendants

are providing and/or are searching for documents responsive to this RFP. Defendants will share a

privilege log identifying the responsive documents Defendants are withholding or redacting

based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon

consideration of additional evidence that the Defendants may obtain or determine is relevant to

this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 7:** All agreements between the governments of the United States and El

Salvador, or any agency, department official, or representative of El Salvador, concerning

Cristian and/or memorializing, documenting, or describing the arrangements between the United

States and El Salvador pursuant to which Cristian is detained in El Salvador, and

communications involving any Defendant concerning such agreements.

**OBJECTIONS:**

RFP No. 7 is vague and overbroad, requesting documents from "governments."

Defendants will respond only to the extent that responsive documents are in the possession,

custody, or control of the Defendants United States Department of Homeland Security and its

components United States Citizenship and Immigration Services, and United States Immigration

and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure.  Defendants'

possession, custody, or control does not include any constructive possession that may be

conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

RFP No. 7 is compound, pursuing four distinct categories of documents. The RFP impermissibly requests documents related to agreements, arrangements, concerning Cristian's detention, and communications concerning agreements. Defendants object to Plaintiffs' service of more than fifteen RFP in contravention of the district court's order. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen RFP).

Defendants object that the terms "memorializing," "documenting" and "describing" are vague and not defined. Defendants understand "memorializing" and "documenting" to carry the same meaning and to refer to any document that constitutes the arrangement, either in whole or in part. Defendants understand "describing" to be limited to official descriptions of any arrangement and not to encompass passing references or discussions. Any other, broader understanding of these terms would impose an unreasonable burden on Defendants that is not proportionate to the needs of the case, and Defendants object to this RFP on that basis.

Defendants also object to this request as based on the premise that the United States may exercise authority over Salvadoran citizens detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are

protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents and information related to agreements between the United States and El Salvador, which would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and

information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to agreements between the United States and El Salvador. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic outreach to El Salvador and the content of these discussions with individuals in the government of El Salvador regarding Cristian. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *See El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of

information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to RFP No. 7:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 8:** All Documents reflecting payments and/or other compensation You made or withheld (or payments or compensation that are to paid or withheld) in connection with the detention of Cristian in El Salvador.

**OBJECTIONS:**

Defendants object to RFP No. 8 based on Plaintiffs' overbroad and vague definition of "You" and "Your." Defendants will respond only to the extent responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

The Defendant objects to the phrase "all documents" as overly broad and unduly burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents" is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007); *see also Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 2026131, *3 (E.D. Mich. May 12, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999).

Defendants object to RFP No. 8 as seeking documents beyond the limited scope of expedited discovery ordered by the district court. Specifically, the district court limited discovery to ascertaining:

> Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member Cristian's return to the United States," ECF 254; and (b) to "provide a status report on the steps they have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS," including evidence concerning Cristian's current physical location and custodial status, what steps, if any, Defendants have taken to facilitate Cristian's return to the United States, and what additional steps Defendants will take, and when, to facilitate Cristian's return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025). This RFP is overly broad, unduly burdensome, and not proportional to the needs of this case as the request is not reasonably limited in scope to the Court's April 23, May 20, May 27, and June 5 orders. The request exceeds the scope of the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. The request is beyond the permissible scope of discovery in that it seeks information related to payments or compensations made to the government of El Salvador in relation to the detention of Cristian that bear no relevance to facilitating the return of Cristian or inform upon his physical location or custodial status, or relate to status reports. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1).

Defendants further object that RFP No. 8 is compound seeking documents regarding payments made, not made, that will be made, or that will not be made. The request is compound

because it asks for four different categories of documents. The request comprises four RFP and exceeds the number allotted by order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen RFP).

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB*, 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC*, 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney." ).

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents and information related to payment or compensation agreements between the United States and El Salvador, which would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to payments and compensation for detaining Cristian in El Salvador. *See, e.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (highlighting that the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (internal quotes omitted); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the

agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to RFP No. 8:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 9:** Documents sufficient to identify each of the "[P]ersons subject to the Court's order detained in El Salvador," referenced in the June 2, 2025 Declaration of Mellissa Harper (ECF No. 290-1).

**OBJECTIONS:**

Defendants object to Plaintiffs' request as seeking documents beyond the limited scope of

expedited discovery ordered by the district court. Specifically, the district court limited discovery

to ascertaining:

> Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member
> *Cristian's* return to the United States," ECF 254; and (b) to "provide a status report
> on the steps they have taken to facilitate the return of *Cristian* to the United States
> for adjudication on the merits of his asylum application by USCIS," including
> evidence concerning *Cristian's* current physical location and custodial status, what
> steps, if any, Defendants have taken to facilitate *Cristian's* return to the United
> States, and what additional steps Defendants will take, and when, to facilitate
> *Cristian's* return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5,

2025) (emphasis added) (directing discovery "must be narrowly tailored to focus on any

agreement, arrangement, or understanding between the United States and El Salvador that also

implicates or affects the removal, confinement, or return of *Cristian*.") (emphasis added).

Plaintiffs' request seeking documents about other hypothetical individuals is beyond limited

discovery concerning Defendants' "compliance with the Court's Orders" concerning (1)

facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical

location, custodial status, what steps have been taken, or what steps will be taken to facilitate

Cristian's return from El Salvador. *See* ECF No. 293. Accordingly, Plaintiffs' request is not

within the permissible scope of discovery as the requested information exceeds the district

court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as

required under Federal Rule of Civil Procedure 26(b)(1).

Defendants object to this RFP as overly broad, unduly burdensome, and not proportional

to the needs of this case. This request is in essence seeking a list of all class members removed to

El Salvador, in which the Court already rejected such a request on the basis that it "[didn't] see

any reason that [it] should enforce anything other than the deal that the plaintiff class made with respect to what its remedies and rights are under the agreement. *See* Transcript of May 6, 2026 Hearing at 17:19-22. Furthermore, Class Counsel has not identified any other instances to support a conclusion that other class members have been removed and can point to nowhere in the settlement agreement that gives them the right to request such information. *Id.* at 14:8-15:3.

Defendants also object to this RFP as calling for documents protected by the attorney-client privilege, attorney work-product doctrine, law enforcement privilege, and deliberative process privilege for the reasons provided in the prior RFPs.

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to RFP No. 9:**

Based on the foregoing objections, the Defendants are standing on their objections and are not producing any documents in response to this Request.

**RFP No. 10:** All Documents reflecting any request to El Salvador for information or evidence regarding Cristian's physical location, custodial status and/or health, and any responses to any such request.

**OBJECTIONS:**

Defendants object to Plaintiffs' request as seeking information beyond the limited scope of expedited discovery ordered by the district court. Specifically, the district court limited discovery to ascertaining:

> Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member Cristian's return to the United States," ECF 254; and (b) to "provide a status report on the steps they have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS," including evidence concerning Cristian's current physical location and custodial status, what steps, if any, Defendants have taken to facilitate Cristian's return to the United States, and what additional steps Defendants will take, and when, to facilitate Cristian's return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025). This RFP is overly broad, unduly burdensome, and not proportional to the needs of this case as the request is not reasonably limited in scope to the Court's April 23, May 20, May 27, and June 5 orders. RFP No. 10 exceeds the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. The RFP impermissibly seeks discovery concerning Cristian's "health status" which is not within the scope of limited discovery ordered by the Court. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1).

Defendants object to RFP No. 10 as overbroad and vague. Defendants will respond only to the extent that responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States

Citizenship and Immigration Services, and United States Immigration and Customs
Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession,
custody, or control does not include any constructive possession that may be conferred by
Defendants' right or power to compel the production of documents or information from third
parties or to request their production from agencies of the United States beyond Defendants'
legal right, authority, or practical ability to obtain them from a nonparty.

The Defendant objects to the phrase "all documents" as overly broad and unduly
burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad
on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents"
is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694
(D. Kan. 2007); *see also Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL
2026131, *3 (E.D. Mich. May 12, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*,
189 F.R.D. 655, 665 (D. Kan. 1999).

Defendants further object that RFP No. 10 is compound seeking documents addressing
"Cristian's physical location, custodial status and/or health, and any responses to any such
request." The request is compound because it asks for production of at least four distinct
categories of documents. Defendants object to Plaintiffs' requests exceeding those allotted by
order of the district court. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG,
ECF No. 293 (D. Md. June 5, 2025) (limiting Plaintiffs to fifteen RFP).

The Defendants object to this request as it calls for documents protected by the attorney-
client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL
1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential
communications made between a client and an attorney in an effort to obtain legal services are

40

protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents that would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.,* *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'"

(quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such documents are protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to engaging with the El Salvador government about the custody information of Cristian. *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.* ("*In re MTBE*"), 643 F.Supp.2d 439, 441 (S.D.N.Y. 2009)("The deliberative process privilege protects from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"); *City of Virginia Beach, Va. v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) ("[T]he deliberative process exemption protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.").

This request is also objectionable as it seeks information subject to the state secret privilege. Specifically, this request calls for the disclosure of information regarding the details of the United States' diplomatic outreach to El Salvador and the content of these discussions with individuals in the government of El Salvador regarding Cristian. Defendants assert that such information is protected by the state secrets privilege because it is highly sensitive, and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of

42

information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted). State secrets are information the disclosure of which would harm the nation's national security or defense capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195, 198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977, n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F.Supp. 551, 556 (D. Md. 1956).

**Response to RFP No. 10:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 11:** All Documents concerning the rights the government of the United States possesses, retains, or has exercised with respect to Cristian, including Documents concerning the decision-making authority over the disposition of Cristian.

**OBJECTIONS:**

Defendants object to Plaintiffs' request as seeking information beyond the limited scope of expedited discovery ordered by the district court. Specifically, the district court limited discovery to ascertaining:

> Defendants' compliance with this Court's Orders: (a) to "facilitate Class Member Cristian's return to the United States," ECF 254; and (b) to "provide a status report on the steps they have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS," including evidence concerning Cristian's current physical location and custodial status, what steps, if any, Defendants have taken to facilitate Cristian's return to the United States, and what additional steps Defendants will take, and when, to facilitate Cristian's return, ECF 280.

*J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025). This RFP is overly broad, unduly burdensome, and not proportional to the needs of this case as the request is not reasonably limited in scope to the Court's April 23, May 20, May 27, and June 5 orders. RFP No. 11 exceeds the Court's order limiting discovery to Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293. The RFP impermissibly seeks discovery concerning the government's "rights" and "decision making authority" which is not within the scope of limited discovery ordered by the Court. *See* ECF No. 293. Accordingly, Plaintiffs' request is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is

not relevant or proportional to the needs of the case as required under Federal Rule of Civil Procedure 26(b)(1).

Defendants object to RFP No. 11 as overbroad and vague, seeking production from the "government of the United States." Defendants will respond only to the extent that responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

The Defendant objects to the phrase "all documents" as overly broad and unduly burdensome. A request that seeks "all documents" regarding a subject from a party is overbroad on its face. *See Sabol v. Brooks*, 469 F.Supp.2d 324, 329 (D. Md. 2006) (use of "all documents" is facially overbroad); *Mass v. Blue Cross and Blue Shield of Kansas, Inc.*, 241 F.R.D. 683, 694 (D. Kan. 2007); *see also Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2008 WL 2026131, *3 (E.D. Mich. May 12, 2008); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999).

Defendants also object to this request as based on the premise that the United States may exercise authority over Salvadoran citizens detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador.

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P. 26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents that would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law

enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

      Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to Cristian. *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.* ("*In re MTBE*"), 643 F.Supp.2d 439, 441 (S.D.N.Y. 2009)("The deliberative process privilege protects from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"); *City of Virginia Beach, Va. v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) ("[T]he deliberative process exemption protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.").

      This request is also objectionable to the extent it seeks documents subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v.*

*Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017)

(same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a

common law evidentiary rule that protects information from discovery when disclosure would be

inimical to the national security.") (citation omitted and internal quotes omitted). State secrets

are information the disclosure of which would harm the nation's national security or defense

capabilities, reveal intelligence-gathering methods, or disrupt diplomatic relations with foreign

governments. *See Reynolds*, 345 U.S. at 6-7, 10. State secrets include information that may

disrupt diplomatic relations with foreign governments. *United States v. Zubaydah*, 595 U.S. 195,

198, 233-34 (2022) (J. Kavanaugh, J. Barrett concurring, in part); *Halkin v. Helms*, 690 F.2d 977,

n.5, 993 (D.C. Cir. 1982); *Republic of China v. Nat'l Union Fire Ins. Co.*, 142 F. Supp. 551, 556

(D. Md. 1956).

**Response to RFP No. 11:**

Subject to the Defendants' understanding stated above and its objection, the Defendants

are providing and/or are searching for documents responsive to this RFP. Defendants will share a

privilege log identifying the responsive documents Defendants are withholding or redacting

based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon

consideration of additional evidence that the Defendants may obtain or determine is relevant to

this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 12:** Discovery responses, declarations, deposition transcripts, and documents

produced by the defendants in *Kilmar Armando Abrego Garcia et al., v. Kristi Noem et al.*, C.A.

8:25-cv00951 (D. Md.) that relate to any agreement, arrangement, or understanding between the

governments of the United States and El Salvador pursuant to which Cristian is being detained in El Salvador.

**OBJECTIONS:**

The Defendant objects to this RFP as it is also overly broad, unduly burdensome, and not proportional to the needs of this case. Courts routinely reject requests for production of discovery produced in other matters, also referred to as cloned discovery, as outside the scope of discovery. *See, e.g.*, *United States v. Anthem, Inc.*, 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024) (noting "numerous courts have found that requests for 'all' documents produced in another litigation, so-called 'clone' of 'copycat' discovery, are inherently overbroad requests requiring the Court to considerably scale back the information that a producing party must produce from another litigation or deny it entirely on the ground that a party must do its own work"). "Courts only grant motions to compel discovery from another case when the requests are narrowly tailored to request discovery from another case that is essentially identical and deny requests to compel discovery from another case 'merely because there are some similarities between cases.'" *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 583 (E.D.N.Y. 2024). And a showing of "some surface similarities" is insufficient to require a *carte blanche* production of all documents" in another action. *Oklahoma v. Tyson Foods*, 2006 WL 2862216, at * 1 (N.D. Okla. Oct. 4, 2006). "'If relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is to request those documents.'" *Insignia Sys., Inc. v. News Corp.*, No. CV 19-1820 (MJD/BRT), 2020 WL 12570807, at *1 (D. Minn. Mar. 24, 2020) (rejecting a request for cloned discovery) (quotation omitted); *see also Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D.

Ind. Mar. 7, 2000) (holding in rejecting a request for "cloned discovery" that "plaintiffs' counsel must do their own work and request the information they seek directly").

Defendants object to RFP No. 12 as overbroad and vague, seeking production from "governments" and nonparties in this litigation. Defendants will respond only to the extent that responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived."); *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010 WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P.

26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking documents that would include information pertaining to "law enforcement techniques and procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*, *United States v. Matish*, 193 F. Supp. 3d 585, 597 *(E.D. Va. 2016)* (explaining that the law enforcement privilege "'includes information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'" (quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*, 2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to Cristian. *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.* ("*In re MTBE*"), 643 F.Supp.2d 439, 441

(S.D.N.Y. 2009)("The deliberative process privilege protects from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"); *City of Virginia Beach, Va. v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) ("[T]he deliberative process exemption protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

**Response to RFP No. 12:**

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. Defendants will share a privilege log identifying the responsive documents Defendants are withholding or redacting based on privilege and a basis for invoking the privilege.

The Defendants expressly reserves the right to supplement or modify its response upon consideration of additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

**RFP No. 13:** Discovery responses, declarations, deposition transcripts, and documents produced by the defendants in *J.G.G. et al v. Donald J. Trump, et al.*, C.A. 1:25-cv-00766 (D. D.C.) that relate to any agreement, arrangement or understanding between the governments of the United States and El Salvador pursuant to which Cristian is being detained in El Salvador.

**Defendants' Objections and Response to RFP No. 13:**

The Defendant objects to this RFP as it is also overly broad, unduly burdensome, and not proportional to the needs of this case. Courts routinely reject requests for production of discovery produced in other matters, also referred to as cloned discovery, as outside the scope of discovery. *See, e.g.*, *United States v. Anthem, Inc.*, 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024) (noting "numerous courts have found that requests for 'all' documents produced in another litigation, so-called 'clone' of 'copycat' discovery, are inherently overbroad requests requiring the Court to considerably scale back the information that a producing party must produce from another litigation or deny it entirely on the ground that a party must do its own work"). "Courts only grant motions to compel discovery from another case when the requests are narrowly tailored to request discovery from another case that is essentially identical and deny requests to compel discovery from another case 'merely because there are some similarities between cases.'" *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 583 (E.D.N.Y. 2024). And a showing of "some surface similarities" is insufficient to require a *carte blanche* production of all documents" in another action. *Oklahoma v. Tyson Foods*, 2006 WL 2862216, at * 1 (N.D. Okla. Oct. 4, 2006). "'If relevant and proportional documents exist in the

custody or control of the responding party, the appropriate thing to do is to request those documents.'" *Insignia Sys., Inc. v. News Corp.*, No. CV 19-1820 (MJD/BRT), 2020 WL 12570807, at *1 (D. Minn. Mar. 24, 2020) (rejecting a request for cloned discovery) (quotation omitted); *see also Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (holding in rejecting a request for "cloned discovery" that "plaintiffs' counsel must do their own work and request the information they seek directly").

Defendants object to RFP No. 13 as overbroad and vague, seeking production from "governments" and nonparties in this litigation. Defendants will respond only to the extent that responsive documents are in the possession, custody, or control of the Defendants United States Department of Homeland Security and its components United States Citizenship and Immigration Services, and United States Immigration and Customs Enforcement, as set forth in the Federal Rules of Civil Procedure. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by Defendants' right or power to compel the production of documents or information from third parties or to request their production from agencies of the United States beyond Defendants' legal right, authority, or practical ability to obtain them from a nonparty.

The Defendants object to this request as it calls for documents protected by the attorney-client privilege. *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ("Under the attorney-client privilege, confidential communications made between a client and an attorney in an effort to obtain legal services are protected from disclosure."); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D.Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of

54

and in furtherance of the joint legal effort" so long as "the privilege has not been waived.");
*Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999); *Flo Pac, LLC, v. NuTech LLC,* 2010
WL 5125447, at *4 (D.Md. Dec.9, 2010). Likewise, the Defendants object to this request as it
calls for information and documents protected by the work-product doctrine. Fed.R.Civ.P.
26(b)(3)(A) ("[o]rdinarily, a party may not discover documents and tangible things that are
prepared in anticipation of litigation or for trial by or for another party or its representative"
"including the other party's attorney" or "insurer."); *see also Chaudhry v. Gallerizzo,* 174 F.3d
394, 403 (4th Cir.1999) (explain that while "[f]act work product is discoverable only upon a
showing of both a substantial need and an inability to secure the substantial equivalent of the
materials by alternate means without undue hardship[,] ... [o]pinion work product is even more
carefully protected, since it represents the thoughts and impressions of the attorney.").

Additionally, the Defendants object to this request as it calls for information and
documents protected by the law enforcement privilege. Here, the Plaintiffs are seeking
documents that would include information pertaining to "law enforcement techniques and
procedures," and information that would undermine "the confidentiality of sources." *See, e.g.*,
*United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (explaining that the law
enforcement privilege "'includes information pertaining to law enforcement techniques and
procedures, information that would undermine the confidentiality of sources, information that
would endanger witness and law enforcement personnel [or] the privacy of individuals involved
in an investigation, and information that would otherwise ... interfere[ ] with an investigation.'"
(quoting *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010))); *Jardaneh v. Garland*,
2021 WL 4169600, at *9 (D. Md. Sept. 14, 2021) (same). Accordingly, such information is
protected from disclosure under the law-enforcement privilege.

Moreover, the Defendant objects to this request as it calls for information and documents protected by the deliberative process privilege, given that it seeks information and documents related to the pre-decisional opinions, recommendations, and deliberations in relation to Cristian. *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.* ("*In re MTBE*"), 643 F.Supp.2d 439, 441 (S.D.N.Y. 2009)("The deliberative process privilege protects from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"); *City of Virginia Beach, Va. v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) ("[T]he deliberative process exemption protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.").

This request is also objectionable to the extent it seeks information subject to the state secret privilege. *El–Masri v. United States*, 479 F.3d 296, 302 (4th Cir. 2007) ("Under the state secrets doctrine, the United States may prevent the disclosure of information in a judicial proceeding if 'there is a reasonable danger' that such disclosure 'will expose military matters which, in the interest of national security, should not be divulged.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *Abilt v. Cent. Intel. Agency*, 848 F.3d 305 (4th Cir. 2017) (same); *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets privilege 'is a common law evidentiary rule that protects information from discovery when disclosure would be inimical to the national security.") (citation omitted and internal quotes omitted).

Subject to the Defendants' understanding stated above and its objection, the Defendants are providing and/or are searching for documents responsive to this RFP. The Defendants expressly reserves the right to supplement or modify its response upon consideration of

additional evidence that the Defendants may obtain or determine is relevant to this request for production, in accordance with the Federal Rules of Civil Procedure.

DATED: June 23, 2025                          Respectfully Submitted,

                                             BRETT A. SHUMATE
                                             *Assistant Attorney General*
                                             Civil Division

                                             WILLIAM C. PEACHEY
                                             *Director*,
                                             Office of Immigration Litigation

                                             YAMILETH G. DAVILA
                                             *Assistant Director*

                                             RICHARD G. INGEBRETSEN
                                             KELARK AZER HABASHI
                                             *Trial Attorneys*

                                             /s/ *Erhan Bedestani*
                                             ERHAN BEDESTANI
                                             *Trial Attorney* (MN Bar No. 0504824)
                                             U.S. Department of Justice, Civil Division
                                             Office of Immigration Litigation
                                             District Court National Security Section
                                             P.O. Box 868, Washington D.C. 20044
                                             T: (202)-598-7451
                                             erhan.bedestani2@usdoj.gov

                                             *Attorneys for Defendants*