IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>　　Plaintiffs,<br><br>　v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>　　Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

**CLASS COUNSEL'S EMERGENCY MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE IMMEDIATE NOTICE UPON CLASS MEMBER'S RETURN**

　　Class Counsel moves the Court for an order requiring Defendants to provide immediate (in under two hours) notice to the Court and Class Counsel if and when Class Member Cristian is returned to the United States. The basis for this Motion is as follows:

　　1.　This Court ordered Defendants on April 23, 2025, to facilitate the return of Class Member Cristian (a pseudonym) to the United States to await adjudication of his asylum application on the merits by USCIS. ECF No. 254. Since that date, Defendants have not provided any information to show that they have complied with the Court's order, and the Court has ordered discovery regarding Defendants' compliance. *See, e.g.*, ECF No. 293 (Order Granting Expedited Discovery); ECF No. 308 (Plaintiffs' Motion to Compel Discovery Related to Defendants' Violations of the Court's Orders).

　　2.　On June 27, 2025, Defendants filed a motion with the Fourth Circuit asking that court to hold their pending appeal of this Court's order in abeyance. D.I. 38. In that motion,

Defendants represented that they would be seeking an "indicative ruling" in the "coming weeks" because "the Government believes that it has . . . complied with the order." *Id*. at 1-2.

3.  Defendants have refused Class Counsel's express requests for information about the factual basis for the planned motion, including during a meet and confer held on July 1, 2025.

4.  Given Defendants' representations to the Fourth Circuit that they will demonstrate in the "coming weeks" their compliance with the Court's order that they facilitate Cristian's return, Class Counsel seek an order from this Court requiring Defendants to provide the Court and Class Counsel with immediate notice if and when Defendants return Cristian to the United States. Such notice is essential to ensure that Cristian's right to an adjudication on the merits of his pending asylum claim under Section III.B of the Settlement Agreement is fully protected, including his right to advance notice of any intended asylum interview and his right to be represented by his immigration counsel at such an interview. 8 C.F.R. § 208.9(b) (at asylum interview, "[t]he applicant may have counsel or a representative present, may present witnesses, and may submit affidavits of witnesses and other evidence"); Affirmative Asylum Procedures Manual, II.J.[1]

5.  At approximately 5:15 p.m. on July 2, Class Counsel emailed Defendants' counsel seeking their confirmation that they would notify the Court and Class Counsel immediately upon Cristian's return, and in no event more than two hours after he is returned to the United States. Class Counsel also reminded Defendants' counsel that pursuant to the Settlement Agreement, if Cristian is returned to the United States, Defendants are prohibited from removing

---

[1] On May 15, 2025, Class Counsel raised with Defendants an instance in which Defendants subjected a detained Class Member to an asylum interview without his counsel of record present, without sufficient advance notice to counsel, despite his counsel's requests to be notified in advance of the interview. Defendants have yet to provide any a substantive response regarding this Class Member, who remains detained and whose asylum application USCIS subsequently denied.

him again "unless and until [Class Counsel's motion to enforce] has been **resolved in favor of Defendants**." Settlement Agreement V.D (emphasis added). Defendants' counsel confirmed receipt of the email at 5:57 p.m., but declined to provide a response before 7:00 p.m. as requested because they received the email after close of business. Defendants' counsel subsequently communicated today, July 3, 2025, that they expect to respond early next week.

6. Given Defendants' representation on June 27 that they would demonstrate compliance "in the coming weeks," and in view of the upcoming federal holiday weekend, such an order is necessary to ensure that Cristian receives the adjudication on the merits of his asylum application that he is due under the Settlement Agreement.

7. Class Counsel are available for a telephonic status conference today, Thursday, July 3, 2025, if needed, to discuss this Motion.

Dated: July 3, 2025

Respectfully submitted,

/s/ Brian T. Burgess
*Attorneys for Plaintiffs*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice