**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---:|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812<br>MDD_SAGchambers@mdd.uscourts.gov |

July 8, 2025

LETTER TO COUNSEL

      Re:  <u>J.O.P., *et al.* v. U.S. Department of Homeland Security, *et al.*</u>
           Civil Case No. 8:19-1944-SAG

Dear Counsel:

      This Court takes judicial notice of a Report on Enforced or Involuntary Disappearances from the United Nations Office of the High Commissioner for Human Rights, Working Group on Enforced or Involuntary Disappearances ("UN Report"), which was filed by the petitioners-plaintiffs in *J.G.G. v. Trump*, Civ. No. 25-0766-JEB, ECF 160-1 (D.D.C. July 7, 2025). In the UN Report, the Government of El Salvador responded to the UN's inquiry opened by four families asking about the disappearance of their family members, each of whom are Venezuelan nationals allegedly deported from the United States to El Salvador as part of the mass deportations that have taken place since March 15, 2025. In its response to the UN, the Government of El Salvador states:

> The actions of the State of El Salvador have been limited to the implementation of a bilateral cooperation mechanism with another State, through which it has facilitated the use of the Salvadoran prison infrastructure for the custody of persons detained within the scope of the justice system and law enforcement of that other State. In this context, the jurisdiction and legal responsibility for these persons lie exclusively with the competent foreign authorities, by virtue of international agreements signed and in accordance with the principles of sovereignty and international cooperation in criminal matters.

*J.G.G.*, ECF 160-1 at 5, 9, 13. In status reports submitted pursuant to this Court's June 5, 2025 Order, Defendants have repeatedly skirted this Court's directive to provide information regarding the steps they have taken and will take to facilitate the return of Cristian to the United States. Instead, Defendants have repeatedly made oblique references to their request of "assistance" from the U.S. Department of State (DOS), which has "enter[ed] into negotiations to facilitate Cristian's return" and "assumed responsibility on behalf of the U.S. Government for…diplomatic discussions with El Salvador." ECF 314 at 6; *see also* ECF 285-1, 290-1, 294-1, 295-1, 300-1, 303-1, 307-1. Assuming the Government of El Salvador provided truthful information to the UN, no "diplomatic discussions" should be required here because El Salvador has no sovereign interest in Cristian's continued confinement in that country. This Court directs Defendants to explain their position that "diplomatic discussions" involving the DOS are required

J.O.P., *et al.* v.
U.S. Department of Homeland Security, *et al.*
Civil Case No. 8:19-1944-SAG
July 8, 2025
P a g e | **2**

to facilitate Cristian's return to the United States in compliance with this Court's Order. Defendants should provide their response no later than Tuesday, July 15, 2025.

    Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge