IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 8:19-cv-01944-SAG |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO FILE UNDER SEAL**

Pursuant to this Court's July 3, 2025 Order and Local Rule 105.11, Defendants respectfully request that this Court enter an order sealing portions of Plaintiffs' Declaration of Kevin J. DeJong (ECF No. 309-1); Memorandum in Support of their Motion to Compel (ECF No. 309-2); Exhibit B (ECF No. 309-4); Exhibit C (ECF No. 309-5); Exhibit D (ECF No. 309-6); Exhibit E (ECF No. 309-7); and Exhibit F (ECF No. 309-8). The remaining filings associated with Plaintiffs' motion may be unsealed in their entirety. In accordance with the Court's Order, attached to this motion are redacted versions of the identified items currently under seal for filing on the public docket. As good cause therefore, Defendants state:

1.  Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11.

2.  Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc*., 435 U.S. 598–99 (1978)).

3.  The Court has entered an Amended Protective Order, ECF No. 302, governing the handling of confidential information which, among other things, includes "sensitive information about "Defendants' law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;" "sensitive information regarding diplomatic negotiations between the United States and foreign countries, the release of which to the public may adversely impact the foreign policy and/or national security interests of the United State;" and "personally identifiable information related to third parties other than the individual whose information is being sought." ECF No. 302 at 2–3.

4.  The Court has also directed the parties to refer to the class member at issue in these proceedings by the pseudonym "Cristian" and has also recognized the confidentiality of this matter in granting Class Counsel's Motion to Proceed Under Pseudonym for this individual. *See* ECF No. 253 at 16 ("Here, Plaintiffs' declarations make clear that they do not seek to proceed under

pseudonym "merely to avoid…annoyance and criticism" but "to preserve privacy" and security in a 'sensitive' matter.").

5. Courts have recognized that "[t]he President has the sole power to negotiate treaties." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13 (2015). "Diplomacy takes place in a wide array of fora, through many actors within the Executive Branch." *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *13 (4th Cir. May 19, 2025) (J. Richardson, dissenting) (citing *Zivotofsky*, 576 U.S. at 13–14). Such negotiations can be sensitive and can require "discretion," *id.* at 13, and indeed the Fourth Circuit has recognized that it is appropriate for "sensitive diplomatic negotiations to be removed from public view." *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025).

6. Additionally, government employees "have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives". *Lamb v. Millennium Challenge Corp.*, 334 F. Supp. 3d 204, 216–17 (D.D.C. 2018) (quoting *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980)).

7. Defendants have redacted from Declaration of Kevin J. DeJong (ECF No. 309-1); Memorandum in Support of their Motion to Compel (ECF No. 309-2); Exhibit B (ECF No. 309-4); Exhibit D (ECF No. 309-6); Exhibit E (ECF No. 309-7); and Exhibit F (ECF No. 309-8) for information that references the names and contact information of specific government employees; references to Cristian's actual name; sensitive information and content reflecting confidential communications between high-level U.S. Government and foreign government personnel.

8. Defendants have also redacted in its entirety Exhibit C (ECF No. 309-5), which consists of Defendants' privilege log produced in this matter which contains numerous instances of the names and contact information of specific government employees; references to Cristian's actual name;

and sensitive information in the privilege descriptions discussing confidential conversations between government employee's related to this litigation and sensitive information and content reflecting confidential communications between high-level U.S. Government and foreign government personnel.

Accordingly, Defendants respectfully request that this Court enter an order maintaining under seal Plaintiffs' Declaration of Kevin J. DeJong (ECF No. 309-1); Memorandum in Support of their Motion to Compel (ECF No. 309-2); Exhibit B (ECF No. 309-4); Exhibit C (ECF No. 309-5); Exhibit D (ECF No. 309-6); Exhibit E (ECF No. 309-7); and Exhibit F (ECF No. 309-8).

Dated: July 9, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

YAMILETH G. DAVILA
Assistant Director

ERHAN BEDESTANI
KELARK A. HABASHI
Trial Attorney

*/s/Richard Ingebretsen*
RICHARD G. INGEBRETSEN
Trial Attorney (DC Bar No. 1736200)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-4848
Fax: (202) 305-7000
richard.ingebretsen@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of July, a copy of the foregoing Motion to Seal was electronically filed and served on counsel by ECF, and copies of the sealed documents were served by email.

/s/Richard Ingebretsen
RICHARD G. INGEBRETSEN
Trial Attorney (DC Bar No. 1736200)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-4848
Fax: (202) 305-7000
richard.ingebretsen@usdoj.gov

Attorney for Defendants