# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. <br> 8:19-CV-01944-SAG <br><br> **FILED UNDER SEAL** <br><br> **CONTAINS INFORMATION DESIGNATED BY DEFENDANTS AS CONFIDENTIAL PURSUANT TO THE AMENDED PROTECTIVE ORDER (ECF NO. 302)** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL DISCOVERY RELATED TO
<u>DEFENDANTS' VIOLATIONS OF THE COURT'S ORDERS</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ..................................................................................................... 3

    A.    The Court Should Order Defendants to Produce Documents and Respond to
        Interrogatories on All Efforts to Comply with This Court's Order to Facilitate
        Cristian's Return.............................................................................................. 3

    B.    The Court Should Order Defendants to Respond to Plaintiffs' Interrogatories
        on the Review and Approval of the "Status Reports" Filed in This Court ............ 10

    C.    The Court Should Order Defendants to Respond to Discovery on Ms. Harper's
        Assertion Regarding "Persons Subject to the Courts' Order Detained in El
        Salvador" ........................................................................................................ 13

    D.    Defendants Request Leave to Take the Depositions of Mellissa Harper and a
        30(b)(6) Witness.............................................................................................. 14

III.  CONCLUSION................................................................................................... 18

**TABLE OF AUTHORITIES**

Page(s)

CASES:

*Abrego Garcia v. Noem*,
   2025 WL 1135112 (4th Cir. Apr. 17, 2025) ...........................................................9

*Al-Haramain Islamic Found., Inc. v. Bush*,
   507 F.3d 1190 (9th Cir. 2007) ...........................................................................7

*Avent v. State Farm Fire & Cas. Co.*,
   2017 WL 2671078 (E.D.N.C. June 20, 2017) .........................................................12

*El-Masri v. United States*,
   479 F.3d 296 (4th Cir. 2007) ...........................................................................12

*Ellsberg v. Mitchell*,
   709 F.2d 51 (D.C. Cir. 1983) ...........................................................................6

*Empower Oversight Whistleblowers & Rsch. v. Nat'l Insts. of Health*,
   122 F. 4th 92 (4th Cir. 2024) ..........................................................................12

*FBI v. Fazaga*,
   595 U.S. 344 (2022)........................................................................................5

*J.O.P. v. United States Dep't of Homeland Sec.*,
   2025 WL 1431263 (4th Cir. May 19, 2025) ...........................................................9

*Lively v. Read*,
   2021 WL 664853 (W.D.N.C. Feb. 19, 2021) .........................................................12

*Noem v. Abrego Garcia*,
   145 S. Ct. 1017 (2025)....................................................................................9

*In re Sealed Case*,
   494 F.3d 139 (D.C. Cir. 2007) ..........................................................................6

*In re Subpoena to Nat'l Sci. Found., Off. of Inspector Gen.*,
   2018 WL 5017612 (E.D. Va. Oct. 16, 2018) ..........................................................8

*In re Zetia (Exetimibe) Antitrust Litig.*,
   2019 WL 6122012 (E.D. Va. July 16, 2019) .........................................................12

*TJF Servs. V. Transp. Media, Inc.*,
   2019 WL 7599942 (W.D.N.C. Jan. 22, 2019) .......................................................12

ii

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*,
   592 U.S. 261 (2021) ........................................................................................................8

*United States v. Booz Allen Hamilton Inc.*,
   2022 WL 3921019 (D. Md. Aug. 31, 2022) ........................................................8, 9

*United States v. Matish*,
   193 F. Supp. 3d 585 (E.D. Va. 2016) ..............................................................12

*United States v. Reynolds*,
   345 U.S. 1 (1953) ........................................................................................5, 6

*United States v. Zubaydah*,
   595 U.S. 195 (2022) .......................................................................................6

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981) ......................................................................................11

**RULES:**

Fed. R. Civ. P. 30(b)(6) ................................................................................... *passim*

## I.    INTRODUCTION

Class Member Cristian remains incarcerated in El Salvador after being wrongly removed more than three months ago, and more than two months since this Court ordered that Defendants facilitate his return to the United States.  On June 5, 2025, the Court ordered expedited discovery to ascertain Defendants' compliance with this Court's Orders to facilitate Cristian's return to the United States and to provide a status report on the steps they have taken to facilitate the return of Cristian to the United States for adjudication on the merits of his asylum application by USCIS. Plaintiff served discovery requests on June 9, 2025, and two weeks later, Defendants served their responses and a small document production, most of which consists of blank pages indicating documents are being withheld.

Defendants' responses to Plaintiffs' discovery requests shed no more light on any efforts to comply with this Court's Orders.  Defendants continue to obfuscate and delay, refusing to produce core discovery and withholding documents and information as a purported "state secret" based on attorney say-so.  Indeed, any assertion of "state secrets" appears to be baseless, as Defendants' document production makes clear that the U.S. Ambassador to El Salvador uses WhatsApp chats to communicate with an advisor to President Bukele, and his unsecured personal Gmail account to send messages to the U.S. State Department.

Plaintiffs now seek to compel Defendants to provide full responses to Plaintiffs' discovery requests.[1]  Specifically, Defendants should be ordered to (1) produce documents and responses to interrogatories on all efforts to comply with this Court's Order to facilitate Cristian's return to the

---

[1] Plaintiffs have filed this brief under seal, as it refers to information designated by Defendants as Confidential pursuant to the Amended Protective Order (ECF No. 302).  Plaintiffs respectfully submit that Defendants should be ordered to file a motion to seal within two days to attempt to justify what information should remain under seal.

United States; (2) respond to interrogatories seeking identification of all persons involved in review and approval of the "status reports" filed with this Court; and (3) respond to an interrogatory to clarify a statement to this Court in a "status report" regarding "persons" (plural) subject to the Court's Order who are detained in El Salvador.  Pursuant to the Court's Order (ECF No. 293), Plaintiffs also seek leave to take the deposition of Mellissa Harper and of a Fed. R. Civ. P. 30(b)(6) designee on behalf of Defendants who is adequately prepared to provide full accounting of the government's efforts, if any, to comply with this Court's orders.[2]

The governments' conduct here is not an isolated incident.  As the Court is no doubt aware, a whistleblower complaint (Ex. A) was recently filed by the former Acting Deputy Director for the Office of Immigration Litigation of the Department of Justice.[3]  The complaint (at 3) contains a discussion of a "lack of candor, deliberate delay, and disinformation" that is equally relevant to the core issues of compliance with the Court's order in this case.  In view of the governments' pattern of behavior, an order to compel responses and depositions here is especially warranted.

---

[2] Plaintiffs have not yet conferred with Defendants on the discovery issues set forth in this motion, but are scheduled to confer with Defendants the afternoon of July 1, 2025.  If the parties are able to resolve any issues, Plaintiffs will update the Court accordingly.

[3] In the Whistleblower Complaint, Erez Reuveni, former Acting Deputy Director for the Office of Immigration Litigation of the Department of Justice, described witnessing senior government officials knowingly act in violation of court orders and make misrepresentations to the court, including about compliance with a court order prohibiting Defendants from removing a group of Venezuelans that included Cristian. Ex. A at 7-15. According to Defendants' privilege log in the present case, approximately 30 of the documents Defendants have withheld reflect communications involving DHS and/or DOJ officials named in the whistleblower report. *See* Ex. C, Privilege Log at 1-7 (‌███████████████████████████████████████████████████████████‌). Many of these withheld communications relate to Defendants' response to this Court's April 23 and May 20 orders. *Id.*

## II.    ARGUMENT

### A.    The Court Should Order Defendants to Produce Documents and Respond to Interrogatories on All Efforts to Comply with This Court's Order to Facilitate Cristian's Return

Defendants' deficient responses to Interrogatory Nos. 3, 4, 5, 6, 7, and 9 and Request for Production Nos. 4, 5, and 6[4]—all of which concern Defendants' efforts to release and return Cristian to the United States—deny Plaintiffs the core discovery that this Court authorized in its June 5, 2025 Order (ECF No. 293).  The Court should reject Defendants' objections and compel Defendants to produce documents and respond to interrogatories concerning Defendants' efforts to comply with this Court's order requiring Defendants "to facilitate Class Member Cristian's return to the United States."  ECF No. 254 at 2.

Defendants' responses are plainly deficient.  The interrogatory responses contain little information beyond that which Defendants already disclosed in the June 2, 2025 Harper Declaration—the threadbare status report that the Court reviewed *before* it ordered expedited discovery.  *See* Ex. B, Defs.' Responses to Plaintiffs' First Set of Expedited Interrogatories, at 15-19, Resp. to Rog. No. 3 (quoting the June 2 Declaration); *id.* at 23-36, 39-43, Responses to Interrogatory Nos. 4-7, 9 (incorporating response to Interrogatory No. 3).  The June 2 Declaration and its contents remain as inadequate as they were when the Court first considered them.  Now, nearly one month after the June 2 Declaration was filed, Plaintiffs still do not know anything about the actual steps Defendants have taken or the steps that Defendants plan to take to facilitate Cristian's release and return to the United States, or the identities of those who may have information about these steps.  Indeed, Defendants' written discovery responses and document

---

[4] Plaintiffs' First Set of Expedited Interrogatories and First Set of Expedited Requests for Production of Documents are attached as Exhibit H and I, respectively.

production are so deficient that Plaintiffs do not know whether Defendants have even requested Cristian's release. *Compare* Ex. B at 15-19, Defs.' Response to Interrogatory No. 3 (quoting June 2 statement that Secretary Rubio "is committed to making prompt and diligent efforts" to comply with the Court's order but providing no detail as to what those efforts entail); *with* ECF No. 254 (ordering Defendants "to facilitate Class Member Cristian's return to the United States . . . includ[ing] . . . a good faith request by Defendants to the government of El Salvador to release Cristian to U.S. custody for transport back to the United States"). Defendants previously agreed to make efforts, but have provided nothing to show efforts have been made.

    Defendants' document production fares no better.[5]  Defendants have produced a handful of documents from ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████ (*e.g.*, Ex. D, DEF-00000050)—but no documents that reflect any actual attempt to comply with this Court's order to facilitate Cristian's return to the United States.  Defendants have also produced a ███████████ ████████████,

███████████████████████████████████████████████████████████

███████████████████████████████████████ (*e.g.*, Ex. E, DEF-00000149; -152

███████████████████████████████████████████████████████████

---

[5] Defendants also have not completed their document production, and refuse to respond as to whether all agencies and individuals involved with complying with the Court's orders have taken all necessary steps to preserve documents responsive to Plaintiffs' discovery requests.  In a letter from Defendants' counsel, dated June 27, 2025, Defendants stated that they "intend to supplement their production and are still determining whether there are responsive documents that are classified but not privileged."  On June 25, 2025, Plaintiffs requested that, to the extent Defendants have not yet produced any documents because they are allegedly classified, then Defendants should log the documents in a privilege log.  To date, Defendants have not logged any such classified documents, and instead have insisted that the parties enter into a Protective Order pertaining to classified information.

████████████████████████████████████████████████████████████)—but

Defendants have not produced any documents underlying the actual correspondence, if any,

between the United States and El Salvador regarding efforts to facilitate Cristian's return to the

United States.

        None of Defendants' objections provide a basis to withhold the requested, Court-ordered

discovery.  To begin, Defendants invoke the state secrets privilege but offer nothing to support

their conclusory assertion.  *See* Ex. B at 18-19, Defs.' Response to Interrogatory No. 3

("Defendants are unable to provide more detail on past, current, or future discussions with the

Government of El Salvador about facilitating Cristian's release and return to the United States

because such information is highly sensitive and its disclosure reasonably could be expected to

cause significant harm to the United States' foreign affairs and national security interests."); Ex.

G, Defs' Response to Plaintiffs' First Set of Document Requests, at 18, 22, 26.  Defendants'

attorneys' mere say-so is insufficient.  *See United States v. Reynolds*, 345 U.S. 1, 7 (1953).  Rather,

Defendants must provide an explanation for the specific categories of documents that are

privileged and "explain[] why disclosure reasonably could be expected to cause significant harm

to national security" or foreign affairs.  *FBI v. Fazaga*, 595 U.S. 344, 351 (2022).  And those

explanations must come in the form of a "formal claim of privilege, lodged by the head of the

department which has control over the matter, after actual personal consideration by that officer."

*Reynolds*, 345 U.S. at 7.  Defendants have failed to provide any such formal claim here.

        It is hard to imagine Defendants have any basis to assert that the withheld information is a

state secret.  Although Defendants now cry state secrets to prevent Plaintiffs from learning

anything about Defendants' efforts to comply with the Court's orders, Defendants' privilege log

shows that, ██████████████████████████████████████████████████

██████████████████████████████████████████████ *See* Ex. C,

Privilege Log Entries DEF-00000136 & DEF-00000273. ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████ *E.g.*, Ex. D, DEF-00000050; -061; -

067; -127. ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████

  Further, despite Defendants' conclusory assertion that "disclosure" of such information "reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests," it is highly unlikely that the production of information concerning actions already taken or planned to be taken by Defendants to facilitate the release and return of Cristian from El Salvador—which previously recognized that the United States possesses the authority to "deci[de]" the "long-term disposition" of the individuals it has agreed to "house" on behalf of the United States, DEF-00000067—would "be inimical to the national security" or "expose" sensitive "military matters." Ex. B at 18, Defs.' Objections to Interrogatory No. 3 (quoting *Reynolds*, 345 U.S. at 10, and *In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007)).[6]

---

[6] Even if the withheld information and documents contained some state secrets, that is not a basis on which to withhold them in their entirety. *See Ellsberg v. Mitchell*, 709 F.2d 51, 57 (D.C. Cir. 1983) ("whenever possible, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter"). Further, this case is unlike those cited by Defendants (*See, e.g.*, Ex. E at 18-19, Defs.' Objections to Interrogatory No. 3), in which the withheld evidence concerned a highly secret military mission, the CIA's operations, other sensitive information about U.S. intelligence gathering capabilities, and a disagreement with an ally concerning relations with a foreign adversary. And unlike in *United States v. Zubaydah*, where

And given the *many* public statements[7] made by U.S. and Salvadoran officials regarding the coordination between the United States and El Salvador to remove and house noncitizens in El Salvador, Defendants have an uphill battle to establish that what they seek to protect is even "secret" at all.  *See Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1200 (9th Cir. 2007) ("To be sure, there are details about the program that the government has not yet disclosed, but because of the voluntary disclosures made by various officials since December 2005, the nature and purpose of the TSP, the 'type' of persons it targeted, and even some of its procedures are not state secrets.").

Moreover, Defendants may not use their purported "state secrets" as a sword and a shield. Defendants, not Plaintiffs, have put those "secrets" at issue by asserting that they are complying with the Court's orders and engaging with El Salvador, yet Defendants deny the Court and Plaintiffs any evidence to support their claims.  For example, Defendants have produced ██████

██ ████████  ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████  *See, e.g.*, Ex. E, DEF-00000149, -152. But Defendants refuse to detail the actual inquiry, if there was one, regarding any attempt to facilitate Cristian's return, and the full response from El Salvador.  In short, Defendants are wielding a sword by disclosing portions of their communication with El Salvador, while shielding the remainder of the same communications

---

the CIA had "steadfastly refused to confirm or deny the accuracy of public speculation about its cooperation with Poland," 595 U.S. 195, 208, (2022) (quotation marks omitted), U.S. officials have repeatedly and publicly discussed the U.S.'s deal with El Salvador, *see* n. 7, *infra*.  Indeed, numerous officials including the Secretary of Homeland Security have traveled to El Salvador and posed for pictures at CECOT.

[7]  *See, e.g.*, No "State Secrets" in Removals of Non-US Citizens to El Salvador, https://www.justsecurity.org/113739/state-secrets-el-salvador/ (May 28, 2025) (collecting statements).

under an unsupported assertion of "state secrets." They cannot be allowed to have it both ways. If Defendants are unwilling to comply with the Court's discovery orders and Plaintiffs' discovery requests, then Defendants cannot reasonably contest later on that any finding of noncompliance or contempt is unjustified.

Nor may Defendants withhold documents or information responsive to the discovery requests under the deliberative process or law enforcement privilege. Defendants offer no reason to accept their claim that any steps Defendants have taken or plan to take to facilitate Cristian's release and return would pertain to "law enforcement techniques and procedures" or "confidentiality of sources." *See, e.g.*, Ex. B at 19, Defs.' Objections to Interrogatory No. 3. *See In re Subpoena to Nat'l Sci. Found.*, *Off. of Inspector Gen.*, 2018 WL 5017612, at *3 (E.D. Va. Oct. 16, 2018) (rejecting assertion of law enforcement privilege where no witness or law enforcement personnel would be endangered and no governmental process thwarted). To the contrary, Defendants have repeatedly asserted that the U.S. Department of State and Secretary Rubio are handling all discussions with El Salvador regarding Cristian, *see, e.g.*, Ex. B at 19, Defs.' Response to Interrogatory No. 3, undermining the already far-fetched claim that "law enforcement techniques and procedures" are at issue here. And the deliberative process privilege is fundamentally inapplicable to the information and documents sought by the Interrogatories and Requests for Production, which concern "action[s]" Defendants "have already taken" or "plan to take" to facilitate the release and return of Cristian. Critically, Plaintiffs do not seek "predecisional" or "deliberative" materials related to the "formulation or exercise of agency policy-oriented judgment." *United States v. Booz Allen Hamilton Inc.*, 2022 WL 3921019, at *2 (D. Md. Aug. 31, 2022); *see also U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (the privilege "shields from disclosure documents reflecting advisory opinions,

recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" (quotation marks omitted)).  They seek information related to the final decisions and actions Defendants have taken or will take.  If Defendants possess only "predecisional" documents in response to the discovery requests, then Defendants necessarily concede that they have made zero effort to comply with the Court's orders.  Further, these privileges are not absolute, and the importance of the discovery as the only source of evidence to determine the extent of Defendants' compliance with the Court's orders warrant compelling production here.  *See United States v. Booz Allen Hamilton Inc.*, 2022 WL 3921019, at *2 (D. Md. Aug. 31, 2022).

Finally, Defendants object to the discovery requests on the basis that they purportedly define "facilitate" to exceed the scope permitted by the Supreme Court's and Fourth Circuit's decisions in *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025), and *Abrego Garcia v. Noem*, 2025 WL 1135112 (4th Cir. Apr. 17, 2025).  *See* Ex. B, Defs.' Objection to Interrogatory Definition No. 8.  That is wrong.  As the Fourth Circuit recognized, "facilitate" here includes the government "express[ing] in words to the government of El Salvador that Cristian be released for transport back to the United States."  *J.O.P. v. United States Dep't of Homeland Sec.*, 2025 WL 1431263, at *6 (4th Cir. May 19, 2025).  Defendants may appeal the Fourth Circuit's decision, but they may not disregard it and withhold information and documents on the basis of a definition the Fourth Circuit endorsed.

For all these reasons, the Court should order Defendants to respond to Plaintiffs' Interrogatory Nos. 3, 4, 5, 6, 7, and 9 and produce all documents responsive to Request for Production Nos. 4, 5, and 6, including ███████████████████████████████

████████████████████████ regarding Cristian.[8]  At minimum, the Court should require

Defendants to produce the information and documents for *in camera* review.

### B.     The Court Should Order Defendants to Respond to Plaintiffs' Interrogatories on the Review and Approval of the "Status Reports" Filed in This Court

Defendants should be compelled to respond to interrogatories to identify the individuals

involved in review and approval of the "status reports" filed with this Court.  In addition to

allowing discovery on Defendants' actions to facilitate Cristian's return to the United States, the

Court also ordered expedited discovery on Defendants' compliance with this Court's Order to

"provide a status report on the steps they have taken to facilitate the return of Cristian to the United

States." ECF No. 293 ¶ 2 (quoting ECF No. 280 at 1).   Accordingly, Plaintiffs issued

interrogatories to "Describe with Specificity each Person having a role in compliance with the

Court's May 20, 2025 Order directing Defendants to provide a status report" (Interrogatory No.

12) and to "Describe with Specificity each Person who reviewed and/or approved any of the

Declarations of Assistant Director Mellissa B. Harper, before they were filed with the Court"

(Interrogatory No. 13).  Ex. B at 51, 54-55.  Defendants have refused to provide any substantive

response.  Ex. B at 54, 58.

Both interrogatories seek information squarely within the scope of the Court-ordered

expedited discovery, as they expressly seek to identify who was involved in preparation and review

of the status reports.  Furthermore, they are relevant both to the issue of Defendants' compliance

with the Court's orders, and for the purpose of identifying appropriate deponents "with knowledge

---

[8] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████

and authority," ECF No. 293 ¶ 6, who can testify as to Defendants' compliance with the Court's orders.

As the Court already recognized, Defendants' "status report" filed on May 27, 2025 (ECF No. 285-1) "failed to provide any of the information the Court required" and made "no attempt to offer any justification for their blatant lack of effort to comply."  ECF No. 287 at 1-2.  Defendants have since filed six (6) more "status reports," and each report also fails to provide adequate information to respond to the Court's order.  Accordingly, it is critical to understand who is involved in review and approval of the "status reports," including to ascertain who may be held in contempt.  Defendants should not be allowed to hide this information from discovery.

Defendants' objections also fail to justify their complete lack of response to these interrogatories.  For example, Defendants object to the extent that there may be a "Person" that had some "role" in the Defendants' provision of a status report that the Defendants are unaware of.  *See* Ex. B at 51–52.  Not only is this notion absurd, but it does not explain why Defendants have not responded to identify those Persons for which they *do* have knowledge.  Defendants also object to Interrogatory No. 12 "as based on the premise that the United States may exercise authority over third-country nationals detained by El Salvador within the sovereign territory and pursuant to the domestic law of El Salvador."  Defendants seem to misunderstand the scope of the interrogatory, which simply seeks identification of "each Person having a role in compliance with the Court's May 20, 2025 Order directing Defendants to provide a status report."

Defendants' purported privilege objections are similarly unavailing.  The attorney-client, work-product, and deliberative process privileges do not protect underlying facts, like the specific names of persons who worked on the "status reports" at the center of this discovery order.  *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("the [attorney-client] privilege does not protect

11

disclosure of the underlying facts . . .”); *Lively v. Read*, 2021 WL 664853, at *3 (W.D.N.C. Feb. 19, 2021) (citing *In re Zetia (Exetimibe) Antitrust Litig.*, 2019 WL 6122012, at *3 (E.D. Va. July 16, 2019)) (“Work product protection does not protect the ‘disclosure of the underlying facts . . .’”); *Empower Oversight Whistleblowers & Rsch. v. Nat'l Insts. of Health*, 122 F. 4th 92, 105 (4th Cir. 2024) (noting that the deliberative process privilege does not protect “purely factual material”); *see also TJF Servs. V. Transp. Media, Inc.*, 2019 WL 7599942, at *7 (W.D.N.C. Jan. 22, 2019) (citing *Avent v. State Farm Fire & Cas. Co.*, 2017 WL 2671078, at *6 (E.D.N.C. June 20, 2017)) (noting that identities of persons are considered underlying facts in a privilege analysis).

Furthermore, the law enforcement and state secret privileges are clearly inapplicable here. Defendants have identified no law enforcement investigation or practices that could be derailed by identifying to Plaintiffs the persons who played a role in or reviewed these court filings. *See United States v. Matish*, 193 F. Supp. 3d 585, 597 (E.D. Va. 2016) (describing information protectable by the law enforcement privilege as “information that would . . . interfere[] with [a law enforcement] investigation). Furthermore, these identifications of persons working on a domestic court filing fail to raise the significant national security concerns the state secret doctrine addresses. *El-Masri v. United States*, 479 F.3d 296, 302–04 (4th Cir. 2007) (noting that the state secret doctrine extends to information whose disclosure would create “a reasonable danger” of “expos[ing] military matters”). In any case, the state secret doctrine has specific “procedural requirements” that have not been invoked here. *Id.* at 304. Finally, there is a protective order in place in this case, which would allow the identification of these individuals to be maintained as confidential.

For all the above reasons, the Court should compel Defendants to respond to Plaintiffs' Interrogatories Nos. 12 and 13.

**C.    The Court Should Order Defendants to Respond to Discovery on Ms. Harper's Assertion Regarding "Persons Subject to the Courts' Order Detained in El Salvador"**

Defendants also refuse to answer Interrogatory No. 14, which requests elaboration on a statement made in the declaration that Defendants filed to purportedly comply with this Court's Order to "provide a status report on the steps they have taken to facilitate the return of Cristian to the United States," ECF No. 293 ¶ 2 (quoting ECF No. 280 at 1).  Ms. Harper states in her June 2, 2025 declaration that "DOS has authorized [her] to make [a] statement" that Secretary of State Marco Rubio is "personally handling the discussions with the government of El Salvador regarding ***persons*** subject to the Court's order detained in El Salvador." ECF No. 290-1 ¶ 6 (emphasis added).    Class Counsel, seeking clarity, served Interrogatory No. 14, which requested that Defendants identify who they were referring to by using the plural "***persons*** subject to the Court's order detained in El Salvador."  Ex. B at 60.  Defendants refuse to answer.

Defendants assert that the interrogatory exceeds the scope of the discovery ordered by the Court.  *See id.* at 58–59.  Not true.  Class Counsel are seeking clarity on a statement made in a "status report" filed in this Court (ECF No. 290-1), in response to this Court's Order (ECF No. 280), and for which this Court has allowed discovery to ascertain the compliance with this Court's order (ECF No. 293).  Plaintiffs are entitled to know what Defendants meant when they represented to this Court, in response to this Court's Order, that more than one "persons" in plural are "subject to the Court's order" are " detained in El Salvador."

Plaintiffs recognize that the issue of whether other Class Members have been removed to El Salvador has previously been raised with the Court.  Defendants have now injected the issue into the case by apparently admitting that other Class Members have been removed, in violation of the Settlement Agreement.  If Ms. Harper's statement to this Court in her declaration was false

or made in error, Plaintiffs are entitled to know that.  And if true, then Plaintiffs are entitled to know what "other persons" are referred to as "subject to the Court's order detained in El Salvador."

Defendants' privilege objection is also baseless.  Plaintiffs are not seeking the substance of attorney-client communications.  Plaintiffs only seek to clarity on why Ms. Harper used the plural "persons" in her declaration.

For all of these reasons, Plaintiffs respectfully request that the Court compel Defendants to respond to Interrogatory No. 14.

### D.    Defendants Request Leave to Take the Depositions of Mellissa Harper and a 30(b)(6) Witness

Plaintiffs should also be granted leave to take two depositions: (1) Mellissa Harper, who submitted declarations to this Court in response to the order to provide updates on the efforts to facilitate the return of Cristian from El Salvador; and (2) a Fed. Rule Civ. P. 30(b)(6) deposition on behalf of Defendants.  As explained in more detail below, communications concerning the facilitation of Cristian's return may have taken place through oral conversations or other contacts. Further, Plaintiffs should be allowed to question witnesses regarding Defendants' produced documents and interrogatory responses.  In short, Plaintiffs should be permitted to take depositions to obtain discovery of the core facts.

Plaintiffs request leave to take the deposition of Mellissa Harper, the Acting Deputy Executive Associate Director of the Enforcement and Removal Operations of U.S. Immigration and Customs Enforcement, part of the Department of Homeland Security.  Ms. Harper submitted two declarations on June 6, as well as declarations on May 27, June 2, June 13, June 20, and June 27, 2025, providing the Government's "status report" concerning its efforts to facilitate the return of Cristian from El Salvador.  While these declarations contain little information, basically repeating merely that she has communicated with the Department of State; that the Department of

14

State has communicated with the government of El Salvador; and providing brief updates on the location and health of Cristian from time to time, Plaintiffs should be allowed to depose Ms. Harper to explore her knowledge and efforts to comply with the Court's order to facilitate Cristian's return. For example, as explained above, Defendants have produced no documents, nor privilege log entries, reflecting any communications with the government of El Salvador since this Court's Order was entered. The government has relied solely on the sworn declarations of Ms. Harper to support its claim that it has attempted to facilitate the return of Cristian as ordered by the Court. Plaintiffs should be permitted to question Ms. Harper about the basis for the information provided in her declarations; whom she spoke with; when; the subject of those conversations; and the communications between the U.S. government and the government of El Salvador, to the extent she knows. A deposition is appropriate to explore these issues.

No claim of privilege should prevent the taking of the deposition. While the government can interject objections to particular questions, there is little doubt there is some unprivileged information—such as the identity of who spoke to whom and the date of communications, if not the substance. Plaintiffs should be permitted to take the deposition and explore these issues. If Defendants object, the question of whether those objections are appropriate can then be resolved.[9]

In addition, Plaintiffs should be permitted to take a Rule 30(b)(6) deposition of Defendants to further explore any attempts to return Cristian to the United States. Plaintiffs have identified two possible individual deponents they could seek to depose—Secretary of State Marco Rubio and

---

[9] In this circumstance, where the parties and the Court can anticipate that the government will interject objections (as in the privilege log) on the basis of at least the Deliberative Process Privilege and the State Secret Privilege, Plaintiffs suggest that it may be most efficient for the court to rule on the scope of those privilege assertions in the context of documents to allow the parties to more efficiently conduct the depositions, and to limit the potential need for multiple depositions if instructions to answer are later overruled.

██████████████████████.  Rather than seek the individual deposition of either

of these high-level officials, Plaintiffs instead seek a Rule 30(b)(6) deposition which should allow

more efficient discovery without distracting high-level officials unless it is necessary.[10]

Secretary of State Rubio and ████████████ each appear to have discoverable

information.  In the June 2, 2025 Declaration, Ms. Harper explicitly relied on information provided

by Secretary of State Rubio, indicating his personal involvement in seeking the return of Cristian.

> DOS has authorized me to make the following statement regarding its efforts to
> comply with this Court's order: "Secretary Rubio has a personal relationship with
> President Bukele and senior officials in the El Salvadoran government that dates
> back over a decade to the Secretary's service on the Senate Foreign Relations
> Committee.  Based on this deep experience with El Salvador and the Secretary's
> familiarity with political and diplomatic sensitivities in that country, he is
> personally handling the discussions with the government of El Salvador regarding
> persons subject to the Court's order detained in El Salvador.  Secretary Rubio has
> read and understands this Court's order, and wants to assure this Court that he is
> committed to making prompt and diligent efforts on behalf of the United States to
> comply with that order."

June 2, 2025 Harper Declaration (Document 290-1), ¶ 6.  Plaintiffs are entitled to discovery

concerning what Secretary Rubio has done to "personally handl[e] the discussions" and what

"prompt and diligent efforts" he has made.  Furthermore, subsequent declarations state that "in

country Embassy officials" are handling the discussions with El Salvador.  *See, e.g.*, ECF No. 303

at 6.  The proposed Rule 30(b)(6) deposition would seek testimony on these and other subjects.

████████████████████████████████████████████████

████    Defendants' document production includes a number of documents identifying

████████████████ as the custodian, and indicating that he had at least some communications

---

[10]  If the Rule 30(b)(6) deponent is not reasonably prepared, and cannot answer questions
concerning the efforts of individuals including Secretary of State Rubio and ███████████,
Plaintiffs reserve the right to seek the deposition of these individuals.  But Plaintiffs acknowledge
that efforts to avoid such depositions are reasonable under the circumstances, and therefore seek a
Rule 30(b)(6) deponent.

with ███████████████████████████████████.  As discussed above,

██████████████████████████████████████████████████

██████████████████████████████████████████ Ex. D,

DEF-00000050.  Defendants have produced some, but not all, ███████████

██████.  The documents that have not been produced appear to be logged on Defendants'

Privilege Log.  ████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████ (based upon the description of the subject matter in the

Privilege Log).  ████████████████████████████████████████

███████████████████████████████ and Plaintiffs are entitled to explore that

subject in deposition discovery.

 Rather than seek the individual deposition of Secretary Rubio and/or ████████████,

Plaintiffs instead seek to depose a witness reasonably prepared to testify concerning the specific

efforts undertaken by the government to comply with the Court's order and facilitate Cristian's

return.  Attached as Exhibit F is a Rule 30(b)(6) deposition notice setting forth the proposed topics

for such a deposition.  They include the efforts to facilitate Cristian's return, including specifically

the date and substance of any conversations or oral communications between Secretary Rubio,

█████████████████ or any other official of the U.S. government with any official of El Salvador,

including but not limited to ██████████████████████████.  This testimony is

directly relevant to the question of whether the U.S. government, through the Department of State

acting in concert with the Department of Homeland Security, has complied with this Court's orders, the subject of the discovery ordered by the Court.

## III.    CONCLUSION

The Court should compel Defendants to (1) produce documents and responses to interrogatories on all efforts to comply with this Court's Order to facilitate Cristian's return to the United States; (2) to respond to interrogatories seeking identification of all persons involved in review and approval of the "status reports" filed with this Court; and (3) to respond to Plaintiffs' interrogatory to clarify a statement to this Court in a "status report" that "persons" subject to the Court's Order are detained in El Salvador.  The Court should also granted leave to Plaintiffs to take the deposition of Mellissa Harper and a Fed. R. Civ. P. 30(b)(6) designee on behalf of Defendants who is adequately prepared to provide full accounting of the government's efforts, if any, to comply with this Court's orders.


Dated: June 30, 2025


Respectfully submitted,

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)           Elaine Herrmann Blais*
Goodwin Procter LLP                        Kevin J. DeJong*
1900 N Street, NW                          Goodwin Procter LLP
Washington, DC 20036                       100 Northern Avenue
Phone: 202-346-4000                        Boston, MA 02210
Fax: 202-346-4444                          Phone: 617-570-1000
BBurgess@goodwinlaw.com                    Fax: 617-523-1231
                                           EBlais@goodwinlaw.com
                                           KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project of the
National Lawyers Guild
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org
Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted pro hac vice*