**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

_____
                                               )
J.O.P., *et al.*,                              )
                                               )
                Plaintiffs,                    )
                                               )
        v.                                     )    Case No. 8:19-cv-01944-SAG
                                               )
U.S. DEPARTMENT OF HOMELAND                    )
SECURITY, *et al.*                             )
                                               )
                Defendants.                    )
_____)

<u>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
COMPEL DISCOVERY**</u>

# Table of Contents

I.    INTRODUCTION ............................................................................................ 1

II.   STANDARD OF REVIEW ............................................................................ 2

III.  ARGUMENT ................................................................................................. 3

    A.  Defendants' Discovery Responses Demonstrate Efforts to Comply with This Court's Order to Facilitate Cristian's Return. ............................................. 3

    B.  The Court Should Deny Plaintiffs' Requested Relief Regarding Interrogatories Nos. 12 and 13. ......................................................................................... 14

    C.  Plaintiffs' Interrogatory No. 14 Exceeds the Limited Scope of Discovery Permitted by The Court and Thus Does Not Warrant A Response. ..................... 18

IV.   CONCLUSION ............................................................................................ 19

# Table of Authorities

Page(s)

Cases

*United States v. Nixon,*
418 U.S. 683 (1974)..................................................................................................... 9

*Aventv. State Farm Fire & Cas. Co.,*
No.5:16-cv-278-BO, 2017 WL 2671078 (E.D.N.C.June 20, 2017) ................................... 18, 19

*Abrego Garcia v. Noem,*
No. 8:25-CV-00951-PX, 2025 WL 1113440 (D. Md. Apr. 15, 2025) ............................. 7

*Abrego Garcia v. Noem,*
No. 25-1404, 2025 WL 1135112 (4th Cir. Apr. 17, 2025) ............................................ 7

*Campaign Legal Ctr. v. Iowa Values,*
710 F. Supp. 3d 35 (D.D.C. 2024)................................................................................. 3

*Chaudhry v. Gallerizzo,*
174 F.3d 394 (4th Cir.1999) ......................................................................................... 17

*Chi. & S. Air Lines,*
*Inc.,* 333 U.S. ....................................................................................................... 7, 8, 13

*Cipollone v. Liggett Grp. Inc.,*
812 F.2d 1400 (4th Cir. 1987) ...................................................................................... 14

*D.J.'s Diamond Imports, LLC v. Brown,*
No. WMN-11-2027, 2013 WL 1345082 (D. Md. Apr. 1, 2013) ................................. 5, 6

*Ellsberg v. Mitchell,*
709 F.2d 51 (D.C.Cir.1983) ................................................................................. 9, 10, 13

*El-Masri v. Tenet,*
437 F. Supp. 2d 530 (E.D. Va. 2006) ........................................................................... 9

*El-Masri v. United States,*
479 F.3d 296 (4th Cir. 2007) .............................................................................. 9, 10, 11

*Ethyl Corp. v. U.S. E.P.A.,*
25 F.3d 1241 (4th Cir. 1994) ........................................................................................ 15

*Freiburg v. Muskie,*
651 F.2d 608 (8th Cir. 1981) ........................................................................................ 11

*In re Sealed Case,*
494 F.3d 139 (D.C. Cir. 2007) ...................................................................................... 10, 11

*In re Under Seal,*
945 F.2d 1285 (4th Cir.1991) ....................................................................................... 9

*J.O.P. v. United States Dep't of Homeland Sec.,*
No. 25-1519, 2025 WL 1431263 (4th Cir. May 19, 2025).......................................... 7

*Jama v. Immigr. & Customs Enf't,*
543 U.S. 335 (2005)................................................................................................ 7, 13

*Kenney v. Shaw Industries, Inc.,*
764 F. Supp. 1501 (N.D.Ga. 1991) .............................................................................. 4

*Mannina v. D.C.*,
   334 F.R.D. 336 (D.D.C. 2020) ............................................................................................ 2
*NLRB v. Sears, Roebuck & Co.*,
   421 U.S. 132 (1975) ............................................................................................... 13, 14
*Prowess, Inc. v. RaySearch Labs. AB*,
   2013 WL 1976077 (D. Md. May 9, 2013) ........................................................................ 17
*Teal Bay Alls., Inc. v. Southbound One, Inc.*,
   No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014) ...................................... 17
*Town of Norfolk v. U.S. Army Corps of Eng'rs*,
   968 F.2d 1438 (1st Cir. 1992) ............................................................................................ 13
*United States ex rel. Shamesh v. CA, Inc.*,
   314 F.R.D. 1 (D.D.C. 2016) .......................................................................................... 3, 4
*United States Fish & Wildlife Serv. v. Sierra Club, Inc.*,
   592 U.S. 261 (2021) ........................................................................................................... 14
*United States v. Reynolds*,
   345 U.S. 1 (1953) ........................................................................................... 9, 10, 11, 12
*United States v. Zubaydah*,
   595 U.S. 195 (2022) .................................................................................................. 10, 12
*Williams v. Sprint/United Management Co.*,
   235 F.R.D. 494 (D.Kan.2006) .............................................................................................. 4

Rules

Fed. R. Civ. P. 26 ...................................................................................................... 8, 15, 16
Fed. R. Civ. P. 26(b)(3) .................................................................................................... 5, 6
Fed. R. Civ. P. 26(b)(3)(A) .................................................................................................. 17
Fed. R. Civ. P. 33(b)(1) ......................................................................................................... 5
Fed. R. Civ. P. 33(b)(4) ...................................................................................................... 5, 6
Fed. R. Civ. P. 34 ............................................................................................................... 3, 6
Fed. R. Civ. P. 34(b)(1)(A) ................................................................................................... 6
Fed. R. Civ. P. 34(b)(2)(B) ................................................................................................... 6
Fed. R. Civ. P. 34(b)(2)(c) .................................................................................................... 6
Fed. R. Civ. P. 37(a)(1) ......................................................................................................... 3
Fed. R. Civ. P. 37(a)(3)(A) ................................................................................................... 3
Federal Rule of Civil Procedure 26(b)(1) ................................................................... 2, 3, 5
Federal Rule of Civil Procedure 26(e) ........................................................................ 2, 6, 15
Federal Rule of Civil Procedure 33 ....................................................................................... 5

## I.    INTRODUCTION

Plaintiffs' Motion to Compel, ECF No. 308, should be denied.  On June 5, 2025, the Court permitted Plaintiffs to conduct expedited discovery limited to ascertaining Defendants' compliance with this Court's Orders and to facilitate Cristian's return to the United State. ECF No. 293. Plaintiffs propounded written discovery on June 9, 2025, and Defendants served their responses and document productions on June 23, 2025. Defendants' responses demonstrate extensive efforts to comply with this Court's order to facilitate Cristian's return. Likewise, Defendants' objections, which included assertions of privilege and objections to requests that exceed the scope of discovery and these Court' orders, are genuine and necessary to protect United States interests domestic and abroad. [1] Therefore, the Court should deny Plaintiffs' Motion to Compel. Furthermore, the Court should deny the requested relief sought in relation to Interrogatories Nos. 12 and 13 as Defendants will supplement their responses to these interrogatories pursuant to their ongoing obligations under Federal Rule of Civil Procedure 26(e). Moreover, Plaintiffs' Interrogatory No. 14 exceeds the limited scope of discovery permitted by the Court and thus does not warrant a response.[2] Accordingly, Plaintiffs' should be denied.

_____

[1] The Defendants previously filed a response in opposition to Plaintiffs' Deposition requests in accordance with the Court's June 5, 2025 Order. *See* ECF No. 313.

[2] In footnote 3 of the Plaintiffs' Motion to compel, the Plaintiffs reference 30 of the documents that were withheld that reflect email chain communications between DHS, DOS, and/or DOJ attorneys. These email chains, as laid out in the privilege log, pertain to the Court's May 20, 2025 Order, the pending appeal with the Fourth Circuit, the April 23, 2025 Court order, the Rule 60 motion previously filed with the Court, and/or other matters. Within those email communications, there is legal advice and strategy provided in relation to these matters and material prepared in anticipation of litigation. Furthermore, the email chains also contain pre-decisional opinions, and/or deliberations in relation to the matters described. Therefore, to the extent the Plaintiffs seek disclosure of these email chains, such a request should be denied as it's covered by the attorney-

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) provides that discovery may be taken regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. *See* Fed. R. Civ. P. 26(b)(1). "While proportionality has always been pertinent to the review of the scope of discovery, the 2015 amendments highlighted its significance." *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020). Relocation of "the proportionality factors to Rule 26(b)(1) [was] to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse' and to make proportionality considerations unavoidable." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (citations omitted). Proportionality, like relevance, is informed by the Court's orders indicating what it believes to be of "importance… in resolving the issues." *See* Fed. R. Civ. P. 26(b)(1), (2)(C); *see also* 293 ¶ 2.

Rule 37 of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a)(1). A party seeking discovery may move for an order "compelling an answer, designation, production or inspection" from a party who fails to comply with Rules 33 (interrogatories) or 34 (documents requests). Fed. R. Civ. P. 37(a)(3)(A). "The moving party bears the initial burden of showing that the requested information is relevant" and that the response was "inadequate or incomplete," then "the burden shifts to the party opposing discovery to show why

---

client privilege, the deliberative process privilege, and the work product doctrine as sufficiently explained in Defendants discovery responses and privilege log. *See* ECF No. 309, Ex. C, Defendants' Production Vol. 1- Privilege Log, at 1-7.

the discovery should not be permitted." *Campaign Legal Ctr. v. Iowa Values*, 710 F. Supp. 3d 35, 46 (D.D.C. 2024) (cleaned up).

## III.    ARGUMENT

### A. Defendants' Discovery Responses Demonstrate Efforts to Comply with This Court's Order to Facilitate Cristian's Return.

Defendants have submitted adequate responses to Interrogatory Nos. 3, 4, 5, 6, 7, and 9, and produced documents in response to Requests for Production Nos. 4, 5, and 6. Any additional relief Plaintiff seek should be denied. Requests For Production Nos. 4, and 5 and Interrogatory Nos. 3, 4, 5 and 6 seek information and documents about actions that the Defendants plan to take in the future. *See* ECF No. 309, Ex. H, Plaintiffs' First Set of Expedited Interrogatories, at 5. Documents on hypothetical future actions do not currently exist. Even assuming that requests may seek hypothetical future documents—and Fed. R. Civ. P. 34's text casts substantial doubt on that proposition—discovery is continuing, which makes this whole motion premature.[3] Similarly, Interrogatory No. 7 generally seeks information related to requests made and/or requests that will be made in the future to the government of El Salvador to release Cristian to U.S. officials for transport back to the United States. *See id.*, at 6.

Despite these glaring issues, Defendants, subject to their objections, responded to these interrogatories. Defendants provided the following response to Interrogatory Nos. 3, 4, 5, 6, and 7:

> On June 2, a State Department representative provided the following statement to Mellissa Harper: "Secretary Rubio has a personal relationship with President Bukele and senior officials in the Salvadoran government that dates back over a

---

[3] After the amended protective order, ECF No. 301-1, was filed with the Court, and in accordance with their obligations under Rule 26(e), Defendants advised Plaintiffs that Defendants are still determining whether responsive documents marked classified are privileged. Defendants proposed modifying the Parties' protective order to address the handling of classified information.

decade to the Secretary's service on the Senate Foreign Relations Committee. Based on this deep experience with El Salvador and the Secretary's familiarity with political and diplomatic sensitivities in the country, he is personally handling the discussions with the government of El Salvador regarding persons subject to the Court's Order detained in El Salvador. Secretary Rubio has read and understands this Court's order, and wants to assure this Court that he is committed to making prompt and diligent efforts on behalf of the United States to comply with that order." Defendants are unable to provide more detail on past, current, or future discussions with the Government of El Salvador about facilitating Cristian's release and return to the United States because such information is highly sensitive and its disclosure reasonably could be expected to cause significant harm to the United States' foreign affairs and national security interests.[4]

ECF No. 313-1, Ex. A, Defs.' Resp. to Pls. First Set of Expedited Interrogatories, at 20. Relatedly, Interrogatory No. 9 requests that Defendants describe with specificity each communication had with "any Person in the government of El Salvador or at any facility in El Salvador used for detention or confinement concerning Cristian, including when, in what form, by whom, and to whom." Defendants responded by providing the additional response:



---

[4] The Defendants note that the following full response was only included in response to Interrogatory No. 3. For Interrogatory Nos. 4, 5, 6, 7, and 9, the Defendants incorporated by reference the full response included in Interrogatory No. 3 in response to these interrogatories, which is permissible. *See e.g. Williams v. Sprint/United Management Co.,* 235 F.R.D. 494, 501 (D.Kan.2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the ... documents produced ... but rather must indicate with specificity where the information can be found."); *Kenney v. Shaw Industries, Inc.,* 764 F. Supp. 1501, 1503 (N.D.Ga. 1991) ("Plaintiff's incorporation by reference in this case is not an attempt to obscure its response to Defendant's interrogatory, but instead is an attempt to respond.")

*Id.* at 43-44. Defendants provided sufficient answers and legitimate objections, but Plaintiffs still assert that these responses are plainly deficient and request that the Court reject Defendants' objections to these interrogatories.

Federal Rule of Civil Procedure 33 governs interrogatories to parties. *See* Fed. R. Civ. P. 33. Interrogatories must be answered "by the party to whom they are directed," or, where that party is a corporation, partnership, organization, or agency, "by any officer or agent, who must furnish the information available to the party." *See* Fed. R. Civ. P. 33(b)(1); *see also D.J.'s Diamond Imports, LLC v. Brown*, No. WMN-11-2027, 2013 WL 1345082, at *2 (D. Md. Apr. 1, 2013). The party served with an interrogatory may object to the interrogatory if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 33(b)(4); *see also D.J.'s Diamond Imports, LLC*, No. WMN-11-2027, 2013 WL 1345082, at *2 ("For example, a party may object that the interrogatory exceeds the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), or that it would require the disclosure of attorney-client privileged or work product protected material, Fed. R. Civ. P. 26(b)(3))". If the responding party objects to an interrogatory, the grounds for objecting "must be stated with specificity." *See* Fed. R. Civ. P. 33(b)(4); *see also D.J.'s Diamond Imports, LLC*, No. WMN-11-2027, 2013 WL 1345082, at *2. And pursuant to Fed. R. Civ. P. 26(e), Defendants must supplement or correct their discovery disclosures and responses so long as the supplementation or correction is done in a "timely manner," so Defendants are entitled to a reasonable opportunity to timely supplement—particularly where Defendants already said they would. *See* Fed. R. Civ. P. 26(e).

Plaintiffs also request that the Defendants produce all documents responsive to Request for Production Nos. 4, 5, and 6, including all documents sent to or from ██████████████ ████████ regarding Cristian. *See* ECF No. 309 at 9-10. In general, Request for Production

Nos. 4 and 5 seeks all documents concerning each action already taken or plan to take in the future to facilitate Cristian's release from the custody in El Salvador and return to the United States. *Id.*, Ex. I, Plaintiffs' First Set of Expedited Requests for Production, at 6. Moreover, Request for Production No. 6 seeks all documents reflecting any request to release Cristian from custody in El Salvador and responses thereto.

Federal Rule of Civil Procedure 34 governs requests for production to parties. *See* Fed. R. Civ. P. 34. The request for production must "describe with reasonable particularity each item or category of items to be inspected." See Fed. R. Civ. P. 34(b)(1)(A). The party served with the request for production may object to the request and state with specificity the grounds for objecting to that request. *See* Fed. R. Civ. P. 34(b)(2)(B). The party served with a request for production must also "state whether any responsive material are being withheld on the basis of that objection." *See* Fed. R. Civ. P. 34(b)(2)(c).

### i. *Plaintiffs Seek to Expand the Meaning of "Facilitate."*

Plaintiffs' assertion that Defendants responses and production are "plainly deficient" is partly premised on the notion that the definition of the term "facilitation" requires the Defendants to provide specific diplomatic communications from the Executive Branch in relation to the release and return of Cristian to the United States. *See* ECF No. 309 at 4-5, 7, 9 ("But Defendants refuse to detail the actual inquiry, if there was one, regarding any attempt to facilitate Cristian's return, and the full response from El Salvador."). However, the purported issue Plaintiffs raise has already been resolved. In *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1113440, at *2 (D. Md. Apr. 15, 2025) (hereinafter *Abrego Garcia II*), the district court defined facilitate as "at a minimum, to take the steps available to [the government] toward aiding, assisting, or making easier Abrego Garcia's release from custody in El Salvador and resuming his status quo ante." The Fourth

6

Circuit subsequently affirmed. *See Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at

*1 (4th Cir. Apr. 17, 2025) (hereinafter "*Abrego Garcia III*"). Expansion of the term "Facilitate,"

to encompass an order requiring specific diplomatic communication from the Executive Branch,

however, is beyond the orders in *Abrego Garcia II* and *III. J.O.P. v. United States Dep't of

Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *12-13 (4th Cir. May 19, 2025) (Richardson,

J. dissenting). Rather, precedent is clear that Courts do not have authority to divulge into executive

decisions as it relates to foreign policy or foreign affairs. *See Jama v. Immigr. & Customs Enf't*,

543 U.S. 335, 348 (2005) (recognizing judiciary's "customary policy of deference to the President

in matters of foreign affairs"); *Chi. & S. Air Lines, Inc.*, 333 U.S. at 111 ("[E]xecutive decisions

as to foreign policy . . . are decisions of a kind for which the Judiciary has neither aptitude, facilities

nor responsibility and have long been held to belong in the domain of political power not subject

to judicial intrusion or inquiry.") (prescribing limited judicial role in foreign policy matters,

especially those involving "information properly held secret"). Accordingly, Plaintiffs' definition

of "Facilitate," to include the Executive foreign affairs conduct goes beyond the decisions in

*Abrego Garcia* and Supreme Court Precedent and thus it is in excess of the Court's jurisdiction.

Furthermore, expanding the term "Facilitate," to encompass an order requiring specific

diplomatic communication from the Executive Branch, would burden the conduct of the

Government's current and future foreign policy and will have a chilling effect on foreign

governments' willingness to engage in fulsome discussions with U.S. counterparts. If foreign

government counterparts believe that the details of their discussions with U.S. counterparts may

find there into a court by way of deposition, it will significantly risk U.S. foreign policy and

national security objectives. *See, e.g., Chi. & S. Air Lines, Inc.*, 333 U.S. at 111 ("[E]xecutive

decisions as to foreign policy . . . are decisions of a kind for which the Judiciary has neither

aptitude, facilities nor responsibility and have long been held to belong in the domain of political power not subject to judicial intrusion or inquiry."). Any attempt by Plaintiffs to ask this Court to require Defendants to provide specific diplomatic communications from the Executive Branch in relation to the release and return of Cristian to the United States should be rejected by this Court.

*ii. Defendants invoke well-founded privilege assertions.*

Defendants have properly asserted the State Secret Privilege and the Deliberative Process Privilege[5] in response to the interrogatories and requests for production at issue.[6] The invocation of these privileges are genuine and necessary to protect United States interests domestic and abroad. Therefore, the Court should reject the Plaintiffs' assertions that the State Secrets Privilege does not provide a basis for withholding information and documents in relation to the interrogatories and requests for production at issue.

*State Secret Privilege* The state secrets privilege is "well established in the law of evidence." *El-Masri v. United States*, 479 F.3d 296, 303 (4th Cir. 2007) (quoting *United States v. Reynolds*, 345 U.S. 1, 6-7 (1953)). "Although the state secrets privilege was developed at common law, it performs a function of constitutional significance, because it allows the executive branch to protect information whose secrecy is necessary to its military and *foreign-affairs* responsibilities." *Id.* (emphasis added). In *United States v. Nixon*, the Supreme Court further articulated the doctrine's constitutional dimension, observing that the state secrets privilege provides exceptionally strong protection because it concerns "areas of Art. II duties [in which] the

---

[5] As to the Deliberative Process Privilege, Defendants intend on moving for leave of Court to file a declaration from an agency declarant out of time by July 10, 2025.

[6] Defendants are withdrawing their Law Enforcement Privilege assertions. The Defendants will provide a revised privilege log to Plaintiffs no later than Friday, July 11, 2025. The Defendants will also be supplementing their production of documents with these privileges withdrawn in a timely manner. See Fed. R. Civ. P. 26.

courts have traditionally shown the utmost deference to Presidential responsibilities." 418 U.S.
683, 710 (1974). The Supreme Court went on to recognize that, to the extent an executive claim
of privilege "relates to the effective discharge of a President's powers, it is constitutionally based."
*Id.* at 711. "Significantly, the Executive's constitutional authority is at its broadest in the realm of
military and *foreign affairs*." *El-Masri*, 479 F.3d at 303 (emphasis added). More specifically, "the
various harms, against which protection is sought by invocation of the [state secrets] privilege,
include impairment of the nation's defense capabilities, disclosure of intelligence-gathering
methods or capabilities, and *disruption of diplomatic relations with foreign governments*." *In re
Under Seal,* 945 F.2d 1285, 1287 n. 2 (4th Cir.1991) (quoting *Ellsberg,* 709 F.2d 51, 57
(D.C.Cir.1983)) (emphasis added). Courts have established that the state secret privilege applies
when the discovery sought "if disclosed, would adversely affect national security." *El-Masri v.
Tenet*, 437 F. Supp. 2d 530, 532 (E.D. Va. 2006) (quoting *Ellsberg v. Mitchell,* 709 F.2d 51, 56
(D.C.Cir.1983)); *see also In re Sealed Case*, 494 F.3d 139, 142 (D.C. Cir. 2007) ("The state secrets
privilege 'is a common law evidentiary rule that protects information from discovery when
disclosure would be inimical to the national security.") (citation omitted and internal quotes
omitted). A court is obliged to accord the "utmost deference" to the responsibilities of the
Executive Branch, including its assessment of the diplomatic situation and national security
interests. *El-Masri*, 479 F.3d at 305.

Plaintiffs contend that production of information that reflects further detail on past, current,
or future discussions with the government of El Salvador about facilitating Cristian's release and
return to United States cannot be categorized as state secrets. *See* ECF No. 309 at 6-7. Plaintiffs
base their assertion on the public statements made by U.S. and Salvadoran officials regarding the
coordination between the United States and El Salvador to house noncitizens in El Salvador. *Id.* at

7. This assertion, however, is misguided. The Supreme Court made clear in *United States v. Zubaydah*, 595 U.S. 195, 195 (2022) that "[i]n certain circumstances, the Government may assert the state secrets privilege to bar the confirmation or denial of information that has entered the public domain through unofficial sources." Even when the information which the Government asserts state secret privilege is already in the public domain, the Government is well within its right to assert the privilege if the information dealt with "operational details concerning the specifics of cooperation with a foreign government, including the roles and identities of foreign individuals." *Id.*

Here, Plaintiffs' propounded discovery seeks information concerning the specifics of cooperation with the Government of El Salvador, including future discussions, in relation to facilitating Cristian's release and return to United States and the identities of the Salvadoran government personnel. Those details are not public. And inquiry into the specifics of cooperation with El Salvador, including disclosing the identities of Salvadoran government officials, would cause significant harm to the foreign relation interests of the United States. *See* Decl. of Sec'y of State Marco Rubio, Ex. A ("Rubio Declaration"), ¶ 6 ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████ ; *El-Masri*, 479 F.3d at 303. Moreover, such inquiry would be "inimical to . . . national security," *In re Sealed Case*, 494 F.3d at 142, and would break trust with the United States foreign

counterparts, and chill ███████████████████████████████████████████████

Rubio Declaration ¶ 7; *see also Freiburg v. Muskie*, 651 F.2d 608, 609 (8th Cir. 1981) (affirming

a political question doctrine dismissal seeking to "compel the United States Department of State

to intervene on his behalf with officials of the West German Government.").[7]

Accordingly, Plaintiffs' reliance on public statements does not overcome the very foreign

policy interests protected by the privilege.[8] Likewise, Plaintiffs also contend that Defendants

should be required to produce Documents Bates Numbered DEF-00000136 and DEF-00000273,

which reflect ████████████████████████████████████████████████████

████████████████████    *See* ECF No. 309 at 6-7. Specifically, Plaintiffs assert that ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████, which is in compliance with

State Department recordkeeping rules, the State Secret Privilege is not applicable to these

documents. *Id.* at 6. Plaintiffs, however, fail to cite any authority supporting the proposition that

the medium in which the information is transmitted plays a role in determining whether such

information is covered by the State Secrets Privilege. Nor could they. Whether the information at

issue is in the public domain is immaterial to whether state secret applies. *See Zubaydah*, 595 U.S.

at 195; *see also* Rubio Declaration ¶ 8 ████████████████████████████████████

---

[7] The addendum referenced on paragraph 7 of the Secretary's declaration was produced *ex parte* and *in camera* to the *Abrego* Court. To the extent the Court seeks to review the addendum, the Defendants request that it be reviewed by this Court *ex parte* and *in camera*.

[8] To invoke the State Secrets Privilege, the Government must submit to the court a "formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Reynolds*, 345 U.S. at 7–8. Accordingly, the Defendants are filing to the Court the declaration of Secretary of State Marco Rubio, filed in *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX (D.Md.), to invoke the State Secrets Privilege.

█████████████████████████████████████████████

████████████████████████████████.

    Here, DEF-00000136 and DEF-00000273 includes ████████████████████████

██████████████████████████████████████████

███████████████. *See* Rubio Declaration ¶¶ 7-8, 13 ██████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████). So, the medium of ████████████████

communication should play no role in determining whether such documents are subject to the state

secrets privilege, and DEF-00000136 and DEF-00000273 should not be subject to disclosure.[9]

    Medium of communication aside, Plaintiffs seek *carte blanche* discovery into all

documents sent to or from ████████████████████ regarding Cristian. *See* ECF

No. 309 at 9-10. Precedent is clear that Courts do not have authority to divulge into executive

decisions as it relates to foreign policy or foreign affairs. *See Jama*, 543 U.S. at 348 (recognizing

judiciary's "customary policy of deference to the President in matters of foreign affairs"); *Chi. &*

*S. Air Lines, Inc.,* 333 U.S. at 111 ("[E]xecutive decisions as to foreign policy . . . are decisions of

a kind for which the Judiciary has neither aptitude, facilities nor responsibility and have long been

held to belong in the domain of political power not subject to judicial intrusion or inquiry.")

(prescribing limited judicial role in foreign policy matters, especially those involving "information

---

[9] In the alternative, if the Court is inclined to order that the Defendants produce documents DEF-00000136 and DEF-00000273, the Court should permit the Defendants to redact the sensitive information that is subject to the State Secrets Privilege. *See Ellsberg*, 709 F.2d at 57 ("whenever possible, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter.).

properly held secret"). Not only will such documents be covered by the state secrets privilege, *see infra* at 9-12, but it will exceed the definition of "Facilitate," established in *Abrego Garcia* and Supreme Court precedent, *see infra* at 7-8.

*Deliberative Process Privilege.* The deliberative process privilege "protects the internal deliberations of an agency . . . to prevent 'injury to the quality of agency decisions.'" *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1458 (1st Cir. 1992) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)). The privilege shields from disclosure information "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB*, 421 U.S. at 150; *see, e.g.*, *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 268 (2021) ("Documents are 'predecisional' if they were generated before the agency's final decision on the matter, and they are "deliberative" if they were prepared to help the agency formulate its position."). A court may order disclosure after balancing "the public interest in nondisclosure with the need for the information as evidence." *See Cipollone v. Liggett Grp. Inc.*, 812 F.2d 1400 (4th Cir. 1987) (citations omitted).

Here, Interrogatory Nos. 4 and 6 request that the Defendants describe each action that they "plan to take in the future and when" to facilitate Cristian's release and return to the United States. *See* ECF No. 309, Ex. H, at 4. Likewise, Interrogatory No. 7 provide that Defendants describe amongst other things request that they "will make in the future and when," to the government of El Salvador to release Cristian to U.S. officials. *See id.* Similarly, Requests for Production Nos. 4 and 5 seeks that the Defendants amongst other things to produce all documents concerning actions Defendants "plan to take in the future and when" to facilitate Cristian's release and return to the United States. *See* ECF No. 309, Ex. I, at 6. Similarly, Interrogatory Nos. 3, 5, and 9 and Request

13

for Production No. 9 inquire into actions or communications related to facilitating the release or return of Cristian.

These interrogatories and requests for production are vague and ambiguous as to the temporal scope covered and broad enough to also inquire into pre-decisional information and deliberations that touches on the positions and policy judgment of Defendants in relation to how it will facilitate the release and return of Cristian to the United States. These discovery requests, by their very nature, inquire into pre-decisional information and deliberations because they request discussions of policy choices before they are actually enacted. Indeed, Secretary Rubio is personally handling these discussions. *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1249 (4th Cir. 1994) (internal citations omitted) ("One relevant factor to be considered in determining whether the deliberative process privilege applies to a record is the identity and position of the author and any recipients of the document, along with the place of those persons within the decisional hierarchy."). Furthermore, Plaintiffs do not advance any reason for why the public interest in nondisclosure of such information, especially information that is subject to the state secret privilege, is outweighed with the need to use pre-decisional and deliberative evidence for this case. Plaintiffs' attempt to walk back their request and contend that they only seek information related to the final decisions and actions Defendants have taken or will take is also of no moment. Defendants have already provided sufficient information that reflect those final decisions and actions. *See* ECF Nos. 285-1, 290-1, 294-1, 295-1, 300-1, 303-1, 307-1; see also ECF No. 313-1 at 20, 43-44. Accordingly, Defendants have properly asserted this privilege.

For these foregoing reasons, the Court should deny Plaintiffs' requested relief in relation to Interrogatory Nos. 3, 4, 5, 6, 7, and 9 and Request for Production Nos. 4, 5, and 6.

**B. The Court Should Deny Plaintiffs' Requested Relief Regarding Interrogatories Nos. 12 and 13.**

14

Rule 26(e) provides that a party who has responded to an interrogatory or request for production must supplement or correct its disclosure or response in a "timely manner". See Fed. R. Civ. P. 26(e). Plaintiffs argue that the Court should order Defendants to respond to Plaintiffs' interrogatories on the review and approval of the status reports filed with the court. *See* ECF No. 309 at 10-12. Interrogatory No. 12 asks the Government to "Describe with Specificity each Person having a role in compliance with the Court's May 20, 2025 Order directing Defendants to provide a status report." *See id.*, Ex. H, at 6. Interrogatory No. 13 asks the Government to "Describe with Specificity each Person who reviewed and/or approved any of the Declarations of Assistant Director Mellissa B. Harper, before they were filed with the Court." *See id.*

Defendants responded to Interrogatories No. 12 and 13 with several objections.[10] For example, Defendants objected to those interrogatories as overbroad in that it seeks information outside their custody, possession, or control. See ECF No. 313-1, Ex. A, at 52-53, 56. The Court's May 20, 2025 order requires Defendants to file status reports detailing their efforts to comply with the Court's order to facilitate Cristian's return to the United States. *See* ECF No. 280; *see also* ECF No. 309 at 10-11.[11] The actions that have been and may be taken to facilitate Cristian's return must be taken by the Department of State and the Government of El Salvador rather than Defendants as DHS has limited authority to engage in foreign relations on behalf of the United States. Defendants do not control either of those entities and cannot require them to provide information in response to the Court's order. *See* ECF No. 313-1, Ex. A, at 56-57 (objecting to

---

[10] Plaintiffs say Defendants objected to Interrogatory No. 12 "to the extent that there may be a "Person" that had some "role" in the Defendants' provision of a status report that Defendants are unaware of." See ECF No. 309 at 11 (citing *See* ECF No. 313-1, Ex. A, at 52-53). That is not an objection Defendants made. See ECF No. 313-1, Ex. A, at 52-53.

[11] Defendants disagree with Plaintiffs' assertion that the status reports filed after May 27, 2025, do not provide adequate information to respond to the Court's order. *See* ECF No. 309 at 11.

Interrogatory No. 13 to the extent it seeks discovery of information not limited to Defendants' compliance with the Court's orders). Accordingly, the request that Defendants identify every person who had a role in complying with the Court's order is overbroad.

Defendants additionally objected that the term "role" as used in Interrogatory No. 12 as undefined and has no discernible limitation. *See* ECF No. 313-1, Ex. A, at 52. And, for similar reasons, Defendants objected that the term "reviewed and/or approved" as used in Interrogatory No. 13 is not defined and has no discernible limitation. These terms are vague and overbroad; they could be read to encompass even a DHS employee who did nothing more than forward an email or DHS attorneys who reviewed the status reports. Such individuals would not aid Plaintiffs in identifying individuals "with knowledge and authority" who can testify as to Defendants' compliance with the Court's orders. *See* ECF No. 309 at 10-11.

Interrogatories No. 12 and 13 seek discovery of information protected by the attorney-client privilege and the work product doctrine. *See* ECF No. 313-1, Ex. A at 52-53, 56. "Under Attorney-Client Privilege, confidential communication made between a client and an attorney in an effort to obtain legal services are protected from disclosure." *Teal Bay Alls., Inc. v. Southbound One, Inc.*, No. MJG-13-2180, 2014 WL 1630211 (D. Md. Apr. 21, 2014); *Prowess, Inc. v. RaySearch Labs. AB,* 2013 WL 1976077, at *2 (D. Md. May 9, 2013) (explaining that the attorney-client privilege can extent to communications that are between parties who "share[ ] an identical legal interest" and are "made in the course of and in furtherance of the joint legal effort" so long as "the privilege has not been waived.") Similarly, under the work-product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" "including the other party's attorney" or "insurer." *See* Fed. R. Civ. P. 26(b)(3)(A); *see also Chaudhry v. Gallerizzo,* 174 F.3d 394, 403 (4th Cir.1999)

16

(explain that while "[f]act work product is discoverable only upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship[,] ... [o]pinion work product is even more carefully protected, since it represents the thoughts and impressions of the attorney.").

Accordingly, Defendants asserted these privileges to protect communications between Defendants and their attorneys, and State Department officials and their attorneys, such as review and comments by Defendants' attorneys made in the process of preparing the status reports. Plaintiffs argue that "the identity of persons are considered underlying facts in a privilege analysis," and therefore that the asserted privileges do not protect "the names of persons who worked on the 'status reports'". *See* ECF No. 309 at 11-12 (citing *Avent v. State Farm Fire & Cas. Co.*, No. 5:16-cv-278-BO2017 WL 2671078, at *6 (E.D.N.C. June 20, 2017). Putting aside Plaintiffs' failure to cite any authoritative precedent, even the cases they cite do not support their argument insofar as it concerns review and comment by Defendants' or the State Department's attorneys. In ruling on a response to an interrogatory seeking information regarding written or recorded witness statements, the court in *Avent* held that "the identity of *witnesses* and the information they have about the underlying facts at issue generally are not protected *by the work-product doctrine*". 2017 WL 2671078, at *6 (emphasis added). The *Avent* court said nothing about the attorneys who collected the witness statements or about the applicability of the attorney-client privilege.

In any event, the identity of reviewing attorney is irrelevant to whether Defendants are complying with this Court's orders. Even if they could be called as witnesses on Defendants' efforts, any relevant information would likely be privileged. So there is no purpose in forcing Defendants to divulge the names of lawyers working on this case.

Without waiving their objections, Defendants will supplement their responses to Interrogatories Nos. 12 and 13 to identify Acting Deputy Assistant Director Mellissa B. Harper. Therefore, Plaintiffs' requested relief in relation to Interrogatory Nos. 12 and 13 should be denied.

### C.  Plaintiffs' Interrogatory No. 14 Exceeds the Limited Scope of Discovery Permitted by The Court and Thus Does Not Warrant A Response.

Plaintiffs' Interrogatory No. 14 seeks a list of all class members removed to El Salvador. The Court already rejected such a request on the basis that it "didn't see any reason that it should enforce anything other than the deal that the Plaintiff class made with respect to what its remedies and rights are under the agreement." *See* Transcript of May 6, 2025 Hearing at 17:19-22, Plaintiffs' Interrogatory No. 14 is thus an overly broad and unduly burdensome request that sweeps far beyond the scope of discovery set by the Court's June 5, 2025 Order, ECF No. 293.

Plaintiffs repeated engagement on this issue is an unwarranted attempt to circumvent the limited scope of discovery allowed by the Court. The Court's June 5, 2025 Order limited discovery into ascertaining Defendants' compliance with this Court's Orders. *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. 8:19-CV-01944-SAG, ECF No. 293 (D. Md. June 5, 2025) (emphasis added) (directing discovery "must be narrowly tailored to focus on any agreement, arrangement, or understanding between the United States and El Salvador that also implicates or affects the removal, confinement, or return of *Cristian*.") (emphasis added). Plaintiffs' Interrogatory No. 14, which seeks information and testimony about other hypothetical individuals, is beyond limited discovery concerning Defendants' "compliance with the Court's Orders" concerning (1) facilitation of Cristian's return; and (2) status reports on steps to facilitate including physical location, custodial status, what steps have been taken, or what steps will be taken to facilitate Cristian's return from El Salvador. *See* ECF No. 293.

Plaintiffs contend that this interrogatory does not exceed the scope of discovery ordered by the Court as they are only seeking clarity on a statement made in a "status report" filed with this Court, ECF No. 290-1, in response to this Court's May 20, 2025 Court Order, ECF No. 280. Pls.' Memo. in Support of Their Mot. To Compl. at 13. As a result, Plaintiffs are asserting that they are entitled to know what Defendants meant when they used the term "persons" in its June 2, 2025 status report, ECF No. 290-1 ¶ 6. *Id.* But this belies the fact that the Court only permitted Plaintiffs to conduct discovery on very limited matters that relate to Cristian and denied an identical request earlier. *See* ECF No. 293 ¶ 2; *see* Transcript of May 6, 2025 Hearing at 17:19-22. Plaintiffs clever nitpicking should not be permitted to circumvent the Court's decision on this very request. And Plaintiffs have not identified any other instances to support any conclusion that other class members have been removed under the Aliens Enemies Act and can point to nowhere in the settlement agreement that gives them the right to request such information. And other class members are not plaintiffs in this case, so seeking discovery on them is plainly outside the scope of this litigation. Accordingly, Plaintiffs' Interrogatory No. 14 is not within the permissible scope of discovery as the requested information exceeds the district court's order of June 5, 2025, and is not relevant or proportional to the needs of the case. It does not warrant a response and any requested relief should be denied. [12]

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel.

---

[12] It is worth noting that the term "persons" in the "status report" filed with this Court, ECF No. 290-1, was only intended to refer to Cristian. Accordingly, given that the Plaintiffs indicated that they were only seeking clarification on the usage of the term, and such a clarification was provided, Plaintiffs' requested relief in relation to this interrogatory should nevertheless be denied as moot. The Defendants will supplement their response to this interrogatory to reflect this change.

DATED: July 9, 2025                      Respectfully Submitted,

                                         BRETT A. SHUMATE
                                         *Assistant Attorney General*
                                         Civil Division

                                         WILLIAM C. PEACHEY
                                         *Director*,
                                         Office of Immigration Litigation

                                         YAMILETH G. DAVILA
                                         *Assistant Director*

                                         RICHARD G. INGEBRETSEN
                                         ERHAN BEDESTANI
                                         BRANDON ZELLER
                                         *Trial Attorneys*

                                         */s/ Kelark Azer Habashi*
                                         KELARK AZER HABASHI
                                         *Trial Attorney* (DC Bar No. 90009126)
                                         U.S. Department of Justice, Civil Division
                                         Office of Immigration Litigation
                                         District Court National Security Section
                                         P.O. Box 868, Washington D.C. 20044
                                         T: (202)-305-3340
                                         Kelark.azer.habashi2@usdoj.gov

                                         *Attorneys for Defendants*

Case 8:19-cv-01944-SAG    Document 326    Filed 07/09/25    Page 25 of 25

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Kelark Azer Habashi*
Kelark Azer Habashi
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation