**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| J.O.P., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 8:19-cv-01944-SAG |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR OPPOSITION TO**
**MOTION TO COMPEL DISCOVERY**

Defendants request leave to supplement their opposition (ECF 326) to Plaintiffs' motion

to compel discovery filed on June 30, 2025 (ECF 308).  On June 5, 2025, the Court permitted

Plaintiffs to conduct expedited discovery limited to ascertaining Defendants' compliance with this

Court's Orders and to facilitate Cristian's return to the United State. ECF No. 293. Plaintiffs

propounded written discovery on June 9, 2025, and Defendants served their responses and

document productions on June 23, 2025. Defendants' responses demonstrate extensive efforts to

comply with this Court's order to facilitate Cristian's return.  Defendants have properly asserted

the Deliberative Process Privilege in response to the interrogatories and requests for production at

issue.  The invocation of this privilege is genuine and necessary to protect United States interests

domestic and abroad.  Plaintiffs argue that Defendants have offered no grounds to assert the

Deliberative Process Privilege (ECF 308 at 8,9).  Defendants move for leave to file the attached

declaration (Exhibit A) from the United States Department of State supporting a formal invocation

of privilege.

Accordingly, Defendants hereby move for leave to supplement their previously-filed opposition with a declaration by Michael Kozak, Senior Bureau Official ("SBO") of the Bureau of Western Hemisphere Affairs ("WHA") of the U.S. Department of State. A motion for leave to supplement falls within a district court's discretion to grant. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Good cause supports this motion because it narrows the issues before the Court. Additionally, the United States Court of Appeals for the Fourth Circuit recognizes that asserting Deliberative Process Privilege is " 'not without difficulties since 'the rules governing discovery in such litigation have remained uncertain from the very beginning of the Republic.'" *Estate of LeRoux v. Montgomery Cnty., Maryland*, 2024 WL 1703939 (D.Md., 2024). Defendants are asserting the Deliberative Process Privilege by 1) invoking it through an agency subordinate who is personally knowledgeable about the information sought to be protected; 2) identifying the specific information that is protected by the information; 3) providing reasons for maintaining the confidentiality of the information; and 4) demonstrating that the privileged information is both pre-decisional and deliberative. *See Holt v. City of Harrisburg*, No. 1:19-CV-01986, 2021 WL 5233317 (M.D. Pa. Nov. 10, 2021). Defendants' in filing their response to plaintiffs' motion to compel discovery encountered unexpected delays in the preparation of the SBO Kozak's declaration in support of Defendants' assertion of the Deliberative Process Privilege. Defendants' regret the delay and any inconvenience caused to the Court and Class Counsel.

A proposed order is attached to this filing.

//

DATED: July 10, 2025                                Respectfully Submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation

YAMILETH G. DAVILA
*Assistant Director*
Office of Immigration Litigation

RICHARD G. INGEBRETSEN
KELARK A. HABASHI
BRANDON ZELLER
*Trial Attorneys*

*/s/ Erhan Bedestani*
ERHAN BEDESTANI
*Trial Attorney* (MN Bar No. 0504824)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court National Security Section
P.O. Box 868, Washington D.C. 20044
T: (202)-598-7451
erhan.bedestani2@usdoj.gov

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Erhan Bedestani*
Erhan Bedestani
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

<table>
<tr><td>
J.O.P., <i>et al.</i>,

     Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, <i>et al.</i>,

     Defendants.
</td><td>
No. 8:19-cv-01944-SAG

Declaration of Michael Kozak in Support
of Defendants' Assertion of the
Deliberative Process Privilege
</td></tr>
</table>

I, Michael Kozak, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    1.    I am the Senior Bureau Official ("SBO") of the Bureau of Western Hemisphere Affairs ("WHA") of the U.S. Department of State. As Senior Bureau Official, I oversee and execute the U.S. government's foreign affairs prerogatives in the Western Hemisphere, including in Central America. I report to the Deputy Secretary of State and Secretary of State. I am familiar with the *J.O.P. v DHS* lawsuit, and the matters that are the subject of Plaintiffs' requests for production in this case.

    2.    I have personally reviewed the 24 documents listed on the June 23, 2025, privilege log as indicated below and in their unredacted form.

    3.    These documents contain deliberative, pre-decisional internal Department of State discussion subject to the deliberative process privilege as indicated below.

            a.   The first category of documents contains Department of State personnel's internal, deliberative discussion of potential agency positions that are pre-decisional to final

positions taken in media, press and/or public diplomacy engagements. Divulsion of these internal, pre-decisional documents would chill State Department personnel's full and frank discussions in preparation for engagement with the press or the public: DEF-00000035, DEF-00000037, DEF-00000039, DEF-00000041, DEF-00000042, DEF-00000046, DEF-00000048, DEF-00000142, DEF-00000144.

b.  The second category of documents contains State Department personnel's internal, deliberative discussion of potential State Department positions that are pre-decisional to final positions taken or expressed in meetings or communications with Congress or other Executive Branch agencies. Divulsion of these internal, pre-decisional documents, or unredacted versions of them, would chill State Department personnel's full and frank discussions regarding agency positions and approaches to U.S. federal government coordination and engagement: DEF-00000176, DEF-00000179, DEF-00000183, DEF-00000184, DEF-00000785, DEF-00000788, DEF-00000791.

c.  The third category of documents contains State Department deliberative, pre-decisional drafts of documents that are pre-decisional to final drafts and positions taken by the State

Department and/or the United States in relations with foreign governments and/or particular entities within a foreign government with regard to transnational issues, including law enforcement, migration, and foreign assistance. Divulsion of these internal, pre-decisional documents would chill full and frank discussion among State Department personnel and would create confusion in the public that might result from the disclosure of reasons and rationales that were not in fact ultimately the grounds for the State Department and/or the United States' action: DEF-00000057, DEF-000000058, DEF-00000072, DEF-00000074, DEF-00000194, DEF-00000195, DEF-00000209, DEF-00000211

4.      The disclosure of these pre-decisional documents would discourage frank and open discussion among State Department personnel in connection with the State Department's decision-making processes. Their disclosure would also create confusion in the public that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds adopted for the State Department's actions.

5.      Based on my actual personal consideration, I am formally asserting these documents are subject to the deliberative process privilege.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 10th day of July 2025.

Michael Kozak
Senior Bureau Official
Bureau of Western Hemisphere Affairs
U.S. Department of State