IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____
                                    )
J.O.P., *et al.*,                   )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )   Case No. 8:19-cv-01944-SAG
                                    )
U.S. DEPARTMENT OF HOMELAND         )
SECURITY, *et al.*                  )
                                    )
          Defendants.               )
_____ )

**<u>DEFENDANTS' MOTION TO SEAL</u>**

Pursuant to Local Rule 105.11, Defendants respectfully request that this Court enter an order sealing four items, specifically their response to the Court's Order (ECF 319) and three associated Exhibits, Exhibits A, C and D.  Exhibit A is a May 9, 2025 unredacted declaration by Michael Kozak, Senior Bureau Official within the Bureau of Western Hemisphere Affairs (WHA) of the United States Department of State. Exhibit C is a May 20, 2025 letter from the U.S. Ambassador to El Salvador to the Ministry of Foreign Affairs (MFA) for El Salvador.  Exhibit D is a May 10, 2025 intra-Department of State cable.  As good cause therefore, Defendants state:

1.      Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11.

2.      Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).  However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598–99 (1978)).

3.      The Court has entered an Amended Protective Order, ECF No. 302, governing the handling of confidential information which, among other things, includes "sensitive information about "Defendants' law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;" "sensitive information regarding diplomatic negotiations between the United States and foreign countries, the release of which to the public may adversely impact the foreign policy and/or national security interests of the United States;" and "personally identifiable information related to third parties other than the individual whose

information is being sought." ECF No. 302 at 2–3. Defendants' also note that the exhibits for this filing were already entered in another matter under seal.[1]

4. The Court has also directed the parties to refer to the class member at issue in these proceedings by the pseudonym "Cristian" and has also recognized the confidentiality of this matter in granting Class Counsel's Motion to Proceed Under Pseudonym for this individual. *See* ECF No. 253 at 16 ("Here, Plaintiffs' declarations make clear that they do not seek to proceed under pseudonym "merely to avoid…annoyance and criticism" but "to preserve privacy" and security in a 'sensitive' matter.").

5. Courts have recognized that "[t]he President has the sole power to negotiate treaties." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13 (2015). "Diplomacy takes place in a wide array of fora, through many actors within the Executive Branch." *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *13 (4th Cir. May 19, 2025) (J. Richardson, dissenting) (citing *Zivotofsky*, 576 U.S. at 13–14). Such negotiations can be sensitive and can require "discretion," *id.* at 13, and indeed the Fourth Circuit has recognized that it is appropriate for "sensitive diplomatic negotiations to be removed from public view." *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025).

6. Additionally, government employees "have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives". *Lamb v. Millennium Challenge Corp.*, 334 F. Supp.

---

[1] The Court, in *J.G.G. v. Trump*, No. 25-0766-JEB granted the order to seal the same exhibits in a minute order on July 14, 2025.

3d 204, 216–17 (D.D.C. 2018) (quoting *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980)).

7. Sealing Defendants' response to the Court's Order (ECF 319) filed July 8, 2025 is necessary because Defendants discuss and quote in the memorandum information contained in Exhibit A, which is a May 9, 2025 Declaration by Department of State Senior Bureau Official Michael Kozek (SBO) within the Bureau of Western Hemisphere Affairs (WHA). This declaration is attorney's eyes only information (DEF-00000793 to DEF-00000797). Filing under seal is accordingly necessary for Defendants to comply with their obligations under the Amended Protective Order (ECF 302). Defendants will file a redacted version (DEF-00000798 to DEF-00000802) with their public filing. With respect to Defendants' memorandum in support of their response to the Court's Order (ECF 319), Defendants' have redacted the following:

- A) (Last line of Page 3 and a majority of Page 4) which discusses a sensitive diplomatic letter between sent from the U.S. Ambassador to El Salvador to the Ministry of Foreign Affairs for El Salvador. It also discusses sensitive foreign affairs information in the form of an intra-Department of State cable discussing diplomatic engagement between the United States and El Salvador. This diplomatic correspondence is sensitive government information as defined in the amended protective order (ECF 302 at p4, ¶ (d))

With respect to Defendants' Exhibit A, Defendants request to seal because of the following:

- A) Exhibit A, (May 9, 2025 unredacted declaration by SBO Michael Kozak), contains sensitive government information related to the conduct of foreign

4

affairs. The disclosure of the information contained in this exhibit could reasonably be expected to cause significant harm to the foreign relations interest of the United States. A redacted version will be filed publicly along with Defendants' response to ECF 319.

B) Exhibit C, (May 20, 2025 letter from the U.S. Ambassador to El Salvador to the MFA for El Salvador), contains sensitive government information related to the conduct of foreign affairs. The disclosure of the information contained in this exhibit could reasonably be expected to cause significant harm to the foreign relations interest of the United States. Exhibit C will be a placeholder in Defendants' publicly filed response to ECF 319.

C) Exhibit D, (May 10, 2025 intra-Department of State cable) contains sensitive government information related to the conduct of foreign affairs. The disclosure of the information contained in this exhibit could reasonably be expected to cause significant harm to the foreign relations interest of the United States. Exhibit D will be a placeholder in Defendants' publicly filed response to ECF 319.

8. Defendants recognize that this Court and the Plaintiffs in this action must receive copies of any materials filed under seal. Accordingly, Defendants will serve the sealed documents upon class counsel and provide a courtesy copy to the Court. Accordingly, Defendants respectfully request that this Court enter an order sealing Defendants' response to the Court's Order (ECF 319) and three associated exhibits, (A, C and D).

Dated: July 15, 2025 Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
*Office of Immigration Litigation*

YAMILETH G. DAVILA
*Assistant Director*

RICHARD G. INGEBRETSEN
KELARK A. HABSHI
*Trial Attorneys*

*/s/ERHAN BEDESTANI*
ERHAN BEDESTANI
Trial Attorney (MN Bar No. 0504824)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, I served a copy of the foregoing on counsel for Plaintiffs via the Court's CM/ECF e-filing system.

*/s/ Erhan Bedestani*
Erhan Bedestani (MN Bar 0504824)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation

*Attorney for Defendants*