IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

|  |  |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* <br><br> Defendants. | Case No. 8:19-cv-01944-SAG |

**DEFENDANTS' RESPONSE TO THE COURT'S JULY 8, 2025 ORDER**

On July 8, 2025, this Court took judicial notice of a "Report on Enforced or Involuntary Disappearances from the United Nations Office of the High Commissioner for Human Rights, Working Group on Enforced or Involuntary Disappearances" ("UN Document"), which was filed by the petitioners-plaintiffs in *J.G.G. v. Trump*, No. 25-0766-JEB, ECF 160-1 (D.D.C. July 7, 2025). ECF 319.[1] The Court ordered Defendants to respond and explain why "diplomatic discussions" are required. *Id.* As explained in the Government's response in *J.G.G.*, this document does not change the fact that the United States lacks custody and control over detainees at the Centro de Confinamiento del Terrorismo (CECOT) in El Salvador. *See J.G.G. v. Trump*, No. 25-0766-JEB, ECF 162 (D.D.C.). Since El Salvador has sole

---

[1] None of the custodians with knowledge of this case had knowledge or possession of this document. Even the office most likely to be aware of it—the United States Mission to International Organizations in Geneva, Switzerland—found no record of it after it was brought to Defendants' attention.

1

custody over Cristian and others, the United States must engage in diplomatic discussions to facilitate his release from that facility so that he may be returned.

The Government stands by its submissions and evidence, as well as additional evidence submitted with this filing, which support the fact that El Salvador exercises custody and control over the detainees. *See, e.g.,* ECF No. 300, 303, 307, 314, 330. As Defendants have explained, the Department of State has engaged in discussions with El Salvador for over a month, has received minimal responses to its weekly requests for a welfare and whereabouts update, and has not achieved Cristian's release to date. *See id.* This is because, as the district court in *J.G.G.* already ruled based on evidence produced in this case, the United States lacks constructive custody over those detained in El Salvador and cannot simply produce them. Ex. A, Declaration of Michael G. Kozak, ¶¶ 9-10; *J.G.G.*, No. 25-0766-JEB, ECF 148 at 22-24. A declaration from Secretary of State Marco Rubio, filed in a related case, provides additional support by explaining that, even after requesting the return of Mr. Abrego Garcia, over a month of diplomatic negotiations followed and El Salvador did not agree to transfer custody until Mr. Abrego Garcia was indicted. *See Abrego-Garcia v. Noem*, 8:25-cv-00951 (D. Md.), ECF 202-2, ¶¶ 2-5. These experiences further confirm that the United States is not able to obtain the release of detainees "upon nothing more than a request." *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 68 (D.D.C. 2004). As a result, negotiations with the foreign sovereign that does possess custody is necessary to facilitate any action regarding Cristian.

The UN Document also raises additional issues. This document is, in reality, a report prepared by a UN Human Rights Council-mandated working group consisting of the working group's *summary* of certain allegations regarding Venezuelan nationals in Salvadoran detention and El Salvador's response, which appears copied and modified with ellipses. A three-month-old submission by an unidentified Salvadoran official modified by the Human Rights Council working group cannot overcome sworn statements from top State Department officials that the United States does "not retain custody, constructive or otherwise, over the deported individuals." *Abrego-Garcia*, 8:25-cv-00951 (D. Md.), ECF 202-2 at ¶¶ 2-5.; *see also J.G.G.*, No. 25-0766-JEB, ECF 148 at 22-24 (crediting such declarations over other public statements); *Kiyemba v. Obama*, 561 F.3d 509, 515 (D.C. Cir. 2009) (similar); *Gul v. Obama*, 652 F.3d 12, 18 & n.* (D.C. Cir. 2011) (similar). Indeed, the working group report is confusing and unclear on its face and read in full context may be referring only to the *removals* of the individuals from the United States, not their subsequent *detention* in and by El Salvador. *See* Ex. B, UN Document 3 (arguing that El Salvador cannot be held "responsible for a failure to observe the principle of *non-refoulement*" (emphasis added)).

To the extent that the Salvadoran official who drafted El Salvador's response to the working group meant to suggest that the United States retains custody, that is simply incorrect and may reflect the same misunderstanding that the United States corrected after the United Nations document was written on April 3. *See* Ex. C, ███

3

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████); Ex. D, ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████). As the State Department has previously assessed, while

"█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████" and that "███████████████████████████

████████████████████████████," "████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████. This assessment may help explain the Salvadoran April 3 submission to the working group, which predated the higher-level clarifications discussed above. But the assertions in that April 3 submission do not reflect the reality of the diplomatic understanding or the facts on the ground. As a result, Defendants cannot simply facilitate the return of Cristian without engaging in extensive negotiations with El Salvador. The UN Document does not change that fact.

Dated: July 15, 2025						Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

YAMILETH G. DAVILA
Assistant Director

RICHARD G. INGEBRETSEN
KELARK A. HABSHI
Trial Attorneys

<u>/S/ERHAN  BEDESTANI</u>
ERHAN BEDESTANI
Trial Attorney (MN Bar No.0504824)
U.S. Department of Justice Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

Attorneys for Defendants