IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br>  Defendants. | Civil Action No. <br> 8:19-CV-01944-SAG |

**CLASS COUNSEL'S SUPPLEMENT TO RENEWED MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE PROMPT NOTICE OF CLASS MEMBER'S RETURN TO THE UNITED STATES**

On July 3, 2025, this Court issued an order directing Defendants to "advise as to the amount of time they would need to give Class Counsel notice if and when Cristian is returned to the United States." ECF 317. Defendants responded to this order on July 7, 2025, agreeing to "do their best to obtain the information and provide notice of Cristian's return without undue delay, with the intent to provide notice within forty-eight hours upon Cristian's return to the United States, if not earlier." ECF No. 318. The following day, Class Counsel filed a renewed motion for an order directing Defendants to provide notice within 12 hours of Cristian's return. ECF No. 320. The Court then issued an order directing Class Counsel to provide support, from the Settlement Agreement or otherwise, for the assertion that "forty-eight hours exceeds a reasonable timeframe," ECF No. 320, and for the contention that Class Counsel are entitled to any amount of notice other

1

than the 48 hours Defendants have already agreed to provide. ECF No. 328. This timely supplement now follows.

As the Court has already determined, Cristian is a Class Member entitled to an adjudication on the merits of his pending asylum claim under the Settlement Agreement. ECF No. 253 at 8; *see also* ECF No. 199-2 at 6, Section III.B. That is, he has a right to "a decision on the substance of [his] asylum claim by [U.S. Citizenship & Immigration Services (USCIS)] either granting an approval or issuing a determination of non-eligibility." ECF No. 199-2 at 3, Section II.B. Under the Settlement Agreement, as interpreted by this Court, an adjudication on the merits is highly consequential: it means an individual is "no longer a Class Member and no longer enjoys the protection of the Settlement Agreement." ECF No. 254 at 1. Whether Cristian has received an adjudication on the merits compliant with the Settlement Agreement following his return will be a central question for the Court because Cristian cannot be re-removed from the United States absent a Court order resolving the noncompliance in favor of Defendants. *See* ECF No. 199-2 at 13, Section V.D; *see also J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, ECF No. 34 at 18 (4th Cir. May 19, 2025) (Benjamin, J., concurring) (affirming the district court's view that an adjudication on the merits necessarily includes Cristian's ability to provide input into the process).

Inherent in Cristian's right to an adjudication on the merits is his entitlement to a procedurally proper process leading to this weighty decision, including the full range of procedural protections due to asylum applicants appearing before USCIS. *See, e.g.*, *Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002); *see also* ECF No. 253 at 10. Indeed, this *entire case* concerns the process due to asylum applicants previously determined to be Unaccompanied Alien Children. ECF No. 199-2 at 1, Section I.A. And of course, the Court already rejected Defendants' attempt to bypass these

protections and dismiss Cristian's asylum claim out of hand via an "indicative" asylum decision treating the application as moot. *See* ECF No. 270; *see also J.O.P.*, No. 25-1519, ECF No. 34 at 19–22.

While many procedural protections are critical to an adjudication on the merits of Cristian's asylum claim, one is of particular concern here: Cristian's right to immigration counsel at his own expense in his asylum proceedings before USCIS. This right is plainly established and non-controversial. *See*, *e.g.*, 8 C.F.R. §§ 103.2(a)(3), 292.5(b), 208.9(b). And it is integrated into the Settlement Agreement, whose purpose the Court already identified as allowing "Class Members in removal proceedings to have their asylum applications adjudicated on the merits by USCIS while they remain in the United States ***with access to their counsel***." ECF No. 253 at 10–11 (internal citation and quotation omitted and emphasis added); *see also J.O.P.*, No. 25-1519, ECF No. 34 at 12.[1] The Class Members' benefit of the bargain—which they procured in exchange for releasing, relinquishing, and discharging their class-wide claims—includes the right to ***lawful*** adjudication of their asylum applications. Concluding that the Settlement Agreement does not protect Class Members' right to counsel in their adjudications on the merits would strip them of the benefit of the bargain they made with Defendants. *See* ECF No. 253 at 10.

Notice to Class Counsel as late as 48 hours after Cristian's return—unlike the 12 hours proposed by Class Counsel, *see* ECF No. 320 at 1–2— is unreasonable because it could allow the Defendants to attempt to adjudicate Cristian's asylum claim on the merits without the presence of his counsel. Without swift notice, Class Counsel cannot timely alert Cristian's immigration

---

[1] Underscoring this purpose, the Settlement Agreement protects the integral role of Class Members' immigration counsel. Immigration counsel is entitled to notice of their client's jurisdictional rejection, ECF No. 199-2 at 6, Section III.C.2, and to raise instances of noncompliance with the agreement, *id*. at 13, Section V.D.

counsel to his having returned or assist her in gaining access to Cristian to prepare him for his asylum interview on the tight timeline Defendants are poised to follow. *See* ABC News, *Judge Orders Government to Report Steps It's Taken to Facilitate Venezuelan Man's Return to US* (May 20, 2025), *available at* https://abcnews.go.com/US/judge-orders-government-report-steps-facilitate-venezuelan-mans/story?id=122002015, (reporting Department of Homeland Security Assistant Secretary Tricia McLaughlin's statement that "[i]f the court forces [Cristian's] return, he will be removed again"). Cristian would be at grave risk of being induced to waive his right to counsel, given the inherently coercive detention setting in which he would likely be held. *See generally* Declaration of Colin Leonard (filed contemporaneously with this supplement). USCIS could easily interview Cristian and purport to adjudicate his asylum application within 48 hours—well before Class Counsel, and thus his immigration counsel, would even know Cristian had set foot on U.S. soil. In addition, given the high profile of Cristian's case, Defendants do not need 48 hours to learn and subsequently confirm that he has returned to the United States. Indeed, recent revelations (including the return of Mr. Kilmar Abrego Garcia to the United States) suggest that Defendants would *control*—rather than simply witness—Cristian's return. *See* ECF No. 319 (Court's taking judicial notice of United Nations report regarding U.S. responsibility for Venezuelan nationals removed to and imprisoned in El Salvador); *but see* ECF No. 338 (Defendants' rejection of this report).

Class Counsel's concerns about the probable vitiation of Cristian's right to counsel in his asylum proceedings before USCIS absent prompt notice are not speculative. In a case recently brought to Class Counsel's attention, USCIS conducted an asylum interview of a detained Class Member without his immigration counsel present in violation of USCIS regulations and policy, and despite his immigration counsel's efforts to represent him at the interview. *See* Leonard

4

Decl. ¶¶ 5–6. Class Counsel asked that USCIS reinterview this young person with his immigration counsel present, giving immigration counsel adequate advance notice of the interview to permit him to file additional evidence. After receiving no substantive response from Defendants, Class Counsel subsequently learned that on June 11, 2025, USCIS issued a decision finding this Class Member ineligible for asylum. *Id*. ¶ 8. Rather than risk that the government will attempt to conduct a procedurally inadequate interview, the Court should require prompt notice of Cristian's return. The Settlement Agreement's protection of the right to counsel, the evidence submitted with this supplement, and the judicial notice the Court has already taken all support Class Counsel's assertion that "forty-eight hours exceeds a reasonable timeframe" for notice.

Turning to the question of Class Counsel's *entitlement* to notice, it is the Settlement Agreement itself as a binding contract, as construed under general principles of contract law and consistent with the Court's decisions and orders interpreting and enforcing it, that supports Class Counsel's contention that they are entitled to any amount of notice other than the 48 hours Defendants have agreed to provide. Class Counsel acknowledge that the Settlement Agreement does not explicitly require notice of progress toward remedying a breach. Yet here, prompt notice is itself part of the necessary remedy for the government's breach. It is a critical component of restoring Cristian to the situation he would have been in but for the breach—which, as the Court has observed, is an axiomatic principle of contract law. *See* ECF No. 253 at 12–13 (citing cases); *see also id*. at 13 ("In the case of Cristian, this requires putting him in the position to ensure that his case is handled as it would have been had he not been improperly sent to El Salvador." (internal citation omitted)).

Before Cristian's removal to El Salvador, he had competent local immigration counsel at the ready to prepare him for and attend his asylum interview with the Houston Asylum Office. *See*

*generally* ECF No. 227-3 (declaration of Cristian's immigration counsel). Both Cristian and his counsel were entitled to notice of the interview, allowing them sufficient time to get ready for this potentially life-changing process. *See* USCIS, Affirmative Asylum Procedures Manual (AAPM), § II.G(3) (Feb. 25, 2025), *available at* https://www.uscis.gov/sites/default/files/document/guides/AAPM.pdf, ("no fewer than 18 days before the scheduled interview date, Asylum Office personnel mail the Interview Notice to the applicant and any representative of record"). Absent the improper removal and subsequent return, Cristian would have such notice and involvement of counsel in preparation for and attendance at any interview. The remedy for the breach must give Cristian this same procedure. As discussed above, when Cristian returns from El Salvador he will be detained, and in that inherently coercive environment he may well misunderstand or even waive his right to counsel. This, no doubt, would be a procedural harm to Cristian—and would be a direct consequence of Defendants' violation of the Settlement Agreement.[2] Prompt notice to Class Counsel is thus required to set off the chain of events that will connect Cristian with his immigration counsel at the earliest possible point to "attempt[] to put [Cristian] in as good a position as he would have been in had the contract been performed, that is, had there been no breach." *See* ECF No. 253 at 12–13 (quoting Restatement (Second) of Contracts § 347 cmt. a (Am. L. Inst. 1981)).

The Settlement Agreement's provision governing noncompliance with its terms, ECF No. 199-2 at 13, Section V.D—as manifest by the Court's treatment of the motion to enforce and related motion practice—further entitles Class Counsel to notice beyond what Defendants volunteer to provide. *See also Williams v. Pro. Transp., Inc.*, 388 F.3d 127, 131–32 (4th Cir. 2004)

---

[2] Class Counsel are in full agreement with the Court that "the Settlement Agreement does not entitle Class Members to USCIS approval of an asylum application. The Agreement does not guarantee results, but it does guarantee process." ECF No. 253 at 15 n.6.

("District courts have inherent authority, derived from their equity power, to enforce settlement agreements."). Indeed, Class Counsel sought and are now entitled to receive notice of "Cristian's current physical location and custodial status" via a weekly status report. ECF No. 293 at 1; *see also* ECF No. 280 (original order requiring Defendants to file a status report documenting Cristian's location). As a practical matter, Class Counsel's present motion simply asks that Defendants' final status report be provided no more than 12 hours after Cristian's return (rather than by noon ET on the first Friday following his return).

Should the Court choose to treat the pending motion as one to amend ECF No. 293 to include this 12-hour deadline for a final status report, Class Counsel would have no objection. Alternatively, if Defendants agree to provide Cristian and his counsel with 18 days' notice of his asylum interview, as outlined in the AAPM, *supra*, Class Counsel would accept Defendants' offer to inform them of Cristian's return no later than 48 hours after his arrival and withdraw this motion.

Dated: July 17, 2025

Respectfully submitted,

*/s/ Brian T. Burgess*

| | |
|---|---|
| Brian T. Burgess (Bar No. 19251)<br>Goodwin Procter LLP<br>1900 N Street, NW<br>Washington, DC 20036<br>Phone: 202-346-4000<br>Fax: 202-346-4444<br>BBurgess@goodwinlaw.com | Rebecca Scholtz*<br>National Immigration Project<br>30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)<br>Minneapolis, MN 55403<br>Phone: 202-742-4423<br>Fax: 617-227-5494<br>Rebecca@nipnlg.org |
| Elaine Herrmann Blais*<br>Kevin J. DeJong*<br>Goodwin Procter LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Phone: 617-570-1000<br>Fax: 617-523-1231<br>EBlais@goodwinlaw.com<br>KDeJong@goodwinlaw.com | Kristen Jackson*<br>Public Counsel<br>610 South Ardmore Avenue<br>Los Angeles, CA 90005<br>Phone: 213-385-2977<br>Fax: 213-201-4727<br>KJackson@publiccounsel.org |
| Wendy Wylegala*<br>Kids in Need of Defense<br>252 West 37th Street, Suite 1500W<br>New York, NY 10018<br>Phone: 646-970-2913<br>Fax: 202-824-0702<br>WWylegala@supportkind.org | Mary Tanagho Ross*<br>Bet Tzedek Legal Services<br>3250 Wilshire Blvd., #1300<br>Los Angeles, CA 90010<br>Phone: 323-939-0506<br>Fax: 213-471-4568<br>MRoss@betzedek.org |
| Michelle N. Mendez (Bar No. 20062)<br>National Immigration Project<br>1763 Columbia Road NW<br>Suite 175 #896645<br>Washington, DC 20036<br>Phone: 410-929-4720<br>Fax: 617-227-5495<br>Michelle@nipnlg.org | *Attorneys for Plaintiffs*<br><br>*Admitted pro hac vice* |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 17, 2025, I served a copy of the foregoing on counsel for Defendants via the Court's CM/ECF e-filing system.

*/s/ Brian T. Burgess*
