IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

**DECLARATION OF COLIN LEONARD IN SUPPORT OF CLASS COUNSEL'S SUPPLEMENT TO RENEWED MOTION FOR AN ORDER DIRECTING DEFENDANTS TO PROVIDE PROMPT NOTICE OF CLASS MEMBER'S RETURN TO THE UNITED STATES**

I, Colin Leonard, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of Louisiana. I have personal knowledge of the facts in this declaration and, if called upon to testify, I could and would testify competently to the facts herein.

2. I make this declaration in support of Class Counsel's Supplement to their Renewed Motion for an Order Directing Defendants to Provide Prompt Notice of Class Member's Return to the United States.

3. I represent a detained *J.O.P.* class member in his immigration proceedings. My client has a removal order and has been in ICE custody since March 13, 2025, at the Central Louisiana ICE Processing Center in Jena, Louisiana.

4. On May 7, 2025, USCIS's New Orleans Asylum Office called me and told me that an Asylum Officer was going to interview my client on the merits of his asylum application that afternoon, but my client told the Asylum Officer that he had counsel (me) whom he

wanted to be present at the interview. The Asylum Officer told me that the interview would likely happen in the next week or two and that they would notify me of the date and time in advance.

5. However, the New Orleans Asylum Office did not provide me advance notice of the date and time of the interview. Instead, on May 13, 2025, they called my phone and, when I did not pick up, left voicemail messages stating that my client was on the line and that they were proceeding with the asylum interview. When I was able to listen to the voicemail messages approximately 45 minutes after they were recorded, I attempted to call the two phone numbers registered on my phone, but no one answered at either phone number.

6. When I next spoke to my client, I learned that he was not given advance notice of the interview and that he had requested my presence at the interview. When the Asylum Officer tried calling me and did not reach me, my client asked to reschedule the interview so that I could be present. The Asylum Officer told him that if he rescheduled the interview, he would have to "reapply for asylum." The Asylum Officer proceeded with the interview on May 13, 2025, without me present.

7. After the interview, I complained to both the New Orleans Asylum Office and to the New Orleans ICE Enforcement and Removal Operations Office and requested a new asylum interview for my client. On May 13, 2025, I emailed the New Orleans Asylum Office expressing my concerns that I was not provided advance notice of the asylum interview and that my client was forced to proceed without me, his counsel, present. I also requested a new asylum interview and that I receive proper notice of the date and time so that I could be present. They responded to my email alleging that my client had waived

his right to counsel and instructed me to "reach out to ICE and the facility and request the formal reschedule." On May 14, 2025, per the Asylum Office's instructions, I emailed the New Orleans ICE Enforcement and Removal Operations Office, which has jurisdiction over the Central Louisiana ICE Processing Center, reiterating my concerns and requesting a new asylum interview. They responded claiming that there was no lack of notice because they tried to reach me on the phone several times right before the interview and that my client chose to proceed without me present. On May 15, 2025, I emailed AsylumD3Prescreening@uscis.dhs.gov as a last resort, but the reply was unresponsive to my request for a new asylum interview for my client.

8. On July 11, 2025, I received a notice from the New Orleans Asylum Office denying my client's request for asylum.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 07-16-2025

*Colin Leonard*