IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____
                                        )
J.O.P., *et al.*,                       )
                                        )
       Plaintiffs,                      )
                                        )
   v.                                   )   Case No. 8:19-cv-01944-SAG
                                        )
U.S. DEPARTMENT OF HOMELAND             )
SECURITY, *et al.*                      )
                                        )
       Defendants.                      )
_____  )

### JOINT STATUS REPORT IN RESPONSE TO THE COURT'S JULY 22, 2025 ORDER

On July 22, 2025, the Court issued an order directing the parties to file a joint weekly status report apprising the Court of developments in the parties' discussions regarding the return of Cristian to the United States for an adjudication on the merits of his asylum application by USCIS. *See* ECF No. 358.

**Defendants' Position**

Defendants continue to engage in ongoing discussions with Plaintiffs as to facilitation of Cristian's return to the United States, if he wishes to do so. On July 21, 2025, Defendants reached out to Plaintiffs to set up a meet and confer prior to the July 22, 2025, scheduled hearing on Plaintiff's Motion to Compel. At that meet and confer, Defendants confirmed that they are prepared to continue to comply with the court's order by facilitating Cristian's return to the United States should he want to return. Defendants also advised Plaintiffs that the date and manner of Cristian's return can be finalized once Plaintiffs confirm Cristian's wishes to return to the United States. Defendants also advised that they could make no commitment on what future immigration proceedings may render upon his return, which is beyond the scope of the Court's order.

After the July 22, 2025, hearing before this Court, Defendants reached out to Plaintiffs at 2:46 p.m. EDT to assess Plaintiffs' availability for a meet and confer regarding Cristian's status.

1

On July 23, 2025, Defendants followed up at 9:20 a.m. EDT to schedule a meet and confer. In that outreach, Defendants also provided additional points of contact that USCIS and ICE had to assist outreach to Cristian. That e-mail also described that, should Cristian wish to return to the United States, Defendants request the following: (1) where Cristian is located in Venezuela; (2) the contact information for Cristian (e.g., phone/emails/etc.); and (3) advice on what identity and/or travel documents Cristian possesses. This preliminary information is necessary for Defendants to determine whether further information is needed in order to facilitate Cristian's return to the United States should he wish to return to the United States.

On July 23, 2025, the Parties met and conferred in relation to Cristian's status via video conference at 1:00 p.m. EDT.[1] Class Counsel indicated that they will be able to initiate contact with Cristian in Venezuela and at this time do not need the government's assistance in initiating contact. The parties agreed that Defendants will provide Class Counsel with further details on any travel logistics associated with facilitating Cristian's return once Class Counsel confirms that Cristian wishes to return to the United States. The parties also discussed logistics for preparing this joint weekly status report.

After the meet and confer on July 23, 2025, Defendants sent an email to Class Counsel at 1:51 p.m. EDT with additional information to assist outreach to Cristian provided by the Department of State based on research of publicly available Spanish-language websites. That information included international reporting as to Cristian that may assist in reaching out to his family members.

On July 25, 2025, during the preparation of this status report, Defendants were informed by Class Counsel that they were able to contact Cristian. Class Counsel has not provided a basis

---

[1] During the July 23, 2025, meet and confer, Class Counsel asked if the U.S. Government has shared information with the Maduro regime pertaining to Cristian's asylum application. This request falls outside the Court's July 22, 2025 Order. *See* ECF No. 358 at 1. Nevertheless, Defendants aver that that they are complying with all applicable asylum confidentiality laws. *See* 8 C.F.R. § 1208.6

2

for their "understanding that Cristian endured prolonged torture" or whether it is Cristian who told them he needed additional time and, if so, how much time he needs. Defendants have requested a meet and confer to discuss the basis of Class Counsel's allegations and next steps.

**Class Counsel's Position**

Class Counsel was able to communicate with Cristian on July 24, 2025. Cristian was held in CECOT in El Salvador for four months, and it is Class Counsel's understanding that Cristian endured prolonged torture while held in CECOT. Given the physical and emotional abuse he experienced at CECOT, Cristian will need time to attempt to recover and to understand options available to him.

Defendants have represented above that they are "prepared to continue to comply with the court's order by facilitating Cristian's return to the United States should he want to return." Class Counsel do not agree that Defendants previously complied with the Court's Order. The record, as reflected in Defendants' weekly "status reports" and responses to Class Counsel's discovery requests, does not show that Defendants complied with the Court's Order.

Defendants also state that the "manner of Cristian's return can be finalized once Plaintiffs confirm Cristian's wishes to return to the United States." Class Counsel's position is that, if Cristian wishes to return to the United States, Defendants must arrange and pay all expenses involved in transporting Cristian back to the United States at an agreed-upon time. As the Court stated during the July 22, 2025 hearing, "it is on the Government not only to facilitate by assisting in getting permission for him to come back but to bring him back to the position he was in before the agreement was breached." Accordingly, to put Cristian in the position he was in before Defendants violated the Settlement Agreement, Defendants must arrange for and pay for all transportation back to the United States.

DATED: July 25, 2025                                        Respectfully Submitted,

BRETT A. SCHUMATE
*Assistant Attorney General*
Civil Division

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation

YAMILETH G. DAVILA
*Assistant Director*

RUTH ANN MUELLER
*Senior Litigation Counsel*

RICHARD G. INGEBRESTEN
ERHAN BEDESTANI
BRANDON ZELLER
*Trial Attorneys*

*/s/ Kelark Azer Habashi*
Kelark Azer Habashi (D.C. Bar 90009126)
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington D.C. 20044
T: (202)-305-3340
kelark.azer.habashi2@usdoj.gov
*Counsel for Defendants*

*/s/ Brian Burgess*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 25, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

                              */s/ Kelark Azer Habashi*
                              Kelark Azer Habashi (D.C. Bar 90009126)
                              *Trial Attorney*
                              U.S. Department of Justice, Civil Division
                              Office of Immigration Litigation