**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| **J.O.P.**, *et al.*, | |
| Plaintiffs, | Civil Action No. 8:19-CV-01944-SAG |
| v. | **DEFENDANTS' REPLY** |
| | **TO PLAINTIFFS'** |
| **U.S. DEPARTMENT OF HOMELAND** | **RESPONSE TO** |
| **SECURITY**, *et al.*, | **DEFENDANTS' THIRD** |
| | **COMPLIANCE REPORT** |
| Defendants. | |

Parties Settlement Agreement, pursuant to Paragraph V.B. (ECF 199-2 at 13,14) calls for compliance reports to be submitted by Defendants at various stages of the Settlement Agreement's lifespan. Plaintiffs, pursuant to Paragraph V.C. (ECF 199-2 at 7,8), shall respond to Defendants' compliance report 30 days following filing. Defendants, pursuant to Paragraph V.C., in turn are allowed 30 days to respond to any concerns Plaintiffs raise in their response. Defendants filed their third compliance report on May 27, 2025, to which Plaintiffs responded on June 26, 2025, and now Defendants respond adhering to a July 28, 2025 deadline. As practice throughout the response, Defendants present their text from the second compliance report, followed by the text from the Plaintiffs June 26, 2025, response, followed by Defendants' response.

A.    [Relating to Paragraph III.A]

**Text of Defendants' Third Compliance Report:** On January 30, 2025, Defendants issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement (ECF 199-2 at 7). The public may find this memorandum online under the related links tab at https:// www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying- for-asylum-by-themselves.

**Plaintiff's Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, (ECF No. 224-1) Plaintiffs noted that five aspects of the Defendants memorandum violated the Settlement Agreement.[1] Plaintiffs first raised these issues to Defendants by letter on March 22, 2025. (ECF No. 224-1). On April 28, 2025, Defendants responded via email to Plaintiffs' March 22, 2025 letter, agreeing to amend the Defendants memorandum to address two of the five issues Plaintiffs had raised. On May 8, 2025, the parties met and conferred regarding the open deficiencies with the Defendants memorandum. The parties have since exchanged several emails, most recently, Plaintiffs' June 23, 2025 email to Defendants regarding the remaining open issues.

**Defendants' Response:** Plaintiffs listed five aspects of the Defendants superseding memorandum in their March 25, 2025 letter (ECF 224-1) which they allege violate the settlement agreement. The Parties have resolved three of the five issues raised by Plaintiffs. Defendants are considering proposed language from Plaintiffs as to the two remaining issues. Defendants maintain that the superseding memorandum issued on January 30, 2025 complies with Paragraph III.A of the settlement agreement.

### B. [Relating to Paragraph III.B]

**Text of Defendants' Third Compliance Report:** Defendants complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response:** Plaintiffs have raised to Defendants at least 18 cases in which DEFENDANTS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications, between the Agreement's

---

[1] Plaintiffs filed a corrected document on May 27, 2025, ECF No. 283, after becoming aware that several pages of the March 25, 2025 filing had been cut off.

effective date and May 19, 2025. Several of those cases were raised by Plaintiffs after the May 27, 2025 Response to Defendants' Second Compliance Report, ECF No. 284. Defendants have taken corrective action in most but not all of the cases.

**Defendants' Response:**  Defendants continue to address and when required take necessary actions regarding alleged violations brought to their attention by Plaintiffs, in accordance with the Settlement Agreement (ECF 199-2 at 14, Section V.D).  For the period of February 25, 2025 to May 19, 2025, Defendants have taken appropriate corrective action for each alleged jurisdictional rejection that was determined to be in error.

**C.   [Relating to Paragraph III.C]**

**Text of Defendants' Second Compliance Report:**  Defendants issued Adverse Jurisdictional Determinations to two Class Members based on Defendants' determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application. Defendants certifies those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement (ECF 199-2 at 7,8), in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response:** Plaintiffs have brought to Defendants' attention at least 14 cases in which Defendants rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and May 19, 2025. None of those 14 rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Plaintiffs await a response from Defendants in several of these cases.

In addition, Plaintiffs are aware of, and have raised with Defendants, two cases in which

Defendants issued a "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut" but failed to comply with the procedures required by Paragraph III.C.2. Defendants have taken corrective action in those two cases.

Finally, while Defendants assert that "USCIS has issued Adverse Jurisdictional Determinations to 2 Class Members based on USCIS's determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition . . . at the time of filing their asylum application" pursuant to Paragraph III.C, Plaintiffs are aware of more than two such cases. Defendants' undercounting raises questions as to what steps they are taking to ensure compliance and to review records to accurately report their compliance to the Court.

**Defendants' Response:** Defendants continue to address and when required take necessary correction action regarding alleged violations brought to their attention by Plaintiffs, in accordance with the Settlement Agreement (ECF 199-2 at 14, Section V.D). Defendants will respond to any outstanding allegations of erroneous rejection of Class Members' asylum applications in violation of the settlement agreement within the sixty-day timeframe afforded by Paragraph V.D of the settlement agreement. Additionally, as required by settlement, Defendants only reported cases for this reporting period. Until Plaintiffs inform Defendants of the additional cases, Defendants cannot tell if the other alleged cases occurred outside this reporting period.

### D. [Relating to Paragraph III.D]

**Text of Defendants' First Compliance Report**: Defendants complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

**Defendants' Response**: No response required

    E.  **[Relating to Paragraph III.E]**

        1.  **[Relating to Paragraph III.E.1]**

**Text of Defendants' First Compliance Report:** As of May 19, 2025, Defendants have retracted Adverse Jurisdictional Determinations in the cases of 30 Class Members, as required by Paragraph III.C.2 of the Settlement Agreement. As of May 19, 2025, Defendants have fully complied with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response:** Since Defendants' deadline for compliance with Paragraph III.E.1 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.1.

**Defendants' Response:** No response required

        2.  **[Relating to Paragraph III.E.2]**

**Text of Defendants' First Compliance Report**: As of May 19, 2025, Defendants retracted Adverse Jurisdictional Determinations in the cases of 303 Class Members, as required by Paragraphs III.B and/or III.D (ECF 199-2 at 8) of the Settlement Agreement. As of May 19, 2025, Defendants have fully complied with Paragraph III.E.2 (ECF 199-2 at 8) of the Settlement Agreement.

**Plaintiffs' Response**: Since Defendants' deadline for compliance with Paragraph III.E.2 of the Settlement Agreement has not yet passed, Plaintiffs agree that Defendants have not violated Paragraph III.E.2.

**Defendants' Response:**  No response required

        3.  **[Relating to Paragraph III.E.3]**

**Text of Defendants' Third Compliance Report**: As of May 19, 2025, Defendants mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of May 19,

2025, Defendants fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response**: On June 2, 2025, Plaintiffs raised with Defendants the case of a Class Member who should have received a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one. Plaintiffs await Defendants' corrective action.

**Defendants' Response**: Defendants are aware of the alleged issue raised in Plaintiffs' response and Defendants will respond within the sixty-day timeframe afforded by Paragraph V.D of the settlement agreement.

### F.  [Relating to Paragraph III.F]

**Text of Defendants' Third Compliance Report**: As of May 19, 2025, Defendants mailed notices to 1871 Class Members notifying them that Defendants released a hold placed on the application in or after March 2021. As of May 19, 2025, Defendants fully complied with Paragraph III.F of the Settlement Agreement.

**Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one. However, Class Members whose cases had been placed on hold likely did not know their case was on hold; thus Plaintiffs are not in a position to confirm or dispute the veracity of Defendants' representation of compliance with Paragraph III.F.

**Defendants' Response**:  No response required

### G.  [Relating to Paragraph III.G]

**Text of Defendants' Third Compliance Report**: As of February 25, 2025, Defendants adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement. The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

6

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224, Plaintiffs noted that Defendants had failed to adopt special expedite procedures as required by Paragraph III.G of the Settlement Agreement. Plaintiffs informed Defendants of this violation via the March 22 letter referenced in Paragraph A above, and the parties met and conferred regarding this and other issues with the Defendants memorandum on May 8, 2025. The parties have exchanged multiple emails since the May 8 meet-and-confer and are in continued discussions about the Defendants memorandum, including its language about expedite requests.

**Defendants' Response:**  Defendants are considering proposed language from Plaintiffs as to expedited request procedures. Defendants maintain that they have adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement.

Dated: July 28, 2025                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director,
Office of Immigration Litigation

YAMILETH G. DAVILA
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

RICHARD G. INGEBRETSEN
ERHAN BEDESTANI
Trial Attorneys

*/s/Kelark Azer Habashi*
KELARK AZER HABASHI
Trial Attorney (DC Bar No. 90009126)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station

Washington, DC 20044
Telephone: (202) 305-3340
Fax: (202) 305-7000
kelark.azer.habashi2@usdoj.gov

*Counsel For Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Kelark Azer Habashi*
Kelark Azer Habashi
*Trial Attorney*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
