**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |
|---|---|
| J.O.P., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 8:19-cv-01944-SAG |
| ) | |
| U.S. DEPARTMENT OF HOMELAND ) | |
| SECURITY, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S**
**JULY 22, 2025 ORDER**

On July 22, 2025, the Court issued an order directing the parties to file a joint weekly status report apprising the Court of developments in the parties' discussions regarding the return of Cristian to the United States for an adjudication on the merits of his asylum application by USCIS. *See* ECF No. 358.

**Defendants' Position**

Cristian has not expressed an interest in returning to the United States from Venezuela. Considering this, Defendants will file a motion to dissolve the Court's order to facilitate his return by this Friday, August 22, 2025.

On August 19, 2025, Defendants emailed Plaintiffs to determine if they had any updates regarding Cristian's decision to return to the United States since the last joint status report filed on August 15, 2025. Defendants proposed that if Plaintiffs' counsel had no updates, a scheduled meet and confer could be postponed until such time that there were new developments to discuss. Plaintiffs' counsel agreed to postponing the weekly meet and confer as they had no new updates as to Cristian's decision on whether to return to the United States.

For the first time, during the exchange of drafts of this joint status report on August 22, 2025, Class Counsel indicated that Cristian has expressed "an interest in returning to the United

1

States." *Infra* Class Counsel's Position. This new interest however appears to continue to be tempered by "strong reservations about Defendants' stated intention to detain him indefinitely upon return." *Id.* Defendants have never stated that Cristian's detention would be "indefinite," but have noted that he would be subject to detention pending the adjudication of his asylum application and until his removal can be effectuated. Defendants' position continues to be that detention upon Cristian's return to the United States is return to the status quo ante and any challenges to such detention are premature and beyond this Court's jurisdiction to enforce the settlement agreement. In light of these "strong reservations" due to the fact that he will be detained upon his return, it appears Cristian still does not wish to return to the United States. As forecasted in the last three Joint Status Reports, *see* ECF Nos. 366, 368, and 380 Defendants intend to file a motion to dissolve this Court's April 23, 2025, Order as to facilitation (ECF No. 254), as moot by August 22, 2025.

### Class Counsel's Position

Cristian has expressed (1) an interest in returning to the United States, and (2) strong reservations about Defendants' stated intention to detain him indefinitely upon return. An impasse in the parties' discussion arose due to Defendants' unwillingness to discuss any available alternatives to detention. Plaintiffs disagree that detaining Cristian on return would restore him to the status quo ante simply because ICE detained him in January 2025. Defendants have never addressed Class Counsel's contention that in the specific case of a person sent by the U.S. government, in breach of a settlement agreement, to be held indefinitely in a foreign prison and tortured there over a period of months, re-detention by the same government is incompatible with a fair opportunity to participate in an asylum adjudication on the merits. Nor have Defendants explained why a final commitment to return is required from Cristian on some particular timeline as unilaterally determined by Defendants.

Class Counsel have informed Defendants that we will oppose their motion to dissolve the Court's order because under the circumstances Defendants have not afforded Cristian an adequate opportunity to both start to recover from the torture and trauma he endured in CECOT and simultaneously evaluate the potential for return to the United States, making dissolution of the order premature. Class Counsel reserve all rights to seek an order holding Defendants to standards and conditions sufficient to ensure that the adjudication on the merits to be afforded to Cristian after his return will satisfy basic due process requirements.

DATED: August 22, 2025                    Respectfully Submitted,

                                          BRETT A. SHUMATE
                                          *Assistant Attorney General*
                                          Civil Division

                                          WILLIAM C. PEACHEY
                                          *Director*
                                          Office of Immigration Litigation
                                          National Security Section

                                          YAMILETH G. DAVILA
                                          *Assistant Director*

                                          RUTH ANN MUELLER
                                          *Senior Litigation Counsel*

                                          ERHAN BEDESTANI
                                          BRANDON D. ZELLER
                                          KELARK AZER HABASHI
                                          *Trial Attorneys*

                                          */s/ Richard Ingebretsen*
                                          Richard Ingebretsen (DC Bar 1736200)
                                          Trial Attorney
                                          U.S. Department of Justice, Civil Division
                                          Office of Immigration Litigation
                                          P.O. Box 868, Washington D.C. 20044
                                          T: (202) 616-4848
                                          richard.ingebretsen@usdoj.gov
                                          *Counsel for Defendants*

/s/ Brian T. Burgess
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 22, 2025, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

                                                 */s/ Richard Ingebretsen*
                                                 Richard Ingebretsen (DC Bar 1736200)
                                                 Trial Attorney
                                                 U.S. Department of Justice, Civil Division
                                                 Office of Immigration Litigation