IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P.**, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,<br><br>        Defendants. | Civil Action<br>No. 8:19-CV-01944-SAG<br><br>**FILED UNDER SEAL**<br><br>**CONTAINS CONFIDENTIAL INFORMATION PURSUANT TO THE AMENDED PROTECTIVE ORDER (ECF NO. 302)** |

### DECLARATION OF MICHELLE N. MENDEZ IN SUPPORT OF CLASS COUNSEL'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE

I, Michelle N. Mendez, hereby declare as follows:

1. I am an attorney at law, licensed to practice law by the state bar of Maryland, and a member in good standing of the bar of this Court. I am part of the class counsel team in this case.

2. I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts herein.

3. I make this declaration in support of Class Counsel's Opposition to Defendants' Motion to Vacate Paragraph 2 of the Court's Order of April 23, 2025 (ECF No. 386).

4. I have been the main point of contact with Cristian for our class counsel team since the United States government transported him from CECOT to Venezuela, the country from which he seeks asylum. I have been the primary point of contact on behalf of the class counsel team because I am able to speak with him in Spanish without the need for an interpreter, which is helpful for building trust. I have been actively attempting to communicate with Cristian to determine his intentions on whether he would like to return to the United States.

5. Since he was freed from CECOT in July 2025, I have spoken to Cristian by phone on at least four occasions and exchanged numerous text messages. Each of our phone conversations lasted at least 30 minutes.

6. During all of our communications, I was concerned about, and careful to avoid, retraumatizing him. This concern and care stemmed from my years working in direct services in Maryland and Washington, D.C. representing unaccompanied children and from the child-centered trauma-informed training that I received for that role, including training by the Department of Justice, Executive Office for Immigration Review, Office of Legal Access Programs. Child-centered, trauma-informed practices were an essential aspect of my representation because many unaccompanied children are survivors of trauma, and they come from cultural backgrounds that differ from U.S. culture. Beyond my work with unaccompanied children, I also received further trauma-informed training to support my role representing asylum seekers, since many asylum seekers have endured past persecution and survived torture.

7. To avoid retraumatizing Cristian, in my communications with Cristian I used a trauma-informed approach grounded in my past experience representing unaccompanied children and adult survivors of past persecution and torture, which encompasses at least eight principles. First, it is important to acknowledge to a formerly imprisoned trauma survivor that it is undoubtedly overwhelming to go from being unable to speak to anyone to having many people, including a team of legal counsel, wishing to speak to them often. Second, in terms of logistics, it is important to let the trauma survivor know that there will be multiple, shorter conversations moving forward instead of a few long conversations. Third, during conversations, the practitioner should pause often to check with the survivor and ask if they have any questions or concerns. Fourth, legal concepts and terms must be described in an accessible manner. Fifth, it is vital to

afford the trauma survivor agency in the process, especially in situations where they were previously deprived of agency and autonomy. Sixth, consistent with trauma-informed practice, advocates should not prematurely solicit detailed descriptions of torture or other violence. Seventh, it is important to use a tone that conveys understanding and relays the support that legal services providers offer. Eighth, the practitioner should focus on supporting the trauma survivor holistically, which includes connecting them to mental health support.

8. ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████

9. ████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████

10. ███████████████████████████████████████████
███████████████████████████████████████████████████



I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 5, 2025.

*/s/ Michelle N. Mendez*

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org