# Ex. A

| | |
|---|---|
| **From:** | Ingebretsen, Richard (CIV) |
| **To:** | DeJong, Kevin J; Wendy Wylegala; Azer Habashi, Kelark (CIV); Rebecca Scholtz; Mueller, Ruth A. (CIV); Bedestani, Erhan (CIV); Davila, Yamileth G (CIV); Zeller, Brandon D (CIV); Walker, James (CIV) |
| **Cc:** | Michelle Mendez; mary ross; Kristin Jackson; Blais, Elaine Herrmann; Burgess, Brian |
| **Subject:** | RE: JOP v. DHS et al.: Questions Related to the Meet and Confer Regarding Cristian |
| **Date:** | Thursday, August 7, 2025 5:49:17 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.jpg<br>Joint Status Report August 8 2025.docx |

Counsel,

Thank you for sharing Plaintiffs' position. As requested, below please find Defendants' written responses to Plaintiffs' questions.

Also please find attached a draft of the JSR with Defendants' portion. We would appreciate Plaintiffs' portion by 10:30 AM tomorrow.

Sincerely,
Richard

**QUESTION:  Will Defendants ensure that they do not endanger Cristian's safety by the manner in which they return him from Venezuela, e.g. by not alerting the Maduro government of his status as an asylum seeker being returned to the United States?**
If Cristian chooses to return to the United States and DHS participates in the facilitation of Christian's return, DHS will act in accordance with the law of the United States. In any communications with the Maduro regime on this matter the United States will not gratuitously notify the regime of Cristian's status, but flag that difficulty may arise if the regime inquires about the basis of the legal order under which he needs to be returned to the U.S. We also cannot guarantee that the regime may not already be aware of Cristian's status through independent reporting.

 **QUESTION: Will Defendants cover the costs of all parts of Cristian's travel from his location in Venezuela to the United States?**
 If Cristian chooses to return to the United States, DHS will comply with the order, to include covering reasonable travel costs.

 **QUESTION: Please provide information about why Defendants seek Cristian's contact information in Venezuela, as well as assurances that Defendants will not communicate with Cristian without Class Counsel's advance approval and will not communicate with Cristian about the substance of his legal case.**
 If Cristian chooses to return to the United States, DHS requires Cristian's contact information to ensure that persons within Venezuela can communicate with him should DHS require further documents from him prior to his return to the United States. Further, to plan his travel, ICE needs to know his whereabouts while in Venezuela.
 Thus, DHS will not discuss the substance of his legal case with Cristian, just travel logistics.  However, if class counsel wishes for all communication to go through them, DHS will agree.  DHS will provide to DOJ all questions and DOJ can then provide those to class counsel.  Any delays in answering DHS's requests may cause significant delays in his travel.

 **QUESTION: Given the torture Cristian suffered during the four months he spent detained at CECOT after being sent there by the U.S. government, and the foreseeable after-effects on his health, will Defendants agree to not detain Cristian upon his return while he is pursuing his adjudication on the merits?**
 No.

 **QUESTION: Will the government cover the cost of Cristian's mental health treatment in the United States while he is pursuing an adjudication on the merits?**
While detained, ICE will evaluate Cristian's mental health, and if determined appropriate under normal policies and procedures, Cristian will receive the same mental health treatment as other detained aliens at government expense.

**QUESTION: Please provide assurances that USCIS will follow the law and its own asylum adjudication policies in adjudicating Cristian's asylum application, including that:**

As a preliminary matter, DHS does not agree that any of the below is open to further meet and confers through the *JOP* Settlement Agreement as the agreement does not cover how USCIS adjudicates asylum claims. DHS responds with the following:

- **USCIS will provide Cristian with an interview at which he can present his own testimony as well as the testimony of any witnesses should he desire to present witnesses**

USCIS agrees to follow its current policies and procedures.

- **USCIS will provide Cristian and his immigration counsel reasonable advance notice of the interview**

USCIS agrees to follow its current policies and procedures.

- **USCIS will respect Cristian's right to counsel by allowing his counsel to be present at the interview**

USCIS agrees to follow its current policies and procedures.

- **USCIS will provide Cristian and his counsel with any derogatory allegations they intend to rely on in their decision-making and provide Cristian with an opportunity to respond to those allegations**

USCIS agrees to follow its current policies and procedures.

- **USCIS will make its asylum decision based on the evidence in the record, including Cristian's testimony and any other evidence he provides, as opposed to pre-deciding his application**

USCIS agrees to follow its current policies and procedures.

**QUESTION: If, after Cristian receives an adjudication on the merits, Defendants believe they are legally authorized to remove Cristian again and plan to do so, please describe the removal procedures Defendants would apply to Cristian.**

DHS does not agree that the above question is open to further meet and confers through the *JOP* Settlement Agreement as the agreement does not cover how DHS removes aliens. The United States will act in accordance with the current legal authorities and the law.

**QUESTION: If, following an adjudication on the merits and in the event that Defendants believe they are legally authorized to remove Cristian from the United States, will Defendants provide assurances that:**

As a preliminary matter, DHS does not agree that the below questions are open to further meet and confers through the *JOP* Settlement Agreement as the agreement does not cover how DHS removes aliens.

- **They will not send Cristian to CECOT**

The United States will act in accordance with the current legal authorities and the law.

- **If Defendants intend to send Cristian to a third country, they would first, sufficiently in advance of the planned removal date, provide Cristian and his immigration counsel written notice of the specific country of planned removal, and if Cristian states a fear of persecution or torture in that country, Defendants will provide Cristian with a fear interview, and if Cristian passes that fear screening Defendants will not send Cristian to that third country unless an immigration judge orders it and all appeals have been exhausted.**

The United States will act in accordance with the current legal authorities and the law.


**Richard Ingebretsen**
**Trial Attorney**
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station

Washington, D.C. 20044

(202) 616-4848 (P)

richard.ingebretsen@usdoj.gov

This communication, including any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.

---

**From:** DeJong, Kevin J <KDeJong@goodwinlaw.com>
**Sent:** Thursday, August 7, 2025 11:35 AM
**To:** Ingebretsen, Richard (CIV) <Richard.Ingebretsen@usdoj.gov>; Wendy Wylegala <WWylegala@supportkind.org>; Azer Habashi, Kelark (CIV) <Kelark.Azer.Habashi2@usdoj.gov>; Rebecca Scholtz <rebecca@nipnlg.org>; Mueller, Ruth A. (CIV) <Ruth.A.Mueller@usdoj.gov>; Bedestani, Erhan (CIV) <Erhan.Bedestani2@usdoj.gov>; Davila, Yamileth G (CIV) <Yamileth.G.Davila@usdoj.gov>; Zeller, Brandon D (CIV) <Brandon.D.Zeller@usdoj.gov>; Walker, James (CIV) <James.Walker3@usdoj.gov>
**Cc:** Michelle Mendez <michelle@nipnlg.org>; mary Ross <mross@bettzedek.org>; Kristin Jackson <kjackson@publiccounsel.org>; Blais, Elaine Herrmann <EBlais@goodwinlaw.com>; Burgess, Brian <BBurgess@goodwinlaw.com>
**Subject:** [EXTERNAL] RE: JOP v. DHS et al.: Questions Related to the Meet and Confer Regarding Cristian

Richard,

Thank you for the meet and confer, and your follow-up email.

First, please provide written responses to the questions we raised on the meet and confer on July 30, and via email on July 31.  We understand that you responded on the meet and confer yesterday, but to avoid any misinterpretation, we need Defendants to respond in writing.  That will also allow us to consider whether we have any necessary follow-up.  As we have repeatedly relayed to you, we may also have further questions that need to be discussed.

Second, we do not appreciate that Defendants have repeatedly asked about the substance of Class Counsel's communications with Cristian, as any such communications to date are privileged.  Cristian was wrongly detained in CECOT for four months and endured prolonged abuse during that time --- none of which would have happened if Defendants had not violated a Court-ordered Settlement Agreement.  Cristian will need time to process the information in view of what he has endured.  We will respond with further information regarding Cristian once we are in a position to do so.

Lastly, we do not agree with your interpretation of the short snippet from the July 22, 2025 conference.  In our view, the Court expects the parties to work together to discuss how to proceed.  In any case, Class Counsel will continue to apprise Defendants and the Court of any developments we can share regarding Cristian.

Best,

Kevin

---

**From:** Ingebretsen, Richard (CIV) <Richard.Ingebretsen@usdoj.gov>
**Sent:** Wednesday, August 6, 2025 3:24 PM
**To:** Wendy Wylegala <WWylegala@supportkind.org>; Azer Habashi, Kelark (CIV) <Kelark.Azer.Habashi2@usdoj.gov>; DeJong, Kevin J <KDeJong@goodwinlaw.com>; Rebecca Scholtz <rebecca@nipnlg.org>; Mueller, Ruth A. (CIV)