Ex. E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

J.O.P., *et al.*,

      Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      Defendants.

No. 8:19-cv-01944-SAG

Declaration of Marco Rubio

### DECLARATION OF SECRETARY OF STATE MARCO RUBIO

I, Marco Rubio, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.    I am the Secretary of State of the United States and head of the United States Department of State, an Executive Department of the United States. *See* 22 U.S.C. § 2651. As Secretary of State, I am the President's chief foreign affairs advisor. I carry out the President's foreign policy through the State Department and the Foreign Service of the United States. *See* 22 U.S.C. § 2651a.

2.    The statements made herein are based on my personal knowledge, on information provided to me in my official capacity, reasonably inquiry, and information obtained from various records, systems, databases, State Department employees, and information portals maintained and relied upon by the United States Government in the regular course of business, and on my evaluation of that information.

3.    The purpose of this Declaration is to assert, in my capacity as Secretary of State and head of the Department of State, a formal claim of the state secrets privilege over certain information requested by Plaintiffs pursuant to the Court's expedited discovery order of June 5,

2025, in order to protect the foreign relations and national security interests of the United States. As explained in this Declaration, disclosure of the information covered by my privilege assertion reasonably could be expected to cause significant harm to the foreign relations and national security interests of the United States. I have discussed with knowledgeable State Department employees the details of the information over which I am asserting privilege to ensure that the bases for the privilege assertions set forth in this Declaration are appropriate.

4.     In the course of my official duties, I am aware that the instant lawsuit concerns the removal of "Cristian", a Venezuelan national removed from the United States to El Salvador.

5.     In the course of my official duties, I have been informed that this Court issued an Order on June 5, 2025, which, in pertinent part, directed the parties to conduct expedited discovery limited to ascertaining Defendants' compliance with relevant Court Orders in this case. *See* ECF No. 293 at 2. Though the State Department is not a party to this litigation, I understand that it has been requested to provide responsive documents by the Department of Justice.

6.     I am also aware of separate matters in federal court litigation with current or recent active discovery inquiries into factually related matters, including *Abrego Garcia et al v. Noem et al*, No. 8:25-cv-951-PX (D. Md.). In that case, I recall my Declaration invoking the state secrets privilege over pertinent discovery responses, filed May 5, 2025, as well as my Supplemental Declaration Asserting State Secrets, filed May 23, 2025. In my May 5 declaration, I stated as follows:

> When the United States seeks to remove individuals to a foreign country, the United States must negotiate the logistical details of that removal with the foreign country. This requires nonpublic, sensitive, and high stakes negotiation with the foreign State. Those negotiations cover sensitive issues, such as the nature of the working relationship between the United States and the destination country's government and migration policies that may impact regional neighbors; sensitive factual details or foreign policy priorities revealed in the course of highly sensitive negotiations, and the content of those negotiations, such as the categories of individuals a country may be willing to consider accepting or information

necessary to facilitate removals and subsequent entry into the receiving country, which can impact the foreign State's willingness to accept the removed aliens and the procedures it will employ in doing so. […] If foreign States believed that the information sought in this Court's orders—or similar information—could be revealed to third parties, simply because a lawsuit has been filed or a judge asked for the information, it would erode the credibility of the United States' assurances that information will be maintained in confidence and thus impede the ability of the United States to secure the cooperation of foreign authorities in critical operations. Again, this threat to the United States' foreign affairs interests extends beyond the removal context that is the subject of this case. […] Importantly, the compelled disclosure of this sensitive information would cause significant harm to the United States' foreign affairs interests even if some of the alleged detail may have made it into public sources through unofficial means. The disclosure of foreign affairs information through official acknowledgement or confirmation is vital to the protection of the United States' ability to conduct foreign affairs. There is a difference between official acknowledgement and informal reports: official disclosures or acknowledgements threaten the United States' national interests in a way that informal reports or statements do not, because informal statements leave an important element of doubt that provides an essential layer of protection and confidentiality. That protection would be lost if the United States were forced to confirm or deny the accuracy of unofficial disclosures or speculation. Thus, even if the public or the press believes certain information to be true, providing an official acknowledgment by confirming or denying specific details threatens the significant diplomatic and foreign relations harms discussed above.

Decl. of Sec'y of State Marco Rubio at 4, *Abrego Garcia et al v. Noem et al*, No. 8:25-cv-951-PX (D. Md.) (May 5, 2025) (Exhibit A). Further, in my May 23 declaration, I stated as follows:

To divulge the granular, additional details of negotiations or discussions between U.S. and Salvadoran officials that led up to and resulted in the arrangement or letter grant, or their implementation, would cause significant harm to the foreign relations of the United States. The same is true of the identities of certain Salvadoran interlocutors. It would betray the trust of foreign partners on which effective diplomacy depends and invite the other negative consequences I describe above and in my May 5 Declaration.

Supp. Decl. of Sec'y of State Marco Rubio Asserting State Secrets at 5, *Abrego Garcia et al v. Noem et al*, No. 8:25-cv-951-PX (D. Md.) (May 23, 2025) (Exhibit B). I invoke the contents of those declarations in full in the instant matter, and affirm that the rationales articulated therein for invoking the state secrets privilege remain active. These include articulation of the significant harm that would be caused to United States foreign affairs and national security interests by compelled disclosure of communications around nonpublic, sensitive, and high-stakes negotiations between

the United States and Salvadoran governments regarding logistical details of removals to El Salvador. To the extent that the Court or Plaintiffs in this case seek to compel disclosure of these communications, I reassert the privilege here.

7.    I also recall the Declaration invoking the state secrets privilege I executed on March 24, 2025, which was filed in *J.G.G et al v. Trump et al*, No. 1:25-cv-766-JEB (D.D.C.) ("*J.G.G.*"), ECF 56-2. Similarly, in that declaration I spoke to the impact on foreign affairs due to compelled disclosure of "nonpublic, sensitive, and high stakes negotiation with the foreign State, particularly where, as here, the aliens being removed have been deemed enemy aliens and members of a foreign terrorist organization" including "representations regarding the bases on which the individuals are being removed from the United States, which can impact the foreign State's willingness to accept the removed aliens and the procedures it will employ in doing so." *Id.* at 4. I further stated:

> Compelled disclosure of the number of aliens aboard any deportation flight—including the alleged deportation flights addressed in this Court's Minute Order—and the reasons any of those aliens were placed aboard the deportation flight, threatens significant harm to the United States' foreign affairs and national security interests. For example, if compelled disclosure of that information came to light, it could cause the foreign State's government to face internal or international pressure, making that foreign State and other foreign States less likely to work cooperatively with the United States in the future, both within and without the removal context. Disclosure of that information—to anyone—likewise is likely to be viewed as a breach of the trust on which our foreign relationships are based, leading to a less robust relationship in the future. And if a disclosure were to in any way undercut or, in the eyes of a foreign State (fairly or not) cast doubt on representations made in sensitive negotiations with the United States, that could likewise make that foreign State less likely to work cooperatively with the United States, both within and outside the removal context.

*Id.* Nothing in this declaration is intended to narrow the scope of that declaration, and to the extent that the Court or Plaintiffs seek sensitive information concerning removal operations of the United States to El Salvador, including concerning Cristian, I reassert the privilege here for the reasons articulated in that declaration and reiterated above.

8.    Furthermore, should information or materials be sought in the future regarding the negotiations the led up to the Government of El Salvador's decision to release the 252 Venezuelan nationals, including Cristian, from CECOT on July 18, 2025, I assert the state secrets privilege for the reasons articulated above and reserve the right to elaborate on the foreign policy harms that would result from divulging this information.

9.    After careful and actual personal consideration of this matter and of the materials described herein, and consistent with the state secrets privilege as asserted in *Abrego* and *J.G.G.*, I have concluded that the disclosure of certain information that has been requested by Plaintiffs, including through interrogatories, document production requests, and through questions asked and expected to be asked during deposition testimony, could reasonably be expected to cause significant harm to the foreign relations interests of the United States and, relatedly, the national security interests of the United States.

10.    For the foregoing reasons, I formally assert the state secrets privilege over the interrogatories marked as such in Defendants' responses, the documents marked as such in Defendants' privilege log, and past and future deposition questions and any subsequent discovery or judicial requests that call for sensitive information as described above in paragraphs 6, 7, and 8 of this declaration.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 21st day of July 2025.

Marco Rubio
Secretary of State