IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____
                                      )
J.O.P., *et al.*,                     )
                                      )
       Plaintiffs,              )
                                      )
   v.                               )  Case No. 8:19-cv-01944-SAG
                                      )
U.S. DEPARTMENT OF HOMELAND           )
SECURITY, *et al.*                    )
                                      )
       Defendants.              )
_____)

**DEFENDANTS' MOTION TO SEAL**

Pursuant to Local Rule 105.11, Defendants respectfully request that this Court enter an order sealing Defendants' unredacted reply to Class Counsels' opposition to Defendants' motion to vacate paragraph 2 of the Court's April 23, 2025 order, ECF No. 392, because it references the September 5, 2025 unredacted sealed declaration by Michelle Mendez. As good cause therefore, Defendants state:

1.    Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11.

2.    Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). However, the presumptive right of public access to court

1

records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598–99 (1978)).

3. The Court has entered an Amended Protective Order, ECF No. 302, governing the handling of confidential information which, among other things, includes "sensitive information about "Defendants' law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;" "sensitive information regarding diplomatic negotiations between the United States and foreign countries, the release of which to the public may adversely impact the foreign policy and/or national security interests of the United States;" and "personally identifiable information related to third parties other than the individual whose information is being sought." ECF No. 302 at 2–3.

4. The Court has also directed the parties to refer to the class member at issue in these proceedings by the pseudonym "Cristian" and has also recognized the confidentiality of this matter in granting Class Counsel's Motion to Proceed Under

Pseudonym for this individual. *See* ECF No. 253 at 16 ("Here, Plaintiffs' declarations make clear that they do not seek to proceed under pseudonym "merely to avoid…annoyance and criticism" but "to preserve privacy" and security in a 'sensitive' matter.").

8. Sealing Defendants' unredacted reply to ECF No. 392 is necessary because Defendants cite to redacted portions of a currently sealed unredacted declaration by Michelle Mendez, which was filed with the Court on September 5, 2025 in conjunction with their publicly filed opposition (ECF No. 392) and a redacted declaration by Michelle Mendez (ECF No. 392-1).

7. Defendants recognize that this Court and the Plaintiffs in this action must receive copies of any materials filed under seal. Accordingly, Defendants will serve the sealed documents upon class counsel and provide a courtesy copy to the Court. Accordingly, Defendants respectfully request that this Court enter an order sealing Defendants' reply to Class Counsel's opposition to Defendants' motion to vacate paragraph 2 of the Court's Order of April 23, 2025.

Dated: September 19, 2025        Respectfully submitted,

                                                            BRETT A. SHUMATE
                                                           Assistant Attorney General
                                                           Civil Division

                                                           YAMILETH G. DAVILA
                                                           Assistant Director

                                                           RICHARD G. INGEBRETSEN
                                                           KELARK A. HABSHI
                                                           BRANDON D. ZELLER
                                                           Trial Attorneys

/s/Erhan Bedestani
ERHAN BEDESTANI
Trial Attorney (MN Bar No. 0504824)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, I served a copy of the foregoing on counsel for Plaintiffs via the Court's CM/ECF e-filing system.

*/s/ Erhan Bedestani*
Erhan Bedestani (MN Bar 0504824)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation

*Attorney for Defendants*