# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

J.O.P., *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*

    Defendants.

Case No. 8:19-cv-01944-SAG

**DEFENDANTS' REPLY TO CLASS COUNSELS' OPPOSITION TO VACATE PARAGRAPH 2 OF THE COURT'S ORDER OF APRIL 23, 2025**

## **TABLE OF CONTENTS**

**INTRODUCTION**............................................................................................................................1

**ARGUMENT**..................................................................................................................................1

    **I.**    **Defendants Have Met Their Burden for Vacatur of Paragraph 2 of the Court's April 23, 2025 Order.**........................................................................................................1

        **A.**    **Vacatur Will Not Prejudice Cristian Because the Issue of His Return is Moot Without His Desire to Return in the First Instance.**................................................2

        **B.**    **Extraordinary Circumstances Warrant Vacatur Under Rule 60(b)(6)**.................4

    **II.**    **Abeyance of the Court's Order is Not Adequate Alternative Relief to Vacatur** ..7

**CONCLUSION** ........................................................................................................................8

## **TABLE OF AUTHORITIES**

### **CASES**

*Aikens v. Ingram*,
  652 F.3d 496 (4th Cir. 2011) .................................................................................... 6, 7

*Al -Sabah v. Agbodjogbe*,
  No. 20-2375, 2021 WL 5176463 (4th Cir. Nov. 8, 2021) ............................................ 6

*Gul v. Obama*,
  652 F.3d 12 (D.C. Cir. 2011) ...................................................................................... 5

*Horne v. Flores*,
  557 U.S. 433 (2009) .................................................................................................... 2

*J.G.G. v. Trump*,
  147 F.4th 1044 (D.C. Cir. 2025) .............................................................................. 5, 8

*Klapprott v. United States*,
  335 U.S. 601 (1949) .................................................................................................... 7

*Kozak v. Fedex Kinko's, Inc.*,
  No. 07-cv-187, 2008 WL 682580 (E.D. Va. Mar. 7, 2008) ........................................ 2

*RTA Transit Servs., Inc. v. Amalgamated Transit Union, Loc. 22*,
  50 F. App'x 455 (1st Cir. 2002) .............................................................................. 3, 4

*United States v. Bissonnette*,
  No. 16-cv-1070, 2021 WL 1438309 (E.D. Va. Mar. 24, 2021) .................................. 2

### **FEDERAL RULES**

Federal Rule of Civil Procedure 60(b)(5) ......................................................................... 8

Federal Rule of Civil Procedure 60(b)(6) ......................................................................... 8

## INTRODUCTION

As of the time of Defendants' reply, 63 days have passed since Cristian's release from CECOT and return to his native Venezuela. During that time, Cristian has not expressed a present desire to return to the United States and has apparently ceased communication with Class Counsel. ECF Nos. 388 at 2; 390 at 2; 396 at 2, 404 at 2. Defendants have complied with the order to facilitate Cristian's return to the United States but all indications from Class Counsel to date support a conclusion that he does not wish to leave his native Venezuela and return to the United States if he will be subject to immigration detention. ECF Nos. 368 at 3; 380 at 2; 384 at 2. Because Cristian has not expressed a present desire to return to the United States, it is impossible for Defendants to take any further action to facilitate his return. Paragraph 2 of the Court's April 23, 2025 Order, ECF No. 254 ¶ 2, which directs Defendants to "facilitate" Cristian's return, must accordingly be vacated as moot pursuant to Rule 65(b)(5). Alternatively, the Court should vacate pursuant to Rule 65(b)(6) because further compliance with the Court's order is not possible, and the order poses continued inappropriate interference in the conduct of sensitive foreign affairs.

## ARGUMENT

I.  **Defendants Have Met Their Burden for Vacatur of Paragraph 2 of the Court's April 23, 2025 Order.**

The issue before the court—that Cristian has not expressed a present wish to return to the United States, rendering the issue of any further facilitation of his return moot—is precisely the type of scenario Rules 60(b)(5) and (6) encompass. *See* Defs.' Motion to Vacate, ECF No. 386 (Defs.' Mot.) 8–9. Plaintiffs' Opposition presents several arguments that are inconsequential to the fact that Cristian has not expressed a desire to return, *see* Plaintiffs' Opposition to Defendants' Motion, ECF No. 392 (Pls.' Opp.) at 2–3, none of which overcome the need for vacatur here.

**A. Vacatur Will Not Prejudice Cristian Because the Issue of His Return is Moot Without His Desire to Return in the First Instance.**

*First*, Cristan's unwillingness to avail himself of the relief available to him under Paragraph 2 of the April 23, 2025 Order is an intervening change that warrants vacatur. *See United States v. Bissonnette*, No. 16-cv-1070, 2021 WL 1438309, at *6 (E.D. Va. Mar. 24, 2021) (quoting *Horne v. Flores*, 557 U.S. 433, 451 (2009)) ("relief [under Rule 60(b)(5)] is appropriate upon a showing of 'a significant change . . . in factual conditions.'"). Class Counsel argues vacatur is inappropriate because Cristian will be "severely prejudiced if the April 23, 2025, Order is vacated" because "he may never be able to return to the United States and his pending asylum application would not be adjudicated." Pls.' Opp. 7.[1] But Cristian has had over two months to take advantage of Paragraph 2 and has not done so. ECF Nos. 368 at 3, 380 at 2; 384 at 2.The possibility that a class member may not want to avail himself or herself of relief available to him or her under the settlement agreement is something that Class Counsel has already recognized in this case and is an intervening change that eliminates the need for Paragraph 2 of the Court's April 23 Order. ECF No. 254; *see* May 7, 2025 Hearing Tr. 9:7-12 (noting for another class member erroneously removed prior to adjudication of their settlement agreement that "there may be circumstances for particular class members that it may not make sense to raise that with the Court.").

*Second,* Class Counsel attempts to shoehorn unsubstantiated allegations of torture of Cristian to make Paragraph 2 viable. Pls.' Opp. 12. This is unavailing. Even if the allegations of

---

[1] Class Counsel cite *Kozak v. Fedex Kinko's, Inc.*, No.07-cv-187, 2008 WL 682580 (E.D. Va. Mar. 7, 2008), but the case is inapposite. There, the defendant filed a Rule 60(b) motion asking the court to convert the dismissal to one with prejudice after the court had dismissed the case without prejudice at the plaintiff's request. The court denied the defendant's motion because the prospect of refiling alone did not constitute extraordinary circumstances sufficient for relief under Rule 60(b); precluding refiling would prejudice the plaintiff, while the prospect of further litigation for the defendant was "very common." 2008 WL 682580, at *3. Here, in contrast, Defendants are prejudiced by maintenance of an order to facilitate Cristian's return when he does not wish to return, and Cristian would not be prejudiced by vacatur of an order directing relief he does not appear to want.

2

Cristian's treatment at CECOT were relevant to the instant issue underpinning Paragraph 2 of the Court's Order, that does not change the fact that the matter is now moot because Defendants have facilitated his return even if Cristian does not wish to avail himself of the option to do so. *Cf. RTA Transit Servs., Inc. v. Amalgamated Transit Union, Loc. 22*, 50 F. App'x 455, 456 (1st Cir. 2002) (party's compliance with court order purged contempt and "the issue of the contempt portions of the court's orders [was] moot."). Class Counsel's unsubstantiated assertions that Cristian "endured prolonged abuse" and needs to "recover from the torture he endured in CECOT" fall outside of the scope of the Court's order directing the government to facilitate Cristan's return. Pls.' Opp. 5, 11–12. Regardless, Class Counsel provides neither direct evidence to support the allegation nor a sworn declaration from Cristian, relying instead on secondhand media reports and hearsay relating to general conditions at CECOT. Pls.' Opp. 7. Indeed, despite Class Counsel's initial contacts with Cristian, they have provided no actual evidence to support a claim that Cristian specifically was subject to torture or abuse. Class Counsel's claims of abuse are also at odds with information provided to the State Department by El Salvador on two occasions, and reported to the Court, that Cristian was healthy and received regular medical checkups while at CECOT.  ECF No. 295-1 at 3, ECF No. 300-1 at 3.  El Salvador's President, Nayib Bukele, has repeatedly stated claims of torture and abuse in CECOT are without merit and have been fabricated by the regime of Nicolás Maduro in Venezuela. *See e.g.,* https://x.com/nayibbukele/status/1946372567457026130; "Venezuela to investigate alleged torture of its citizens in El Salvador Jail," The Guardian (July 21, 2025), https://www.theguardian.com/world/2025/jul/21/venezuela-to-investigate-alleged-torture-of-its-citizens-in-el-salvador-jail. Class Counsel's allegations that Cristian suffered torture at CECOT are also undermined by public reporting that the Venezuelan detainees at CECOT were visited on two occasions by international relief groups, following a request from their families. *See*

3

*e.g., Relatives of Deported Venezuelans Arrive in El Salvador and Demand 'Proof of Life' from Bukele, El Pais (Jun. 11, 2025),* https://english.elpais.com/international/2025-06-11/relatives-of-deported-venezuelans-arrive-in-el-salvador-and-demand-proof-of-life-from-bukele.html# (citing request from family members for Red Cross visit); *How a Venezuelan Migrant Kept Faith Alive in Salvadorian Prison 'Hell,'* CNN (July 25, 2025), https://www.cnn.com/2025/07/25/americas/venezuela-el-salvador-cecot-prison-jerce-reyes-intl-latam (noting the "detainees were visited by members of the Red Cross" which "took notes of what [the detainees] said and delivered them to their families").

*Third*, Class Counsel complains that sixty days is not "adequate time to decide whether to return to the United States." Pls.' Opp. 4. This argument is confusing given the initial information Defendants provided class counsel as early as August 7. *See* ECF No. 395-1 [2]. Defendants provided Class Counsel a package of information for Cristian to consider that addresses what conditions and accommodations will be made available if he chooses to return. *Id.*; ECF No. 395-4; ECF No. 368; ECF No. 379. Defendants have also been clear that these conditions are not subject to change. *See* ECF No. 395-4 ("DHS will not reconsider its decision to detain Cristian if he returns."). It is unclear from the declarations of Class Counsel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mendez Sealed Decl. at ¶¶ 8-10. Vacatur is accordingly appropriate for mootness under Rule 60(b)(5).

**B. Extraordinary Circumstances Warrant Vacatur Under Rule 60(b)(6).**

---

[2] ECF 395, Defendants recently filed Brief in Opposition to Class Counsel's Motion to Find Probable Cause to Hold Defendants in Contempt, and supporting attachments ECF Nos. 395-1 to 395-5 were recently filed on September 11, 2025.

Alternatively, Defendants' motion meets all the requirements for vacatur under Rule 60(b)(6). *See* Defs.' Mot. 11. Continued enforcement of the Order will prejudice Defendants so long as they remain subject to an order that they cannot further comply with more than they already have.[3] Such an outcome is particularly pernicious in light of the foreign policy implications of the Court's Order, which warrants vacatur under Rule 60(b)(6). *See* Defs.' Mot. 11-12; *J.G.G. v. Trump*, 147 F.4th 1044, 1067 (D.C. Cir. 2025) (rejecting the district court's "attempts to control the Executive Branch's conduct of foreign affairs, an area in which a court's power is at its lowest ebb.").

Class Counsel first argues that vacatur under Rule 60(b)(6) is not available because relief on grounds of equity is otherwise provided for in Rule 60(b)(5). Pls.' Opp. 11. This ignores the purpose of Rule 60(b)(6) and "extraordinary circumstances" that warrant relief. *See* Defs.' Mot. 17. Indeed, similar conflicts between the Executive Branch and Judicial Branch have been described as "extraordinary" and warranted "drastic and extraordinary remedy of mandamus." *J.G.G.*, 147 F.4th at 1064 (Rao., J. concurring); *see also id.* at 1045 ("This case involves an extraordinary, ongoing confrontation between the Executive and Judicial Branches.") (Katsas, J. concurring).

Second, El Salvador's decision to release Cristian for transfer to Venezuela, and any resulting diplomatic interactions with the Maduro regime that may be further compelled by the Court's ongoing order to facilitate Cristian's return to the United States at some indeterminate point in the future, cannot be held against Defendants nor serve as grounds to oppose vacatur. *Gul v. Obama*, 652 F.3d 12, 17 (D.C. Cir. 2011) (harms were "traceable to the act of a foreign

---

[3] Class Counsel assert that "[t]here is no support in the record that Defendants previously complied with the April 23, 2025 order to facilitate Cristian's return from El Salvador." Pls.' Opp.8 n.6. This ignores the obvious fact that Cristian was released from CECOT and has the present ability to return to the United States if he chooses to do so. ECF 395 at 16.

5

sovereign" that had custody). Class Counsel, without any evidence or support, claims that no further "sensitive negotiations" are needed for facilitation, and, if they are required, any "sensitive negotiations" are due to Defendants' alleged noncompliance with Paragraph 2. Pls.' Opp. 9. Beyond the fact that neither Class Counsel nor the Court is in a position to determine how foreign policy discussions should be conducted, these arguments fail. Previously obtained assurances are not necessarily perpetual and may be influenced by subsequent foreign policy developments, especially after more than 60 days. *See, e.g.*, Julie Turkewitz and Isayen Herrera, *Maduro Calls U.S. Attack on Boat "A Heinous Crime." Then Trump Announces Another,* NYT (Sept. 16, 2025), https://www.nytimes.com/2025/09/15/world/americas/venezuela-boat-strikes-maduro.html (suggesting the situation between the United States and the maduro regime may worsen due to factors wholly unrelated to this case). Defendants also did not "facilitate[] sending Cristian from El Salvador to Venezuela." Pls.' Opp. 9. The United States played an intermediary role, but two foreign entities decided for their own reasons to transfer Cristian and the other TdA members. ECF Nos. 395 at 10; 395-3 at ¶¶ 4-5, 8.

Third, Class Counsel cites *Al-Sabah v. Agbodjogbe*, No. 20-2375, 2021 WL 5176463 (4th Cir. Nov. 8, 2021) for the proposition that relief under Rule 60(b)(6) is available only when the reason for relief is not enumerated in Rule 60(b)(1)-(5). Pls.' Opp. 8. Defendants agree. The court in *Al-Sabah* quoted the same decision Defendants cited in their brief laying out the standard. Defs.' Mot. 11 (citing *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)); 2021 WL 5176463, at *2 (same). Class Counsel mischaracterizes Defendants' argument under Rule 60(b)(6) as an argument that the Court's order "is no longer equitable." Opp. 8. Relief is warranted under Rule 60(b)(6) not because the Court's Order is no longer equitable, but because further compliance with the Court's Order is not feasible.. *See* Defs.' Mot. 11-13.

6

Finally, Class Counsel fails to articulate why "justice is not served" by vacatur. Pls.' Opp. 9; *id.* 1-2 ("Cristian will be severely prejudiced if the Court's order is vacated…." and assert Defendants' "knowingly violated" the settlement agreement and "made no apparent attempt to facilitate [Cristian's] return to the United States."). Cristian's removal was based on a good faith belief that the settlement agreement did not apply, not willful disregard for the settlement agreement. [4] *See* ECF 395 at 10-13; *see generally* ECF No. 248. Additionally, Class Counsel's assertion that Defendants made no effort to comply with the Court's order is simply false. *See* ECF No. 395 at 17-20. Defendants requested assistance from the Department of State to comply with the Court's order, and the Department of State—despite not being a party to the litigation—worked to facilitate the return of Cristian from El Salvador over an extended period of time. Declaration of Christopher Landau, ECF No. 395-3 at ¶¶3-6, ECF No. 294-1 ¶¶ 6-9, ECF No. 294-1 ¶¶ 5, 7; ECF No. 330 ¶¶ 5-6. In addition to the actions taken by the Department of State, DHS facilitated Cristian's return by removing domestic barriers to entry and expressing a willingness to pay his reasonable travel expenses should he decide to return. ECF No. 395-1; ECF No. 395-2 at 12:1-8; *see Klapprott v. United States*, 335 U.S. 601, 614 (1949) (noting Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice. Accordingly, vacatur is appropriate under Rule 60(b)(5) or 60(b)(6).

## II.     Abeyance of the Court's Order is Not Adequate Alternative Relief to Vacatur.

Class Counsel proposes, as an alternative to vacatur that the Court place its order in abeyance "to allow Cristian adequate time to decide whether to return to the United States." Pls.' Opp. 12. This move would merely prolong and would not address the harm imposed upon

---

[4] In this, it is immaterial that Cristian's immigration counsel informed ICE at the time of his removal that Cristian was a class member, Defs.' Mot. at 3, because Defendants reasonably believed at the time the Settlement Agreement did not apply to removals under the AEA.

7

Defendants by the Court's order. Defendants have taken all reasonably available steps to comply with the Court's order. *Supra* Section I.A. Because Defendants are unable to compel Cristian's return to the United States against his will,[5] Defendants have taken all possible steps to comply with the Court's Order and can do nothing further. Continued enforcement of the Order results in undue hardship on Defendants via an ongoing order that potentially necessitates future sensitive negotiations with a foreign entity for an indeterminate period of time entirely at Cristian's choice. *See, e.g.*, *J.G.G.*, 147 F.4th at 1060 (Katsas, J., concurring) ("And now, the court's order would pressure some level of engagement with a regime in Venezuela that the United States does not recognize."). Class Counsel's proposal to hold the Order or Defendants' motion in abeyance does not alleviate this burden and only prolongs it.

## CONCLUSION

For the foregoing reasons, the Court should dissolve Paragraph 2 of the Court's April 23, 2025, Order (ECF 254) pursuant to Federal Rule of Civil Procedure 60(b)(5) or (b)(6) as the issue of his return is now moot and execution is impossible. The Court should also reject any request by Plaintiffs to hold the Court's order in abeyance.

Dated: September 19, 2025       Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

YAMILETH G. DAVILA
*Assistant Director*
Office of Immigration Litigation

RUTH ANN MUELLER
*Senior Litigation Counsel*

---

[5] In this, it cannot be said that vacatur of the Court's order would prejudice Cristian. *See Aikens*, 652 F.3d at 501 (noting that "the opposing party [must] not be unfairly prejudiced by having the judgment set aside"). If Cristian does not wish to return to the United States, then setting aside an order requiring Defendants to facilitate his return cannot be said to be prejudicial.

8

        RICHARD G. INGEBRETSEN
        BRANDON ZELLER
        KELARK AZER HABASHI
        *Trial Attorneys*

        */s/Erhan Bedestani*
        ERHAN BEDESTANI
        Trial Attorney (MN Bar No. 0504824)
        U.S. Department of Justice
        Civil Division
        Office of Immigration Litigation
        P.O. Box 868, Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 598-7451
        Fax: (202) 305-7000
        erhan.bedestani2@usdoj.gov

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, I served a copy of the foregoing on counsel for Plaintiffs via the Court's CM/ECF e-filing system.

*/s/ Erhan Bedestani*
Erhan Bedestani (MN Bar 0504824)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation

*Attorney for Defendants*
