IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

_____
                                    )
J.O.P., *et al.*,                   )
                                    )
       Plaintiffs,              )
                                    )
    v.                            )   Case No. 8:19-cv-01944-SAG
                                    )
U.S. DEPARTMENT OF HOMELAND         )
SECURITY, *et al.*                  )
                                    )
       Defendants.              )
_____)

**DEFENDANTS' MOTION FOR STAY OF PARAGRPAH 2 OF THE COURT'S JULY 22, 2025, ORDER (ECF 358) TO PROVIDE WEEKLY STATUS REPORTS**

Defendants hereby move for a stay of the Court's July 22, 2025 Order, specifically the requirement to provide weekly status reports (ECF 358 at ¶2), in the above-captioned case.

1.  At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and those appropriations to the Department lapsed. The same is true for the majority of other Executive agencies, including the Defendants in this matter. The Department does not know when such funding will be restored by Congress.

2.  Absent an appropriation, Department of Justice attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3.  Undersigned counsel for the Department of Justice therefore requests a stay of the Court's July 22, 2025 Order, specifically the requirement to provide weekly status reports, (ECF 358 at ¶2), until Congress has restored appropriations to the Department.

4. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations – i.e., each deadline would be extended by the total number of days of the lapse in appropriations.

5. Should Class Counsel advise that Cristian's position on return to the United States has changed, undersigned counsel will monitor and work with the relevant agencies accordingly.

6. Defendants have conferred with Class Counsel and they do not oppose a motion to stay. Their stated position, as per their email on October 1, 2025 at 11:03 AM EDT, is "[w]e do not oppose a motion to stay the order requiring weekly joint status reports during the time that the government is closed, with the understanding that a party may move sooner to reinstate the joint status reports."

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the Court's July 22, 2025 Order requiring weekly status reports, (ECF 358 at ¶2), in this case until Department of Justice attorneys are permitted to resume their usual civil litigation functions

Dated: October 1, 2025          Respectfully submitted,

                                BRETT A. SHUMATE
                                *Assistant Attorney General*
                                Civil Division

                                RUTH ANN MUELLER
                                *Acting Assistant Director*

                                RICHARD G. INGEBRETSEN
                                BRANDON ZELLER
                                *Trial Attorneys*

*/s/Erhan Bedestani*
ERHAN BEDESTANI
Trial Attorney (MN Bar No. 0504824)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-7451
Fax: (202) 305-7000
erhan.bedestani2@usdoj.gov

*Attorneys for Defendants*