IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P.**, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>            Defendants. | Civil Action No. 8:19-CV-01944-SAG<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' FOURTH COMPLIANCE REPORT** |

Pursuant to Paragraph V.C of the settlement agreed to by the Parties and approved by the Court (ECF No. 199-2), Plaintiffs respectfully submit the following Response to Defendants' Fourth Compliance Report (ECF No. 389), filed on September 4, 2025.[1] Plaintiffs reproduce below each subparagraph of Defendants' Fourth Compliance Report, immediately followed by Plaintiffs' response to that paragraph.

   A.   **[Relating to Paragraph III.A]**

**Text of Defendants' Fourth Compliance Report**: On January 30, 2025 USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement. The public may find this memorandum online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response**: In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224,[2] Plaintiffs noted that five aspects of the USCIS memorandum violated the

---

[1] As Defendants acknowledge, they filed the Fourth Compliance Report a week after the deadline, which was August 28, 2025. *See* Settlement Agreement (ECF 199-2) ¶ V.B.

[2] Plaintiffs filed a corrected document on May 27, 2025, ECF No. 283, after becoming aware that several pages of the March 25, 2025 filing had been cut off.

Settlement Agreement. Plaintiffs first raised these issues to Defendants by letter on March 22, 2025. ECF No. 224-1. On April 28, 2025, Defendants responded via email to Plaintiffs' March 22 letter, agreeing to amend the USCIS memorandum to address two of the five issues Plaintiffs had raised. On May 8, 2025, the parties met and conferred regarding the open deficiencies with the USCIS memorandum. After further exchange of emails, on August 1, 2025 the parties reached agreement regarding the changes that Defendants will make to the USCIS memorandum. Defendants stated that it may take "a few months" for the changes to be implemented. On September 11, 2025, and on September 29, 2025, Class Counsel emailed Defendants' counsel asking when they will make the agreed-upon changes to the memorandum. Defendants' counsel replied to those inquiries on September 12 and September 30, 2025, stating that they would reply as soon as they have a date, but as of this filing have not provided further information on when Defendants will issue the amended memorandum.

B. **[Relating to Paragraph III.B]**

**Text of Defendants' Fourth Compliance Report**: USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: Plaintiffs have raised to Defendants at least 21 cases in which USCIS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications between the Agreement's effective date and August 21, 2025. Defendants have taken corrective action in most of the cases. A small number of cases remain subject to potential dispute and may require further conferring.

C. **[Relating to Paragraph III.C]**

**Text of Defendants' Fourth Compliance Report**: USCIS has issued Adverse Jurisdictional Determinations to 35 Class Members based on USCIS's determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. § 279(g)(2))

at the time of filing their asylum application. USCIS certifies that all of those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response**: Plaintiffs have brought to Defendants' attention at least 17 cases in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and August 21, 2025. None of those 17 rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Defendants have taken corrective action in most of the cases. A small number of cases remain subject to potential dispute and may require further conferring.

In addition, as reported previously, Plaintiffs are aware of, and have raised with Defendants, two cases in which Defendants issued a "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut" but failed to comply with the procedures required by Paragraph III.C.2. Defendants have taken corrective action in those two cases.

D. **[Relating to Paragraph III.D]**

**Text of Defendants' Fourth Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

E. **[Relating to Paragraph III.E]**

   1. **[Relating to Paragraph III.E.1]**

**Text of Defendants' Fourth Compliance Report**: As of August 21, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 68 Class Members, as required by Paragraph III.C.2 of the Settlement Agreement. As of August 21, 2025, USCIS has fully complied

with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response**: Defendants' deadline for compliance with Paragraph III.E.1 of the Settlement Agreement had not yet passed as of August 21, 2025; thus Plaintiffs agree that Defendants had not violated Paragraph III.E.1 as of that date.

2. **[Relating to Paragraph III.E.2]**

**Text of Defendants' Fourth Compliance Report**: As of August 21, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 300 Class Members, as required by Paragraphs III.B and/or III.D of the Settlement Agreement. Please note that the previous report listed this number at 303. The difference here relates to a data entry issue that USCIS has corrected. As of August 21, 2025, USCIS has fully complied with Paragraph III.E.2 of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.2 of the Settlement Agreement.

3. **[Relating to Paragraph III.E.3]**

**Text of Defendants' Fourth Compliance Report**: As of August 21, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of August 21, 2025, USCIS has fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response:** On June 2, 2025, Plaintiffs raised with Defendants the case of a Class Member who should have received a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one; Defendants subsequently took corrective action.

F. **[Relating to Paragraph III.F]**

**Text of Defendants' Fourth Compliance Report**: As of August 21, 2025, USCIS has mailed notices to 1871 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021. As of August 21, 2025, USCIS has fully complied with Paragraph

III.F of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one. However, Class Members whose cases had been placed on hold likely did not know their case was on hold; thus Plaintiffs are not in a position to confirm or dispute the veracity of Defendants' representation of compliance with Paragraph III.F.

G.   **[Relating to Paragraph III.G]**

**Text of Defendants' Fourth Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement.  The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224, Plaintiffs noted multiple concerns with the USCIS implementing memorandum, including related to its language regarding expedite procedures. Plaintiffs informed Defendants of these issues via the March 22 letter referenced in Paragraph A above, and the parties met and conferred regarding this and other issues with the USCIS memorandum on May 8, 2025. As noted above, the parties have reached agreement regarding the changes Defendants will make to the USCIS memorandum; Plaintiffs await Defendants' issuance of an updated memorandum.

\* \* \*

Pursuant to Paragraph V.C of the Settlement Agreement, Defendants have 30 days to respond to the concerns Plaintiffs raise herein, and the parties shall thereafter meet and confer regarding any


open issues related to Defendants' Fourth Compliance Report. If the parties are unable to resolve those issues, Plaintiffs may request a hearing before the Court.

Dated: October 6, 2025

Respectfully Submitted,

/s/ Brian T. Burgess
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*