IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J.O.P., et al.

  v.        *  CIVIL CASE NO. 19-01944

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.

*********

**ORDER**

  This Court has reviewed Class Counsel's Second Emergency Motion to Enforce the Settlement Agreement, ECF 428, Defendants' Opposition, ECF 435, and Class Counsel's Reply, ECF 442. This Court has also reviewed any sealed exhibits or attachments and the "errata" filing by Defendants, ECF 445. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court agrees with Defendants that, at this point, Class Counsel's motion is premature because the parties have not completed the process they agreed to follow in section V.D of their Settlement Agreement. ECF 199-2. That provision provides that from the date of Class Counsel's written notice of noncompliance (which, in this case, occurred no earlier than September 29, 2025), Defendants shall have 60 days to provide a written response before the parties meet-and-confer. Those 60 days will not expire until November 28, 2025, and the meet-and-confer must take place after the exchange of the written positions and no later than 30 days from November 28, 2025.

  This Court is, of course, concerned about the number of instances of apparent non-compliance, which is significant despite representing what seems to be a tiny percentage of the overall Class Members. This Court expects that the meet-and-confer will include a robust and fact-specific discussion of the steps Defendants employ to identify Class Members and to enter a stay for those members in their system of records. The parties should also discuss why those efforts failed in the cases of the individuals who were removed in violation of the Settlement Agreement.

In the interest of facilitating this Court's review of this matter should this emergency motion eventually be renewed, this Court ORDERS that the parties' meet-and-confer pursuant to Section V.D of the Settlement Agreement be conducted either in-person or by videoconference, and that it be video and audio recorded for this Court's review should a renewed motion be filed.

For the foregoing reasons, the Second Emergency Motion to Enforce the Settlement Agreement, ECF 428, is DENIED WITHOUT PREJUDICE.


November 20, 2025                                        /s/
                                               Stephanie A. Gallagher
                                               United States District Judge