IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P.**, *et al.*,<br><br>           Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>           Defendants. | Civil Action No. 8:19-CV-01944-SAG<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIFTH COMPLIANCE REPORT** |

Pursuant to Paragraph V.C of the settlement agreed to by the Parties and approved by the Court (ECF No. 199-2), Plaintiffs respectfully submit the following Response to Defendants' Fifth Compliance Report (ECF No. 427), filed on October 27, 2025. Plaintiffs reproduce below each subparagraph of Defendants' Fifth Compliance Report, immediately followed by Plaintiffs' response to that paragraph.

A.   **[Relating to Paragraph III.A]**

**Text of Defendants' Fifth Compliance Report**: On January 30, 2025 USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement. The public may find this memorandum online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minorchildren-applying-for-asylum-by-themselves. Defendants' Footnote: The parties have reached an agreement on proposed language to address Plaintiffs' allegations that the superseding memorandum violated the settlement agreement. Updates to the USCIS memorandum are forthcoming. Defendants maintain that the superseding memorandum issued on January 30, 2025 complies with Paragraph III.A of the settlement agreement.

1

**Plaintiffs' Response**: In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report (ECF No. 224[1]), Plaintiffs noted that five aspects of the USCIS memorandum violated the Settlement Agreement. After exchanging correspondence and meeting and conferring with Plaintiffs, Defendants issued an updated USCIS memorandum on October 30, 2025—nine months after the deadline set in Paragraph III.A of the Settlement Agreement. *See* ECF No. 434 at 2–3 & Exhibit A. Plaintiffs consider the five issues they raised about the content of the original superseding memorandum resolved as of October 30, 2025.

B. **[Relating to Paragraph III.B]**

**Text of Defendants' Fifth Compliance Report**: USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: Plaintiffs have raised to Defendants at least 26 cases in which USCIS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications between the Agreement's effective date and October 20, 2025.[2] Defendants have taken corrective action in most of the cases. A small number of these cases remain subject to potential dispute and may require further conferring.

In addition, as detailed in Plaintiffs' Second Motion to Enforce, Defendants violated Paragraph III.B of the Settlement Agreement through the March 2025 unlawful rejection of jurisdiction over the asylum application of Class Member E.P.P. whom Defendants later removed in violation of Paragraph III.I of the Settlement Agreement. *See* ECF Nos. 428-2 at 9, 428-3 ¶¶ 6–7; *see also* ECF No. 442 at 14–15 (detailing Defendants' failure to include this Paragraph III.B violation in any of its compliance

---

[1] Plaintiffs filed a corrected document on May 27, 2025 (ECF No. 283) after becoming aware that several pages of the March 25, 2025 filing had been cut off.

[2] In two of these cases, Class Members did not receive asylum application rejection notices from USCIS. Instead, they received work permit rejection notices. In each case, the work permit rejection was based on USCIS's position that it lacked jurisdiction over the underlying asylum application, which had served as the basis for the work permit application.

reports).

C. **[Relating to Paragraph III.C]**

**Text of Defendants' Fifth Compliance Report**: USCIS has issued Adverse Jurisdictional Determinations to 37 Class Members based on USCIS's determination that EOIR has jurisdiction because the Class Member did not meet the statutory UAC definition (found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application. USCIS certifies that all of those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response**: Plaintiffs have brought to Defendants' attention at least 22 cases in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and October 20, 2025—including the case of E.P.P. described in Paragraph B above.[3] None of those 22 rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Defendants have taken corrective action in most of the cases. A small number of cases remain subject to potential dispute and may require further conferring.

In addition, as reported previously, Plaintiffs are aware of, and have raised with Defendants, two cases in which Defendants issued a "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut" but failed to comply with the procedures required by Paragraph III.C.2. Defendants have taken corrective action in those two cases.

D. **[Relating to Paragraph III.D]**

**Text of Defendants' Fifth Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

---

[3] Two of these cases involved USCIS's rejection of a work permit application. *See supra* note 2.

3

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

 E. **[Relating to Paragraph III.E]**

  1. **[Relating to Paragraph III.E.1]**

**Text of Defendants' Fifth Compliance Report**: As of October 20, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 68 Class Members, as required by Paragraph III.C.2 of the Settlement Agreement. As of October 20, 2025, USCIS has fully complied with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.1 of the Settlement Agreement.

  2. **[Relating to Paragraph III.E.2]**

**Text of Defendants' Fifth Compliance Report**: As of October 20, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 300 Class Members, as required by Paragraphs III.B and/or III.D of the Settlement Agreement. As of October 20, 2025, USCIS has fully complied with Paragraph III.E.2 of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.2 of the Settlement Agreement.

  3. **[Relating to Paragraph III.E.3]**

**Text of Defendants' Fifth Compliance Report**: As of October 20, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of October 20, 2025, USCIS has fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response:** On June 2, 2025, Plaintiffs raised with Defendants the case of a Class Member who should have received a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one. Defendants subsequently took corrective action.

F.  **[Relating to Paragraph III.F]**

**Text of Defendants' Fifth Compliance Report**: As of October 20, 2025, USCIS has mailed notices to 1871 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021. As of October 20, 2025, USCIS has fully complied with Paragraph III.F of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one. However, Class Members whose cases had been placed on hold likely did not know their case was on hold. Thus, Plaintiffs cannot confirm or dispute Defendants' representation of compliance with Paragraph III.F.

G.  **[Relating to Paragraph III.G]**

**Text of Defendants' Fifth Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement. The public may find those procedures online under the related links tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224, Plaintiffs noted multiple concerns with the USCIS implementing memorandum, including related to its language regarding expedite procedures. Plaintiffs informed Defendants of these issues and the parties met and conferred regarding this and other issues with the USCIS memorandum as referenced in Paragraph A above. As noted there, Plaintiffs now consider the issues they raised about the content of the original superseding memorandum resolved.

* * *

Pursuant to Paragraph V.C of the Settlement Agreement, Defendants have 30 days to respond to the concerns Plaintiffs raise herein, and the parties shall thereafter meet and confer regarding any

open issues related to Defendants' Fifth Compliance Report. If the parties are unable to resolve those issues, Plaintiffs may request a hearing before the Court.

Dated: November 25, 2025

Respectfully Submitted,

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org
*Attorneys for Plaintiffs*

*Admitted *pro hac vice*