**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| **J.O.P.,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*, <br><br> Defendants. | Civil Action No. 8:19-CV-01944-SAG <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SIXTH COMPLIANCE REPORT** |

Pursuant to Paragraph V.C of the settlement agreed to by the Parties and approved by the Court (ECF No. 199-2), Defendants' respectfully submit the following Reply to Plaintiffs' Response to Defendants' Sixth Compliance Report, filed on December 22, 2025. Defendants reproduce below each subparagraph of Sixth Compliance Report, immediately followed by Plaintiffs' Response, and then by Defendants' Reply.**[Relating to Paragraph III.A]**

A.    **[Relating to Paragraph III.A]**

**Text of Defendants' Sixth Compliance Report**: On January 30, 2025, USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement. After consulting with Plaintiffs regarding several allegations that this memorandum violated the settlement agreement, USCIS published a revised memorandum on October 30, 2025.  The public may find this memorandum online at    https://www.uscis.gov/sites/default/files/document/legal-docs/JOP_UAC_Procedures_Memo_ I 0.30.2025.pdf or under the Related Links tab at https://www.useis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-a_sylum-by-themselves.

**Plaintiffs' Response**:  In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance

1

Report (ECF No. 224[1]), Plaintiffs noted that five aspects of the USCIS memorandum violated the Settlement Agreement. After exchanging correspondence and meeting and conferring with Plaintiffs, Defendants issued an updated USCIS memorandum on October 30, 2025—nine months after the deadline set in Paragraph III.A of the Settlement Agreement. *See* ECF No. 434 at 2–3 & Exhibit A. Plaintiffs consider the five issues they raised about the content of the original superseding memorandum resolved as of October 30, 2025.

**Defendants' Reply**: Defendants do not concede that the initial USCIS memorandum violated the Settlement Agreement. Rather, Defendants agreed to make clarifying changes to the memo as part of the meet and confer process. Defendants agree with Plaintiffs that these issues are resolved.

### B. [Relating to Paragraph III.B]

**Text of Defendants' Sixth Compliance Report**: USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: Plaintiffs have raised to Defendants at least 26 cases in which USCIS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications between the Agreement's effective date and November 13, 2025, 2025.[2] Defendants have taken corrective action in most of the cases. A small number of these cases remain subject to potential dispute and may require further conferring.

In addition, as detailed in Plaintiffs' Second Motion to Enforce, Defendants violated Paragraph III.B of the Settlement Agreement through the March 2025 unlawful rejection of jurisdiction over the asylum application of Class Member E.P.P. whom Defendants later removed in violation of Paragraph

---

[1] Plaintiffs filed a corrected document on May 27, 2025 (ECF No. 283) after becoming aware that several pages of the March 25, 2025 filing had been cut off.

[2] In two of these cases, Class Members did not receive asylum application rejection notices from USCIS. Instead, they received work permit rejection notices. In each case, the work permit rejection was based on USCIS's position that it lacked jurisdiction over the underlying asylum application, which had served as the basis for the work permit application.

III.I of the Settlement Agreement.  *See* ECF Nos. 428-2 at 9, 428-3 ¶¶ 6–7; *see also* ECF No. 442 at 14–15 (detailing Defendants' failure to include this Paragraph III.B violation in any of its compliance reports).[3]

**Defendants' Reply**: Defendants have taken corrective action, where warranted, in the timeframes specified by the agreement in all cases brought to their attention as possible violations of Paragraph III.B. Defendants stand ready to confer as necessary should plaintiffs raise additional instances of erroneous rejections. With regard to class member E.P.P., Defendants agree that the jurisdictional closure in March of 2025 was erroneous. Defendants were not aware of this jurisdictional closure until after he departed the U.S. in May of 2025. We do note that this alien accepted removal before the Immigration Judge after testifying that he did not have any fear of return to his country of citizenship. USCIS would accept initial jurisdiction over the I-589 filed by this alien, should he return to the U.S. With regard to Plaintiff's footnote 3, Defendants maintain that the December 2, 2025 memorandum is not relevant to the settlement agreement, and does not in any way violate the settlement agreement.

C.   **[Relating to Paragraph III.C]**

**Text of Defendants' Sixth Compliance Report**: USCIS has issued Adverse Jurisdictional Determinations to 43 Class Members based on USCIS' determination that EOIR has jurisdiction because the Class Member did not meet the statutory unaccompanied alien child (UAC) definition

---

[3]   On December 2, 2025, USCIS issued a memorandum that placed a hold on the agency's adjudications of all asylum applications. *See* Office of the Director, U.S. Citizenship & Immigration Services, *Policy Memorandum: Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* (Dec. 2, 2025), https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf.  Applying this memorandum to *J.O.P.* Class Members violates Paragraph III.B of the Settlement Agreement, which entitles them to an adjudication on the merits of their asylum claims.  Defendants refuse to answer Plaintiffs' questions regarding USCIS's application of the memorandum to Class Members, claiming that it is outside the scope of the Settlement Agreement.  Plaintiffs strongly disagree and reserve the right to raise this violation with the Court on both an individual and a class-wide basis.

(found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application. USCIS certifies that all of those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response**: Plaintiffs have brought to Defendants' attention at least 22 cases in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and November 13, 2025—including the case of E.P.P. described in Paragraph B above.[4] None of those 22 rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Defendants have taken corrective action in most of the cases. A small number of cases remain subject to potential dispute and may require further conferring.

In addition, as reported previously, Plaintiffs are aware of, and have raised with Defendants, two cases in which Defendants issued a "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut" but failed to comply with the procedures required by Paragraph III.C.2. Defendants have taken corrective action in those two cases.

**Defendants' Reply**: Defendants have taken corrective action, where warranted, in the timeframes specified by the agreement in all cases brought to their attention as possible violations of Paragraph III.C. Defendants stand ready to confer as necessary should plaintiffs raise additional instances of erroneous rejections under Paragraph III.C.

**D. [Relating to Paragraph III.D]**

**Text of Defendants' Sixth Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

---

[4]  Two of these cases involved USCIS's rejection of a work permit application. *See supra* note 2.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

**Defendants' Reply**: No reply needed.

    E.  **[Relating to Paragraph III.E]**

    1.  **[Relating to Paragraph III.E.1]**

**Text of Defendants' Sixth Compliance Report**: As of November 13, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 68 Class Members, as required by Paragraph III.C.2 of the Settlement Agreement.  As of November 13, 2025, USCIS has fully complied with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.1 of the Settlement Agreement.

**Defendants' Reply**: No reply needed.

    2.  **[Relating to Paragraph III.E.2]**

**Text of Defendants' Sixth Compliance Report**: As of November 13, 2025, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 300 Class Members, as required by Paragraphs III.B and/or III.D of the Settlement Agreement.  As of November 13, 2025, USCIS has fully complied with Paragraph III.E.2 of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.2 of the Settlement Agreement.

**Defendants' Reply**: No reply needed.

    3.  **[Relating to Paragraph III.E.3]**

**Text of Defendants' Sixth Compliance Report**: As of November 13, 2025, USCIS has mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of

November 13, 2025, USCIS has fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response:** On June 2, 2025, Plaintiffs raised with Defendants the case of a Class Member who should have received a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one.  Defendants subsequently took corrective action.

**Defendants' Reply**: Defendants have taken corrective action, where warranted, in the timeframes specified by the agreement in all cases brought to their attention as possible violations of Paragraph III.E.3. Defendants stand ready to confer as necessary should plaintiffs raise additional errors related to Paragraph III.E.3.

F.   **[Relating to Paragraph III.F]**

**Text of Defendants' Sixth Compliance Report**: As of November 13, 2025, USCIS has mailed notices to 1,871 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021.  As of November 13, 2025, USCIS has fully complied with Paragraph III.F of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one.  However, Class Members whose cases had been placed on hold likely did not know their case was on hold.  Thus, Plaintiffs cannot confirm or dispute Defendants' representation of compliance with Paragraph III.F.

**Defendant's Reply**: No reply needed.

G.   **[Relating to Paragraph III.G]**

**Text of Defendants' Sixth Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement.    The  public  may  find  those  procedures  online  under  the  related  links  tab  at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minor-children-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance

Report, ECF No. 224, Plaintiffs noted multiple concerns with the USCIS implementing memorandum, including related to its language regarding expedite procedures.  Plaintiffs informed Defendants of these issues and the parties met and conferred regarding this and other issues with the USCIS memorandum as referenced in Paragraph A above.  As noted there, Plaintiffs now consider the issues they raised about the content of the original superseding memorandum resolved.[5]

**Defendants' Reply**: Defendants do not concede that the initial USCIS memorandum violated the Settlement Agreement. Rather, Defendants agreed to make clarifying changes to the memo as part of the meet and confer process. Defendants agree with Plaintiffs that these issues are resolved. With regard to Plaintiff's footnote 5, Defendants maintain that the December 2, 2025 memorandum is not relevant to the settlement agreement, and does not in any way violate the settlement agreement.

Dated: January 21, 2025

Respectfully submitted,

/s/ Evan P. Schultz

BRETT A SHUMATE                       EVAN P. SCHULTZ
*Assistant Attorney General*            D.C. Bar 461292
Civil Division                        U.S. Department of Justice
                                      Civil Division
RUTH ANN MUELLER                      Office of Immigration Litigation
*Senior Litigation Counsel*             P.O. Box 868, Ben Franklin Station
                                      Washington, DC 20044
RICHARD G. INGEBRETSON                Telephone: (202) 892-0873
EVAN P. SCHULTZ                       Evan.P.Schultz2 @usdoj.gov
JOSHUA CLEM                           *Attorneys for Defendants*
ROBERT O. LINDEFJELD
*Trial Attorneys*

---

[5]    That said, USCIS applying their December 2, 2025 memorandum to *J.O.P.* Class Members renders Section III.G of the Settlement Agreement meaningless.  *See supra* note 3.  Under the December 2, 2025 memorandum, no Class Member's asylum application remains eligible for expedited treatment. As with the violation of Section III.B tied to the memorandum, *id*., Plaintiffs reserve the right to raise this violation with the Court on both an individual and a class-wide basis.