

Brian Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
1900 N Street NW
Washington, D.C. 20036

goodwinlaw.com
+1 202 346 4000

February 13, 2026

**FILED VIA ECF**

The Honorable Stephanie A. Gallagher
District Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 7C
Baltimore, MD 21201

Re:   *J.O.P., et al. v. U.S. Department of Homeland Security, et al.,*
      **Civil Action No. 19-cv-01944-SAG**

Dear Judge Gallagher:

    We represent Plaintiffs and the certified class in the above-captioned class action case. We write to notify the Court of an additional removal of a Class Member in violation of the Court-approved Settlement Agreement and to bring to the Court's attention supplemental authority relating to Class Counsel's pending Motion to Enforce the Settlement Agreement and to Find Defendants in Civil Contempt (ECF No. 459).

    On February 4, 2026, Class Member E.M.P. was removed to Guatemala despite having an asylum application pending with USCIS. *See* Ex. 1 (correspondence of parties, Feb. 5-11, 2026). E.M.P. has intellectual disabilities and is unable to read or write, and yet he was detained by Immigration and Customs Enforcement ("ICE") for nearly a month in at least two different detention facilities before ICE wrongfully removed him to Guatemala, the country from which he is seeking asylum. *Id.* On February 5, 2026, Class Counsel raised this latest known violation with Defendants, requesting that Defendants expeditiously return E.M.P. to the United States. Defendants responded on February 11, 2026, stating that they would not provide a substantive response until April 7, 2026. *Id.* Defendants' removal of E.M.P. now marks the eleventh ***known*** removal of confirmed or potential Class Members in violation of the Settlement Agreement and the Court's April 23 order. Class Counsel respectfully submits that further removals of Class Members will continue unless the Court orders the relief sought in Class Counsel's pending motion, including that Defendants (1) take all necessary steps to determine whether any individual Defendants seek to remove is a Class Member; and (2) provide prompt, individual notice to detained Class Members of their rights under the Agreement.



The Honorable Stephanie A. Gallagher
February 13, 2026
Page 2

Class Counsel also writes to bring to the Court's attention supplemental authority relating to Class Counsel's pending motion. On February 5, 2026, Judge Dana M. Sabraw of the U.S. District Court for the Southern District of California granted Plaintiffs' Motion to Return Removed Class Members. *Ms. L v. U.S. Immigration and Customs Enforcement*, C.A. 3:18-cv-00428 (S.D. Cal. Feb. 5, 2025) (attached as Ex. 2). The court held that ICE had removed three class members and their family members in violation of the parties' settlement agreement and the court's previous order staying the removal of class members and family members. *Id.* at 3-6. ICE had asserted, with no evidentiary support, that the class members had "voluntarily departed the United States." *Id.* at 3. The undisputed facts showed otherwise. ICE in fact had confiscated a class member's passport and instructed her that if she did not self-deport with her children, she would be forcibly deported and her children would go to foster care or adoption. *Id.* at 4. The court rejected ICE's unsupported assertion of "voluntary departure," stating that "Defendants' decision to remove these families rendered the benefits of the Settlement Agreement illusory for these families, and the manner in which each of these removals was effected, in addition to being unlawful, involved lies, deception, and coercion." *Id.* at 7. In view of ICE's violations, the court ordered ICE to return the class members and their families to the United States at government expense. *Id.* at 7.

The *Ms. L* court also granted Plaintiffs' request that ICE provide the basis for detention for a number of class members and their families. *Id*. at 7-8. In their motion, Plaintiffs explained that "[w]ithout this information, Plaintiffs have been unable to determine whether and to what extent Defendants have violated the Settlement and have been unable to seek further relief for these class and family members." *Ms. L*, C.A. 3:18-cv-00428, D.I. 910 (Oct. 23, 2025) (attached as Ex. 3). ICE had asserted that they were not required to provide this information under the terms of the settlement agreement. Ex. 2 at 7. The court rejected Defendants' argument and ordered ICE to provide the information such that the class members "have full access [to] the benefits of the Settlement Agreement." *Id.* at 8.

In the immediate case, ICE has also removed Class Members in violation of the parties' settlement agreement and the Court's April 23, 2025 Order to stop further removals. The *Ms. L* decision provides further evidence that ICE is engaged in a pattern of unlawfully removing immigrants in violation of settlement agreements and court orders. As in *Ms. L*, ICE also contends here that Class Members agreed to be removed, arguing that the wrongfully removed Class Members have "individually requested permission to return home." ECF No. 462 at 12-13. That assertion, based solely on attorney argument, is highly suspect in view of the falsity of similar assertions in the *Ms. L* case. But irrespective of Defendants' rationale for the removals, as in *Ms. L*, Class Member removals are "unlawful" and "render[ ] the benefits of the Settlement Agreement illusory" for the Class Members.

As the Court is aware, Class Counsel in the immediate case requests that Defendants identify other Class Members who were wrongfully removed. ECF No. 459-2 at 24-27. As in *Ms. L*, Defendants here assert that the relief requested is not required under the Settlement Agreement. Specifically, Defendants argue that "the settlement by its terms limits the sorts of information that Defendants need to supply." ECF No. 462 at 19. The Court should reject that assertion for the same reason the *Ms. L* court rejected



The Honorable Stephanie A. Gallagher
February 13, 2026
Page 3


it—absent the requested relief, Class Members will not have full access to the benefits of the Settlement Agreement. Simply put, wrongly removed Class Members will be left to suffer in the shadows unless the Court intervenes to allow them to exercise their bargained-for rights under the Settlement Agreement.


Sincerely,

*/s/ Brian Burgess*

Brian Burgess


Cc: Counsel of Record via ECF