# EXHIBIT 3

| | |
|---|---|
| Lee Gelernt* <br> Daniel A. Galindo (SBN 292854) <br> Anand Balakrishnan* <br> Judy Rabinovitz* <br> AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION <br> 125 Broad St., 18th Floor <br> New York, NY 10004 <br> T: (212) 549-2660 <br> lgelernt@aclu.org <br> dgalindo@aclu.org <br> jrabinovitz@aclu.org <br> abalakrishnan@aclu.org | Stephen B. Kang (SBN 292280) <br> Spencer E. Amdur (SBN 320069) <br> AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION <br> 425 California Street, 7th Floor <br> San Francisco, CA 94104 <br> T: (415) 343-0783 <br> skang@aclu.org <br> samdur@aclu.org <br> <br> *Attorneys for* Ms. L. *Plaintiffs* <br> *Admitted Pro Hac Vice* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Ms. L., et al., <br>              *Petitioners-Plaintiffs*, <br> v. <br> U.S. Immigration and Customs Enforcement ("ICE"), et al. <br>              *Respondents-Defendants*. | Case No. 18-cv-00428-DMS-AHG <br> <br> Date Filed: October 23, 2025 <br> <br> **MOTION FOR PROVISION OF INFORMATION ABOUT DETAINED CLASS MEMBERS AND ADDITIONAL FAMILY MEMBERS AND FAMILY INSTRUCTED TO SELF-DEPORT** |

Plaintiffs respectfully request a Court order for Defendants to provide necessary information as to detained Class Members and qualifying additional family members.

Plaintiffs have repeatedly asked Defendants in recent weeks for information about seven class members or qualifying additional family members ("QAFMs") that are in immigration detention:

- E.A.P.P.,[1] a QAFM with valid parole;
- M.I.L., a class member separated child with valid parole;
- A.G.L.D., a class member separated child with a parole-in-place application pending;
- A.R.A., a QAFM with a parole-in-place application pending;
- Y.R.B.I., a QAFM with valid parole;
- E.L.T., a class member separated child; and
- F.A.M.C., a class member separated child with a re-parole application pending.

Specifically, Plaintiffs have repeatedly asked Defendants to provide the basis for each person's detention. To date, Defendants have not provided a substantive response to any of Plaintiffs' requests. The most recent detentions, of E.A.P.P. and M.I.L. on October 13 and 14 respectively, led Plaintiffs to ask for the basis of detention for those two class members on October 15 and again on October 17.

On October 21, 2025, Plaintiffs' counsel re-raised their requests that Defendants provide the basis of detention for E.A.P.P., M.I.L., and prior inquiries as to the five other class and family members listed above. Plaintiffs notified Defendants that they would ask the Court to order a response if none had been received by Thursday, October 23, 2025, at noon PST.

---

[1] Plaintiffs use acronyms to identify each class member. The class members and QAFMs' identities are known to all parties.

Plaintiffs have also learned from advocates that Immigration and Customs Enforcement ("ICE") has instructed a family of class members and QAFMS to buy plane tickets and self-deport. This family includes:

- Y.M.M.C., a class member separated child with valid parole;
- F.I.C.C, a QAFM with valid parole;
- A.E.M.C., a 16-year old QAFM;
- M.L.M.C., a 10-year old QAFM; and
- L.Y.M.C., a United States citizen child.

Plaintiffs' counsel has repeatedly asked Defendants to confirm whether ICE officers have instructed this family to self-deport and have asked that ICE cease issuing such instructions. Defendants have not provided any substantive response. On October 21, 2025, Plaintiffs' counsel asked Defendants again to substantively respond, notifying Defendants that they would ask the Court to order a response if none had been received by Thursday, October 23, 2025, at noon PST.

At the time of filing, Plaintiffs have not received any substantive response from Defendants as to any of these requests, nor have they received a request for more time to respond. Without this information, Plaintiffs have been unable to determine whether or to what extent Defendants have violated the Settlement and have been unable to seek further relief for these class and family members.

In light of the above, Plaintiffs request that, pursuant to its "power to award such relief and issue such judgments as the Court deems necessary for enforcement of the Settlement Agreement," Settlement § VII.D, ECF No. 121-1, the Court order Defendants to provide Plaintiffs' counsel with the basis for each of the above-listed class and family members' detention, and to provide a substantive response to Plaintiffs' counsel's requests regarding the family of class members and QAFMs instructed to self-deport. Plaintiffs further request that the Court order that when Defendants notify Plaintiffs within 24 hours of a class member or QAFM's detention under the Court's

prior orders requiring such notification, ECF Nos. 831, 803, 795, 776, Defendants also provide the basis for detaining that individual so that Plaintiffs can determine whether their detention and/or removal would violate the Settlement and seek appropriate relief.

DATED: October 23, 2025            Respectfully submitted,

/s/ Lee Gelernt
Lee Gelernt*
Daniel A. Galindo (SBN 292854)
Anand Balakrishnan*
Judy Rabinovitz*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
*lgelernt@aclu.org*
*dgalindo@aclu.org*
*abalakrishnan@aclu.org*
*jrabinovitz@aclu.org*

Stephen B. Kang (SBN 292280)
Spencer E. Amdur (SBN 320069)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0783
*skang@aclu.org*
*samdur@aclu.org*

*Attorneys for Ms. L Petitioners-Plaintiffs*
*Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ Lee Gelernt

Lee Gelernt