IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* <br><br> Defendants. | Case No. 8:19-cv-01944-SAG |

### JOINT STATUS REPORT IN RESPONSE TO THE COURT'S FEBRUARY 18, 2026 ORAL ORDER

On February 18, 2026, at the hearing on Plaintiffs' Emergency Motion to Enforce the Settlement Agreement and for Civil Contempt, ECF No. 459, the Court issued an oral order directing the parties to file a joint status report by no later than February 20, 2026, proposing a timeline to hold an evidentiary hearing and a briefing schedule on Class Counsel's forthcoming motion under Fed. R. Civ. P. 60(b).

The parties have agreed to meet and confer on February 25, 2026 with respect to the impact on Class Members of the December 2, 2025 Policy, titled Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries. This meet and confer had been previously scheduled for February 19, 2026.

**Class Counsel's Position**

Class Counsel proposes that the Court schedule the required evidentiary hearing during the week of March 2, 2026. Class Counsel submits that an evidentiary hearing should be scheduled quickly in view of Defendants' ongoing removal of Class Members and in view of Defendants' position, stated during the February 18 hearing, that all Class Members' asylum applications would

1

be paused in view of the December 2, 2025 Policy. Further delay by Defendants is not warranted, given that the Court has already twice instructed Defendants to be prepared to explain why the individuals at issue were removed in violation of the Settlement Agreement. ECF No. 448 (Nov. 20, 2025); ECF No. 464 (Feb. 6, 2026).

Class Counsel further propose that the evidentiary hearing address the topics requested by the Court and any unanswered questions that the Court raised during the February 19, 2026 hearing, including the following:[1]

1. The steps Defendants employ to identify Class Members and to enter a stay for those members in their system of records, and why those efforts failed in the cases of the following individuals: B.A.G., E.P.P., E.M.P., R.L.T.; W.M.C., F.D.E., M.M.V., L.O.B., W.U.P.;

2. The erroneous lack of banners in potential Class Members' records;

3. The incomplete Class Member lists created by USCIS; and

4. The application of the USCIS December 2, 2025 Policy Memo "Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries" to Class Members despite USCIS's pre-existing obligations under the *J.O.P. v. DHS* settlement agreement, including matters raised in Defendants'

---

[1] On February 19, 2026, Defendants requested that Class Counsel provide a list of proposed topics for the evidentiary hearing and yet suggest below that Class Counsel have not yet provided a list. Earlier today, Class Counsel provided the list, which appears above, to Defendants in a draft of this joint status report. Class Counsel's list is also consistent with the topics previously identified by the Court during the hearing held on February 18, 2026. Furthermore, Class Counsel has provided Defendants with a rough version of the transcript from the February 18, 2026 hearing. Accordingly, Defendants should not be allowed to further delay on grounds that they are awaiting further information or clarity from Class Counsel or the Court.

"Correction And Clarification To Statements Made In Court" letter dated February 20, 2026 (ECF 469).

Class Counsel respectfully request that the Court issue an order directing that individuals from U.S. Citizenship & Immigration Services (USCIS) and Immigration and Customs Enforcement (ICE) with personal knowledge on the above topics appear for the evidentiary hearing prepared to provide testimony under oath on the above topics.

Finally, Class Counsel submits that they expect to file by March 13, 2026, a Rule 60(b) motion seeking relief including, *inter alia*, extension of the termination date of the Settlement Agreement, after an evidentiary hearing. Class Counsel also submit that Defendants' proposal to hold an evidentiary hearing after Class Counsel file a Rule 60(b) motion is untenable. Class Counsel expect that Defendants' responses during the evidentiary hearing will be highly relevant to the issues raised in Class Counsel's forthcoming Rule 60(b) motion. Defendants' attempt to switch the order appears to be nothing more than an attempt to further delay providing this Court with an explanation as to why individuals have been removed in violation of the Settlement Agreement.

**Defendants' Position**

Defendants submitted a request for an expedited transcript on Thursday, February 19 and are awaiting that transcript.[2] Without clarity from the Court on the specific, discreet issues that are to be addressed at the evidentiary hearing, Defendants are unable to propose a concrete timeline.

---

[2] Defendants do not rely on the uncertified, rough transcript which Class Counsel provided at approximately 3:30 p.m., Friday, December 20, 2026. Additionally, Defendants will need time to coordinate with the agencies when reviewing the certified transcript, which cannot occur on this short notice.

3

The Court referenced several possible issues including: (1) the facts and circumstances surrounding the removals of at least two individuals confirmed to be class members, and six potential class members; (2) the effect of PM-602-0192, *Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* (Dec. 2, 2025) ("Policy Memorandum") on current adjudications for class members; (3) whether the system(s) currently employed by the Department of Homeland Security are sufficient to determine the extent to which class members are being subject to removal prior to an adjudication of their asylum applications before USCIS; and (4) further questions relevant to Class Counsel's motion to enforce the Settlement Agreement or the applicability of Rule 60(b) to present facts and circumstances.

*First*, without a discreet and exhaustive list of the issues that are within the scope of the evidentiary hearing, Defendants are unable to identify the appropriate government individuals with the requisite knowledge and/or expertise to provide the facts sought by the Court. The first previously identified issue alone will ostensibly require, at minimum, two fact witnesses from two separate agencies—USCIS and ICE. That first issue also references possibly up to eight different factual scenarios that may require multiple factual witnesses. Accordingly, Defendants will likely need to provide more individuals and coordinate between multiple components and agencies or distinguish instances where technical expertise could be required.[3] Plaintiffs also advised Defendants via email on Thursday, February 19 that they intend to inquire into additional topics, as permitted by the Court. Defendants have asked Plaintiffs to provide those proposes topics for

---

[3] For example, during the hearing, the Court inquired into facts relating to the technical processes of the systems used by Defendants to identify potential class members and to alert officers not to remove those individuals. As the Court noted, that knowledge may require identifying individual(s) with specialized or technical knowledge.

4

the Court's, and Defendants', consideration, otherwise the appropriate individuals with the requisite knowledge may not be available or appropriately identified. Once a discreet and exhaustive list of issues to be addressed at any evidentiary hearing is determined, Defendants will be better situated to propose a logistically accurate and realistic timeline for a future evidentiary hearing. Notwithstanding this need for clarification, Defendants object to Plaintiffs' proposal for the evidentiary hearing to be held during the week of March 2. Defendants will need time to identify and prepare multiple witnesses to address the Court's requests. Accordingly, Defendants request any evidentiary hearing to occur no earlier than six (6) weeks as to the date of any Court order identifying discreet topics. To the extent the Court intends to schedule an evidentiary hearing in March, Defendants respectfully request that any evidentiary hearing not be scheduled between March 11-16 as members of Defendants' litigation counsel team have pre-scheduled medical leave during that time period.

*Second*, Defendants maintain that the USCIS Policy Memorandum is currently the subject of the Settlement Agreement's procedures for addressing alleged violations under section V.D. As such, Defendants would ask that this process be allowed to conclude prior to any consideration of the alleged effect that the Policy Memorandum may have on class member's rights under the Settlement Agreement. Defendants have agreed to meet and confer on this issue with Plaintiffs' counsel on February 25, and are currently scheduling the exact time.

*Finally*, Defendants would ask that the parties be allowed to fully brief the applicability of Rule 60(b) prior to any evidentiary hearing particularly since neither party has briefed whether implementation of the Policy Memorandum presents either a violation of the Settlement Agreement or a relevant consideration in determining the propriety of Rule 60(b) relief in the instant case. It is Defendants' position that whether an evidentiary hearing occurs prior to any Rule

60(b) briefing is Plaintiffs' preference, not a necessary prerequisite, relating to their decision to file a Rule 60(b) motion. To that end, Defendants would agree to Class Counsel's proposal for filing their Rule 60(b) motion the week of March 9, 2026. Accordingly, Defendants' response would be due by March 23, 2026. *See* Loc. R. 105.2(a). Defendants reserve their right to seek an extension for good cause.

DATED: February 20, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
LARISSA K. JOHNSON
Trial Attorneys

*/s/ Joshua Clem*
JOSHUA A. CLEM (AR Bar AR2023202)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
T: (202) 253-6762
Joshua.Clem2@usdoj.gov
*Counsel for Defendants*

*/s/ Brian Burgess*

*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000

6

Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice