**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

February 23, 2026

LETTER ORDER

    Re:  J.O.P., et al. v. U.S. Department of Homeland Security, et al.
           Civil Case No. SAG-19-1944

Dear Counsel:

    As discussed during the recent motions hearing, this Court is scheduling an evidentiary hearing to be held at 10:00 a.m. on March 19, 2026. This Court will reserve the entire day for the hearing. At the hearing, Defendants are ordered to produce individuals with personal knowledge to provide testimony regarding the following topics:

(1) Facts and circumstances surrounding Defendants' removal of eight confirmed and potential Class Members—B.A.G., E.P.P., R.L.T., W.M.C., F.D.E., M.M.V., L.O.B., and W.U.P.[1]— despite Defendants having identified them as potential Class Members, as well as the steps taken by Defendants in response to this Letter Order to ascertain such information. Relevant circumstances include, but are not limited to, whether Defendants are technologically able to determine whether banners appeared in the Class Members' records at the time of their removal and, if not, why not.

(2) Any further steps taken to confirm the Class membership of those individuals among the above list who, to this point, have only been identified as *potential* Class Members.

(3) The extent to which criteria currently employed by USCIS in compiling its lists of potential Class Members result in exclusion of certain potential Class Members, including but not limited to those who are not in removal proceedings, as well as USCIS's procedures pertaining to such individuals.

---

[1] These eight individuals are the confirmed and potential Class Members whose removals Defendants self-reported to Class Counsel. Class Counsel have, themselves, alleged another improper removal of a Class Member, E.M.P. *See* ECF 466. While Defendants have not yet confirmed or denied E.M.P.'s Class membership, this Court expects Defendants to be prepared at the evidentiary hearing to provide information pertaining to this removal as well, which may be pertinent to this Court's inquiry into the nature and sufficiency of the lists compiled by USCIS and provided to ICE.

(4) ICE's current capabilities for identification and verification of Class membership beyond consultation of their internal systems for banners and/or case comments (which are currently meant to reflect USCIS's lists). This Court understands that ICE contends that such identification and verification will constitute a burden, but expects testimony at the hearing regarding what the capability would be.

(5) Application of the USCIS December 2, 2025 Policy Memorandum, both since its issuance and prospectively, to Class Members, including those who have requested expedited adjudication.

In their "Correction and Clarification to Statements Made in Court," filed on Friday, February 20, 2026, Defendants noted a provision in the December 2, 2025 Policy Memorandum outlining an exception to the hold on adjudications of asylum applications, potentially available in "extraordinary circumstances" (including litigation) and subject to approval from the USCIS Director or Deputy Director. *See* ECF 469. Relatedly, this Court wishes to inform the parties that, in a filing in a case recently transferred to this Court involving a petitioner claiming to be a *J.O.P.* Class Member, the respondents represented that they had sought to apply this exception. *See* Civ. No. 1:26-cv-00676-SAG, ECF 8 at 2-3 n.3 (respondents noting petitioner's claim of *J.O.P.* Class membership and the December 2, 2025 Policy Memorandum, and stating that "[a]ccording to this memorandum, requests to lift the hold due to litigation or other extraordinary circumstances must receive approval from the USCIS Director or Deputy Director. Here, the U.S. Immigration and Customs Enforcement requested USCIS expedite the adjudication of the Petitioner's asylum application.").[2]

Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[2] Should counsel for the parties in the instant *J.O.P.* litigation seek to reach out to counsel in that case—as the representation made by respondents there appears relevant to the issues under consideration in *this* case—counsel of record in that case are Alexandra Manrique Alfonso (Americans for Immigrant Justice) for petitioner, and Liviu Lungu (Special Assistant U.S. Attorney, DOJ) for respondents.