**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 8:19-cv-01944-SAG |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO CLASS COUNSEL'S MOTION TO COMPEL DEFENDANTS TO MEET AND CONFER REGARDING THE USCIS DECEMBER 2, 2025 POLICY MEMORANDUM PM-602-0192**

## INTRODUCTION

The Court should deny Class Counsels' request to compel Defendants to participate in a second meet and confer regarding the December 2, 2025 USCIS Policy Memorandum PM-602-0192 (the "Hold and Review Memo"). Plaintiffs' request is premature and duplicative, and the request is not supported by the settlement agreement or Court's orders.

## ARGUMENT

There is no basis for Plaintiffs' requests for an additional meet and confer because Defendants have complied with the dispute resolution process established in the settlement agreement, ECF 199-2, Section V.D, and with the Court's directive for Government counsel to consult with Defendants. Feb. 18, 2026 Hearing Tr. at 93:11-93:15.

On December 10, 2025, Defendants first raised their position that the Hold and Review Memo is beyond the scope of the settlement agreement in an email to Class Counsel. On December 22, 2025, Defendants reiterated that position at the parties' recorded meet and confer. On January 29, 2026, Defendants affirmed this position in their Opposition to Class Counsel's Motion to Enforce, ECF No. 426 at 9. Finally, on February 9, 2026, Defendants again confirmed this position in an email to Class Counsel.

Government counsel and Defendants conferred on this issue at the Court's direction after the February 18, 2026 hearing. *See* Feb. 18, 2026 Hearing Tr. at 93:11-93:15. At a meet and confer with Plaintiffs on February 26, 2026, Defendants shared their unchanged position that the Hold and Review Memo is beyond the scope of the settlement agreement. Accordingly, Defendants satisfied all informal dispute resolution processes of the settlement agreement. *See* ECF No. 199-2, Section V.D.

Plaintiffs allege that Defendants' unchanging position on the Hold and Review Memo is a "refusal to engage" and therefore a violation of the settlement agreement's meet and confer provision. ECF. No. 474 at 2. Defendants provided their position in accordance with the settlement agreement parameters, and providing information on the Hold and Review Memo's implementation is neither required nor appropriate under Section V.D. This is not a "refusal to engage" but rather a legal argument that, as of this filing, has yet to be briefed by the parties. While class counsel may disagree with Defendants' legal position, the parties being at an impasse with informal dispute resolution on this issue is clearly contemplated by the settlement agreement and not a violation thereof. *See* Section V.D ("If the dispute cannot be resolved…"). Whether the Hold and Review Memo is within the scope of the settlement agreement is a legal question, not a factual one, and a threshold issue that should be decided after briefing by both sides.

Plaintiffs' attempt to compel a second meet and confer disguised as an effort to "resolve the dispute informally" fails. *See* ECF 199-2, Section V.D ("Defendants and Class Counsel shall meet and confer in a good faith effort to resolve the dispute informally.") Rather, Plaintiffs do not hide their attempt to use the settlement agreement's informal meet and confer process to obtain evidence for a "forthcoming Rule 60(b) motion." ECF No. 474 at 3. Defendants are ready and willing to present legal arguments in response to any motion by Plaintiffs, but they have not yet been given that opportunity.[1] An informal meet and confer is not the appropriate venue for discovery for a motion that has not even been filed.

---

[1] For example, the Court made clear during the recent hearing that it has concerns about how the provision of the Settlement Agreement dealing with expedited adjudication, Section III.G, will be affected by the Hold and Review Memorandum. But as of now, that concern seems speculative, given that Plaintiffs and Class Counsel have not alleged any

2

Plaintiffs' request to compel a meet and confer is also duplicative of the Court's February 23, 2026 order. That order requires Defendants to produce an individual with personal knowledge to testify on the "[a]pplication of the USCIS December 2, 2025 Policy Memorandum, both since its issuance and prospectively, to Class Members, including those who have requested expedited adjudication." ECF No. 472 at 2. Plaintiffs ostensibly seek this exact information in the proposed second meet and confer when Defendants have been ordered to produce a fact witness who can testify to this topic on March 19, 2026. Class counsels' motion asks this court to move a deadline for factual information up two weeks earlier than the date previously provided by the Court because the parties were not able to informally resolve an alleged violation. Such a dramatic change is not merited and is an attempt to circumvent resolution of the threshold legal issue of whether the Hold and Review Memorandum is within the scope of the settlement agreement.

If the Court decides to grant Plaintiffs' motion and orders a second meet & confer, Defendants respectfully request that any meet and confer occur after the March 19, 2026 hearing to account for witness testimony on the very topic at issue here. Should the Court disagree with that timing, Defendants ask for any meet and confer to be ordered after Monday, March 9 so that Defendants can prepare any response on an accelerated timeline given current preparations for the March 19 hearing.

---

violations of Section III.G's expedited adjudication language, pursuant to the Agreement's clause for resolving alleged violations, Section V.D.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion to compel Defendants to meet and confer.

Dated: March 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JOSHUA CLEM
Trial Attorneys

*/s/ Larissa Johnson*
LARISSA JOHNSON
Trial Attorney (D.C. Bar No. 90034719)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 598-9126
Fax: (202) 305-7000
Larissa.K.Johnson@usdoj.gov
*Counsel for Defendants*