IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **J.O.P.**, *et al.*, | \* |
| Plaintiffs, | \* |
| v. | \*   Civil No. SAG-19-01944 |
| **U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*, | \* |
| Defendants. | \* |

# ORDER

This Court has reviewed Class Counsel's Motion to Compel Defendants to Meet and Confer Regarding the USCIS December 2, 2025 No Asylum Adjudications Memorandum, ECF 474, and Defendants' Opposition, ECF 476. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court will grant the motion.

At the February 18, 2026 motions hearing, this Court expressed its concern regarding the implications of USCIS's December 2, 2025 Policy Memorandum (the "USCIS Policy Memo"), which instituted a hold on adjudication of asylum applications, as it relates to *J.O.P.* Class Members.[1] The parties stated that they had already discussed holding a meet-and-confer on the issue shortly after the hearing. *See* ECF 474-1 at 3; ECF 471 at 92–94. The parties subsequently "agreed to meet and confer on February 25, 2026 with respect to the impact on Class Members of

---

[1] Defendants have argued that this concern "seems speculative." ECF 476 at 3–4 n.1. However, at the motions hearing, Class Counsel stated they were aware of Class Members having asked for expedited adjudication pursuant to Section III.G of the Settlement Agreement (ECF 199-2) since the USCIS Policy Memo went into effect, but had no knowledge regarding what happened with those requests. When this Court asked defense counsel to provide insight on this issue, they could not. *See* ECF 471 at 34:8–37:4.

the December 2, 2025 Policy, titled Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries." ECF 470 (Joint Status Report in Response to the Court's February 18, 2026 Oral Order) (dated February 20, 2026).

Class Counsel have alleged that, at that meet-and-confer, Defendants (i) reiterated their previous assertion that the USCIS Policy Memo is outside the scope of the Settlement Agreement, and (ii) while representing that they had consulted with their clients regarding the USCIS Policy Memo, stated they were not authorized to share any additional information with Class Counsel. ECF 474 at 2. Defendants do not dispute Class Counsel's characterization, simply stating that Defendants had "shared their unchanged position" that the USCIS Policy Memo "is beyond the scope of the settlement agreement." ECF 476 at 2.

This Court left the February 18th motions hearing, and ordered the parties to prepare for an evidentiary hearing on this and other issues, with the understanding and expectation—based on the parties' representations—that the parties would be engaging in a substantive meet-and-confer regarding the USCIS Policy Memo prior to the evidentiary hearing. Indeed, this Court expressly requested that the parties *delay* that meet-and-confer to give Defendants the opportunity to consult with their clients, to better ensure a substantive and productive discussion among the parties. *See* ECF 471 at 92:21–23, 93:11–15.[2] It appears this Court's expectation has not yet been met.

Thus, this Court ORDERS that the parties engage in a meet-and-confer, on or before Monday, March 9, 2026, that will include a robust and fact-specific discussion regarding the USCIS Policy Memo, including (1) whether the hold set forth in the USCIS Policy Memo applies to *J.O.P.* Class Members, and how many asylum decisions on the merits USCIS has issued to Class

---

[2] The meet-and-confer *was* subsequently delayed, from its previously scheduled date of February 19, 2026. *See* ECF 470 at 1.

Members since December 2, 2025; and (2) whether, notwithstanding the USCIS Policy Memo, USCIS has granted, and will grant, requests to expedite Class Members' asylum applications, as set forth in Section III.G of the Settlement Agreement, and how many such requests have been granted since December 2, 2025. This Court further ORDERS that the parties' meet-and-confer should be conducted either in-person or by videoconference, that it be video and audio recorded, and that, should the parties not resolve the issue independently, a copy of the recording be provided to this Court for its review by Thursday, March 12, 2026.

    For the foregoing reasons, the Motion to Compel, ECF 474, is GRANTED.

March 5, 2026

                                        /s/
                                    Stephanie A. Gallagher
                                    United States District Judge