IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Homeland Security, *et al.*, <br><br> Defendants. | Civil Action No. <br> 8:19-CV-01944-SAG |

**CLASS COUNSEL'S EMERGENCY MOTION
TO COMPEL DEFENDANTS TO PRODUCE DEFENDANTS' INTERNAL RECORDS
<u>UNDERLYING THEIR WITNESS TESTIMONY</u>**

Class Counsel requests the Court's intervention to compel Defendants to produce any internal DHS records underlying their witnesses' anticipated testimony during the March 19, 2026 evidentiary hearing. Defendants appear to intend to have their witnesses provide hearsay testimony describing their internal records without producing the records themselves, thereby depriving Class Counsel and the Court of any reasonable opportunity to cross-examine. Class Counsel respectfully submits that Defendants should be compelled to produce their internal records relating to their witnesses' anticipated testimony.

During the parties' meet and confer held on March 12, 2026, Defendants' counsel represented that they did not expect to present any exhibits to their witnesses that were not already available to Class Counsel. This is concerning, because the topics set forth in the Court's Order (ECF No. 472) call for testimony that must necessarily be derived from Defendants' internal records that are not available to Class Counsel. For example, Topic One calls for testimony on the "[f]acts and circumstances surrounding Defendants' removal of eight confirmed and potential Class Members . . . [including] whether Defendants are technologically able to determine whether banners appeared in the Class Members' records at the time of their removal and, if not, why not," ECF No. 472, which necessarily requires discussion of the substance of Defendants' internal records, including Defendants' ENFORCE Alien Removal Module ("EARM") records for Class Members which may or may not have a banner alert indicating that the Class Member should not be removed. As another example, Topic Three calls for testimony on "[t]he extent to which criteria currently employed by USCIS in compiling its lists of potential Class Members result in exclusion of certain potential Class Members, including but not limited to those who are not in removal proceedings, as well as USCIS's procedures pertaining to such individuals," *id.*, which necessarily requires discussion of the substance of USCIS's lists of potential Class Members. Further, Topic

2

Five calls for testimony on the "[a]pplication of the USCIS December 2, 2025 Policy Memorandum . . . to Class Members." During the parties' March 9, 2026 meet-and-confer about this policy, Defendants repeatedly referenced an internal written communication issued on February 13, 2026 regarding how DHS applies the policy to detained unaccompanied children but have not provided that guidance to Class Counsel. Defendants should not be allowed to present hearsay testimony on the substance of their internal records, as doing so will deprive Class Counsel of any ability to cross-examine on the substance of the underlying documents.[1]

This would not be the first time that Defendants have attempted to inject hearsay evidence into the record. On November 10, 2025, Defendants submitted the Declaration of Markel M. Waters, Unit Chief for Field Operations at Immigration and Customs Enforcement, providing information based on "electronic records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business." ECF No. 428, ¶ 3. Mr. Waters offered information regarding the removal of Class Members based on his "review of DHS records." *Id*. ¶¶ 8-20. Defendants should not be allowed to again inject hearsay evidence into the record during the March 19, 2026 evidentiary hearing.

---

[1] Defendants' attempt to discuss the substance of their internal records during the evidentiary hearing would also violate the "best evidence" rule set forth in Federal Rule of Evidence 1002, which provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002; *see also* Notes of Advisory Committee on Proposed Rules (the "best evidence" rule is "the familiar one requiring production of the original of a document to prove its contents"); *United States v. Horning*, 409 F.2d 424, 426 (4th Cir. 1969) ("His testimony, based on the contents of a catalogue not itself introduced into evidence, constituted inadmissible hearsay and was in violation of the best evidence rule."); *In re Pfister*, 749 F.3d 294, 300 (4th Cir. 2014) (holding that "self-serving" testimony regarding a mortgage note "violates Federal Rule of Evidence 1002, which recognizes the inherent unreliability of oral testimony about the contents of a document and so requires a party to introduce an 'original writing' to establish the document's contents").

Class Counsel attempted to resolve this dispute with Defendants, but were not able to reach any resolution. On March 13, 2026, Defendants responded to Class Counsel that they "are not aware of any exhibits at this time that we intend to present which are not already part of the record." On the same day, Defendants' counsel also sent an e-mail to Court chambers stating that "they have not indicated that they intend to present exhibits during the March 19, 2026, evidentiary hearing." The implication from Defendants' responses is that they intend to present hearsay testimony describing internal records without supplying the underlying records, and thereby attempt to deprive Class Counsel of any opportunity to cross-examine. Given that the March 19, 2026 hearing is less than a week away, Class Counsel respectfully requests the Court's intervention to compel Defendants to promptly produce any internal records underlying their witnesses' anticipated testimony, including the relevant EARM records, USCIS's lists of potential Class Members,[2] and the February 13 communication. Class Counsel expects that, since Defendants are presumably preparing to provide testimony on the contents of these documents, that the documents are already easily accessible to Defendants.

A proposed order is attached.

---

[2] Class Counsel would not object if Defendants redact from the Class Lists information relating to individuals other than Cristian, B.A.G., E.P.P., R.L.T., W.M.C., F.D.E., M.M.V., L.O.B., and W.U.P.

Dated: March 14, 2026

Respectfully submitted,

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403

Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs and the Class*

*Admitted *pro hac vice*