**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |
|---|---|
| J.O.P., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Case No. 8:19-cv-01944-SAG |
| | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO COMPEL</u>**

**INTRODUCTION**

This Court only ordered Defendants to produce individuals with personal knowledge to provide testimony regarding specific topics. The government intends to comply with that order. Indeed, Defendants voluntarily filed a witness list last week, a requirement not ordered in the Court's order issuing that evidentiary hearing. The Court narrowly ordered testimony permitted under Federal Rule of Evidence 701, after it declined the government's offer to submit declarations that could have incorporated documents. Plaintiffs instead have now moved for production of documents based on the Court's narrow discovery order. They did so at the eleventh hour, over two weeks after the Court issued its order for testimony, in effect seeking to expand this court's order while prematurely objecting to Defendants' witnesses' testimony. In short, because Defendants have established that they intend to comply with the February 23 order, this Court should deny Plaintiffs' baseless emergency motion.

**ARGUMENT**

The Court should deny Plaintiffs' motion to compel Defendants to produce documents for multiple reasons. *First*, Defendants are fully complying with this Court's order of February 23, 2026. That order instructed Defendants "to produce individuals with personal knowledge to provide testimony regarding" specific topics identified by the Court. ECF No. 472. In response, in the witness list that they voluntarily filed, Defendants identified ten witnesses who will present their *personal knowledge* regarding those inquiries identified in the Court's Order. Accordingly, the presentation of these witnesses at this stage fully complies with the Court's Order. And, as Defendants have now indicated to both Class Counsel and the Court, Defendants will produce any

documentary exhibit which they intend to present in advance of the March 19, 2026 hearing if they identify any such documents.[1]

*Second*, the court narrowly ordered *testimony* permitted under Fed. R. Evid. 701. It did so after declining the government's offer to submit declarations that could incorporate documents. *See* Hrg. Tr. at 67:5-19 (Feb. 18, 2026); *see also* ECF No. 472 at 1. Plaintiffs now have asked this Court to force document production mere days before the start of the evidentiary hearing. Doing so would baselessly expand this Court's narrow discovery order at the eleventh hour, after Plaintiffs sat on the questions and concerns that they had about the order for over two weeks after this Court issued it. Of course, Plaintiffs are aware that the Order on its face does not contemplate the production of anything beyond testimony under Fed. R. Evid. 701.

Critically, this Court's own language undercuts Plaintiffs' position. This Court issued its initial order requiring an evidentiary hearing on Monday February 23, 2026. ECF No. 472. Two work weeks later, on Friday March 6, 2026, this Court issued a second order, in part concerning the procedures for documents with remote witnesses. Even with approximately two weeks to consider its February 23 Order, the Court did not require document production on March 6. Rather, this Court's language was clear. It stated that "*if*" either party intended to present documents they must follow the procedure that the Court then laid out. ECF No. 479 (emphasis added). In other

---

[1] Defendants note that counsels' selection and compilation of any documents in anticipation of litigation is protected attorney work product and not subject to disclosure. *See In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (noting that the "choice and arrangement" of documents "constitutes opinion work product because [the litigant's] selection and compilation of these particular documents reveals her though processes and theories regarding this litigation"); *see also Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1987) ("We believe that the selection and compilation of documents … in preparation for pretrial discovery falls within the highly-protected category of opinion work product"), *cert. denied*, 474 U.S. 903 (1985); *James Jilan v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case").

words, the Court did not read its own order as necessarily involving documents, as Plaintiffs claim. Consequently, the Court never ordered the parties to produce documents. *See, e.g.*, ECF Nos. 472, 479.

*Third*, Plaintiffs' evidentiary objections are wholly premature. They are well in advance of the March 17, 2026 deadline that this Court established to notify the Court of exhibits intended for presentation to witnesses. ECF No. 479. In addition, Plaintiffs engage in rampant speculation as to both the specific statements that will be made in testimony, and the nature of what documents are purportedly available for production. *See* ECF No. 484 at 2-3. Defendants' position during the March 12, 2026, meet and confer—reiterated in their email to this Court on March 13, 2026—is that they have yet to identify any documents to be presented at the evidentiary hearing. Rather, Plaintiffs engage in conjecture as to the nature of testimony yet to be heard. They claim that any testimony will be hearsay, without first even asking a single question to any witness. In doing so, they are in effect arguing to this Court that ten witnesses will have zero personal knowledge of their own, a proposition that is absurd on its face.

Additionally, Plaintiffs completely ignore the rule governing present memory refreshed. Fed. R. Evid. 612. That rule explicitly treats witnesses refreshed in Court differently from those refreshed while preparing to testify. *Compare* Fed. R. Evid. 612(a)(1), with (a)(2). When a counsel refreshes a witness in Court, the document must be given to adverse counsel. Fed. R. Evid. 612(a)(1). But when a counsel refreshed memory while preparing for court testimony, then the matter is in the Court's discretion. Fed. R. Evid. 612(a)(2). However, the advisory notes make clear the risks of any such compelled production of documents used in preparation: "The Committee considered that permitting an adverse party to require the production of writings used before testifying could result in fishing expeditions . . . ." Fed. R. Evid. 612, 1974 Comments. As the

Supreme Court has held, "we think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them." *Goldman v. United States*, 316 U.S. 129, 132 (1942), *cited by* 1974 comments, *overruled on other grounds, Katz v. United States*, 389 U.S. 347 (1967). Therefore, the 1974 Comments and *Goldman* rebut Plaintiffs' argument about best evidence. Rather, Plaintiffs are seeking to launch precisely the sort of fishing expedition that Rule 612, through its structure and comments, discourages.[2]

*Finally*, there is no reason for this Court to exercise its discretion. As mentioned above, Plaintiffs have not established that witnesses lack personal knowledge for their testimony. This Court should allow regular order to play out, complete with appropriate cross-examination and objections. Plaintiffs have not come close to justifying the sort of break-the-glass procedure that they seek. Additionally, given that this Court's order was explicit in requiring testimony and nowhere required document production, it will prejudice Defendants greatly if they need to switch gears mere days before the actual hearing, which itself requires continuing preparation of ten witnesses by counsel.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' emergency motion to compel Defendants to produce documents in anticipation of the March 19, 2026 Evidentiary Hearing.

---

[2] There are likely other answers to such objections; however, the lack of disclosures and testimony render all objections and potential answers pure conjecture and premature for a dispositive ruling. *See, e.g.*, *U.S. v. Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994) (explaining that Fed. R. Evid. 807 exists to provide judges a "fair degree of latitude" and "flexibility" to admit hearsay). As previously indicated, Defendants have every intention of complying with the Court's Letter Order establishing a March 17 deadline for documentary exhibit notice and disclosure.

DATED: March 16, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CATHERINE M. RENO
Acting Assistance Director

RUTH ANN MUELLER
Senior Litigation Counsel

JOSHUA A. CLEM
LARISSA K. JOHNSON
Trial Attorneys

*/s/ Evan P. Schultz*
EVAN P. SCHULTZ (DC Bar 461292)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
Telephone: (202) 892-0873
Email: Evan.P.Schultz2@usdoj.gov

*Counsel for Defendants*