**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **J.O.P.**, *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | **Civil No. SAG-19-01944** |
| | * | |
| **U.S. DEPARTMENT OF** | * | |
| **HOMELAND SECURITY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**ORDER**

On a Saturday afternoon this weekend, Class Counsel filed an "Emergency Motion to Compel Defendants to Produce Defendants' Internal Records Underlying Their Witness Testimony." ECF 484. In their proposed Order, Class Counsel requested that this Court order that Defendants not offer any hearsay testimony during the evidentiary hearing scheduled for Thursday, March 19, 2026, and that if Defendants' witnesses at that hearing are to testify as to the substance of Defendants' internal records, that those records be produced to Class Counsel by Tuesday, March 17, 2026. ECF 484-1. This issue need not have been raised on an emergency basis, as it should have been clear to Class Counsel when the evidentiary hearing was scheduled and its topics of focus identified that they would want written discovery ahead of the testimony.

The timing of Class Counsel's motion left this Court with just three business days before the evidentiary hearing within which to afford Defendants (a) an opportunity to respond to the motion, and (b) if a production is to be ordered, time to collect and produce the records. Notwithstanding Class Counsel's expectation that any records underlying Defendants' witnesses' anticipated testimony "are already easily accessible to Defendants," ECF 484 at 4, this Court is

skeptical that Defendants could be expected to collect and produce "all such internal records," ECF 484-1, on the expedited timeline created by Class Counsel's delay. However, this Court will order Defendants to produce to Class Counsel the more discrete set of documents specifically identified in the emergency motion: (1) ICE's ENFORCE Alien Removal Module records for the eight confirmed and potential Class Members whose removals Defendants self-reported to Class Counsel, as well as E.M.P., (2) USCIS's lists of potential Class Members,[1] and (3) a recent (February 13, 2026) internal communication regarding application of the December 2, 2025 USCIS Policy Memo to detained UACs. ECF 484 at 2–3. Defendants have had ample notice of the need to compile information from items (1) and (2), and thus, this Court here echoes Class Counsel's expectation that these records should be easily accessible and producible at this point.

This Court appreciates Defendants' point that this Court has not, to date, ordered production of documents in advance of the March 19th hearing. However, that this Court specifically ordered live witness testimony at the evidentiary hearing in no way foreclosed this Court's ability to compel production of documents if and when presented with a request.[2] And

---

[1] Class Counsel stated in their motion that they would not object to redactions, in these lists, of information *not* related to the following nine confirmed or potential Class Members: Cristian, B.A.G., E.P.P., R.L.T., W.M.C., F.D.E., M.M.V., L.O.B., and W.U.P. ECF 484 at 4 n.2. This Court does not opine on the need for or propriety of redactions other than to confirm that information in these lists related to the above nine individuals should *not* be redacted. It is unclear why Class Counsel did not include E.M.P. in this list when this Court explicitly stated it "expects Defendants to be prepared at the evidentiary hearing to provide information pertaining to [E.M.P.'s] removal as well." ECF 472 at 1 n.1. Notwithstanding Class Counsel's omission, this Court reiterates its expectation; thus, this Court orders that Defendants also not redact information pertaining to E.M.P. in the documents herein ordered to be produced.

[2] Defendants also assert that this Court "declin[ed] the government's offer to submit declarations that could incorporate documents." ECF 486 at 3 (citing the transcript of the February 18, 2026 motions hearing). A more accurate description of the exchange at the February 18, 2026 hearing is that this Court declined to accept declarations from Defendants *in lieu of* an evidentiary hearing, based on Defendants lacking responses to previous orders of this Court. *See* ECF 471 (Feb. 18, 2026 Hearing Tr.) at 65:18–21 (Defendants: "You mentioned an evidentiary hearing. . . . I would suggest that before there's a need for an evidentiary hearing, that Your Honor consider whether

while this Court agrees with Defendants that Class Counsel's motion rests on some speculation as to the anticipated testimony and the documents underlying that testimony, this Court thinks that such speculation, as it pertains to the specific documents expressly identified by Class Counsel, is well-founded. To order their production is not to condone a "fishing expedition"; these records have been the subject of multiple rounds of briefing and meet-and-confers among the parties, and their pertinence to the topics to be discussed at the hearing cannot be disputed.

Notwithstanding the discrete nature of the relief ordered herein, this Court cautions Defendants that to the extent their witnesses' testimony at the March 19th hearing relies on documentary sources beyond those produced beforehand, this Court will not rule out the possibility of an additional evidentiary hearing to ensure Class Counsel is provided with those materials with an opportunity to question the witnesses about their import under oath. In light of that risk, this Order of course does not preclude Defendants, should they so wish, from producing documents to Class Counsel *beyond* those expressly identified above, in advance of the March 19th hearing.

In terms of Class Counsel's request that this Court preemptively exclude hearsay testimony (or testimony that may violate the best evidence rule) from the upcoming hearing, this Court declines to do so. Evidentiary rules are enforced strictly in a trial setting and before a jury, but in many contexts less strictly during a proceeding before a judge. Judges (who are routinely exposed to inadmissible evidence as the arbiters of evidentiary issues) are well-equipped to calibrate the weight afforded to particular testimony in light of any issues with its reliability. While this Court

---

declaration might be something that would suffice."); *Id.* at 67:5–9 (Court: "I have a healthy skepticism about whether I would get satisfactory information through a declaration, and I think it would be more useful for me to hear from live witnesses who are prepared to address my questions.").

is not indicating that hearsay will be freely welcomed at the evidentiary hearing, it will make determinations on a case-by-case basis should the issue arise.

For the foregoing reasons, the Motion to Compel, ECF 484, is GRANTED IN PART as to the three particular categories of documents mentioned in the motion, which Defendants should produce to Class Counsel **no later than 6:00 p.m. on Wednesday, March 18, 2026**. The Motion to Compel is DENIED in all other respects.

March 16, 2026

/s/
Stephanie A. Gallagher
United States District Judge