**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| **J.O.P.**, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, et al.,<br><br>　　　　Defendants. | Civil Action No. 8:19-CV-01944-SAG |

**DECLARATION OF KEVIN J. DEJONG IN SUPPORT OF
PLAINTIFFS' SECOND MOTION FOR ATTORNEYS' FEES, COSTS, AND
EXPENSES**

I, Kevin J. DeJong, declare:

1.　　　I am an attorney licensed to practice in the State of New Hampshire and the Commonwealth of Massachusetts.  I have appeared in this Court *pro hac vice*.  I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts herein.

2.　　　I am currently serving as Counsel at Goodwin Procter LLP ("Goodwin Procter").  I have been co-counsel to the named Plaintiffs in this litigation from its inception, and the Court appointed Goodwin Procter as one of the counsel to the Class in December 2020.  I make this declaration in support of Plaintiffs' motion as prevailing party for recovery of attorneys' fees and expenses incurred in litigating Plaintiffs' first Motion to Enforce and certain related matters.

1

**Goodwin Procter**

3.      Goodwin Procter is a global law firm with more than 1,800 attorneys operating from 16 offices across North America, Europe, and Asia.  Goodwin Procter focuses on complex transactional work, high-stakes litigation and advisory services in matters involving financial institutions, intellectual property, private equity, real estate capital markets, securities litigation, white collar defense, technology and life sciences.

4.      Goodwin Procter attorneys also routinely assist in pro bono representation of individuals in need, including representation in the criminal justice and immigration systems, and assisting individuals to secure safe housing, public benefits, and veterans' benefits.  As part of Goodwin Procter's pro bono efforts, firm lawyers represent unaccompanied children in proceedings before the Immigration Courts, before the Board of Immigration Appeals, in administrative proceedings before Defendant U.S. Citizenship and Immigration Services ("USCIS"), and in ancillary proceedings in state courts.  Goodwin Procter has a long-standing relationship with Kids in Need of Defense ("KIND"), and in the last ten (10) years, Goodwin Procter has received more than 160 referrals from KIND to represent unaccompanied children in immigration proceedings.

**My Professional Background and Qualifications**

5.      I began work at Goodwin Procter in 2009, after graduating magna cum laude from the University of New Hampshire School of Law (formerly Franklin Pierce Law).  I was admitted to the bars of the Commonwealth of Massachusetts and the State of New Hampshire in 2009.  I am also admitted to practice before the District Court for the District of Massachusetts, the District Court for the District of New Hampshire, and the U.S. Court of Appeals for the Federal Circuit.

6.      Nearly all of my practice since 2009 has involved litigation in federal court, in courts throughout the United States.  In addition to cases in the U.S. District Court for the District of Massachusetts and the District of New Hampshire, I have been admitted *pro hac vice* in the District Courts of the District of Delaware, the District of New Jersey, the Southern District of New York, the Eastern District of Virginia, and the Northern District of Alabama.  Most of my work has involved litigation related to intellectual property.  I have drafted and argued numerous motions filed in federal courts, handled status conferences, and have participated in many trials in federal courts.  As a result of my litigation practice, I have become very familiar with the Federal Rules of Civil Procedure, and general practices in federal courts.

7.      Over the last 15 years, I have also represented numerous children in immigration proceedings, mainly through referrals and mentorship from KIND.  My work has included representing children in state court proceedings (seeking Special Immigrant Juvenile status), and in proceedings before USCIS, and in immigration court.  I have also successfully represented children and adults seeking asylum before immigration courts and USCIS.

### Work Performed by Goodwin in Connection With This Matter

8.      Goodwin Procter has been involved in this matter from the very beginning in 2019.  By 2019, Goodwin Procter already had a long-standing relationship with KIND, including as a result of Goodwin's representation of unaccompanied children referred by KIND, and in undertaking amicus curiae briefing with KIND in matters related to unaccompanied children.  I personally became involved at the very outset of this case, and led efforts to assemble a team of lawyers that could quickly mobilize to challenge the underlying policy issued by USCIS that appeared on USCIS's website on June 14, 2019.  The policy was to go into effect on June 30, 2019, and therefore time was of the essence, with only about two weeks to file a challenge in federal

court.  The Goodwin Procter team had the resources and specialized knowledge to undertake this matter, in partnership with our co-counsel.

9.      I have been heavily involved in this case in the last year.  I have served as a lead counsel for this litigation, including serving as the primary contact with government counsel.  I have taken the lead in each status conference with the Court.  I drafted portions of every motion filed with this Court, coordinated numerous court filings and status reports, and participated in strategy meetings with my co-counsel.  I personally conducted legal research and writing, including drafting portions of the Motion to Enforce, Motion for a Temporary Restraining Order, and other court filings related to the foregoing motions; appearing before the Court in status conferences and in court hearings; assessing strategy on the related Class Member issues; drafting portions of the opposition to the government's request for a stay with the Fourth Circuit; drafting requests for expedited discovery; and coordinating with the government on a Protective Order and ESI protocol.

10.      Brian Burgess is a partner at Goodwin Procter, and he likewise worked on the matter from the outset.  Mr. Burgess has extensive experience in federal court litigation, and in particular, has significant experience in appellate litigation.  Mr. Burgess led the strategy and drafting of Class Counsel's opposition to the government's request for a stay pending appeal in the Fourth Circuit Court of Appeals.

11.      Jesse Lempel is an associate at Goodwin Procter, and has extensive experience in appellate litigation.  Mr. Lempel took the lead in drafting Class Counsel's opposition to the government's request for a stay pending appeal in the Fourth Circuit Court of Appeals.

12.      From March 2025 to October 1, 2025, the Goodwin Procter team on this matter has included more than 10 attorneys, as well as staff in our Court Procedures group (who handled all

4

court filings in this matter).  The total amount of hours spent on this case during that time by the Goodwin Procter team is more than 1,350 hours for all timekeepers.  Goodwin Procter is not requesting a recovery of fees for each of these timekeepers, although they were essential to the ultimate success.  Goodwin Procter is only requesting recovery of fees for time incurred by myself, Mr. Burgess, and Mr. Lempel.  Furthermore, the requested recovery of fees for the foregoing attorneys does not represent all of the time they spent on this matter, but instead only those time entries that involved essential legal work for the matter, including legal research; drafting briefs; preparing for and attending court hearings and status conferences; and communications with government counsel.

13.    Attached to this declaration is **Exhibit A**, setting forth itemized entries describing tasks that myself, Mr. Burgess, and Mr. Lempel performed, the date of the task, and the time spent on each task.  The table reflects contemporaneous entries kept with electronic time-tracking tools.

14.    Class Counsel seeks recovery at $265.13 per hour, the rate specified in the EAJA, adjusted according to the annual average CPI-U for the Maryland market in which the court is located.  Class Counsel computed the hourly rate for 2025, the year the litigation of the motion to enforce took place, by multiplying the $125 hourly EAJA rate by the average annual consumer price index (CPI-U) for the Baltimore-Columbia-Towson, Maryland area, divided by 153, the CPI-U value for March 1996, when the EAJA rate was adopted.

15.    The above adjusted EAJA rate is substantially lower than Goodwin Procter's standard rates for myself, Mr. Burgess, and Mr. Lempel.  For example, the EAJA adjusted rate is approximately 80% reduction of my standard rate.

16. As set forth in the attached **Exhibit A**, the total number of hours for which recovery is sought is 271.6 hours for myself, Mr. Burgess, and Mr. Lempel.  At the adjusted EAJA rates, this amounts to a total of $72,009.31.

17. Goodwin Procter also seeks recovery of the costs set forth in the attached **Exhibit B**.  As set forth therein, Goodwin incurred costs to provide the Court with copies of pleadings filed with the Court, copies of transcripts for court hearings, and my travel expenses, including flights, lodging, and meals to attend the Court hearings on April 21, 2025, May 6, 2025, and July 22, 2025. Supporting documentation is also included in **Exhibit B**.  The total costs and expenses amount to $6096.80.

18. Attached as **Exhibit C** is an excerpt of the transcript from the May 6, 2025 hearing in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed March 30, 2026, in Hingham, Massachusetts.

    /s/    *Kevin J. DeJong*
Kevin J. DeJong