**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| J.O.P., *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 8:19-cv-01944-SAG |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' MOTION TO SEAL**

Pursuant to Local Rule 105.11, Defendants respectfully request that this Court enter an order sealing Defendants' letter (filed with this motion as an exhibit) which contains a report ordered by the Court on March 23, 2026. As good cause therefore, Defendants state:

1.      Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternative to sealing would not provide sufficient protection." Loc. R. 105.11.

2.      Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).

1

"The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 598-99 (1978)).

3.      During an evidentiary hearing on March 23, 2026, the Court ordered production of reports to be filed on Mondays, Wednesdays, and Fridays on topics identified in the court record. The court stated at that time that the reports should be filed under seal. Mar. 23, 2026 Hrg. Tr., Vol. III at 104.

Accordingly, Defendants respectfully request that this Court enter an order maintaining under seal the Defendants' report for April 3, 2026.

DATED: April 3, 2026                        Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CATHERINE M. RENO
Acting Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

LARISSA K. JOHNSON
JOSHUA A. CLEM
Trial Attorneys

*/s/ Evan P. Schultz*
EVAN P. SCHULTZ
(DC Bar 461292)
Trial Attorney

2

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
Telephone: (202) 892-0873
Evan.P.Schultz2@usdoj.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 3rd day of April, 2026, a copy of the foregoing Motion to Seal was electronically filed and served on counsel by ECF. A copy of the sealed document was served by email on April 3, 2026.

/s/ Evan P. Schultz
EVAN P. SCHULTZ
(DC Bar 461292)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
Telephone: (202) 892-0873
Evan.P.Schultz2@usdoj.gov
Counsel for Defendants

*Counsel for Defendants*