**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |
|---|---|
| J.O.P., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 8:19-cv-01944-SAG |
| | ) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO SEAL AND REQUEST FOR EX PARTE**

**SUBMISSIONS**

Pursuant to Local Rule 105.11, Defendants respectfully request that this Court enter an order sealing Defendants' letter (Exhibit A) which contains a report ordered by the court on March 23, 2026. Additionally, Defendants respectfully request leave of this Court to submit *ex parte* Defendants' declarations (Exhibits B and C) which contain information related to the Court's questions regarding the issue of candor. As good cause therefore, Defendants state:

1.      Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternative to sealing would not provide sufficient protection." Loc. R. 105.11.

2.      Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178,

1

180 (4th Cir. 1988)). However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 598-99 (1978)).

3.    During an evidentiary hearing on March 23, 2026, the court ordered production of reports to be filed Monday, Wednesday, and Friday on topics identified in the court record. The court stated at that time that the reports should be filed under seal. Mar. 23, 2026 Hrg. Tr., Vol. III at 104.

4.    Additionally, Defendants' declarations (Exhibits B and C) contain information related to privileged, interagency communications involving agency counsel and internal deliberative processes that are relevant to the Court's questions concerning candor in the instant proceedings. Declarations B and C further contain descriptions of interactions between agency counsel and their clients. Finally, these declarations reference attorney work product from agency counsel.

5.    "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981) (internal quotation omitted). To that end, the Supreme Court long "recognized the purpose of the privilege to be

2

'to encourage clients to make full disclosure to their attorneys.'" *Id*. (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Additionally, the Supreme Court has recognized that "Rule 26 accords special protection to work product revealing the attorney's mental processes." *Id*. at 400 (explaining that Rule 26 permits disclosure only "upon a showing of substantial need and inability to obtain the equivalent without undue hardship.").

6.      Furthermore, the Supreme Court has held that "the deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated[.]'" *United States Fish and Wildlife Service v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting "*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).

7.      Given that the internal agency communications and deliberative processes described in Defendants' declarations are intended to respond to the Court's questions regarding issue(s) of candor, Defendants' request that these declarations be submitted *ex parte* to prevent unnecessary disclosure and potential waiver of any privileges.

Accordingly, Defendants respectfully request that this Court enter an order maintaining under seal the Defendants' report for April 8, 2026, and allowing for *ex parte* submission of Defendants declarations (Exhibits B and C).

DATED: April 8, 2026                    Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        RUTH ANN MUELLER
                                        Senior Litigation Counsel

                                        LARISSA JOHNSON

3

EVAN P. SCHULTZ
Trial Attorneys

*/s/ Joshua Clem*
JOSHUA A. CLEM (AR Bar AR2023202)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
Telephone: (202) 253-6762
Joshua.Clem2@usdoj.gov
*Counsel for Defendants*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 8th day of April, a copy of the foregoing Motion to Seal was electronically filed and served on counsel by ECF. A copy of the sealed document (Exhibit A) was served by email on April 8, 2026.

/s/ Joshua Clem
JOSHUA A. CLEM (AR Bar AR2023202)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
Telephone: (202) 253-6762
Joshua.Clem2@usdoj.gov
*Counsel for Defendants*

5