## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

### CLASS COUNSEL'S OPPOSITION TO DEFENDANTS' REQUEST <u>TO SUBMIT EX PARTE DECLARATIONS</u>

Class Counsel opposes Defendants' request to submit ex parte declarations on "issues of candor." Defendants offer no valid justification for ex parte submissions, which are highly disfavored in this Circuit. Setting aside the improper ex parte nature of the submissions, Defendants should not be allowed to submit selective evidence to this Court of purportedly privileged information, while otherwise shielding from the Court other privileged information on the same issues.

As the Fourth Circuit has instructed, judges "should ... neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding." *RZS Holdings AVV v. PDVSA Petroleo S.A.,* 506 F.3d 350, 356–57 (4th Cir. 2007). "[A]s a general rule, ex parte communications by an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process." *Id*. (quoting *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir. 2005). Further, as the Fourth Circuit acknowledged, "under the Code of Judicial Conduct for United States Judges, Canon 3(A)(4), a

1

judge "should ... neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding." *Id.* Defendants' voluntary submission of ex parte declarations is contrary to these Fourth Circuit mandates.

Fundamentally, it appears that Defendants seek to provide evidence to the Court regarding "issues of candor" to purportedly insulate against a finding of contempt of this Court's orders. As the Court will recall, Class Counsel's pending Motion to Enforce the Settlement Agreement and to Hold Defendants in Civil Contempt (ECF No. 459) seeks, *inter alia*, to hold Defendants in civil contempt for their ongoing removals of Class Members, a finding all the more appropriate in view of Defendants' admissions during the March 2026 evidentiary hearing that around 100 additional Class Members have been removed in violation of the Settlement Agreement and the Court's April 23, 2025 Order. Defendants should not be allowed to selectively submit purportedly privileged evidence to the Court on these issues, particularly in an ex parte manner. To be clear, courts may use an *in-camera* review to assess a claim of privilege, but that is not what Defendants seek here— they seek to rely on a selective disclosure of purportedly privileged evidence. Simply put, not only is Defendants' request for ex parte submissions procedurally improper, it is also unfair to Plaintiffs to be left completely in the dark as to a selective disclosure of purportedly privileged communications.

At the very least, if the Court grants Defendants' request for ex parte submissions, Class Counsel requests that the Court order Defendants to provide a privilege log providing a full factual basis for any assertion of privilege, and to produce any portion of the submission that the Court determines is not privileged.

2

Respectfully submitted,                             Dated: April 9, 2026

/s/ *Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)          Phone: 202-742-4423
Daniel L. Farraye*                        Fax: 617-227-5495
Goodwin Procter LLP                       Rebecca@nipnlg.org
1900 N Street, NW
Washington, DC 20036                      Kristen Jackson*
Phone: 202-346-4000                       Public Counsel
Fax: 202-346-4444                         610 South Ardmore Avenue
BBurgess@goodwinlaw.com                   Los Angeles, CA 90005
                                          Phone: 213-385-2977
Elaine Herrmann Blais*                    Fax: 213-201-4727
Kevin J. DeJong*                          KJackson@publicccounsel.org
Goodwin Procter LLP
100 Northern Avenue                       Mary Tanagho Ross*
Boston, MA 02210                          Bet Tzedek Legal Services
Phone: 617-570-1000                       3250 Wilshire Blvd., #1300
Fax: 617-523-1231                         Los Angeles, CA 90010
EBlais@goodwinlaw.com                     Phone: 323-939-0506
KDeJong@goodwinlaw.com                    Fax: 213-471-4568
                                          MRoss@betzedek.org
Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W         *Attorneys for Plaintiffs and the Class*
New York, NY 10018                        *Admitted pro hac vice*
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009Phone: 410-929-
4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project of the
National Lawyers Guild
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403

3