IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

J.O.P., *et al.*,

Plaintiffs,

v.

U.S. Department of Homeland Security, *et al.*,

Defendants.

Civil Action No.
8:19-CV-01944-SAG

**CLASS COUNSEL'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b) TO EXTEND THE TERMINATION DATE OF THE SETTLEMENT AGREEMENT**

With fewer than two months until termination of the Settlement Agreement, likely well over 74,000 Class Members have not received their right to an adjudication by USCIS on the merits of their asylum application and over one hundred Class Members have been removed by ICE in brazen disregard for the stay of removal provision of the Settlement Agreement. The Court should exercise its equitable power under Fed. R. Civ. P. 60(b)(5) to extend the termination date of the Agreement to rectify Defendants' intransigence and allow Class Members to receive their bargained-for rights under the Settlement Agreement.

The Court should modify the Settlement Agreement to institute a performance-based termination mechanism that is suitably tailored to address Defendants' noncompliance by tying the Agreement's sunset to Defendants' completion of a core set of actions, rather than to a fixed termination date in a particular year to come. These actions, designed to vindicate Class Members' core rights under the Agreement, include: (1) the creation of a comprehensive Potential Class Member List; (2) the adjudication on the merits of the asylum applications of all Class Members

removed from the United States in violation of the Agreement who elect to return for an adjudication; (3) individualized notice to all people on the Potential Class Member List inviting them to request that USCIS adjudicate their pending asylum applications on the merits under the terms of the Settlement Agreement; and (4) the adjudication on the merits of the asylum applications of those Class Members who accept this invitation. This approach preserves the Settlement Agreement's core benefits for those who wish to receive it while still providing an endpoint that Defendants could accelerate with prompt compliance. The Court should exercise its discretion to extend the Settlement Agreement until Defendants have made good on their promises to the Class.

In support of this motion, Class Counsel rely on their memorandum and supporting declarations, filed contemporaneously with this motion.

A proposed order is attached.

Respectfully submitted, Dated: April 10, 2026

/s/ *Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Daniel L. Farraye*
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com
DFarraye@goodinwlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1201 Connecticut Ave. NW, Suite 531
PMB 896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project of the
National Lawyers Guild
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs and the Class*
**Admitted pro hac vice*