**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

April 13, 2026

LETTER ORDER

Re:  J.O.P., et al. v. U.S. Department of Homeland Security, et al.
     Civil Case No. SAG-19-1944

Dear Counsel:

During the evidentiary hearing held in this matter on March 19, 20, and 23, 2026, this Court expressed its concerns regarding apparent failures of communication between Defendants and their DOJ counsel regarding the number of inadvertent removals of *J.O.P.* Class Members and potential Class Members, and ordered Defendants to produce more information to explain these failures. On April 8, 2026, Defendants submitted a Motion to Seal and Request for Ex Parte Submissions, followed shortly thereafter by submission of two declarations (currently under pending seal) which they characterized as containing information "relevant to the Court's questions concerning candor in the instant proceedings." ECF 530 at 2; ECF 532; ECF 533.[1] Defendants requested that this Court allow these declarations to be submitted *ex parte* "to prevent unnecessary disclosure and potential waiver of any privileges"; specifically, the attorney-client privilege, the deliberative process privilege, and the attorney work product doctrine. ECF 530 at 3. Class Counsel has filed a response in opposition to Defendants' request, in which they note that *ex parte* submissions are generally improper, *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356–57 (4th Cir. 2007), and that this Court may use *in-camera* review to assess privilege claims. ECF 534.

Defendants, while ostensibly "request[ing] leave of this Court to submit *ex parte*" the two declarations, ECF 530 at 1, have gone ahead and submitted those declarations to this Court. Thus, this Court has interpreted Defendants' request as one for *in camera* review of the declarations for purposes of determining the extent to which they are privileged.  Having undertaken that review, this Court has concluded that the majority of the statements contained in the declarations are not subject to any privilege. Rather, they pertain to facts already in the record either in the form of statements made at last month's evidentiary hearing or in other filed declarations (*see, e.g.*, ECF 503-2 (filed under seal)). Thus, to the extent they may have at some point been subject to any of Defendants' asserted privileges, that privilege has been waived.

---

[1] This Court had ordered that reports of the notice-related issues be provided every Monday, Wednesday, and Friday, beginning with Wednesday, March 25, 2026. Hr'g Tr., Vol. III at 104:5–18. However, the declarations submitted on April 8, 2026 constitute the first and only substantive documents provided to this Court on this topic.

That said, this Court has, employing a generous application of Defendants' privilege assertions, identified certain portions of the declarations that may be appropriate for redaction. This Court will provide Defendants with those proposed redactions, with instructions that Defendants re-file public versions of the declarations with only the court-approved redactions. Because transmission of the Court-approved redactions to Defendants will, itself, constitute an *ex parte* communication, this Court is entering this Letter Order on the docket to provide Class Counsel with notice of the nature and purpose (if not the exact substance) of this communication, and to make a record of this procedure.[2]

In a letter to this Court, filed under proposed seal on April 10, 2026, Defendants have argued that these two declarations have substantively addressed this Court's concerns and order for information pertaining to the communication failures, and have requested that this Court deem Defendants as having thus complied with its order on this issue. ECF 539. This Court disagrees with Defendants' assessment and denies the request. Notably, the declarations do not sufficiently address this Court's concerns regarding the *ultimate* communication failure that was manifested at the evidentiary hearing: DOJ counsel apparently had no knowledge that their agency clients had uncovered a substantial number of potential violations of the Settlement Agreement beyond the number—in or close to single digits—repeatedly represented by DOJ counsel to this Court and to Class Counsel.[3] The information now before this Court suggests that unspecified agency attorneys (who were, according to the declarations, "working on the *J.O.P.* litigation") became aware of the true, far greater number of violations weeks before, and during specific preparation for, the evidentiary hearing.

For the reasons set forth above, this Court GRANTS in part and DENIES in part Defendants' motion, ECF 530. The request for *ex parte* submissions is denied. The motion to seal is granted with respect to the *unredacted* versions of the declarations, ECF 532 and ECF 533, currently on the docket under proposed seal. However, as detailed above, this Court orders that Defendants, upon receipt of this Court's forthcoming proposed redactions, re-file the redacted versions of the declarations publicly. This Court further orders that Defendants (1) explain why, notwithstanding any efforts at validation, critical information regarding the actual number of violations was not even generally communicated to DOJ counsel and (2) provide this Court with the names of the attorneys who participated in the various communications and investigations described in the declarations, not merely their agencies or titles. That information should be provided to this Court on or before Wednesday, April 15, 2026. Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly.

Sincerely yours,

_____
/s/
Stephanie A. Gallagher
United States District Judge

---

[2] In so proceeding, this Court offers no comment on the sufficiency of the two-row "privilege log" that Defendants provided in their most recent submission to this Court. *See* ECF 539.

[3] With the scope of the hearing having been defined based, in part, on this misconception, the parties were prevented from fully exploring revelatory testimony at the hearing.