**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

|  |  |
|---|---|
| J.O.P., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>    Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

**[REVISED PROPOSED] ORDER ON CLASS COUNSEL'S EMERGENCY MOTION TO
ENFORCE THE SETTLEMENT AGREEMENT
<u>AND TO FIND DEFENDANTS IN CIVIL CONTEMPT</u>**

Upon consideration of Class Counsel's Emergency Motion to Enforce the Settlement Agreement and to Find Defendants in Civil Contempt and testimony and evidence produced during an evidentiary hearing conducted before this Court on March 19, 20, and 23, 2026, and for good cause shown and for the reasons set forth in Class Counsel's motion and supplemental brief, it is hereby ORDERED that:

1.    Defendants are in civil contempt of this Court's Order granting Final Approval of the Settlement Agreement (ECF No. 205) and the Court's April 23, 2025 Order (ECF No. 254).

2.    Prior to the removal of any individual with a prior "unaccompanied alien child" ("UAC") determination, Defendants—including ICE—must take all necessary steps to determine whether the individual is a Class Member.  This includes but is not limited to the following:

a.    Prior to the removal of any individual, ICE must search the individual's EARM records (including both closed and active files) for a *J.O.P.*

banner, *J.O.P.* case comment, and/or "JO" Special Class Code. If one or more of these notations is present, ICE may not remove the individual unless and until (1) USCIS completes the adjudication of the asylum application on the merits, or (2) the USCIS Asylum Office confirms the individual is not a Class Member.

b.      If an individual whom ICE seeks to remove identifies themselves as a *J.O.P.* Class Member (or their counsel identifies them as such), ICE may not remove the individual unless and until (1) USCIS completes the adjudication of the asylum application on the merits, or (2) the USCIS Asylum Office confirms the individual is not a Class Member.

c.      ICE shall not remove any other individual with a prior UAC determination who filed an asylum application with USCIS on or before February 24, 2025 that has not been adjudicated on the merits, unless and until USCIS (1) completes the adjudication of the asylum application on the merits, or (2) confirms that the individual is not a Class Member. To determine if an individual has a prior UAC determination and whether and on what date an I-589 was filed with USCIS, ICE officials must consult relevant databases, including but not limited to EARM and PCQS.

3.      Within 15 days of the Court's order, and on a monthly basis thereafter, Defendants shall disseminate written guidance to all ICE personnel nationwide regarding ICE's obligations under Section III.I of the *J.O.P.* Settlement Agreement, and shall within 30 days of this Court's order require ICE personnel to undergo training regarding ICE's obligations under Section III.I of the *J.O.P.* Settlement Agreement.  The written guidance and training should incorporate the requirements in Paragraph 2(a), 2(b), and 2(c) above including that ICE may not remove an

individual with a UAC determination who filed an asylum application with USCIS on or before February 24, 2025, unless and until (1) USCIS completes the adjudication of the asylum application on the merits, or (2) the USCIS Asylum Office confirms the individual is not a Class Member.  The written guidance should provide contact information for USCIS Asylum Office personnel authorized to provide this clearance.

4.       Within [30] days of this order, USCIS must provide to ICE a complete list of Potential Class Members, to include all people, regardless of whether the person is or ever was in removal proceedings, who: (1) were determined to be a UAC; and (2) who filed an asylum application that was pending with USCIS on or before February 24, 2025; and (3) for whom USCIS has not adjudicated the person's asylum application on the merits. Within one (1) business day of receiving the complete list of Potential Class Members, ICE shall place *J.O.P.* system alerts into EARM for any individual on the list for which a system alert does not already exist. If ICE has already removed any person on the list—including via a "voluntary departure" while the individual was in ICE detention—Defendants shall promptly report the removal of the potential Class Member to Class Counsel.

5.       Defendants shall provide notice, in the form of ECF No. 428, Exhibit E, to any Class Member detained by DHS, including: (1) all detained individuals for whom there is a database entry (including a banner, case comment, and/or "JO" Special Class Code in EARM) indicating potential Class membership pursuant to Section III.I of the Settlement Agreement;  (2) all detained individuals whom USCIS has otherwise identified pursuant to Section III.I including via the transmission from USCIS to ICE of a Class list containing that individual's name; and (3) all detained individuals who were previously determined to be a UAC and filed an asylum application with USCIS on or before February 24, 2025 that has not been adjudicated on the merits,

including but not limited to those in this category identified to DHS by themselves or by their counsel. Defendants shall personally serve Class Members with this notice within 72 hours of their detention or, for Class Members who are currently detained, within 5 days of this Court's order or sooner if the Class Member is scheduled to be removed within 5 days.

6.      For any detained Class Member who asks USCIS to expedite their asylum application pursuant to Section III.G of the Settlement Agreement, Defendants must promptly adjudicate the asylum application on the merits and may not subject the application to any "asylum adjudication hold" including that described in the December 2, 2025 USCIS Memorandum.

7.      Defendants shall file a biweekly status report, in the form of a declaration from one or more individual(s) with personal knowledge, describing all steps taken to comply with this order. The report must describe Defendants' actions with specificity, including but not limited to: (1) All procedures used to identify Class Members, in particular when ICE detains individuals and when ICE prepares to remove individuals; (2) Confirmation that Defendants have issued the written guidance described in Paragraph 3 and a copy of such guidance;  (3) Confirmation that all ICE personnel have received the training required under Paragraph 3 and a copy of the training materials; and (4) Defendants' provision of individual notice to detained Class Members, including the number of individuals provided such notice.  Defendants' first status report shall be filed on or before 5:00 PM ET on _____, 2026. Defendants shall supplement the status report by 5:00 PM ET every other week.

8.      Defendants shall promptly undertake a review of removed potential Class Members and report within 21 days on the status of the review, including providing to the Court and Class Counsel (1) the identities of potential Class Members removed since November 24, 2024; (2) the parameters used to conduct the review, including searches performed; and (3) the number of cases

reviewed and the number of cases remaining to be reviewed in order to ensure that all removed potential Class Members are identified. Defendants shall file biweekly status reports until a responsible official certifies on Defendants' behalf that the review is complete and all removed potential Class Members have been identified.  Defendants should include an aggregate list of removed Class Members in each biweekly status report with new identified Class Members highlighted from the rest.

9.     For any Class Member whom Defendants remove or have removed in violation of the Agreement and who elects to return for an asylum adjudication,  Defendants shall not apply a presumption of abandonment to the Class Member's asylum claim based on the unlawful removal, nor may Defendants otherwise use the Class Member's wrongful removal as a factor weighing against a grant of asylum.  If the returned Class Member requests an expedited adjudication of their asylum application pursuant to Section III.G of the Agreement, Defendants must promptly adjudicate the asylum application on the merits and may not subject the application to any "asylum adjudication hold" including that described in the December 2, 2025 USCIS Memorandum.

Dated: _____          _____
                                 HON. STEPHANIE A. GALLAGHER
                                 United States District Judge