**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| J.O.P., *et al.*, | * |
|  | * |
|  | * |
| Plaintiffs, | * |
|  | * |
| v. | *    Civil No. SAG-19-01944 |
|  | * |
| U.S. DEPARTMENT OF | * |
| HOMELAND SECURITY, *et al.*, | * |
|  | * |
| Defendants. | * |
|  | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Pending before this Court are a number of motions related to sealing, scheduling, and more.

No hearing is necessary for resolution of the motions. *See* Loc. R. 105.6 (D. Md. 2025).

**I.    Defendants' motions to seal notices of review submitted in response to this Court's March 23, 2026 Order**

First, Defendants have filed myriad motions to seal "Notices of Review" they submitted.

*See* ECF 526; ECF 528; ECF 538; ECF 542; ECF 551; ECF 555; ECF 561; ECF 563; ECF 566;

ECF 569; ECF 576; ECF 578; ECF 580; ECF 585; ECF 590; ECF 597. During the March, 2026

evidentiary hearing held in this case, this Court ordered that Defendants produce to Class Counsel

regular reports with details regarding the larger universe of removed actual and potential Class

Members that came to light during that hearing. At the hearing, this Court specified that, to avoid

unnecessarily "cluttering up the docket," Mar. 23, 2026 Hr'g Tr. at 102:12–25, it would be satisfied

with Defendants producing the substantive reports—which it anticipated would include personal

identifying information (PII) that would require sealing—to Class Counsel without docketing

them, and simply notifying this Court of each production so made. This Court also ordered that

1

Defendants submit reports to it—under seal—pertaining to issues of notice and communication between Defendants and their litigation counsel regarding the additional removals. *Id.* at 104:5–12.

Defendants have, in response to this Court's order, submitted regular (Monday/Wednesday/Friday) "Notices of Review" to this Court; in each instance they have submitted the Notice under pending seal. Having reviewed the Notices, this Court finds that none contain any PII or other confidential information that warrants sealing. Rather, the vast majority of the Notices follow the same basic format, with two or three short paragraphs stating that the Notice is being provided based on counsel's communications with DHS and in accordance with this Court's order, and that DOJ has provided Class Counsel with a list of narratives with "substantial information" pertaining to some number of actual and potential class members. The extent of the variation from this theme is the following:

- Defendants submitted, with ECF 530 (motion to seal previously granted by this Court), two declarations responding to this Court's concerns about Defendants' communication breakdowns with their counsel. ECF 532; ECF 533. This Court addressed these declarations in its April 13, 2026 Letter Order. ECF 540. Multiple of Defendants' Notices of Review mention these declarations, but with no additional detail beyond the names of their authors.[1]

---

[1] In ECF 539, Defendants included a two-line "privilege log" in which they identified the declarations' authors (Patrick R. Hopple and Evan Franke, respectively), *See* ECF 539 at 2 (Defendants stated that this chart was "also being sent to Class Counsel today (under the terms of the protective order)"; they are identified again in ECF 552. Any issues with disclosure of these individuals' names appear to have been waived, as both authors' names already appear on the public docket with the redacted versions of their declarations. *See* ECF 549. In addition, while Kimberly Sicard's name appears (with reference to her March 27, 2026 declaration) in multiple Notices of Review filed under pending seal, *see* ECF 527, ECF 529, ECF 556, these appearances

- ECF 552 and ECF 556 refer to a supplemental declaration filed in response to this Court's April 13, 2026 Letter Order. This declaration is discussed in Section II, below.

- Beginning with ECF 577 and continuing with each Notice filed thereafter, Defendants have also stated that DHS informed DOJ that it is in the process of "rerunning a search" that may identify additional actual and potential Class Members who have been removed or voluntarily departed. This search is discussed in Section IV, below.

- Beginning with ECF 579, Defendants asserted that they had completed the narrative productions ordered by this Court during the March 23 evidentiary hearing.

Nothing in these Notices of Review demonstrates a sufficient countervailing interest to the presumptive right of public access to court records. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Thus, Defendants' Motions to Seal, ECF 526; ECF 528; ECF 538; ECF 542; ECF 555; ECF 561; ECF 563; ECF 566; ECF 569; ECF 576; ECF 578; ECF 580; ECF 585; ECF 590; ECF 597, are DENIED. ECF 551 is addressed below.

**II.**     **Defendants' request for *ex parte* and *in camera* review of supplemental declaration**

With their Notice of Review dated April 16, 2026 (ECF 552), and in response to this Court's April 13, 2026 Letter Order (ECF 540) requiring more information related to the communication breakdowns between Defendants and their DOJ counsel, Defendants submitted (under proposed seal) an additional declaration from Patrick Hopple, with an attachment. ECF 552-1; ECF 552-2. Defendants also submitted (under proposed seal) a version of the same declaration with proposed redactions. ECF 552-3. Defendants requested, in the corresponding "Motion to Seal and Request for Ex Parte Privilege Consideration," that this Court "extend the same procedure used for the

---

do not warrant those documents being sealed (Ms. Sicard having appeared during the evidentiary hearing and her testimony already being part of the public record).

April 8 declarations to the exhibits attached to Defendants' April 15, 2026 report." ECF 551 ¶ 9.

Having reviewed these filings, this Court will GRANT Defendants' motion to seal, ECF 551.  This

Court will provide Defendants with proposed redactions to the declaration, with instructions that

Defendants re-file a public version of the declaration (without the attachment (ECF 552-2)) with

only the court-approved redactions,[2] by Friday, May 15, 2026. However, this Court, while

maintaining ECF 552-2 under seal, directs Defendants to provide it to Class Counsel by Friday,

May 15, 2026. Finally, Defendants have requested that this Court consider Defendants' reporting

regarding the issues of communication and candor to be complete and in compliance with its

March 23, 2026 Order. While this Court has not yet determined whether further action is warranted

to address the matters reported, it will not require further reporting at the present time.

### III.    Motions to seal exhibits and memoranda filed in support of or in opposition to substantive motions

Each of the parties have also filed motions to seal associated with the substantive pending

motions either to extend the termination date of the Settlement Agreement (ECF 535), to compel

the return of E.M.P. (ECF 544), or to enforce the Settlement Agreement (ECF 459):

- ECF 537 – Class Counsel seek to seal Exhibits 6 (ECF 536) and 7 (ECF 536-1) to the

  Declaration of Kevin DeJong attached to their motion to extend, and to seal the Declaration

  of Rebecca Scholtz and Exhibits A-N to that declaration (ECF 536-2 through ECF 536-

  16), also attached to their motion to extend. Defendants have not opposed this motion to

  seal. Exhibit 7 to the DeJong Declaration contains confidential PII, as does the Scholtz

  Declaration and the accompanying exhibits. As for Exhibit 6 to the DeJong Declaration,

---

[2] Because transmission of the Court-approved redactions to Defendants will, itself, constitute an *ex parte* communication, this Court is noting the procedure here to provide Class Counsel with notice of the nature and purpose (if not the exact substance) of this communication, and to make a record of the procedure.

Class Counsel state that because that document "has been designated by Defendants as 'Confidential – Subject to Protective Order,'" they seek that the document be temporarily sealed, subject to a showing by Defendants—through their own motion to seal—that permanent sealing is justified. ECF 537 is GRANTED, with additional instructions for Defendant provided below.

- ECF 546 – Class Counsel seek to seal Exhibit G to the DeJong Declaration (ECF 545) attached to their motion to compel the return of E.M.P., and to seal Exhibits 1 and 2 to the Declaration of Gal Seger (ECF 545-1, ECF 545-2), also attached to their motion to compel. Defendants have not opposed this motion to seal. The three documents Class Counsel seek to seal contain confidential PII relating to Class Member E.M.P. ECF 546 is GRANTED.

- ECF 560 – Class Counsel, despite their belief that these documents contain no protected confidential information, seek, "in an abundance of caution," ECF 560 at 2, to seal unredacted versions of (1) their supplemental brief in support of their motion to enforce (ECF 559-1), and (2) the Declaration of Wendy Wylegala filed in support of that brief (ECF 559-2).[3] Defendants have not opposed this motion to seal. Class Counsel state that because these documents contain information from documents "designated by Defendants as 'Confidential – Subject to Protective Order,'" they seek to temporarily seal the supplemental brief and the Wylegala Declaration, subject to a showing by Defendants— through their own motion to seal—that permanent sealing is justified. ECF 560 is GRANTED, with additional instructions for Defendants provided below.

- ECF 584-1 and ECF 593 – Defendants seek to seal Exhibit 1 (a Form I-360 Petition) (ECF 573),  Exhibit 2 (Declaration of Sellenia A. Olson) (ECF 574), and Exhibit 3 (a Form I-210

---

[3] Redacted versions have been publicly filed as ECF 558 and ECF 558-1.

Verification) (ECF 575) to their opposition to Class Counsel's motion to compel (ECF 571), because these documents "contain confidential personal information relating to E.M.P." ECF 584-1 at 1. While Class Counsel have not formally opposed this motion, they have argued, in a subsequent motion to seal, ECF 593, in which they seek to temporarily seal their reply memorandum in support of their motion to compel due to its reference to statements in the Olson Declaration submitted by Defendants, that the Olson Declaration contains no confidential information warranting its sealing. ECF 593 at 2.[4] Having reviewed the Olson Declaration itself, this Court sees no reason for the material to be sealed due to PII. This Court will hold ECF 584-1 and ECF 593 IN ABEYANCE, with additional instructions for Defendants provided below.

ECF 537, ECF 546, and ECF 560 are GRANTED; however, Defendants are ordered to file a combined motion to seal providing justification, if any is sought to be asserted, for the permanent sealing of ECF 536 (Exhibit 6 to the DeJong Declaration submitted in support of Class Counsel's motion to extend), ECF 559-1 (Class Counsel's supplemental brief in support of their motion to enforce), and ECF 559-2 (the Wylegala Declaration in support of the same).  ECF 584-1 and ECF 593 will be HELD IN ABEYANCE, with Defendants ordered to submit a filing elaborating on their justification for the sealing of ECF 574 (the Olson Declaration). Defendants should file these two submissions no later than **Friday, May 15, 2026**.

IV.    **Defendants' proposal for biweekly reporting to Class Counsel**

Having addressed Defendants' motions to seal pertaining to the Notices of Review, this Court now turns to a separate issue raised in Defendants' May 1, 2026 Notice of Review (ECF

---

[4] There does not appear to be any opposition to the sealing of ECF 573 and ECF 575, which contain confidential PII.

579). In that filing, as noted, *supra*, Defendants represented that their production of narratives for five actual and potential Class Members to Class Counsel on May 1 constituted "the final narrative production as ordered in the Court's March 23, 2026 order." ECF 579. Defendants further stated, however, that they were "rerunning" a search that could identify—and, apparently, has already identified—additional potential and actual Class Members who may have been removed or voluntarily departed. *See* ECF 577; ECF 579. In light of this "rerunning" of the search, Defendants proposed a reporting schedule by which they would continue to produce narratives to Class Counsel regarding any identified individuals, but only on a biweekly basis. ECF 579. Class Counsel has opposed this proposal, themselves requesting that this Court continue to require Defendants to produce information to Class Counsel "every two days,"[5] and further order Defendants to provide information both about the status of their current search efforts and why newly identified individuals were not identified in prior searches. ECF 587.[6]

This Court sees no reason to respond to discoveries of new potential violations of the Settlement Agreement by relaxing this Court's expectations as to Defendants' reporting. Thus, it rejects Defendants' proposed reporting schedule, and hereby orders (1) that Defendants complete the "rerunning" of their search, as well as any "validation" of data returned by that search identifying additional potential and actual Class Members, by **Friday, May 22, 2026**; (2) that, in the interim, Defendants provide reports to Class Counsel regarding the status and results of their

---

[5] This Court takes Class Counsel's request to be for productions to be made each Monday, Wednesday, and Friday, as has been the practice to this point.

[6] Class Counsel, "in an abundance of caution," filed their response to this proposed schedule under proposed seal based on Defendants' request that Class Counsel treat any documents (including ECF 579) subject to pending motions to seal be considered as sealed. ECF 588 at 2–3. As this Court, for reasons stated, *supra*, is denying Defendants' motion to seal, ECF 578, and finds no confidential information in Class Counsel's response, ECF 587, it will also deny Class Counsel's motion to seal, ECF 588.

current review on each Monday, Wednesday, and Friday—beginning on Wednesday, May 13, 2026—with corresponding notifications to this Court that these productions have been made;[7] and (3) that Defendants, in their report to be provided to Class Counsel—and in their consequent notification to this Court—on Friday, May 15, 2026, provide information as to (a) how and why Defendants elected to "rerun" their search, and (b) why any newly identified individuals were not previously identified. In addition, this Court emphasizes its expectation that, even after passage of the deadline set in item (1), above, Defendants will continue to promptly notify Class Counsel of any other removed actual or potential Class Members of whom Defendants become aware.

## V.     Motions related to Class Counsel's Second Motion for Attorney's Fees

Finally, this Court has received Defendants' unopposed motion to hold Class Counsel's second motion for attorney's fees (ECF 505) in abeyance. ECF 589. The parties have requested that this Court not rule on Class Counsel's motion while the parties pursue a negotiated settlement of fees, costs, and expenses. ECF 589 is GRANTED. In addition, this Court will, *sua sponte*, hold Defendants' motion for extension of time to file a responsive pleading to Class Counsel's fee motion, ECF 553, in abeyance as well.[8]

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motions to Seal, ECF 526, ECF 528, ECF 538, ECF 542, ECF 555, ECF 561, ECF 563, ECF 566, ECF 569, ECF 576, ECF 578, ECF 580, ECF 585,

---

[7] As was this Court's intention with its original order at the March, 2026 evidentiary hearing, Defendants' notifications to this Court—with the exception of the notification to be provided on Friday, May 15, 2026, as discussed, *infra*—need not contain specific details reported to Class Counsel regarding identified individuals; rather, they need only confirm compliance with *this* opinion and order regarding continued productions to Class Counsel.

[8] Having missed the deadline for response to Class Counsel's fee motion, Defendants sought a 13-day extension to file their response. ECF 553. They proceeded to file their response three days later. ECF 557.

ECF 590, and ECF 597 are DENIED. Defendants are ordered to continue providing reports (with specific information) to Class Counsel and notifications to this Court of those productions, each Monday, Wednesday, and Friday, regarding the status and results of their current "rerunning" of a search into potential Class Members, with that search to be completed by **Friday, May 22, 2026**. Defendants' Motion to Seal, ECF 551, is GRANTED, with additional instructions for Defendants. Class Counsel's Motions to Seal, ECF 537, ECF 546, and ECF 560, are GRANTED, with additional instructions for Defendants. Defendants' Motion to Seal, ECF 584-1, and Class Counsel's Motion to Seal, ECF 593, will be HELD IN ABEYANCE pending further submissions from Defendants due no later than **Friday, May 15, 2026**. Class Counsel's Motion to Seal, ECF 588, is DENIED. Defendants' Unopposed Motion for the Court to Hold EAJA Motion (ECF No. 505) in Abeyance, ECF 589, is GRANTED. Defendants' Motion for Extension of Time to File a Responsive Pleading, ECF 553, is HELD IN ABEYANCE. For clarity, considering the omnibus nature of the adjudication made herein, a separate order will also be filed on the docket.

May 12, 2026

_____/s/_____

Stephanie A. Gallagher
United States District Judge

9