

Brian Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
1900 N Street NW
Washington, D.C. 20036

goodwinlaw.com
+1 202 346 4000

June 26, 2026


**FILED VIA ECF**

The Honorable Stephanie A. Gallagher
District Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 7C
Baltimore, MD 21201

**Re:**  ***J.O.P., et al. v. U.S. Department of Homeland Security, et al.,***
        **Civil Action No. 19-cv-01944-SAG**

Dear Judge Gallagher:

Pursuant to the Court's request during the June 22, 2026 hearing in the above-captioned case on Class Counsel's Third Motion to Enforce the Settlement Agreement, Plaintiffs respectfully submit this letter to provide additional authority that a party waives an argument when  raising it for the first time in a supplemental brief.

Initial briefing was completed on Class Counsel's Third Motion to Enforce on February 6, 2026.  ECF Nos. 459, 462, 463.  Defendants did not raise any argument based 8 U.S.C. § 1252(f)(1) in their response brief, ECF No. 462.  Instead, they raised section 1252(f)(1) as a defense to Class Counsel's Third Motion to Enforce for the first time, and in cursory fashion, in a supplemental brief filed on May 5, 2026.  ECF No. 583.

As Class Counsel argued during the June 22 hearing, Defendants waived section 1252(f)(1) not only by entering into the Settlement Agreement, *see* ECF Nos. 594 at 12-13, 619 at 23-26, but by raising the argument for the first time in a supplemental brief.  *See, e.g.*, *Kemp v. Aroma 360, LLC*, No. 25-CV-1630-ABA, 2026 WL 513534, at *8 (D. Md. Feb. 24, 2026) (party forfeited argument by raising it only in supplemental briefing but not in her prior response brief); *United States v. Bowles*, 602 F.3d 581, 583 (4th Cir. 2010) (party waived argument by raising it only in supplemental brief and at oral argument); *Short v. Hartman*, 87 F.4th 593, 615 (4th Cir. 2023) (government appellees waived qualified immunity argument by presenting it only in supplemental brief but not in initial brief); *Shinaberry v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-17-1376, 2018 WL 3973079, at *5 (D. Md. July 26, 2018), *aff'd sub nom*. *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020) (finding party's "new arguments are waived, because they were not raised in her opening brief"); *see also Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307,

The Honorable Stephanie A. Gallagher
June 26, 2026
Page 2

316 (4th Cir. 2017) (stating that a party also waives an argument "by failing to develop its argument—even if its brief takes a passing shot at the issue" (cleaned up)).

In addition, Defendants raised several arguments for the first time during the June 22, 2026 hearing—having never mentioned them in any briefing—including their arguments based on 8 U.S.C. § 1252(f)(2) and 8 U.S.C. § 1252(a)(2)(B)(ii).  These arguments are also waived.  *See, e.g.*, *United States v. Clay*, 627 F.3d 959, 966 (4th Cir. 2010) ("We hold the government's newly minted argument, made for the first time at oral argument, is waived in this appeal.").

Accordingly, for the reasons set forth in Class Counsel's briefs and presented during the June 22, 2026 hearing, Class Counsel respectfully requests that the Court grant its motion.

Sincerely,

*/s/ Brian T. Burgess*

Brian Burgess
BB

Cc: Counsel of Record