IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION

| | |
|---|---|
| **J.O.P.,** *et al.*,<br><br>             Plaintiffs,<br><br>    v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>             Defendants. | Civil Action No. 8:19-CV-01944-SAG<br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SEVENTH COMPLIANCE REPORT** |

Pursuant to Paragraph V.C of the settlement agreed to by the Parties and approved by the Court (ECF No. 199-2), Defendants respectfully submit the following Reply to Plaintiffs' Response to Defendants' Seventh Compliance Report (ECF No. 616), filed on June 18, 2026.

### A.   [Relating to Paragraph III.A]

**Text of Defendants' Seventh Compliance Report**: On January 30, 2025, USCIS issued a superseding memorandum in accordance with Paragraph III.A of the Settlement Agreement. After consulting with Plaintiffs regarding several allegations that this memorandum violated the settlement agreement, USCIS published a revised memorandum on October 30, 2025. The public may find this memorandum online at https://www.uscis.gov/sites/default/files/document/legal-docs/

JOP_UAC_Procedures_Memo_10.30.2025.pdf    or    under    the    Related    Links    tab    at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minorchildren-applying-for-asylum-by-themselves.

**Plaintiffs' Response**: In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance

1

Report (ECF No. 224[1]), Plaintiffs noted that five aspects of the USCIS memorandum violated the Settlement Agreement.  After exchanging correspondence and meeting and conferring with Plaintiffs, Defendants issued an updated USCIS memorandum on October 30, 2025—nine months after the deadline set in Paragraph III.A of the Settlement Agreement. *See* ECF No. 434 at 2–3 & Exhibit A. Plaintiffs consider the five issues they raised about the content of the original superseding memorandum resolved as of October 30, 2025.

**Defendant's Reply**: Defendants do not concede that the initial USCIS memorandum violated the Settlement Agreement. Rather, Defendants agreed to make clarifying changes to the memo as part of the meet and confer process. Defendants agree with Plaintiffs that these issues are resolved.

### B.   [Relating to Paragraph III.B]

**Text of Defendants' Seventh Compliance Report**: USCIS has complied with Paragraph III.B of the Settlement Agreement in determining jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: Plaintiffs have raised to Defendants at least 31 cases in which USCIS has failed to comply with Paragraph III.B of the Settlement Agreement by wrongfully rejecting Class Members' asylum applications between the Agreement's effective date and May 11, 2026. Defendants have taken corrective action in most of the cases.  A small number of these cases remain subject to potential dispute and may require further conferring.

In addition, as detailed in Plaintiffs' Second and Third Motions to Enforce, Defendants violated Paragraph III.B of the Settlement Agreement through the March 2025 unlawful rejection of jurisdiction over the asylum application of Class Member E.P.P. whom Defendants later removed in violation of Paragraph III.I of the Settlement Agreement.  *See* ECF Nos. 428-2 at 9, 428-3 ¶¶ 6–7, 459-

---

[1] Plaintiffs filed a corrected document on May 27, 2025 (ECF No. 283) after becoming aware that several pages of the March 25, 2025 filing had been cut off.

2 at 8.  Defendants admitted in a January 2026 status report that USCIS's rejection of E.P.P.'s asylum application was "erroneous."  ECF No. 458 at 3.

Further, after months of obfuscation, Defendants finally revealed in the spring of 2026 that they were applying their December 2, 2025 No Asylum Adjudications Policy[2] to J.O.P. Class Members.  As Class Counsel has argued and as this Court found in its May 26, 2026 order extending the Agreement's termination date, applying this policy to *J.O.P.* Class Members violates Paragraph III.B of the Settlement Agreement, which entitles them to an adjudication on the merits of their asylum claims.  *See* ECF No. 619 at 19-20.

On May 26, 2026, Class Counsel sought Defendants' response on a time-sensitive basis on behalf of a detained Class Member who had sought to postpone an asylum interview scheduled for a date when his counsel of record was outside the United States, but was offered a choice between waiving the statutory right to counsel and waiving the right to an asylum adjudication on the merits guaranteed by the Settlement Agreement.  Defendants responded that the allegation was "outside the scope" of the Settlement Agreement, a position that forces a Class Member to choose between rights under Section III.B of the Settlement Agreement and other rights afforded by the law.

**Defendants' Reply**: Defendants have taken corrective action, where warranted, in the timeframes specified by the agreement in all cases brought to their attention as possible violations of Paragraph III.B. Defendants stand ready to confer as necessary should plaintiffs raise additional instances of erroneous rejections. Regarding class member E.P.P., Defendants agree that the jurisdictional closure was erroneous. Defendants were not aware of this jurisdictional closure until after he departed the United States in May of 2025. Defendants note that this alien accepted removal before the Immigration Judge after testifying that he did not have any fear of return to his country of

---

[2] On June 5, 2026, the U.S. District Court for the District of Rhode Island vacated this policy, concluding that it was contrary to law. *Dorcas Int'l Inst. of Rhode Island v. USCIS*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708, --- F. Supp. 3d ---. The government filed a notice of appeal of this decision on June 12, 2026.

citizenship. USCIS would accept initial jurisdiction over the I-589 filed by this alien, should he return to the U.S.

Defendants do not concede that the December 2, 2025 adjudications pause violated the Settlement Agreement, but do recognize that court extended the Settlement Agreement for a length of time equivalent to the time when this policy was in effect. Accordingly, to the extent that the pause constituted a violation of the Settlement Agreement, any violation has been fully remedied. As the Plaintiffs note, the adjudications pause has been vacated by the U.S. District Court for the District of Rhode Island and is no longer being applied by USCIS.

Regarding the inquiry class counsel sent on May 26, 2026, Defendants continue to believe that issue raised is outside of the scope of the Settlement Agreement. In any event, the asylum interview at issue was rescheduled in accordance with USCIS policy and the alien's request, and the interview was conducted at a date where the alien's attorney was present. Thus, even if the issue class counsel raised was covered by the Settlement Agreement, the issue is now fully resolved.

### C.   [Relating to Paragraph III.C]

**Text of Defendants' Seventh Compliance Report**: As of May 11, 2026, USCIS has issued Adverse Jurisdictional Determinations to 49 Class Members based on USCIS' determination that EOIR has jurisdiction because the Class Member did not meet the statutory unaccompanied alien child (UAC) definition (found at 6 U.S.C. § 279(g)(2)) at the time of filing their asylum application. USCIS certifies that all of those determinations were issued pursuant to Paragraph III.C of the Settlement Agreement, in that the basis for each Adverse Jurisdictional Determination was the Class Member's placement in adult immigration detention after a Prior UAC Determination but before filing their asylum application.

**Plaintiffs' Response**: Plaintiffs have brought to Defendants' attention at least 25 cases in which USCIS has rejected Class Members' asylum applications due to an erroneous claim that EOIR has

4

jurisdiction, in violation of the Settlement Agreement, between the Settlement Agreement's effective date and May 11, 2026—including the case of E.P.P. described in Paragraph B above. None of those 25 rejections complied with the procedures set forth in Paragraph III.C of the Settlement Agreement. Defendants have taken corrective action in most of the cases. A small number of cases remain subject to potential dispute and may require further conferring.

In addition, as reported previously, Plaintiffs are aware of, and have raised with Defendants, two cases in which Defendants issued a "Notice of Lack of UAC Jurisdiction Determination Due to Adult Immigration Detention and Opportunity to Rebut" but failed to comply with the procedures required by Paragraph III.C.2. Defendants have taken corrective action in those two cases.

**Defendants' Reply**: Defendants have taken corrective action, where warranted, in the timeframes specified by the agreement in all cases brought to their attention as possible violations of Paragraph III.C. Defendants stand ready to confer as necessary should Plaintiffs raise additional instances of erroneous rejections under Paragraph III.C.

D. **[Relating to Paragraph III.D]**

**Text of Defendants' Seventh Compliance Report**: USCIS has complied with Paragraph III.D of the Settlement Agreement in determining its jurisdiction over Class Members' asylum applications.

**Plaintiffs' Response**: During this reporting period, Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.D of the Settlement Agreement.

**Defendants' Reply**: No reply needed.

E. **[Relating to Paragraph III.E]**

1. **[Relating to Paragraph III.E.1]**

**Text of Defendants' Seventh Compliance Report**: As of May 11, 2026, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 68 Class Members, as required by Paragraph

5

III.C.2 of the Settlement Agreement.  As of May 11, 2026, USCIS has fully complied with Paragraph III.E.1 of the Settlement Agreement.

**Plaintiffs' Response**: Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.1 of the Settlement Agreement.

**Defendants' Reply**: No reply needed.

### 2.    Relating to Paragraph III.E.2]

**Text of Defendants' Seventh Compliance Report**: As of May 11, 2026, USCIS has retracted Adverse Jurisdictional Determinations in the cases of 300 Class Members, as required by Paragraphs III.B and/or III.D of the Settlement Agreement. As of May 11, 2026, USCIS has fully complied with Paragraph III.E.2 of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members related to suspected violations of Paragraph III.E.2 of the Settlement Agreement.

**Defendants' Reply**: No reply needed.

### 3.    [Relating to Paragraph III.E.3]

**Text of Defendants' Seventh Compliance Report**: As of May 11, 2026, USCIS has mailed notices of re-examination of jurisdictional determinations to 996 Class Members. As of May 11, 2026, USCIS has fully complied with Paragraph III.E.3 of the Settlement Agreement.

**Plaintiffs' Response:** On June 2, 2025, Plaintiffs raised with Defendants the case of a Class Member who should have received a notice of re-examination of jurisdiction under Paragraph III.E.3 but did not receive one. Defendants subsequently took corrective action.

**Defendants' Reply**: Defendants have taken corrective action, where warranted, in the timeframes specified by the agreement in all cases brought to their attention as possible violations of Paragraph III.E.3. Defendants stand ready to confer as necessary should Plaintiffs raise additional errors related to Paragraph III.E.3.

6

**F.  [Relating to Paragraph III.F]**

**Text of Defendants' Seventh Compliance Report**: As of May 11, 2026, USCIS has mailed notices to 1,871 Class Members notifying them that USCIS has released a hold placed on the application in or after March 2021. As of May 11, 2026, USCIS has fully complied with Paragraph III.F of the Settlement Agreement.

**Plaintiffs' Response:** Plaintiffs have received no complaints from Class Members who were expecting a hold release notice under Paragraph III.F but did not receive one. However, Class Members whose cases had been placed on hold likely did not know their case was on hold. Thus, Plaintiffs cannot confirm or dispute Defendants' representation of compliance with Paragraph III.F.

**Defendants' Reply**: No reply needed.

**G. [Relating to Paragraph III.G]**

**Text of Defendants' Seventh Compliance Report**: As of February 25, 2025, USCIS has adopted procedures for expediting Class Members' cases as provided under Paragraph III.G of the Settlement Agreement. The public may find those procedures online at https://www.uscis.gov/sites/default/files/document/legal-docs/JOP_UAC_Procedures_Memo_10.30.2025.pdf or under the RelatedLinks tab at https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/minorchildren-applying-for-asylum-by-themselves.

**Plaintiffs' Response:** In Plaintiffs' March 25, 2025 Response to Defendants' First Compliance Report, ECF No. 224, Plaintiffs noted multiple concerns with the USCIS implementing memorandum, including related to its language regarding expedite procedures. Plaintiffs informed Defendants of these issues and the parties met and conferred regarding this and other issues with the USCIS memorandum as referenced in Paragraph A above. As noted there, Plaintiffs now consider the issues they raised about the content of the original superseding memorandum resolved.  However, as noted above, Defendants'

application of the No Asylum Adjudications Policy to Class Members violates the Agreement and renders Section III.G meaningless. Plaintiffs' Third Motion to Enforce, which is pending before the Court, seeks, *inter alia*, an order prohibiting Defendants from subjecting detained Class Members who seek an expedited adjudication to the No Asylum Adjudications Policy. ECF No. 558-6 at 4 ¶ 6.

**Defendants' Reply**: Defendants do not concede that the initial USCIS memorandum violated the Settlement Agreement. Rather, Defendants agreed to make clarifying changes to the memo as part of the meet and confer process. Defendants agree with Plaintiffs that these issues are resolved. As noted above, Defendants are not currently applying the December 2, 2025 adjudications hold.

Dated: July 17, 2026

Respectfully submitted,

**Brett A. Shumate**
Assistant Attorney General
Civil Division

**Ruth Ann Mueller**
Senior Litigation Counsel

**Larissa Johnson**
Trial Attorney

**Jamie Scott**
Trial Attorney

By: */s/ Jeffrey Alderette*
**Jeffrey Alderette**
Trial Attorney (D.C. No. 1738711)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 860-9941
Jeffrey.Alderette@usdoj.gov
*Counsel for Defendants*