**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **J.O.P.**, *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | **Civil No. SAG-19-01944** |
| | * | |
| **U.S. DEPARTMENT OF** | * | |
| **HOMELAND SECURITY**, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

<u>**ORDER**</u>

For the reasons stated in the accompanying memorandum opinion, it is this 29th day of July, 2026, ordered that:

1. Class Counsel's Motion to Compel the Return of Class Member E.M.P., ECF 544, is DENIED.

2. Class Counsel's Emergency Motion to Enforce the Court-Ordered Settlement Agreement and Find Defendants in Civil Contempt, ECF 459, is GRANTED IN PART and DENIED IN PART.

3. To ensure compliance with the Settlement Agreement and this Court's November 25, 2024 and April 23, 2025 orders:

   a. If any system alerts signifying an individual's potential *J.O.P.* Class membership are present in an individual's records in ICE's systems, or if an individual is identified to ICE as a potential *J.O.P.* Class Member by any other means (including, but not limited to, USCIS's compiled lists of potential Class Members, self-identification, or identification by counsel), ICE must refrain from removing the individual unless and until USCIS adjudicates their asylum application on the merits or the USCIS Asylum Office confirms the individual is not a Class Member.

b. For any individual identified to ICE as a potential *J.O.P.* Class Member by any means (including, but not limited to, USCIS's compiled lists of potential Class Members, self-identification, or identification by counsel) for whom a system alert—in the form of a banner, case comment, "Special Class" entry, or any other form Defendants elect to employ for purposes of such identification subsequent to issuance of this Order—does not already exist in ICE's systems at the time of identification, ICE must enter an alert in its systems as promptly as possible, and in all instances within no more than two business days after the individual is identified to it as a potential *J.O.P.* Class Member;

c. ICE must, for any individual for whom it seeks to execute a final removal order, affirmatively and specifically review, prior to removal, the individual's EARM records (both active and closed) for any entries Defendants have employed, currently employ, or, elect to employ subsequent to issuance of this Order (to the extent elected) as signifiers of an individual's potential membership in the *J.O.P.* Class, including, but not limited to, banners, case comments, and "Special Class" entries;

d. Defendants must issue, within 15 days of this Court's order, and on a monthly basis thereafter, written guidance to all ICE personnel nationwide regarding the obligations ordered in items 3.a–3.c, above, in the context of describing ICE's obligations under Section III.I of the Settlement Agreement. The written guidance should also provide contact information for USCIS Asylum Office personnel authorized to advise ICE personnel on individuals identified as potential Class Members being eligible for removal.

4. The Settlement Agreement is modified to require Defendants to, every two weeks, search their systems to identify removed potential Class Members, using the parameters they have heretofore employed for such searches (i.e., using "Removed UACs" tags), and to report to Class Counsel and this Court on the results of those searches—as well as any other potentially wrongful removals of potential Class Members of which Defendants become aware through any other means—as part of status reports ordered in ¶ 5.

5. Defendants must submit to this Court, within 15 days of the issuance of this Order, and every two weeks thereafter, status reports regarding their compliance with this Order. Specifically, the status reports should include:

   a. a description, in the form of a declaration from one or more individual(s) with personal knowledge, of all steps taken to comply with this Order, including the issuance of written guidance to ICE personnel;

   b. a copy of the ordered written guidance; and

   c. the identities of any potential Class Members removed since November 25, 2024, whether identified as a result of the ordered re-running of the "Removed UACs" search or otherwise. Defendants should include an aggregate list of removed Class Members in each status report, with those removed Class Members identified for the first time in a particular status report highlighted through text formatting in that report.

6. Defendants are hereby found to be in contempt of this Court's November 25, 2024 and April 23, 2025 orders. Defendants may purge the contempt by demonstrating to this Court's satisfaction, through briefing and supporting declarations and evidence, their ability and willingness to comply with Section III.I and this Court's orders; specifically, that they have refrained from removing any individual in ignorance or disregard of identification of that individual's Class membership.

7. Class Counsel's motion to enforce is denied as to other requested relief.

8. The clerk is directed to file the Court's accompanying memorandum opinion UNDER SEAL, and the Parties will be afforded one week to confer and notify this Court of proposed redactions to be made to a publicly filed version. Should this Court not receive proposed redactions within one week, it will file the opinion publicly in full.



/s/

Stephanie A. Gallagher
United States District Judge