**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

**CLASS COUNSEL'S MOTION TO ENFORCE**
**SECTION III.H OF THE SETTLEMENT AGREEMENT**

Under the Court-approved Settlement Agreement, the Department of Homeland Security agreed to refrain from specified conduct during Class Members' immigration court removal proceedings that would frustrate the Agreement's central objective of affording Class Members initial USCIS jurisdiction over the adjudication of their asylum application on the merits. Specifically, DHS agreed that it "will join or non-oppose Class Members' motion(s) for" administrative closure or other postponements, and "will generally join or non-oppose Class Members' motions to dismiss or terminate" proceedings. ECF No. 199-2 at III.H. Throughout the lifespan of the Agreement, Class Counsel has received numerous reports from Class Members that Defendants failed to adhere to their obligations to join or non-oppose Class Members' motions seeking to postpone or terminate removal proceedings to await a USCIS asylum adjudication; in other instances, Defendants have sought to recalendar Class Members' removal proceedings that had already been closed to await a USCIS asylum adjudication. Through the meet and confer process pursuant to the Settlement Agreement, Defendants have declined to reverse numerous violations of the Agreement and have instead interpreted the Agreement to permit conduct that violates the plain language of the Agreement or directly frustrates the Agreement's purposes.

Class Counsel brings this motion to enforce the Settlement Agreement as to Class Member A.C.H., and on a class-wide basis to prevent further violations of the Settlement Agreement that imperil Class Members' access to USCIS's initial jurisdiction over their asylum applications. Class Counsel asks this Court to order Defendants to refrain from conduct proscribed by the Settlement Agreement, and to order any further preventative or remedial measures the Court deems appropriate.

In support of this motion, Class Counsel relies on their memorandum and supporting declarations and exhibits, filed contemporaneously with this motion.

A proposed order is attached.

Dated: August 18, 2026

Respectfully submitted,

/s/ Brian T. Burgess

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Kjackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*
*Admitted *pro hac vice*