**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **J.O.P., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,**<br><br>**Defendants.** | * * * * * * * * * * * * | **Civil No. SAG-19-01944** |

* * * * * * * * * * * * * *

**<u>[PROPOSED] ORDER</u>**

For the reasons stated in the accompanying memorandum opinion, it is this __ day of___, 2026, ordered that:

1. Class Counsel's Motion to Enforce Section III.H of the Settlement Agreement, ECF ___, is GRANTED.

2. DHS has violated Section III.H of the Settlement Agreement by not joining or non-opposing motions for administrative closure filed by Class Members, including A.C.H.

3. DHS has violated Section III.H of the Settlement Agreement by filing motions to recalendar administratively closed immigration court proceedings of Class Members.

4. DHS has violated Section III.H of the Settlement Agreement by filing oppositions to Class Members' motions to terminate their immigration court proceedings that were not based on the individual facts of the case, and/or were based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application.

5. To ensure compliance with the Settlement Agreement and this Court's November 25, 2024 order:

a. Defendant DHS must join or non-oppose Class Member A.C.H.'s forthcoming renewed motion for administrative closure of his removal proceedings. If Class

Member A.C.H. moves to terminate his removal proceedings, DHS must join or non-oppose that motion unless DHS presents individual facts of A.C.H.'s case that DHS deems to warrant opposition to the motion, provided that opposition is not based, in whole or in part, on a position that USCIS does not have initial jurisdiction over A.C.H.'s asylum application.

b. DHS must not oppose, and must instead join or non-oppose, any motion for administrative closure made by a Class Member in immigration court proceedings in order to await USCIS exercise of initial jurisdiction over their asylum application, unless administrative closure is unavailable under controlling law in a particular jurisdiction.

c. DHS must not move to recalendar the administratively closed removal proceedings of any Class Member.

d. DHS must join or non-oppose motions to terminate made by Class Members in immigration court proceedings in order to await USCIS exercise of initial jurisdiction over their asylum applications, unless DHS presents individual facts of a Class Member's case that DHS deems to warrant opposition to the motion, provided such opposition is not based, in whole or in part, on a position that USCIS does not have initial jurisdiction over the Class Member's asylum application.

______________________________

Stephanie A. Gallagher
United States District Judge