**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| **J.O.P.,** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>Defendants. | Civil Action No. 8:19-CV-01944-SAG |

**DECLARATION OF ELDHEN O. FAJARDO**

I, **Eldhen O. Fajardo**, make the following declaration. I am aware that this declaration will be filed in the above-captioned civil action with the United States District Court for the District of Maryland, Southern Division. I hereby declare as follows:

1. I am a **Supervisory Management and Program Analyst** within the Asylum Division of U.S. Citizenship and Immigration Services (USCIS), a component agency within the U.S. Department of Homeland Security (DHS). I am stationed at the New Orleans Asylum Office. My office has jurisdiction over asylum applications filed with USCIS by individuals currently residing in the states of Louisiana, Mississippi, Arkansas, and Tennessee, including aliens detained in ICE detention centers in those states. As Supervisory Management and Program Analyst, my duties include interacting with the Asylum Division's operating system (Global) and scheduling asylum cases for my office. I am not an Asylum Officer and my duties do not include making determinations on whether aliens are eligible for asylum. I have worked for USCIS since October 15, 2017.

2. The statements contained in this declaration are based upon my personal knowledge and review of documents and information provided to me in my official capacity. I make this declaration based on the best of my knowledge as of this day.

3. On August 11, 2026, ICE contacted me about [redacted] (ELA) and advised ELA was detained at the Jackson Parish Correctional Center.

4. I reviewed ELA's case and saw that he had previously missed two required biometrics appointments on April 1, 2025, and October 6, 2025.

5. On August 11, 2026, I responded that ELA had failed to attend two required biometrics appointments as requested by USCIS, that USCIS does not have jurisdiction of the case due to lack of biometrics, and that his case will be closed as soon as possible.

6. My understanding is that USCIS cannot move forward with adjudication of an application for asylum unless the applicant complies with any required biometrics appointments. Accordingly, USCIS policy is that, where an applicant for asylum misses his or her required biometrics appointments, USCIS closes the case and provides notice to the applicant of the closure.

7. On the morning of August 12, 2026, I responded again to say that USCIS would proceed with the closure of the asylum claim.

8. To the best of my knowledge from a review of USCIS systems, the asylum claim has not been closed by USCIS. The processing of such closures is not one of my job duties.

9. My understanding is that, if ELA returns to the United States, USCIS's policy will be to move forward with closing the case due to ELA's failure to attend his biometrics appointments. USCIS would provide ELA with notice of that closure.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 3rd day of September 2026, in Metairie, LA.

Eldhen O. Fajardo
**Supervisory Management and Program Analyst**
New Orleans Asylum Office
U.S. Citizenship and Immigration Services
Department of Homeland Security