# Attachment B

A Message from the

# OFFICE OF THE DIRECTOR

U.S. Immigration and Customs Enforcement

**To All ICE Employees**
**August 13, 2026**

**Updated Guidance on Implementation of the Settlement in *J.O.P. v. U.S. Department of Homeland Security*, No. 19-1944 (D. Md. Nov. 25, 2024)**

---

This message notifies all ICE Personnel of the dissemination of updated ERO guidance regarding implementation of the settlement agreement reached by the parties in *J.O.P. v. Dep't of Homeland Sec.*, No. 19-1944 (D. Md. Nov. 25, 2024) (Settlement Agreement). On July 29, 2026, the court ordered ICE to issue monthly guidance with additional safeguards intended to prevent further removals of Class Members the court found violated the Settlement Agreement.

The updated ERO guidance is attached.

Please direct any questions about this message or the district court order to OPLA.

Thank you for all that you do.

David J. Venturella
Senior Official Performing the Duties of the Director
U.S. Immigration and Customs Enforcement

Attachments:

- August 12, 2026 – ALL ERO Personnel – UPDATED - Implementation of Settlement Agreement in *J.O.P. v. DHS*
- July 29, 2026 – Order, ECF No. 642, *J.O.P. v. Dep't of Homeland Sec.*, No. 19-1944 (D. Md. Nov. 25, 2024)

- 2024 *J.O.P. vs DHS* Settlement Agreement
- Asylum Office POCs for Unaccompanied Alien Children



# Assistant Director for Field Operations

Enforcement and Removal Operations

**To:** **All ERO Personnel**

**Subject:** **UPDATED - Implementation of Settlement Agreement in *J.O.P. v. DHS***

This message provides guidance regarding an important update to the implementation of the settlement agreement reached between the parties in *J.O.P. v. Dep't of Homeland Sec.*, No. 19-cv-01944 (D. Md. Nov. 25, 2024).

Please read the guidance below and carefully review the attached Settlement Agreement and court orders. If clarification is needed, please contact the ICE POCs listed at the end of this message.

**<u>Background</u>**

The *J.O.P.* class action arose after USCIS updated its policy for adjudicating asylum applications filed by aliens previously determined to be unaccompanied alien children (UACs). Under the updated policy, USCIS no longer retained a prior UAC determination made by DHS. Rather, the policy required USCIS to conduct an independent factual inquiry to determine whether the alien met the definition of a UAC on the date the asylum application was filed. Plaintiffs filed suit, claiming the updated USCIS policy violated the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, 122 Stat. 5044.

On November 25, 2024, the U.S. District Court for the District of Maryland approved the Settlement Agreement after lengthy settlement negotiations.

On July 29, 2026, the court issued an order finding the government in civil contempt based on the removal of Class Members when ICE systems indicated that the alien is a potential Class Member. The court ordered ICE to issue monthly the following guidance with additional safeguards.

**<u>Relevant Terms of the Settlement Agreement</u>**

The settlement agreement defines the class as:

**All individuals nationwide who prior to the effective date of the USCIS superseding memorandum (1) were determined to be a UAC; and (2) who filed an asylum application that was pending with USCIS; and (3) on the date they filed their asylum application with USCIS, were 18 years of age or older, or had a parent or legal guardian in the United States who is available to provide care and physical custody; and (4) for whom USCIS has not adjudicated the individual's asylum application on the merits.**

USCIS will exercise initial jurisdiction over Class Members' asylum applications, adjudicate the applications on the merits, and treat them as exempt from the requirement that an asylum application be filed within one year of an applicant's arrival in the United States.

ICE must refrain from executing an order of removal entered against a Class Member until USCIS issues a final determination on the Class Member's properly filed asylum application.

The settlement agreement does not provide any benefits to aliens who are not Class Members.

**The District Court's July 29, 2026 Order**

The district court ordered ICE to document potential Class Members identified through two sources:

- ICE will continue to rely on USCIS to provide a list of potential Class Members to ERO. ERO will automatically add banners and comments to those cases in EARM.
- **Additionally, Class Members may self-identify to ICE personnel during processing, detention, or removal. Class membership may also be raised by the Class Member's counsel or by Plaintiff's counsel**.
- Regardless of how the alien is identified as a potential class member, the EARM record must be updated within two business days to include an alert that the alien has been identified as a potential class member.

Prior to executing any removal order, ERO personnel **must** review EARM records (both active and closed), for any indication that the alien is a potential Class Member, including banners and case comments. If an alien is not identified in EARM records as being a potential Class Member and the alien has not otherwise self-identified as a Class Member, this guidance does not apply. For aliens who are identified in EARM as potential Class Members:

- **ERO must refrain from executing a potential Class Member's removal order** until USCIS either issues a final determination on an asylum application properly filed under the terms of the Settlement Agreement or determines that the alien is not a Class Member.
- ERO will create an alert or flag in EARM for all identified Class Members, including Class Members identified by USCIS, to indicate that a stay of removal is in place for newly identified Class Members. ERO will also update the existing EARM comments. This alert will remain in place until USCIS indicates that it is appropriate to remove it. Please note that some cases may contain an outdated comment indicating that the settlement expires May 27, 2026. The current expiration date is November 18, 2026.

Special Class: **Potential J.O.P. Class Member - Stay of Remov...**

| Date Entered | Entered By | Type | Comments |
| --- | --- | --- | --- |
| [redacted]/2024 [redacted]:47 PM | [redacted] | EARM | National Case Management Unit (NCMU) Rule 6.1.0.15 - USCIS has identified this noncitizen as being a potential J.O.P. v. DHS, No. 19-1944 (D. Md. filed July 1, 2019), class member and this means this noncitizen may be subject to a stay of removal. Please refer to the J.O.P. broadcast for information on how the Settlement Agreement may apply to this case. Contact the local OPLA field office [redacted] or the local USCIS asylum office if you have any questions prior to taking any enforcement actions. If confirmation is received from local USCIS that the noncitizen is not a class member or that the settlement terms no longer apply to this noncitizen, do not delete the flag, rather add a comment to document the confirmation and email [redacted] to request deletion. This comment will expire on May 27, 2026. - LES FOUO: Information has been reviewed and approved by the Unit Chief of NCM. Please email the NCM Unit at [redacted] if you have any questions. |

- ERO should contact USCIS using the attached POC list to: (1) confirm whether the alien is a Class Member, and (2) determine the status of the alien's asylum application.
- ERO may, based on the individual facts of each case, including whether the alien is detained, request that USCIS expedite adjudication of a Class Member's asylum application.

If an alien with a banner in EARM is determined not to be a Class Member by USCIS or USCIS confirms that the settlement terms do not apply or are no longer applicable to the alien with a banner:

- The prohibition on removal no longer applies, and ERO may execute the order of removal.
- ERO will place a comment in EARM indicating either that USCIS has determined the alien is not a Class Member or that USCIS has confirmed that the settlement terms do not apply or are no longer applicable to the alien.
- Email [redacted] to request deletion of the flag.

Importantly, this guidance **does <u>not</u> apply to aliens with orders of voluntary departure**. The court specifically found that Class Members may request voluntary departure either from ICE or an immigration judge under section 240B of the Immigration and Nationality Act, and ERO may allow Class Members to depart the United States pursuant to an order granting voluntary departure.

If you have any questions related to this guidance or the *J.O.P.* Settlement Agreement, please consult with your local OPLA office or contact the OPLA Enforcement and Removal Operations Law Division at [redacted] and the OPLA District Court Litigation Division at [redacted]

**Liana J. Castano**
Assistant Director
Field Operations
**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**

This message expires one year from the date it was sent, pursuant to ERO Policy.

*Serving with Integrity.*
Integrity • Courage • Excellence

U.S. Immig
and Custon
Enforceme

NOTICE: This communication is UNCLASSIFIED//FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No portion of this communication should be furnished to the media, either in written or verbal form.