# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| J.O.P., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL NO.: |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | ) 8:19-cv-01944-SAG |
| Defendants. | ) |

Baltimore, Maryland
June 22, 2026
10:00 a.m.

TRANSCRIPT OF PROCEEDINGS
**MOTIONS HEARING**
BEFORE THE HONORABLE STEPHANIE A. GALLAGHER
Courtroom 7C

For the Plaintiffs:

KEVIN J. DeJONG, Esquire
Goodwin Procter LLP
100 Northern Ave.
Boston, MA 02210

MICHELLE N. MENDEZ, Esquire
National Immigration Project
1201 Connecticut Ave. NW, Suite 531
Washington, DC 20036

For the Defendants:

LARISSA JOHNSON, Esquire
RUTH A. MUELLER, Esquire
JOSHUA A. CLEM, Esquire
JEFFREY ALDERETTE, Esquire
Department of Justice - Civil
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

ALSO PRESENT: Maria Latimer, Paralegal

(Computer-aided transcription of stenotype notes)

be removed and the --

THE COURT: They're not required under the INA. We're talking about effectuating the Settlement Agreement.

MS. JOHNSON: Understood, Your Honor. But in terms of the jurisdictional bar under *Aleman Gonzalez*, these are, in the Government's view, not required.

Again, the Government is making efforts to comply and we're going to discuss exactly why reasonable efforts to comply, good faith efforts mean that contempt certainly isn't warranted here and why we don't think any remedy under 60(b)(5) in terms of what Class Counsel is asking from item 2 of their proposed order.

I just want to discuss a little more on 1252(f)(1) before I move on. Again, 1252(f)(1) has to be read in the context of 1252(f)(2) which says that "notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law."

I'm going to be talking about this a lot more, but Class Counsel here is consistently seeking to shift the burden. This is found in the Settlement Agreement as well, in Section III.K. There -- and it's the only time that identifying Class Members comes up in the Settlement Agreement, and there it is on the Class Member to self-identify while they are in removal

built.

THE COURT: Right. That was obviously a much more dramatic situation than we have, but we do have a situation where, again, at least 40 and possibly more people have been removed that should not have been.

MS. JOHNSON: Yes, Your Honor. Those are individual circumstances. At this point the Court and the defendants have acknowledged that the appropriate remedy for removal of Class Members under -- in violation of III.I is facilitation of return.

THE COURT: But we get to a critical mass at some point where it's bigger than individual circumstances, right? At some point, you get to -- and it may not be you have to get to 912 or however many it was in *Thompson*, but at some point you get to a critical mass where it's bigger than just an individual issue.

MS. JOHNSON: Yes, Your Honor. But I don't think we are at the point yet where these circumstances have, first of all, worked through the V.D process under the Settlement Agreement. I'm going to go more into exactly why we think that applies, how we are applying it to these individuals because we just had the first case of Class Counsel bringing up an individual who is a confirmed Class Member who was removed pursuant to a final removal order who wishes to return. That was just last week, and defendants have informed

Class Counsel that they will be facilitating return of that individual.

THE COURT: What about the one where we have the motion to compel; that's the one we're dealing with voluntary departure issue.

MS. JOHNSON: Yes, Your Honor. It's the Government's position that voluntary departure, completely separate issue, not within the Settlement Agreement, as well as barred by 1252(f)(1).

THE COURT: Okay. But there is one person who was removed by final removal order, and you are working on trying to address that one?

MS. JOHNSON: Yes, it just came up last Tuesday so we informed Class Counsel on Thursday that we would be facilitating return, so this is very early in the process. But, again, defendants have made clear, since the Court's order last April in repeated filings and in hearings before the Court, that we will facilitate return of erroneously removed Class Members who were removed pursuant to final orders of removal.

THE COURT: What about what's being requested in paragraph 9 now? When that person comes back, what is going to happen with respect to the presumption of abandonment and use of the removal as a factor?

MS. JOHNSON: Yes, Your Honor. I think there's a

marked properly.

MS. JOHNSON: Yes, Your Honor. I just -- in terms of providing notice to detained Class Members, again, there is a notice provision in the Settlement Agreement. They could have provided notice to all Class Members. They could have provided notice to detained Class Members, and they did not do so. That's something that was not negotiated. That's something that was not included in the original terms of the Settlement Agreement. It's not the intent of the parties to require that sort of affirmative reach out from defendants.

I realize I keep bringing up III.K here, but, again, III.K says it is on individuals who are in removal proceedings to bring up their own class membership. III.K says that it's on the individual themselves to provide proof of class membership in removal proceedings. And that's exactly the process that item 5 is seeking to go to here, and that's not consistent with the requirement of III.K which requires it to be on the Class Member to bring it up in removal proceedings themself.

So not only is it outside of the scope of 60(b), it's inconsistent with a term that is included within the Settlement Agreement, III.K.

Now I'm going to move on to items 6 and 9 which we have discussed item 9 a little bit already --

THE COURT: We discussed 6 also because you talked

about the hold memo.

MS. JOHNSON: Yes, Your Honor, but I do want to get into the other jurisdictional issue that I mentioned. Again, I apologize for not having this in a previous briefing, but there is significant precedent in the Fourth Circuit recognizing that § 1252(a)(2)(B)(ii) bars review of the pace at which asylum adjudications proceed.

So Class Counsel here, both in item 6 and item 9 of their proposal, is seeking for this Court to order the prompt adjudication. And that's something that cases throughout Maryland and the Fourth Circuit have recognized, that review of the pace at which asylum adjudications or ordering anything in regards to the pace of asylum adjudications is barred and that's 1252(a)(2)(B)(ii), and I'm happy to provide cases for that as well from the District of Maryland. Item 6 and 9 that reference the prompt adjudication, that's not something --

THE COURT: Pursuant to the agreement, the agreement required defendants to adopt procedures permitting Class Members to request that USCIS expedite -- exercise its discretion to expedite adjudication of applications. Is that in place? Is there something in place to do that?

MS. JOHNSON: Yes, Your Honor. That was discussed at the March evidentiary hearing. There is a process for individuals to request expediting. But III.G is very specific. There is no obligation for defendants to then