**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No. 8:19-cv-01944-SAG |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING**

At 10:54 PM on Friday September 11, 2026, Plaintiffs filed a Motion to Remedy Defendants' Contempt and Enforce the Settlement Agreement as to Class Member E.L.A. Dkt. No. 676. While Plaintiffs indicated in their September 4, 2026, email that they reserved their right to seek this Court's intervention regarding proposed remedies after E.L.A.'s erroneous removal, this filing was the first indication to Defendants' counsel that a request for expedited motion practice would be filed. *See id*, Ex. B (filed under seal). Defendants oppose Plaintiff's motion for expedited briefing, Dkt. No. 679, and proffer the following:

1. As explained in their September 2, 2026, and September 3, 2026, filings, Defendants' counsel became aware of E.L.A.'s removal through class counsel at 5:36 PM on September 1, 2026, and promptly notified class counsel and the Court as information was received. Dkt. Nos. 664, 667, 668. Defendants agreed to facilitate return of ELA without Court intervention, *see* Dkt. No. 668, Decl. of Officer Bennethum at 3, and have provided class counsel with a local ERO ICE contact to begin this process. *See*

Dkt No. 676, Ex. 3. Class counsel has not reached out to this contact with undersigned counsel cc'd, which was the same procedure that began ELA's first return. Undersigned counsel is not aware of any independent communication between class counsel and the ERO officer.

2. Class counsel waited ten days after learning of E.L.A.'s erroneous removal to seek remedy by the Court. While they first sought remedy *beyond* facilitation of removal through communications with undersigned counsel, *see* Dkt. No. 676*,* Ex. B (filed under seal), this communication provided no legal authorities for their requests. Further, Defendants have already agreed to, and have begun on their end, the process of facilitating return of E.L.A., which is the remedy for erroneous removal already determined by this Court. Dkt. No. 254. The other remedies which class counsel requests are legal issues not yet considered by this Court, or briefed by Defendants, in this matter. Defendants should thus have the time allowed by local rules to respond to the Motion.

3. Class counsel write in their motion to expedite that Defendants "have implied through their filings their intent to deny E.L.A.'s asylum application without a merits adjudication leading to his immediate deportation upon return." Dkt. No. 679 at 2. Class counsel have filed a motion to enforce the Settlement Agreement with respect to E.L.A. Dkt. No. 676. "Once such a motion to enforce is initiated, the complaining Class Member shall not be removed from the United States unless and until the matter has been resolved in favor of Defendants." Settlement Agreement, Dkt. No. 199-2 at 14 (Section V.D). Defendants should be afforded the time allowed by the local rules to

respond, and affording this time will not endanger E.L.A.'s rights under the settlement agreement.

4. Defendants take no position on whether class counsel or this Court should expedite the filing of class counsel's reply.

Dated: September 14, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY NICASTRO
Director

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

LARISSA K. JOHNSON
EVAN P. SCHULTZ
JEFFREY ALDERETTE
Trial Attorneys

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney (D.C. Bar No. 90027182)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 302-3620
Fax: (202) 305-7000
Jaime.a.scott@usdoj.gov

*Counsel for Defendants*