**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

J.O.P., *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*

Defendants.

Case No. 8:19-cv-01944-SAG

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 14, 2026 ORDER**

On September 14, 2026, the Court issued an order directing the parties to confer daily and file a status report each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States. ECF No. 681. The parties conferred via videoconference on September 14, 2026.

**Defendants' Position**

The parties met and conferred at 2 p.m. on September 14, 2026, pursuant to the Court's order to "confer [] daily and provide a status report to this Court each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States." Dkt. No. 681.

Eleven days ago on September 3, an ICE ERO attaché in El Salvador responsible for facilitating ELA's return reached out to ELA's G-28 immigration counsel and has not received a response. Class Counsel indicated that they were not aware of this email and would investigate if it was received. Class Counsel shared that G-28 counsel had received another email from an ICE ERO employee today, September 14. The parties agreed that the email chain started by the ICE ERO attaché would be used to discuss the physical mechanics of ELA's return.

Defendants understand from Class Counsel that ELA does not wish to proceed with returning to the United States without the remedies in place that Class Counsel is seeking pursuant to their Motion to Enforce the Settlement Agreement as to Class Member E.L.A., Dkt. No. 676. Defendants do not agree to these remedies. As shared with Class Counsel on September 11, Defendants anticipate rendering a "Final Determination" on ELA's application as provided for in Section II.L of the Settlement Agreement, which may include a determination by USCIS that ELA failed to comply with his statutory biometrics obligations. *See* 8 U.S.C. § 1158(d)(1); 8 CFR § 103.2(b)(15) ("if USCIS requires an individual to appear for biometrics capture, an interview, or other required in-person process but the person does not appear, the benefit request shall be considered abandoned and denied unless by the appointment time USCIS has received a change of address or rescheduling request that the agency concludes warrants excusing the failure to appear."). Defendants maintain that this position is consistent with the Settlement Agreement and that they should be allowed the time afforded by the local rules to fully respond to Class Counsel's motion.

Defendants remain ready to facilitate ELA's return. Multiple flights depart from El Salvador weekly and can accommodate ELA's return to the United States.

**Class Counsel's Position**

Class Counsel's position is that returning ELA to the United States is not a sufficient remedy for Defendants' two unlawful removals of ELA absent an assurance that USCIS will provide ELA an adjudication on the merits of his asylum application by rendering a decision on the substance of his asylum claim by either granting an approval or issuing a determination of non-eligibility. See ECF No. 254 at 2; ECF No. 199-2 at 3, II.B.

Class Counsel reiterated the request made in a September 4, 2026 email to Defendants for confirmation that after ELA's return to the United States, USCIS will conduct an adjudication of his asylum application on the merits under the terms of the Settlement Agreement. An adjudication on the merits must entail rendering a decision on the substance of ELA's asylum claim, and not merely a determination by USCIS that ELA will not receive a decision on the substance of his asylum claim on the basis of having missed biometrics appointments. Today, Defendants stated that they are not prepared to provide this assurance, but are prepared to transport ELA to the United States when he is "interested." Class Counsel clarified that there is no question of ELA's interest in being returned to the United States. However, travel within and from the country of feared persecution would expose ELA to heightened risk to his safety that he would not be subject to but for Defendants' conduct, and therefore ELA is seeking assurance of a USCIS adjudication on the merits of his asylum application. Absent such assurances, Defendants would subject ELA to such risks, and potentially additional risks by re-removing ELA to his country of feared persecution shortly after his return to the United States, all without committing to ELA receiving the benefit of the bargain of the Settlement Agreement. Class Counsel also reiterated a previous request for Defendants' asserted legal basis to detain ELA on his return, and Defendants were not able to provide their position. Class Counsel expressed the hope that the parties can make progress on these threshold issues through the Court-ordered conference process.

DATED: September 14, 2026

BRETT SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director
Office of Immigration Litigation

CATHERINE M. RENO
Acting Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JEFFREY ALDERETTE
LARISSA JOHNSON
Trial Attorneys

*/s/ Jaime A. Scott*
JAIME A. SCOTT (DC No. 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
T: (202) 305-3620
Jaime.A.Scott@usdoj.gov

*Counsel for Defendants*

Respectfully Submitted,

*/s/ Wendy Wylegala*
*Attorneys for Plaintiffs and the Class*
Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494

Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Counsel for Defendants*