**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No. 8:19-cv-01944-SAG |

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 14, 2026 ORDER**

On September 14, 2026, the Court issued an order directing the parties to confer daily and file a status report each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States. ECF No. 681. The parties conferred via videoconference on September 15, 2026.

**Defendants' Position**

The parties met and conferred at 2 p.m. on September 15, 2026, pursuant to the Court's order to "confer [] daily and provide a status report to this Court each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States." Dkt. No. 681.

Counsel for Defendants first agreed to create an email thread today with the ICE ERO attaché who will in charge of facilitating the physical mechanics of ELA's return. This thread will include class counsel, E.L.A.'s G-28 counsel, DOJ counsel, and DHS counsel.

Defendants understand that E.L.A. will not proceed with returning to the United States unless he has a specific assurance that his asylum application will not be closed due to his failure to have provided the requisite biometrics. Defendants do not agree that E.L.A. is entitled to this specific remedy under the Settlement Agreement.

Defendants wish to make clear that E.L.A. *will* be afforded his rights under the Settlement Agreement. As shared with Class Counsel on September 11, Defendants anticipate rendering a "Final Determination" on E.L.A.'s application as provided for in Section II.L of the Settlement Agreement, which may include a determination by USCIS that E.L.A. failed to comply with his statutory biometrics obligations. *See* 8 U.S.C. § 1158(d)(1); 8 CFR § 103.2(b)(15) ("if USCIS requires an individual to appear for biometrics capture, an interview, or other required in-person process but the person does not appear, the benefit request shall be considered abandoned and denied unless by the appointment time USCIS has received a change of address or rescheduling request that the agency concludes warrants excusing the failure to appear."). Defendants maintain that this position is consistent with the Settlement Agreement and that they should be allowed the time afforded by the local rules to fully respond to Class Counsel's motion requesting a remedy beyond the rights afforded by the Settlement Agreement.

Defendants remain ready to facilitate ELA's return. Multiple flights depart from El Salvador weekly and can accommodate ELA's return to the United States.

**Class Counsel's Position**

Class Counsel's position is that returning ELA to the United States is not a sufficient remedy for Defendants' two unlawful removals of ELA absent an assurance that USCIS will provide ELA an adjudication on the merits of his asylum application by rendering a decision on the substance of his asylum claim by either granting an approval or issuing a determination of non-eligibility. See ECF No. 254 at 2; ECF No. 199-2 at 3, II.B.

Defendants have represented that there are multiple flights per week that can accommodate ELA's return to the United States, and that Defendants remain ready to facilitate ELA's return. The parties agree that they are prepared to coordinate the logistics of ELA's

physical return. Because the logistical coordination does not present a challenge, it can be undertaken once assurances are in place that after ELA's return, USCIS will adjudicate his asylum claim on the merits, encompassing at minimum an interview where ELA can present testimony and evidence, followed by USCIS's decision on the substance of ELA's asylum claim. Defendants have thus far refused to provide such assurances. If Defendants maintain that after return, ELA is owed no more than a notification that his asylum application will be closed, ELA would be exposed to the risks of travel from and return to the country of persecution, without a remedy for Defendants' violations. Although Defendants construe Class Counsel's position as declining to begin the process of coordinating return, in fact Class Counsel continues to seek expedited resolution of the issues raised in their motion on behalf of ELA, ECF No. 676-1, who faces ongoing risk as an asylum-seeker removed to the country of feared persecution.

On the September 14 conference call, Class Counsel first learned from Defendants that an ICE ERO attaché had sent email to ELA's G-28 immigration counsel on September 3. As agreed, Class Counsel followed up, and learned that an attorney from the ICE Office of the Principal Legal Advisor, District Court Litigation Division had emailed G-28 counsel on September 3, copying several other ICE employees, to introduce "the ERO Attache assigned to help facilitate ELA's return." The attaché replied, "Since we recently facilitated his return, the case management officer should be aware of the specific parole process, but please let me know if there is anything additional that may be needed." Neither email sought information or a response from G-28 counsel, and Class Counsel was not included. On the September 14 conference call, Defendants' counsel expressed a preference that counsel to the parties be copied on all emails between ELA's counsel and ICE ERO, and Class Counsel agrees the

parties should follow that practice. As Defendants' also noted yesterday, a different ICE ERO employee sent a separate email to G-28 counsel on September 14. Defendants' counsel agreed today to initiate an email that will include necessary ERO personnel and party counsel on a single thread for clarity in communications.

In their September 11 response to Class Counsel's September 4 email, Defendants stated that ELA's immigration counsel could request the return of documents and personal items in ICE's possession. Class Counsel informed Defendants that ELA's counsel had received no response to requests made on September 4 and September 8, raising concerns about the preservation of ELA's documents and personal property. Defendants' counsel agreed to speak with Defendants and revert tomorrow.

DATED: September 15, 2026

Respectfully Submitted,

BRETT SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director
Office of Immigration Litigation

CATHERINE M. RENO
Acting Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JEFFREY ALDERETTE
LARISSA K. JOHNSON
Trial Attorneys

*/s/ Jaime A. Scott*
JAIME A. SCOTT (DC No. 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
T: (202) 305-3620
Jaime.A.Scott@usdoj.gov

*Counsel for Defendants*

*/s/ Brian T. Burgess*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I served an electronic copy of the foregoing on counsel for the Defendants via the Court's CM/ECF system.

*/s/ Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

*Counsel for Plaintiffs*