**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | | |
|---|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | ) | Case No. 8:19-cv-01944-SAG |

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 14, 2026 ORDER**

On September 14, 2026, the Court issued an order directing the parties to confer daily and file a status report each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States. ECF No. 681. The parties conferred via videoconference on September 16, 2026.

The parties have also agreed via email communications to request a stay of the daily reporting obligations on Saturday September 19, 2026, and Sunday September 20, 2026.

**Defendants' Position**

The parties met and conferred at 2 p.m. on September 16, 2026, pursuant to the Court's order to "confer [] daily and provide a status report to this Court each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States." Dkt. No. 681.

Defendants continue to understand that E.L.A. will not proceed with returning to the United States, including beginning the process of facilitation of return by providing information to the ICE ERO attaché through counsel, unless he has a specific assurance that his asylum application will not be closed due to his failure to have provided the requisite biometrics. Defendants also understand that E.L.A. will not definitively decide to return until knowing if he will be immediately

released upon arrival or held in ICE detention. Defendants do not agree that E.L.A. is entitled to these specific remedies under the Settlement Agreement.

Defendants wish to make clear that E.L.A. will be afforded his rights under the Settlement Agreement. As shared with Class Counsel on September 11, Defendants anticipate rendering a "Final Determination" on E.L.A.'s application as provided for in Section II.L of the Settlement Agreement, which may include a determination by USCIS that E.L.A. failed to comply with his statutory biometrics obligations. See 8 U.S.C. § 1158(d)(1); 8 CFR § 103.2(b)(15) ("if USCIS requires an individual to appear for biometrics capture, an interview, or other required in-person process but the person does not appear, the benefit request shall be considered abandoned and denied unless by the appointment time USCIS has received a change of address or rescheduling request that the agency concludes warrants excusing the failure to appear."). Defendants maintain that this position is consistent with the Settlement Agreement and that they should be allowed the time afforded by the local rules to fully respond to Class Counsel's motion requesting a remedy beyond the rights afforded by the Settlement Agreement.

Defendants remain ready to facilitate ELA's return if and when he chooses to do so. Multiple flights depart from El Salvador weekly and can accommodate ELA's return to the United States.

**<u>Class Counsel's Position</u>**

Class Counsel's position remains that returning ELA to the United States is not a sufficient remedy for Defendants' two unlawful removals of ELA absent an assurance that USCIS will provide ELA an adjudication on the merits of his asylum application by rendering a decision on the substance of his asylum claim by either granting an approval or issuing a determination of non-eligibility. See ECF No. 254 at 2; ECF No. 199-2 at 3, II.B.

Return to the United States at the earliest possible time, coupled with assurances of the full protections of the Settlement Agreement and release from custody to avoid a third removal, remains ELA's interest.

Defendants previously stated that they were considering discussion with Class Counsel on providing ELA with an adjudication on the merits, but as of today's conference are not open to discussion and expect to address the subject at the hearing, consistent with the Court's order. However, Defendants stated that they are considering Class Counsel's request that ICE release ELA from ICE custody on return, but as of today, Defendants do not have a position.

Defendants had agreed to inquire into the return of ELA's documents and personal property that ICE retained when ELA was removed, and did not have an update, but agreed again to inquire into the matter in the wake of ELA's counsel's unsuccessful requests to secure the return of the documents and property.

Class Counsel requested that in facilitating ELA's return, ICE ERO notify or involve ELA's counsel and/or Class Counsel before undertaking direct communications with ELA, consistent with Defendants' having facilitated a single communication thread among ELA's counsel, party counsel, and ICE ERO.

DATED: September 16, 2026

BRETT SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director
Office of Immigration Litigation

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JAIME A. SCOTT
JEFFREY ALDERETTE
Trial Attorneys

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
T: (202) 598-9126
Larissa.K.Johnson@usdoj.gov

*Counsel for Defendants*

Respectfully Submitted,

*/s/ Brian T. Burgess*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036

Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5494
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Counsel for Defendants*