**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No.<br>8:19-CV-01944-SAG |

# CLASS COUNSEL'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B) TO EXTEND THE TERMINATION DATE OF THE SETTLEMENT AGREEMENT

Class Counsel respectfully ask this Court to exercise its well-established equitable authority under Federal Rule of Civil Procedure 60(b) to extend the Termination Date of the Settlement Agreement. Specifically, this motion seeks two extensions of the Agreement's Termination Date. First, for the Class as a whole, it seeks a modest nine-day extension to November 27, 2026 to account for the period between this Court's May 26, 2026 Order and the judicial vacatur of the USCIS No Asylum Adjudications Policy, during which at least some Class Members continued to be deprived of their bargained-for adjudications. Second, for those Class Members removed in violation of the Agreement on or before November 27, 2026, it seeks an extension through February 24, 2028—the date through which the Court already retains authority over the USCIS implementing memorandum—so these individuals may belatedly access the full package of protections they were promised. Both proposals are suitably tailored to the changed circumstances the Court already found.

On May 26, 2026, this Court ordered the modification of the Settlement Agreement, extending the "Termination Date" to November 18, 2026. This extension, totaling 175 days, correlated with the number of days the USCIS No Asylum Adjudication Policy had then been in place. At that time, the Court instructed that "to the extent the situation persists and deprives some Class Members of the ability to have their applications adjudicated consistent with the Agreement, Class Counsel may again move to modify the Agreement to extend the term." ECF 619 at 29. The USCIS No Asylum Adjudications Policy was vacated by the United States District Court for the District of Rhode Island on June 5, 2026, meaning that Class Members continued to be deprived of their rights for nine additional days. The Court should exercise its equitable power under Federal Rule of Civil Procedure 60(b)(5) to extend the termination date of the Agreement for all Class Members by nine days until November 27, 2026 to reflect the continued implementation of the USCIS No Asylum Adjudications Policy that this Court already deemed a "dramatic change in circumstances," consistent with this Court's May 26, 2026 decision.

More pressing than those nine days, however, are the Class Members who have been removed in violation of the Settlement Agreement and who have been denied their bargained-for asylum adjudications as a result. Class Counsel has worked diligently to contact these young people and arrange their return, with successful efforts taking months. Yet Defendants have obstructed Class Counsel by withholding crucial information and slow-walking responses, and the overwhelming majority have still not been contacted. Given the sheer quantity of removed Class Members—a number that continues to increase despite this Court's orders—and the time these Class Members have been, and continue to be, denied their rights under the Agreement, Class Counsel also requests that this Court exercise its equitable power under Federal Rule of Civil

Procedure 60(b)(5) to extend the termination date for those Class Members removed in violation of Section III.I of the Agreement 454 days until February 24, 2028.

Theses proposed extensions are narrowly tailored to preserve the Settlement Agreement's core benefits for those who have been impacted by Defendants' institutional and routine violations of the Settlement Agreement and this Court's orders while avoiding rewriting the Agreement or extending the Termination Date for those who have not been impacted. Without these changes, Defendants will have their contemptuous conduct rewarded, as they can wait out the clock and avoid providing these Class Members with their bargained-for asylum adjudications. The Court should exercise its discretion to extend the Settlement Agreement and order all other relief the Court deems warranted.

In support of this motion, Class Counsel relies on their brief and supporting declaration, filed contemporaneously with this motion.

A proposed order is attached.

Respectfully submitted,

Dated: September 21, 2026

/s/ *Brian T. Burgess*

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913

Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1201 Connecticut Ave. NW, Suite 531
PMB 896645
Washington, DC 20036
Phone: 540-907-1761
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project of the
National Lawyers Guild
30 S. 10th Street (c/o University of St.
Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs and the Class*
**Admitted pro hac vice*