GOODWIN

Brian Burgess
+1 202 346 4215
BBurgess@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036

goodwinlaw.com
+1 202 346 4000

September 24, 2026

**FILED VIA CM/ECF**

The Honorable Stephanie A. Gallagher
District Judge
U.S. District Court for the District of Maryland
101 West Lombard Street
Chambers 7C
Baltimore, MD 21201

**Re: *J.O.P., et al. v. U.S. Department of Homeland Security, et al.*, Civil Action No. 19-cv-01944-SAG**

Dear Judge Gallagher:

Class Counsel submits this letter regarding yesterday's hearing on Class Counsel's Motion to Remedy Defendants' Contempt and Enforce the Settlement Agreement as to Class Member ELA, ECF No. 676. Class Counsel wishes to clarify our position, as articulated in the memorandum of law accompanying the motion, ECF No. 676-1 at 16-20, and the proposed order, ECF No. 676-8 ¶ 3(a), that Defendants should be ordered not only to return ELA, but to provide him after return with an "adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement." *Id.*

While this Court has found that the Settlement Agreement does not require USCIS to provide every Class Member an adjudication on the merits before the termination date, ECF No. 619 at 17-20, when Defendants remove a Class Member in violation of the Agreement and the Court's orders, and the Class Member chooses to return, the appropriate remedy for Defendants' contemptuous conduct is return for an adjudication by USCIS on the merits of the asylum application. Here, Defendants informed Class Counsel that ELA had been wrongfully removed and represented to Class Counsel that they would "return[] ELA to the United States to await adjudication of his asylum application on the merits by USCIS." ECF No. 676-6 Ex. B at 16 (filed under seal). Relying on that representation, ELA voluntarily boarded a plane on August 7, submitted himself to Defendants' custody, and endured weeks of immigration detention while he worked as best as he could with counsel to prepare his case, only to be wrongfully removed by Defendants a second time to his country of feared persecution without his property. Requiring that upon ELA's return Defendants re-schedule his biometrics (a request ELA made nearly a year ago but to which USCIS has thus far not responded) and thereafter adjudicate his asylum application

GOODWIN



is a tailored remedy that would compensate ELA for what he has lost due to Defendants' violations of the Agreement and the Court's orders. *See In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) ("The appropriate remedy for civil contempt is within the court's broad discretion."); *see also* ECF No. 254 at 2 (ordering Defendants to "facilitate Class Member Cristian's return to the United States to await the adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement").

The Court has already found Defendants in contempt. ECF No. 645. The Court therefore can and should use its contempt authority to sanction Defendants and order them to return ELA to the United States and provide him an "adjudication of his asylum application on the merits by USCIS under the terms of the Settlement Agreement." ECF No. 676-8 ¶ 3(a). These remedies are causally related to Defendants' contemptuous conduct, *see Consumer Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020), and address ELA's losses resulting from the compounded contempt.

Sincerely,

*/s/ Brian Burgess*

Brian Burgess
BB

cc: Counsel of Record (via ECF)