**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No. 8:19-cv-01944-SAG |

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S**
**<u>SEPTEMBER 14, 2026 ORDER</u>**

On September 14, 2026, the Court issued an order directing the parties to confer daily and file a status report each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States. ECF No. 681. On September 23, the Court orally directed the parties to continue to meet and confer daily on Defendants' progress in returning to ELA the personal property and documents that he had with him when he entered ICE custody. The parties conferred by teleconference on September 30, 2026.

In response to item 5 of the Court's September 25, 2026 order, ECF No. 715, neither party proposes redactions to the Court's Memorandum Opinion, ECF No. 714.

**<u>Defendants' Position</u>**

Defendants understand that the Court intends for daily meet and confers and status reports to continue until the issues surrounding ELA's property are resolved.

Defendants maintain their position provided in the September 29, 2026 status report and maintain Defendants have exhausted all reasonable efforts to locate ELA's property. In response

to a question from Class Counsel received yesterday, Defendants confirmed today that ELA would be detained upon his return.

As Defendants' position have communicated since September 3, 2026, Dkt. No. 668, they remain ready to facilitate ELA's return. Multiple flights depart from El Salvador weekly and can accommodate ELA's return to the United States. The ICE ERO attaché whose contact information Defendants provided on September 10, 2026, will handle the logistical side of facilitation of his return.

**Class Counsel's Position**

Class Counsel informed Defendants that ELA wishes for DHS to remedy the unlawful removals by returning him to the United States for an adjudication on the merits. ELA is aware of Defendants' expressed intent to detain him on return and potentially deny him an asylum interview, but is hopeful that Defendants will change their position in order to afford him a full and fair adjudication of his asylum claim, the essence of the bargain the Class struck.

Defendants conveyed that they are declining Class Counsel's request to release ELA on return, but did not provide reasons for their decision. Because decisions declining custody redetermination requests are typically accompanied by reasons, Class Counsel requested the reasons.

Class Counsel asked whether ICE's reasonable efforts to locate ELA's property included a review of security camera footage in relevant areas, and Defendants will inquire into that. Unless the property is located through that inquiry, given Defendants' representation that reasonable efforts have been exhausted without locating ELA' property, Class Counsel believes that Defendants should now compensate ELA for the property that was not returned when he left ICE

custody. At Defendants' request, Class Counsel provided an estimate of the value of the unreturned property on September 25.

Defendants did not have an update on whether travel documents in ELA's possession are sufficient for travel to the United States. Should Defendants determine that the travel documents in ELA's possession are insufficient for travel to the United States, it is Class Counsel's position that Defendants have the burden of locating the travel documents they retained when ELA was removed.

DATED: October 1, 2026

BRETT SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director
Office of Immigration Litigation

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JEFFREY ALDERETTE
JAIME A. SCOTT
Trial Attorneys

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney (D.C. Bar No. 90034719)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 598-9126
Fax: (202) 305-7000
Larissa.K.Johnson@usdoj.gov
*Counsel for Defendants*

Respectfully Submitted,

*/s/ Brian T. Burgess*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of
St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2026, I served an electronic copy of the foregoing on counsel for Defendants via the Court's CM/ECF system.

*/s/ Brian T. Burgess*
Brian T. Burgess