**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No. 8:19-cv-01944-SAG |

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 14, 2026 ORDER**

On September 14, 2026, the Court issued an order directing the parties to confer daily and file a status report each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States. ECF No. 681. On September 23, the Court orally directed the parties to continue to meet and confer daily on Defendants' progress in returning to ELA the personal property and documents that he had with him when he entered ICE custody. The parties conferred by teleconference on October 6, 2026.

**Defendants' Position**

Defendants maintain their position that they have exhausted all reasonable efforts to locate ELA's property with the information they currently have. Defendants shared substantial updates about steps taken to locate ELA's property with class counsel on October 5, 2026.

In yesterday's meet and confer, Class Counsel shared that ELA used software on Friday to try to locate one of his phones. Today, Class Counsel clarified that ELA has a screenshot showing the phone is in the general location of Louisiana. Defendants' counsel then clarified that a screenshot showing if this is the current location or last known location would be more helpful.

Class counsel is looking into whether ELA can obtain a screenshot with this information in addition to the screenshot he has.

As reflected in past reports, Defendants learned on October 2, 2026, that ELA has been in possession of the passport he claimed was missing since September 1, 2026. For over a month, Defendants expended resources actively searching for this item, even though ELA had it the entire time he claimed it was missing. Accordingly, Defendants' position is that ELA should submit a declaration detailing any property he previously claimed was missing that is actually in his possession and what property is still missing; how he got his passport back; and any efforts he himself (not his counsel) has undertaken to regain possession of his property since arriving in El Salvador, such as if he attempted to locate it at the El Salvadoran airport upon arrival or any time thereafter.

As Defendants' positions have communicated since September 3, 2026, Dkt. No. 668, they remain ready to facilitate ELA's return. After receiving notice that ELA wishes to return, ICE ERO requested contact information and identification documents for ELA through his counsel to facilitate his return. ELA's counsel has provided this information as of yesterday at 5:58 PM ET. ICE ERO will handle the logistical side of facilitation of his return. Multiple flights depart from El Salvador weekly and can accommodate ELA's return to the United States.

**<u>Class Counsel's Position</u>**

On September 29, Defendants stated that they were looking into the use of software to "ping" or locate ELA's missing phones, and agreed to take back Class Counsel's questions on what the ping would entail. On October 5, Class Counsel asked for an update, and today, Defendants shared that they no longer intend to ping the phones, noting that they had never committed to doing so. Defendants reiterated their position that a reasonable search for ELA's

property has been exhausted, and confirmed that their search did not entail pinging the phones nor reviewing security camera footage.

In view of Defendants' position that their search is exhausted, Class Counsel has asked that Defendants compensate ELA for the value of his unreturned property. With regard to Defendants' request for a declaration from ELA, today Class Counsel asked Defendants to clarify the content they requested via yesterday's status report but had not shared on the parties' call yesterday. Defendants clarified that yesterday's request for "what property is in his possession" relates only to the property and documents ELA had with him when he entered ICE custody. Class Counsel reiterated their previous request that Defendants provide any inventory or records they maintained of ELA's documents and property in ICE custody, or confirm if no such records exist. Class Counsel noted during the meeting that if Defendants kept an inventory and records of ELA's property, from such records, if any, Defendants would have known what travel document they returned to ELA the second time they wrongfully removed him. Class Counsel also asked whether normal ICE procedures entail creating an inventory of property when a person enters custody, and the parties agreed to resume the discussion tomorrow.

***

DATED: October 6, 2026

BRETT SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director
Office of Immigration Litigation

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JEFFREY ALDERETTE
LARISSA K. JOHNSON
Trial Attorneys

ANDREA GARCIA
Law Clerk

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney (D.C. Bar # 90027182)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 305-3620
Jaime.A.Scott@usdoj.gov

*Counsel for Defendants*

Respectfully Submitted,

*/s/Brian T. Burgess*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036

Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of
St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation