**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **J.O.P., *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil No. SAG-19-01944** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * * *

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is, this 8th day of October, 2026, ORDERED that:

(1) Class Counsel's Motion to Enforce Section III.H of the Settlement Agreement, ECF 649, is GRANTED IN PART and DENIED IN PART;

(2) DHS has violated Section III.H of the Settlement Agreement by not joining or non-opposing motions for administrative closure filed by Class Members, including A.C.H.;

(3) DHS has violated Section III.H of the Settlement Agreement by filing motions to recalendar administratively closed immigration court proceedings of Class Members;

(4) DHS has violated Section III.H of the Settlement Agreement by filing oppositions to Class Members' motions to terminate their immigration court proceedings that were not based on the individual facts of the case, and/or were based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application.

(5) To ensure compliance with the Settlement Agreement and this Court's November25, 2024 order, Defendant DHS is ORDERED to:

(a) Join or non-oppose Class Member A.C.H.'s forthcoming renewed motion for administrative closure of his removal proceedings. If Class Member A.C.H. moves to terminate his removal proceedings, DHS must join or non-oppose that motion unless DHS presents individual facts of A.C.H.'s case to this Court that DHS deems to warrant opposition to the motion, provided that opposition is not based, in whole or in part, on a position that USCIS does not have initial jurisdiction over A.C.H.'s asylum application;

(b) Not oppose, and must instead join or non-oppose, any motion for administrative closure made by a Class Member in immigration court proceedings in order to await USCIS exercise of initial jurisdiction over their asylum application, unless administrative closure is unavailable under controlling law in a particular jurisdiction;

(c) Not move to recalendar the administratively closed removal proceedings of any Class Member; and

(d) Join or non-oppose motions to terminate made by Class Members in immigration court proceedings in order to await USCIS exercise of initial jurisdiction over their asylum applications, unless DHS deems such opposition warranted based on the individual facts of the cases, provided such opposition is not based, in whole or in part, on a position that USCIS does not have initial jurisdiction over the Class Member's asylum application.

(e) All other requested relief is denied.

(6) The Clerk is directed to file the accompanying Memorandum Opinion under seal, and the parties are afforded one week to confer and advise this Court of any proposed redactions to be made to a publicly filed version. Should this Court not receive proposed redactions within one week, it will file the opinion publicly in full.

/s/
Stephanie A. Gallagher
United States District Judge