**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

J.O.P., *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*

Defendants.

Case No. 8:19-cv-01944-SAG

**DEFENDANTS' MOTION TO AMEND COURT'S SEPTEMBER 25, 2026 ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

On September 25, 2026, the Court ordered Defendants to, in part, "[r]eturn to E.L.A. all of his property and documents that were removed from his person at the time of his wrongful removal[.]" Sept. 25, 2026 Order at 2, Dkt. No. 715. E.L.A.'s property is outside U.S. government control. Defs.' Ex. A, Declaration of Supervisory Detention and Deportation Officer Campbell (Campbell Declaration). This Court should amend its order under Federal Rule of Civil Procedure 59(e), or in the alternative grant Defendants relief under Federal Rule of Civil Procedure 60(b).

The Federal Rules provide that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Under Fourth Circuit precedent, Rule 59(e) motions will be granted in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). If relying on new evidence, "a party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt,* 98 F.3d 789, 798 (4th Cir. 1996) (internal quotation marks omitted). Rule 60(b)(2) also

allows a court to relieve a party from an order for "newly discovered evidence." Fed. R. Civ. P. 60(b)(2).

This Court should amend its September 25, 2026 order with respect to the return of E.L.A.'s property to account for new evidence not previously available. On September 28, 2026, three days after the Court's order, Defendants proffered that they had exhausted reasonable efforts to locate E.L.A.'s property. Joint Status Report, Dkt. No. 717. On September 29, 2026, Defendants further proffered that it was their understanding that E.L.A.'s property was outside of U.S. government control. Joint Status Report, Dkt. No. 720 (filed under seal).

Defendants have a legitimate justification for not presenting this information prior to the Court's September 25, 2026 Order. Defendants informed the Court on September 22, 2026, that they had not located E.L.A.'s property. Joint Status Report, Dkt. No. 704 ("Defendants have not located E.L.A.'s property."); Sept. 23 Hr'g Tr. 30:19-23 ("[D]efendants have been unable to locate his property . . . [the parties] are working towards resolution of that issue."). At that time, Defendants had not exhausted their efforts and they were engaged in good faith efforts to resolve E.L.A.'s alleged property issues with Class Counsel. *Id*. (The parties "are working towards resolution of that issue."). Defendants have now exhausted those efforts without locating E.L.A.'s property and believe no resolution can be reached with Class Counsel. Joint Status Report, Dkt. No. 729; *see* Campbell Decl. These developments occurred after the Court's Order for Defendants to return E.L.A.'s property. Defendants cannot return property that they do not have.

Furthermore, new evidence has come to light calling into question the accuracy of information provided to the Court regarding E.L.A.'s property. Minutes after the Court's September 25, 2026 Order was filed, Class Counsel represented that ICE had in fact returned a passport to E.L.A. on September 1 that E.L.A. still had in his possession, but that it was an earlier,

potentially invalid passport. Joint Status Report, Dkt. No. 725. This was the first time Class Counsel had ever mentioned the existence of two passports. Then on October 2, 2026, Class Counsel shared that the passport in E.L.A.'s possession was in fact the recent passport they had maintained was missing and in ICE's possession since September 1. *Id*. Class Counsel admitted that "there is no longer a burden on Defendants to locate that travel document." *Id*. This new information calls into question the accuracy of E.L.A.'s accounting of his missing property.

No amendment other than striking item 3(b) of the Court's September 25, 2026 order is appropriate here. Class Counsel has stated that compensation is an appropriate alternative to return of his possessions. Dkt. No. 729. However, Defendants maintain that E.L.A. has not met his burden to prove the fact and amount of his losses, particularly in light of the inconsistencies and inaccuracies in information received from E.L.A. through counsel. *See* Defs.' Opp. to Class Counsel's Mot. To Enforce as to Class Member E.L.A. 24, Dkt. No. 697 ("[A] party seeking compensatory sanctions in civil contempt 'bears the burden of proving *both* the fact and the amount of its losses.'" (citing *Schwartz v. Rent-A-Wreck of America*, 261 F. Supp. 3d 607, 617 (D. Md. 2017)) (emphasis added)); Joint Status Report, Dkt. No. 729. E.L.A. should, at a minimum, first submit a declaration detailing any property he previously claimed was missing that is actually in his possession and what property is still missing; how he got his passport back; and any efforts he himself (not his counsel) has undertaken to regain possession of his property since arriving in El Salvador, such as if he attempted to locate it at the El Salvadoran airport upon arrival (for example, at baggage claim) or any time thereafter. Further, this Court lacks jurisdiction to order Defendants to compensate him for his alleged missing possessions. Defs.' Opp. to Class Counsel's Mot. to Enforce as to Class Member E.L.A. 25. Absent an express waiver of sovereign immunity, money awards cannot be imposed against the United States. *See United States v. Mitchell*, 463 U.S. 206

(1983); *see also Barry v. Bowen,* 884 F.2d 442, 443–44 (9th Cir. 1989) (holding that district court's award of monetary sanctions for contempt violated the sovereign immunity of the United States, but also reversing on other grounds).

Accordingly, the Court should amend its September 23 Order to strike item 3(b) ("Defendants are ORDERED to . . . Return to E.L.A. all of his property and documents that were removed from his person at the time of his wrongful removal[.]"). In the alternative, the Court should grant Defendants relief from item 3(b) under Rule 60(b)(2).

DATED: October 9, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY NICASTRO
Director

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JAIME A. SCOTT
JEFFREY ALDERETTE
MIA S. BONADIES
Trial Attorneys

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney (D.C. Bar No. 90034719)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 598-9126
Fax: (202) 305-7000
Larissa.K.Johnson@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation