**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | | |
|---|---|---|
| J.O.P., *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 8:19-cv-01944-SAG |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.* | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT IN RESPONSE TO THE COURT'S SEPTEMBER 14, 2026 ORDER**

On September 14, 2026, the Court issued an order directing the parties to confer daily and file a status report each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States. ECF No. 681. On September 23, the Court orally directed the parties to continue to meet and confer daily on Defendants' progress in returning to ELA the personal property and documents that he had with him when he entered ICE custody. The parties conferred by teleconference on October 13, 2026.

**Defendants' Position**

Defendants maintain their position provided in the October 7, 2026 status report and maintain that the Court should halt the parties' daily meet and confers and joint status reports. Joint Status Report, Dkt. No. 729. Their efforts to locate ELA's property are exhausted, and his possessions do not appear to be in U.S. government control.

Class Counsel asked today if Defendants were investigating the screenshot of the device locator app taken by ELA, which was provided to Defendants' counsel on October 7, 2026. *See* Ex. A, Screenshot provided by ELA. Class Counsel have not responded to Defendants' request for

clarification whether Class Counsel's position is that the screenshot shows a current or last known location of a device, nor have they responded to Defendants' request for a screenshot containing a pin with a time and date. *See* Joint Status Report, Dkt. No. 728 ("Defendants' counsel then clarified that a screenshot showing if this is the current location or last known location would be more helpful. Class counsel is looking into whether ELA can obtain a screenshot with this information in addition to the screenshot he has."). The provided screenshot does not show any location information. Ex. A. Defendants disagree with Class Counsel's position shared on Oct. 5 that "the results suggest[] that the phone is located in or near Alexandria, Louisiana." Joint Status Report, Dkt. No. 726. Rather, it shows that ELA used a Galaxy A16[1] on October 2, 2026,[2] to take a screenshot of the map centered over Louisiana but without any pin located in Louisiana. Ex. A. Defendants note for the Court's awareness that a Galaxy A16 is one of the possessions ELA identified as missing. Rather than this screenshot demonstrating any need for further inquiry by Defendants, it supports Defendants' position that ELA has not met his burden to prove the fact and amount of his losses. Defs.' Mot. to Amend Court's Sept. 25, 2026 Order, Dkt. No. 736.

The parties' daily meet and confers on ELA's property should end. Class Counsel raised two topics today unrelated to ELA, stating that it was "fine to use these meetings for another purpose." Defendants strongly oppose this suggestion. The Court set these status reports for a specific purpose, and that purpose has ended. Dkt. No. 729.

[1] Defendants proffer that "Este dispositivo" is a label for "this device" in Spanish that appears only when using the locator application on that specific device. *See* ANDROID HELP, *Find, secure, or erase a lost Android device*, https://support.google.com/android/answer/6160491 (last visited October 13, 2026).

[2] The file name of the screenshot is "2026-10-02 Localizador map 2.42.55 PM". This name indicates the photo was taken on October 2, 2026.

**Class Counsel's Position**

As Class Counsel informed Defendants today, Class Counsel intends to file a response opposing Defendants' Motion to Amend the Court's September 25, 2026 Order (ECF No. 736), along with any motion by Class Counsel.

After Defendants asked that ELA use locator software to try to locate his phones, *see* ECF No. 717, Class Counsel reported to Defendants that on October 2, ELA ran such a search, ECF No. 726 at 3. While "the results suggest[ed] that the phone is located in or near Alexandria, Louisiana," Class Counsel explained that ELA did not capture a screenshot of the search result that pinpointed Alexandria, but did capture a screenshot showing the location as Louisiana. *See id.* Defendants asked if this was the phone's current location or last known location, and requested a screenshot. ECF No. 726 at 1. On October 7, Class Counsel emailed to Defendants the screenshot previously described, captured at 12:42 pm local time on October 2, and showing Louisiana as the phone's location. Because that search result indicates Louisiana as the phone's location, whether current or last known, Class Counsel today asked whether Defendants took any action in response to that information. Defendants' counsel responded that they had shared the screenshot with Defendants, who maintain that they have exhausted their search efforts. Class Counsel notes, however, that Defendants suggested that ELA use locator software, and then without explanation abandoned the possibility they had raised of pinging the phone themselves, *see* ECF No. 728 at 2. In describing the screenshot ELA provided, Defendants appear to assume that ELA is currently using the same Galaxy A-16 that Defendants took from him; however, the A-16 is a budget model phone that currently serves as a replacement.

Class Counsel noted on today's call that at times it may be efficient to briefly address other topics during the daily calls, noting an instance on a past call when Defendants asked for

Class Counsel's position on an unrelated topic. Class Counsel continues to see value in a daily and direct line of communication with Defendants.

DATED: October 13, 2026

Respectfully Submitted,

BRETT SHUMATE
Assistant Attorney General

ANTHONY P. NICASTRO
Director
Office of Immigration Litigation

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JEFFREY ALDERETTE
LARISSA K. JOHNSON
JAIME A. SCOTT
Trial Attorneys

ANDREA GARCIA
Law Clerk

*/s/ Mia S. Bonadies*
MIA S. BONADIES
Trial Attorney (MN Bar 0506350)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 532-5965
Fax: (202) 305-7000
Mia.S.Bonadies@usdoj.gov

*Counsel for Defendants*

*/s/Brian T. Burgess*
*Attorneys for Plaintiffs and the Class*
Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20036

Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of
St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publicccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Mia S. Bonadies*
MIA S. BONADIES
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation