**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **J.O.P., *et al.*,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil No. SAG-19-01944** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Currently pending before this Court is Class Counsel's Motion to Enforce Section III.H of the Settlement Agreement. ECF 649. Defendants oppose the motion, ECF 659, and Class Counsel filed a reply, ECF 683. This Court has reviewed the filings and held a motions hearing on September 23, 2026. ECF 705. For the reasons set forth below, the Motion will be granted in part and denied in part.

## I. BACKGROUND[1]

### A. Procedural Background

On November 25, 2024, this Court approved a settlement agreement ("the Settlement Agreement") executed by the Parties to resolve long-running litigation related to the rights of unaccompanied alien children ("UACs") under certain USCIS policies. ECF 205. In the Settlement Agreement, the parties agreed, in relevant part, to Section III.H:

> With respect to DHS's treatment of Class Members in removal proceedings, DHS will refrain from taking the position that USCIS does not have Initial Jurisdiction over a Class Member's asylum application. DHS will join or non-oppose Class Members' motion(s) for a continuance, administrative closure unless unavailable under controlling law in a particular jurisdiction, and, where available, assignment of cases to the EOIR status docket, that have been filed or

[1] For pincites, in all instances where an ECF header is affixed to the top of a page, this Court uses the ECF page number in that header; where such headers are *not* affixed, this Court uses the page numbers of the underlying document.

> made orally on the record in immigration proceedings in order to await USCIS exercise of Initial Jurisdiction over their asylum application. Nothing in this provision prevents DHS from either filing a motion to dismiss or terminate removal proceedings of a Class Member to await USCIS's adjudication of the asylum application or as a matter of prosecutorial discretion, or from joining or non-opposing a motion to dismiss or terminate proceedings filed or made orally on the record by a Class Member. DHS will generally join or non-oppose Class Members' motion(s) to dismiss or terminate filed or otherwise made in order to await USCIS exercise of Initial Jurisdiction over their asylum application. Defendants retain discretion to oppose Class Members' motion(s) if it deems such opposition warranted based on the individual facts of the cases, as long as DHS's opposition is not based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application. Pursuant to this paragraph, Defendants agree that in cases where DHS chooses not to file any response with EOIR indicating its position on the Class Members' properly served motions for continuance, dismissal or termination, administrative closure unless unavailable under controlling law in a particular jurisdiction, adjournments or, where available, assignment of cases to the EOIR status docket, this provision of the Settlement Agreement serves as evidence of DHS's non-opposition.

ECF 199-2 at 9.

Class Counsel seeks enforcement of Section III.H of the Settlement Agreement on an individual basis with respect to A.C.H., a Class Member whose motions to terminate and administratively close were opposed by Defendants, and on a class-wide basis "to prevent further violations of the Settlement Agreement that imperil Class Members' access to USCIS's initial jurisdiction over their asylum applications." ECF 649 at 2.

### B. Factual Background

The instant motion concerns Defendants' alleged violations of Section III.H by (1) opposing Class Members' motions for administrative closure, (2) filing motions to recalendar Class Members' previously administratively closed cases, and (3) opposing Class Members' motions for termination with justifications permitted by the Settlement Agreement.

***Opposing Class Members' Motions for Administrative Closure***

Class Counsel identifies three instances of Defendants opposing Class Members' motions for administrative closure in contravention of Section III.H of the Settlement Agreement. First, on April 22, 2026, DHS filed a written opposition to A.C.H.'s motion to

terminate and, in the alternative, to administratively close his removal proceedings based on his pending asylum application and Class Members status. *Id.* at 11; ECF 649-3 ¶ 12. DHS's opposition asserted that "[t]he Department has requested that USCIS expedite the adjudication of Form I-589, but that does not mean that the court lacks jurisdiction [sic] adjudicate relief applications in removal proceedings," and argued that A.C.H. had not established that he was "prima facie eligible" for asylum or provided "an anticipated duration for the closure." ECF 649-3 ¶ 12. The Immigration Judge ("IJ") subsequently denied A.C.H.'s motion to terminate and administratively close. *Id.* ¶ 13. Class Counsel raised this issue with Defendants on April 28, 2026, and Defendants cited to authority in Section III.H which they purported gives DHS discretion to oppose administrative closure. ECF 649-2 at 11–12; ECF 650-1. Defendants also identified that DHS's opposition was permissibly based on their claim that A.C.H. "has not shown prima facie eligibility for relief." ECF 649-2 at 11–12.

Second, DHS opposed renewed administrative closure for Class Member N.N.D. on July 9, 2026, which resulted in N.N.D.'s renewed motion for administrative closure being denied by an IJ. *Id.* at 12; ECF 650-7.

Third, DHS filed written opposition to administrative closure for Class Members T.M.T. and F.M.T. in April, 2026, arguing that there was no "clear apparent time frame" for USCIS's adjudication. ECF 649-2 at 13; ECF 650-8. An IJ denied T.M.T. and F.M.T.'s motions for administrative closure based on DHS's rationale. ECF 649-2 at 13.

***Motions to Recalendar Administratively Closed Removal Proceedings***

In addition to outright opposition of administrative closure, Defendants have filed motions to recalendar administratively closed removal proceedings of Class Members. Class Counsel identifies two instances of this practice. In 2016, an IJ administratively closed the removal proceedings of J.M.L. and B.M.L, two Class Members, based on their asylum applications pending with USCIS. *Id.* at 15; ECF 650-2; ECF 650-4. In July, 2025, DHS filed

motions to recalendar the removal proceedings of J.M.L. and B.M.L. while their asylum applications remained pending with USCIS. ECF 650-2 at 2; ECF 650-4 at 14. DHS's motions stated that "DHS seeks to recalendar this matter in order to resolve the respondent's case on the merits," which in effect asked the IJ to preempt USCIS's initial jurisdiction over the asylum claims by proceeding to the merits of their removal proceedings without awaiting USCIS's adjudication of the asylum claim. ECF 650-2 at 2; ECF 650-4 at 14. Class Counsel raised this violation of Section III.H with Defendants on September 15, 2025, and Defendants provided a written response on November 19, 2025, which argued that motions to recalendar were permissible because the Settlement Agreement did not expressly prohibit them. ECF 650-2 at 2; ECF 650-4 at 10–11, 13–14.

On July 24, 2026, Class Counsel again raised the recalendaring issue with regard to Class Member N.A.R., who filed an asylum application with USCIS in 2018 and whose removal proceedings had been administratively closed since 2023. ECF 650-5. DHS filed a motion to recalendar N.A.R.'s removal proceedings on July 9, 2025, stating that N.A.R. had not been accorded "new, lawful permanent status" since the 2023 administrative closure grant and that "DHS seeks to recalendar this matter in order to resolve the respondent's case on the merits." *Id.* The immigration court scheduled a hearing in the matter for July 22, 2026, at which DHS opposed administrative closure. *Id.*

***Opposing Class Members' Motions for Termination Without Proper Justification***

Class Counsel identifies two instances of Defendants opposing Class Members' motions for termination in violation of Section III.H. First, DHS opposed Class Members M.R.M's motion to terminate his removal proceedings in December, 2025 based on his pending asylum application with USCIS. ECF 649-2 at 13; ECF 650-6 at 6–7. DHS's opposition argued that the USCIS's No Asylum Adjudications Policy supported termination, and the IJ subsequently denied M.R.M's motion and ordered removal. ECF 650-6 at 6–7. Class Counsel

notified Defendants that DHS's opposition relied on a basis forbidden by the Settlement Agreement, that the immigration court and not USCIS had the ability to adjudicate M.R.M.'s asylum application. ECF 649-2 at 14; ECF 650-6 at 6–7. Defendants responded by arguing that DHS had permissibly opposed termination because M.R.M. had not provided sufficient evidence of his Class membership. ECF 649-2 at 14; ECF 650-6 at 4.

Second, on June 17, 2026, DHS filed an opposition to Class Member J.G.H.'s motion to terminate his removal proceedings based on his pending asylum application with USCIS. DHS's opposition argued that "the statute does not prevent the Immigration Judge from determining whether initial jurisdiction over an application filed by an alien who has turned 18 lies with the Immigration Judge or the USCIS" and that J.G.H. "no longer qualified as a UAC" because he was over 18 years old when he filed his asylum application. ECF 649-2 at 14; ECF 650-3 at 6. The IJ denied J.G.H.'s motion to terminate. ECF 649-2 at 14; ECF 650-3 at 6.

## II. ANALYSIS

Class Counsel identifies three groups of actions by Defendants which they allege violate Section III.H of the Settlement Agreement: (1) opposing administrative closure; (2) filing motions to recalendar for Class Members whose proceedings were previously administratively closed; and (3) opposing motions to terminate for reasons not permitted under the Settlement Agreement. *Id.* at 10–11. Class Counsel seeks enforcement of Section III.H to remedy these violations. *Id.* at 25–28.

As an initial matter, this Court has authority to order enforcement of the Settlement Agreement on both an individual and class-wide basis pursuant to Sections V.A and V.D of the Settlement Agreement. ECF 199-2 at 13–14 (providing that "[i]n the event of an alleged noncompliance with th[e] Settlement Agreement" that cannot be resolved after a meet and confer to resolve the dispute informally, then "the complaining Class Member(s) may move to enforce the Agreement on an individual basis before the Court and Class Counsel may elect to

move to enforce the Agreement on an individual or class-wide basis before the Court."). Pursuant to the procedure in the Settlement Agreement, prior to Class Counsel filing this motion, the parties conferred multiple times in an effort to informally resolve multiple disputes under Section III.H, but were unable to resolve the disputes. *See* ECF 649-2 at 11–16; ECF 659 at 9.

Defendants argue that Class Counsel "have failed to present a single Class Member case ripe for judicial intervention" because (1) the "Class Members identified by Class Counsel in their motion have either had the allegations mooted" by the "unlawfulness of administrative closure" or (2) the Class Members' claims are not ripe because "they have not yet completed the section V.D process." ECF 659 at 9–11. The Court disagrees. First, as discussed below, the Court finds that administrative closure remains available under controlling law, and therefore the claims of Class Members challenging Defendants' opposition to their motions for administrative closure and recalendaring are not mooted. Second, the instant motion is ripe. In their opposition, Defendants agree that Class Counsel's motion is not premature with respect to A.C.H., *id.* at 10, which would allow the Court to order class-wide relief based on the violations against one Class Member, even if other Class Members' violations are not ripe. ECF No. 199-2 at 14.

Accordingly, because this motion is not premature or moot, this Court will address each of the alleged violations in turn.

**a. Opposition to Administrative Closure Violates the Settlement Agreement**

Class Counsel first argues that DHS opposition to administrative closure motions violates Section III.H of the Settlement Agreement, which provides that DHS "will join or non-oppose Class Members' motion(s) for a continuance, administrative closure." ECF 199-2 at 9. They contend that the "use of the word 'will' leaves no discretion to Defendants in deciding whether to join or non-oppose." ECF 649-2 at 17–18. Therefore, Class Counsel argues, the

fifth sentence of Section III.H– "Defendants retain discretion to oppose Class Members' motion(s) if it deems such opposition warranted based on the individual facts of the cases, as long as DHS's opposition is not based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application," ECF 199-2 at 9– "only applies to motions to dismiss or terminate" because it immediately follows a sentence stating that 'DHS ***will generally*** join or non-oppose Class Members' ***motion(s) to dismiss or terminate*** filed....'" ECF 649-2 at 18–19 (emphasis in original) (quoting ECF 199-2 at 9). Defendants also argue that they have not violated the Settlement Agreement by opposing administrative closure because Class Counsel's "arguments regarding administrative closure are moot, as administrative closure is not available in any jurisdiction," ECF 659 at 13, and Section III.H affords them discretion to oppose a Class Member's administrative closure motion.

First, this Court rejects Defendants' argument that administrative closure is unlawful. Defendants cite to *State of Texas v. Dep't of Justice*, No. 7:26-CV-00070-O, 2026 WL 1803245 (N.D. Tex. June 22, 2026) for their proposition. In that suit, the Northern District of Texas granted a joint motion for entry of consent judgment filed by the State of Texas and the Department of Justice which sought vacatur of the Department's Efficient Case and Docket Management in Immigration Proceedings regulation, 89 Fed. Reg. 46,742 (May 29, 2024) ("Administrative Closure Rule"). *Id.* The consent judgment was entered the same day the complaint was filed, and the court has subsequently denied any attempts by other interested parties to intervene and challenge the collusive nature of the settlement. *Texas v. U.S. Dep't of Just.*, No. 7:26-CV-00070-O, 2026 WL 2616805 (N.D. Tex. Sept. 2, 2026). The case is currently on appeal to the U.S. Court of Appeals for the Fifth Circuit by proposed intervenors arguing that the "judgment unlawfully bypassed the APA's required notice-and-comment procedures and that the court lacked jurisdiction because there was no 'controversy' between the parties, given the collusive settlement agreement." ECF 683 at 7 n.2.

Even if this Court were to find the Administrative Closure Rule was vacated by the Northern District of Texas settlement, Defendants' position that administrative closure is unlawful and "not available in any jurisdiction," ECF 659 at 15, is still wrong. The practice of administrative closure pre-dated the 2024 regulations and is lawful, even in the absence of the Administrative Closure Rule. *Romero v. Barr*, 937 F.3d 282, 296 (4th Cir. 2019) ("[A]dministrative closure has been a procedural mechanism employed by IJs and the BIA since the late 1980s and consistently reaffirmed."). Precedential decisions issued by the attorney general and the Board of Immigration Appeals, which existed prior to the 2024 regulations and have not been overturned, support the authority for administrative closures. *See Matter of Cruz-Valdez*, 28 I&N Dec. 326 (A.G. 2021) (overruling an attorney general opinion issued three years earlier that had stripped IJs of general administrative closure authority); *Matter of Avetisyan*, 25 I&N Dec. 688 (BIA 2012) (setting out the standard for administrative closure); *Matter of W-Y-U-*, 27 I&N Dec. 17 (BIA 2017) (same). Further, since the *Texas* decision and the purported vacatur of the 2024 regulations, IJs have continued to issue administrative closures based on "precedential Board decisions, which remain binding." ECF 683 at 8–9. Accordingly, this Court rejects Defendants' argument and finds it lawful to order relief related to administrative closures in jurisdictions other than the Sixth Circuit, which ruled in 2020 that the then-existing immigration regulations did not grant authority to immigration courts to administratively close removal proceedings. *See Hernandez-Serrano v. Barr*, 981 F.3d 459, 466 (6th Cir. 2020).

Second, Defendants argue, contrary to Class Counsel's reading of Section III.H, the Settlement Agreement does not impose a requirement to "unconditionally join or non-oppose all administrative closure motions brought by Class Members." ECF 659 at 16. Defendants read the sentence qualifying Defendants' limitations on opposing termination motions– "Defendants retain discretion to oppose Class Members' motion(s) if it deems such opposition

warranted based on the individual facts of the cases, as long as DHS's opposition is not based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application," ECF 199-2 at 9–as also applying to Defendants' limitations on opposing administrative closure. ECF 659 at 16–17.

The Court disagrees with Defendants' reading. Per the plain reading of Section III.H, the parties agreed that DHS "will join or non-oppose" a Class Members' motion for administrative closure. ECF 199-2 at 9. The use of the word "will" indicates a mandatory responsibility for Defendants and a lack of discretion. *See Lovo v. Miller*, 107 F.4th 199, 211 (4th Cir. 2024) (holding that use of the word "will" is "unmistakably mandatory" language). This reading is especially clear when viewed against Section III.H's limitation on Defendants opposing termination motions, which instead says DHS "*will generally* join or non-oppose Class Members' motion(s) to dismiss or terminate." ECF 199-2 at 9 (emphasis added). The fifth sentence in Section III.H, which Defendants point to as indication of discretion to oppose administrative closures, instead only modifies the immediately preceding sentence about motions to dismiss or terminate. As Class Counsel puts it, "[i]n other words, the Settlement Agreement provides DHS some discretion ('will generally') not to join or non-oppose a Class Member's motion to dismiss or terminate, but no such discretion is allowed for motions for administrative closure ('will join or non-oppose')."

Therefore, by opposing Class Members' motions for administrative closure, Defendants have violated Section III.H of the Settlement Agreement. Accordingly, this Court will order the Settlement Agreement to be enforced as written in Section III.H.

**b. Motions to Recalendar Violate the Settlement Agreement**

Class Counsel next argues that Defendants have violated the Settlement Agreement by filing motions to recalendar Class Members' removal proceedings that were administratively closed. ECF 649-2 at 20. Class Counsel characterizes a motion to recalendar, "which seeks to

resume active litigation of dormant removal proceedings," as "a reversal of administrative closure." *Id.* Reversing administrative closure, Class Counsel argues, "is fundamentally at odds with [Defendants'] obligation to join or non-oppose a motion for administrative closure." *Id.* at 21. Defendants' counterargument is simple and formalistic: the "term 'recalendar' does not appear a single time in the Settlement Agreement," so recalendaring cannot be a violation of the Settlement Agreement. ECF 659 at 23.

The Court disagrees with Defendants' interpretation. Section III.H of the Settlement Agreement clearly imposes a restriction on Defendants' ability to oppose recalendaring by prohibiting Defendants from opposing administrative closure. Implicit in the Agreement is that once Defendants have joined or not opposed Class Members' administrative closure, Defendants will not subsequently ask Immigration Judges to put Class Members' cases back on the calendar. Without that implicit promise, Class Members would lose the protection from opposition to administrative closure that they bargained for in the Settlement Agreement and Defendants would be "relieve[d] ... of their obligation to uphold the promises they made to Class Members as consideration for the relinquishment of Class Members' action." *See* ECF 253 at 10 (declining to construe another term in the Settlement Agreement as narrowly as Defendants wished). Contracting parties need not specify that one party cannot take action to reverse the acts bargained for in the agreement. Such a promise is impliedly included as part of the duty of good faith.

Accordingly, this Court finds that Defendants' recalendaring violated Section III.H of the Settlement Agreement and will order the relief Class Counsel seeks in regard to recalendaring: "DHS must not move to recalendar the administratively closed removal proceedings of any Class Member." ECF 649-1 at 2.

**c. Blanket Opposition to Termination Motions Violates the Settlement Agreement**

The third practice that Class Counsel challenges as violating Section III.H of the Settlement Agreement is "Defendants' blanket opposition to Class Members' termination motions without any permissible basis—as in A.C.H.'s case." ECF 649-2 at 23. Section III.H requires that "DHS will generally join or non-oppose Class Members' motion(s) to dismiss or terminate filed or otherwise made in order to await USCIS exercise of Initial Jurisdiction over their asylum application." ECF 199-2 at 9. It carves out an exception in next sentence: "Defendants retain discretion to oppose Class Members' motion(s) if it deems such opposition warranted based on the individual facts of the cases, as long as DHS's opposition is not based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application." *Id.* Therefore, Class Counsel argues, DHS may only oppose Class Members' motions to terminate if they "put forward individualized reasons specific to the Class Member," ECF 649-2 at 24, that are not prohibited by the Settlement Agreement because "[o]therwise, there's no way to ensure that there has not been a violation." ECF 723 at 48.

In addition to their class-wide challenge, Class Counsel cite to an instance where Defendants opposed a Class Member's termination motion for a reason not permitted by the Settlement Agreement and seek enforcement with respect to that individual. DHS filed a written opposition to Class Member A.C.H.'s motion to terminate and, in the alternative, to administratively close his removal proceedings, based on his pending asylum application and Class Member status. ECF 649-2 at 11. DHS filed a written opposition in April, 2026 on the grounds that "A.C.H. had not established that he was 'prima facie eligible' for asylum or provided 'an anticipated duration for the closure,'" *id.* at 11–12, reasons not permitted in

Section III.H of the Settlement Agreement. A.C.H.'s motions were subsequently denied by an IJ. *Id.* at 11.

Defendants first challenge Class Counsel's factual allegation that "Defendants are filing oppositions across the board to Class Member motions to terminate 'without any case-specific reasons,' in violation of section III.H." ECF 659 at 28 (internal citation omitted). With regard to A.C.H., Defendants contended at oral argument that opposition to A.C.H.'s motion was permissible because A.C.H. "was being expedited before USCIS." ECF 723 at 62. Substantively, Defendants also contend that Section III.H "does not obligate Defendants to provide further explanation of the reasons for their opposition to the immigration court or the Class Member" so long as "Defendants do not take the position prohibited by the Settlement Agreement, that USCIS does not have Initial Jurisdiction over the Class Member's asylum application." ECF 659 at 28.

The Court largely agrees with Class Counsel and will order the relief sought, except for Class Counsel's request to read in an additional provision to the Settlement Agreement requiring Defendants to "present[] individual facts of a Class Member's case that DHS deems to warrant opposition to the motion" if they wish to oppose a Class Members' termination motion. ECF 649-1 at 2. The text of Section III.H sets clear parameters for when Defendants can oppose Class Members' termination motions: only if DHS (a) "deems such opposition warranted based on the individual facts of the cases," and (b) DHS's opposition "is not based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application." In A.C.H.'s case, not only did Defendants tell the IJ that it had jurisdiction before USCIS exercised its initial jurisdiction, ECF 649-2 at 24, but they were unable to articulate individual facts warranting opposition when asked by this Court. *See* ECF 723 at 62–64. Defendants' opposition, then, violates the plain text of Section III.H of the Settlement Agreement, both as to A.C.H.'s motion to terminate and for administrative closure.

Accordingly, this Court finds that "DHS has violated Section III.H of the Settlement Agreement by filing oppositions to Class Members' motions to terminate their immigration court proceedings that were not based on the individual facts of the case, and/or were based, in whole or in part, on a position that USCIS does not have Initial Jurisdiction over the Class Member's asylum application." ECF 649-1 at 1.

This Court rejects the request for the additional relief Class Counsel seeks, an order requiring DHS to join or non-oppose Class Members' motions to terminate "unless DHS presents individual facts of a Class Member's case that DHS deems to warrant opposition to the motion." *Id.* at 2. Such a request goes beyond the text of Section III.H, which allows Defendants to oppose Class Members' termination motions when they "deem[] such opposition warranted based on the individual facts of the cases." ECF 199-2 at 9. Expanding this language to require Defendants to state those reasons during the immigration proceedings would modify the agreed upon provision and give Class Members more than they bargained for in the Settlement Agreement. Therefore, the Court denies this request for relief.

**III. CONCLUSION**

For the reasons stated above, Class Counsel's Motion to Enforce Section III.H of the Settlement Agreement, ECF 649, is GRANTED IN PART and DENIED IN PART as reflected in the accompanying order.

Dated: October 8, 2026

/s/

Stephanie A. Gallagher
United States District Judge