**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

| | |
|---|---|
| J.O.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*<br><br>Defendants. | Case No. 8:19-cv-01944-SAG |

**DEFENDANTS' MOTION FOR RELIEF FROM THE COURT'S SEPTEMBER 14, 2026 ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

## INTRODUCTION

Defendants renew their request that this Court vacate its September 14, 2026, minute order pursuant to Federal Rule of Civil Procedure 60(b)(5). In that order, this Court required the Parties to meet and confer and file Joint Status Reports daily on the steps taken that day to facilitate ELA's return to the United States. Order, Dkt. No. 681. The Parties have complied with this order, and the Court's oral amendment to such order, by meeting twenty-four times and filing twenty-four status reports. ELA has made the decision not to return to the United States. There are no further steps the Parties can take to facilitate his return. Further, the issues surrounding ELA's property are now purely legal questions best resolved through Defendants' pending Motion to Amend the Court's September 25, 2026 Order Pursuant to Fed. R. Civ. P. 59(e), Dkt. No. 736. The September 14, 2026 order has become a burden on the Parties, with little benefit to the original order. Therefore, this Court should grant the Parties relief because its Order has been satisfied and applying it prospectively is no longer equitable.

## BACKGROUND

On September 14, 2026, this Court issued a minute order "requiring the parties to confer (telephonically or by video conference) daily and provide a status report to this Court each day by 7 pm detailing steps taken that day to facilitate ELA's return to the United States." Order, Dkt. No. 681. On September 23, 2026, the Court orally ordered the Parties to continue their daily meet and confers and reporting, stating that "I'd appreciate some additional details about what steps are being taken to track the property down or get answers on that front." Sept. 23, 2026 Hrg. Tr. 40:3-5. On September 25, 2026, the Court ordered Defendants to, in part, "[r]eturn to E.L.A. all of his property and documents that were removed from his person at the time of his wrongful removal[.]" Sept. 25, 2026 Order 2, Dkt. No. 715. Defendants moved to amend that Order pursuant to Fed. R.

Civ. P. 59(e) on October 9, 2026, after exhausting reasonable efforts to locate ELA's property. Dkt. No. 736. Defendants' motion included a declaration describing the steps taken by Defendants in those efforts. Decl. of Supervisory Detention and Deportation Officer Campbell, Dkt. No. 736-1.

On October 16, 2026, the Parties informed the Court that ELA had made the decision not to return to the United States. Joint Status Report, Dkt. No. 746. The Parties also jointly requested the Court suspend the daily filings until Class Counsel respond to Defendants' pending Rule 59(e) motion, Dkt. No. 736. Defendants separately asked, as they had done in every report dating from October 7, 2026, for the Court to halt the daily meet and confers and joint status reports in their entirety. *Id*. The same day, the Court granted only the joint request. Order, Dkt. No. 747. Between September 14, 2026, and October 16, 2026, the Parties filed twenty-four Joint Status Reports. Dkt. Nos. 683, 684, 689, 693, 694, 700, 704, 709, 713, 716, 717, 720, 722, 724, 725, 726, 728, 729, 732, 739, 740, 743, 744, 746.

Under this Court's Orders, the Parties have resumed daily meet and confers and filings on October 26, 2026. Defendants requested Class Counsel's position on jointly seeking a continuance of the suspension through the motions hearing scheduled in this case for October 29, 2026. Defs.' Ex. 1. Class Counsel declined, stating that "Class Counsel's position remains that once our response to your [Rule 59(e)] motion is filed, the parties should resume discussions to seek to narrow or resolve the issues before the court makes a decision." *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure "60(b)(5) permits relief from a judgment where '[i] the judgment has been satisfied, released or discharged; [ii] it is based on an earlier judgment that has been reversed or vacated; or [iii] applying it prospectively is no longer equitable." *Horne v. Flores*,

557 U.S. 433, 455 (2009) (citing Fed. R. Civ. P. 60(b)(5)). A critical inquiry in a Rule 60(b)(5) motion is whether "the order's continued enforcement is unnecessary and improper." *Id*. at 433. "The party seeking relief bears the burden of establishing that changed circumstances warrant relief . . . but once a party carries this burden, a court abuses its discretion 'when it refuses to modify an injunction or consent decree in light of such changes.'" *Id*. at 447 (quotation omitted).

## ARGUMENT

### I. The Court's September 14, 2026, Order has Been Satisfied.

The Court should conclude that its order to report on facilitation has been satisfied and grant the Parties relief under Fed. R. Civ. P. 60(b) from this continuing obligation. ELA does not wish to return to the United States. Joint Status Report, Dkt. No. 746. The Court ordered the Parties to report daily on steps taken to facilitate ELA's return to the United States, Dkt. No. 681, and Defendants have taken all actions they can to comply with this order. *See, e.g.*, Joint Status Report, Dkt. No. 744 ("On October 14, using an email thread where counsel for both parties is copied, ICE ERO notified ELA's counsel that ERO intends to call ELA for the sole purpose of discussing logistical and travel coordination."). But given ELA's decision, there are no possible further steps that Defendants can report to the Court regarding facilitation of his return.

Defendants acknowledge that this provision of Fed. R. Civ. P. 60(b) "has been relied on very rarely." § 2863 Judgment Satisfied or No Longer Equitable, 11 Fed. Prac. & Proc. Civ. § 2863 (3d ed.). However, this appears to be the exact circumstance intended by the drafters of the rules—the Court ordered the Parties to report on facilitation, and there is no further reporting that can possibly happen on that topic due to ELA's independent decision to not return to the United States. Therefore, the Court should conclude that its order was satisfied.

## II. Applying the Court's September 14, 2026, Order Prospectively is no Longer Equitable.

Continued application of the Court's September 14, 2026, Order is not equitable under Fed. R. Civ. P. 60(b)(5). The Fourth Circuit has explained that "when confronted with any motion invoking this rule, a district court's task is to determine whether it remains equitable for the judgment at issue to apply prospectively and, if not, to relieve the parties of some or all of the burdens of that judgment on such terms as are just." *Alexander v. Britt,* 89 F.3d 194, 197 (4th Cir. 1996) (internal citations omitted). A critical question in this inquiry is whether the objective of the court's order has been achieved. *Horne*, 557 U.S. at 450. Here, the objective of the Court's September 14, 2026, Order has been achieved and there is a considerable burden placed on both Parties by the continuation of the daily reporting requirements.

As set forth above, ELA has decided not to return to the United States. Joint Status Report, Dkt. No. 746. ELA affirmatively communicated this decision to Class Counsel after the Court set a deadline for doing so, leaving no doubt of his intention. *Id*. The Parties' Joint Status Reports, when resuming on October 26, 2026, will not include any further updates to the Court regarding facilitation of his return to the United States. Accordingly, just as the Court should conclude that its Order has been satisfied and grant relief on that ground as Defendants argue above, the Court should recognize that the objective of its order has been achieved in analyzing whether continuing to apply it is equitable.

There are substantial ongoing burdens from the continued existence of this Court's September 14, 2026, Order. Dkt. No. 681. The Parties must meet telephonically or by video daily; the order does not provide for conference via email. *Id*. The Parties must then exchange positions and prepare a joint report to be filed no later than 7 pm. *Id*. The burden on government operations is substantial. Defendants do not contest the Court's statements, Dkt. No. 747, that the Parties are

"expected to meet and confer when appropriate to make good faith efforts to resolve outstanding issues"; however, these daily filings have greatly exceeded the bounds of reasonable expectations to confer, particularly in light of the purpose of the filings being satisfied. The Court's original Order was not to provide a daily line of communication from Class Counsel to the government on all issues related to the *JOP* litigation. Since the Parties are either at an impasse on issues related to ELA, or those issues are resolved due to ELA's decision not to return, the daily meet and confers either result in empty conversation or attempts to use them beyond the bounds of their intended purpose.

Class Counsel oppose cessation of the daily meet and confers and filings due to concerns about ELA's property. Joint Status Report, Dkt. No. 746. However, the Court's original order on September 14, 2026, did not mention property. Sept. 14, 2026 Order, Dkt. No. 681. While the issues of facilitation of return and ELA's property may have conceivably overlapped when ELA alleged that he did not have a viable passport due to Defendants' actions, this allegation has been withdrawn. Joint Status Report, Dkt. No. 725 ("Class Counsel informed Defendants that ELA located one of the travel documents he previously believed Defendants had retained, and therefore there is no longer a burden on Defendants to locate that travel document."). Further, Defendants have filed a motion to ask this Court to resolve the issues surrounding ELA's property in part because the Parties were not able to reach resolution. Defendants respectfully proffer that their positions related to ELA's property were communicated in their filings at Dkt. Nos. 697 and 736 and that any updates or additions to those positions will be provided in their reply in support of their 59(e) motion due on November 6, 2026. Any continuation of the daily meet and confers on an issue Defendants have brought to the Court is neither appropriate nor needed.

**CONCLUSION**

The Court should grant Defendants relief pursuant to Fed. R. Civ. P. 60(b)(5) by vacating its September 14, 2026 Order, Dkt. No. 681.

DATED: October 27, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY NICASTRO
Director

CATHERINE M. RENO
Assistant Director

RUTH ANN MUELLER
Senior Litigation Counsel

EVAN P. SCHULTZ
JAIME A. SCOTT
JEFFREY ALDERETTE
MIA S. BONADIES
Trial Attorneys

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney (D.C. Bar No. 90034719)
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
Telephone: (202) 598-9126
Fax: (202) 305-7000
Larissa.K.Johnson@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, I served an electronic copy of the foregoing on counsel for the Plaintiffs via the Court's CM/ECF system.

*/s/ Larissa K. Johnson*
LARISSA K. JOHNSON
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation