**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND, SOUTHERN DIVISION**

J.O.P., *et al.*,

Plaintiffs,

v.

U.S. Department of Homeland Security, *et al.*,

Defendants.

Civil Action No.
8:19-CV-01944-SAG

**CLASS COUNSEL'S BRIEF IN OPPOSITION OF DEFENDANTS' MOTION BROUGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(a) TO CLARIFY THE COURT'S JULY 29, 2026 ORDER**

This Court issued a clear, unambiguous order for Defendants to issue "written guidance to all ICE personnel regarding the obligations" of the Court's July 29, 2026 order. ECF No. 642 (the "Order") at 2. Defendants now seek to "clarify" the Order pursuant to Federal Rule of Civil Procedure 60(a) to narrow their obligations, contending that the Court intended to grant Defendants "with discretion to determine *which* personnel were responsible for the obligations of the Court's July 2026 order, and thus which personnel should receive the monthly broadcast." ECF No. 745 at 2. The Order requires no clarification—Defendants' motion seeks to change the substance of the Order and therefore should be denied.

Defendants' proposed clarification does not comport with the requirements of Rule 60(a). "[A] motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." *Osei v. Univ. of Maryland Univ. Coll.*, No. CV DKC 15-2502, 2019 WL 3717805, at *1 (D. Md. Aug. 5, 2019) (quoting 11 Charles A. Wright et al., Federal Practice and Procedure § 2854, at 303). While Rule 60(a) allows a court "to correct a mistake arising from oversight or omission[,]" it does not permit changes "involving substantive legal reasoning[.]" *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014). Rather, clarifications are only allowed to make an order "consistent with the intent of the original judgment… **if necessary for enforcement**." *Id.* (emphasis added). Defendants' motion meets neither of these requirements; rather, Defendants seek to improperly use Rule 60(a) "to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012).

The Court could not be more clear as to the intent of the Order: "[t]o ensure compliance with the Settlement Agreement and this Court's November 25, 2024 and April 23, 2025 orders[,]"

*i.e.*, to prevent improper removals of Class Members. ECF Nos. 642 at 1; 645 at 60. At no point does the Court's memorandum opinion suggest an intent to grant Defendants discretion regarding to whom written guidance should be issued—both the opinion and Order state "all ICE personnel." ECF Nos. 642 at 2; 645 at 64.

Providing written guidance, on a monthly basis, to all ICE personnel nationwide is necessary to try to prevent further removals of Class Members. Contrary to Defendants' assertions, ICE personnel other than ERO employees have involvement with abiding by the Settlement Agreement. For example, Class Members in removal proceedings interact with attorneys from the ICE Office of the Principal Legal Advisory ("OPLA")—a division distinct from ICE ERO—and may identify themselves as Class Members to OPLA personnel. Yet if OPLA personnel are not aware of this order, the need for an alert may never be relayed to the National Case Management Unit. Thus, while Defendants may be correct that the National Case Management Unit within ERO is primarily responsible for implementing an alert in an individual's EARM file (ECF No. 745 at 3),[1] such action can only occur if the ICE personnel to whom that individual identified themselves is aware of that procedure. By ceasing the issuance of written guidance to these individuals, Defendants' proposed clarification may *decrease* compliance with the Settlement Agreement and this Court's orders.

Defendants also fail to explain why their clarification is necessary for enforcement. Notably, Defendants do not allege that compliance with the Order as written is burdensome or would prevent issuance of the written guidance. Instead, they describe doing so as "redundant" (ECF Nos. 745 at 4; 745-1 ¶ 6) and "likely to cause confusion among the ICE workforce." ECF

[1] Class Counsel notes that Defendants indicated the National Case Management Unit is "primarily responsible" for this task, indicating that other units within ICE, potentially outside of ERO, may also implement alerts in EARM files.

No. 745 at 4. As to the "redundant" nature of the all-personnel guidance, such notice is not "redundant" to ICE personnel outside ERO. *See supra*. As to Defendants' assertion that such notice is "likely to cause confusion," that argument is unsupported by Defendants' brief and noticeably absent from their declaration. ECF Nos. 745 at 4; 745-1.

Finally, the intent of achieving compliance with the Settlement Agreement and the Court's orders was not achieved with the first issuance of the written guidance in August 2026, with Defendants removing at least three Class Members after that issuance. ECF No. 741. Further, Defendants have since been held in contempt of the very order which they seek to modify. ECF No. 715 at 1. To reduce measures intended to bring about Defendants' compliance while Defendants have failed to purge their contempt, have been found to be in contempt yet again, and continue to violate the Settlement Agreement would be illogical.

Ultimately, Defendants' proposed clarification is not a clarification at all, but rather an attempt to modify the Order for some unstated purpose. The proposal is inconsistent with this Court's intent, unnecessary for enforcement of the Order, and increases the likelihood of future violations. Defendants' motion should be denied and the Order should continue to be enforced as written.

Dated: October 27, 2026

Respectfully submitted,

<u>/s/ Brian T. Burgess</u>

Brian T. Burgess (Bar No. 19251)
Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036
Phone: 202-346-4000
Fax: 202-346-4444
BBurgess@goodwinlaw.com

Elaine Herrmann Blais*
Kevin J. DeJong*
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Phone: 617-570-1000
Fax: 617-523-1231
EBlais@goodwinlaw.com
KDeJong@goodwinlaw.com

Adam J. Horowitz*
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Phone: 212-813-8800
Fax: 212-355-3333
AHorowitz@goodwinlaw.com

Wendy Wylegala*
Kids in Need of Defense
252 West 37th Street, Suite 1500W
New York, NY 10018
Phone: 646-970-2913
Fax: 202-824-0702
WWylegala@supportkind.org

Michelle N. Mendez (Bar No. 20062)
National Immigration Project
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: 410-929-4720
Fax: 617-227-5495
Michelle@nipnlg.org

Rebecca Scholtz*
National Immigration Project
30 S. 10th Street (c/o University of St. Thomas Legal Services Clinic)
Minneapolis, MN 55403
Phone: 202-742-4423
Fax: 617-227-5495
Rebecca@nipnlg.org

Kristen Jackson*
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
Phone: 213-385-2977
Fax: 213-201-4727
KJackson@publiccounsel.org

Mary Tanagho Ross*
Bet Tzedek Legal Services
3250 Wilshire Blvd., #1300
Los Angeles, CA 90010
Phone: 323-939-0506
Fax: 213-471-4568
MRoss@betzedek.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2026, I served an electronic copy of the foregoing on counsel for the Defendants via the Court's CM/ECF system.

*/s/ Brian T. Burgess*
Brian T. Burgess