UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

November 16, 2026

**LETTER ORDER**

Re: J.O.P., et al v. U.S. Department of Homeland Security, et al.
Civil Case No. SAG-19-1944

Dear Counsel:

This Court has reviewed Defendants' Motion to Amend Pursuant to Federal Rule of Civil Procedure 59(e), ECF 736, Class Counsel's Opposition, ECF 755, and Defendants' Reply, ECF 773. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the motion is DENIED.

Defendants ask this Court to modify its September 25, 2026, order to strike (or mark completed) the provision ordering that Defendants "[r]eturn to E.L.A. all of his property and documents that were removed from his person at the time of his wrongful removal." ECF 715. Defendants contend that this Court has "new evidence" (1) that they have exhausted reasonable efforts to locate E.L.A.'s missing property and (2) that E.L.A. last saw his property at the time of his detention, not his wrongful removal weeks later. This Court sees no reason to modify its earlier order, however, because Defendants have not shown that they "could not with reasonable diligence" have discovered the purportedly new evidence before this Court's order. *See Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (internal citation omitted). Had Defendants been responsive to Class Counsel's earlier requests to locate the property, or cooperated with efforts to find a property inventory or ping E.L.A.'s phone, the issue may have been resolved differently. But this Court does not find reasonable diligence on Defendants' part, and therefore they cannot prevail on a Rule 59(e) motion.

Additionally, this Court is not in the business (and cannot possibly be in the business) of amending its existing orders each time circumstances change. Nor does this Court have a practice of striking portions of orders once a litigant has complied. Those practices would stymie the court system with order administration. Leaving intact an order requiring Defendants to return to E.L.A. all property and documents that were removed from his person at the time of his wrongful removal imposes no remaining obligation on Defendants if, as they assert, no property or documents fall into that category. And there is presently no ongoing duty for Defendants to make continuing efforts to locate any such property or provide reports regarding the property. Further, even Class Counsel recognized that "it appears that the property E.L.A. had when he returned to the United States is now lost irretrievably." ECF 778 at 1.

In sum, while it unfortunately appears that Defendants have failed to follow their own regulations for safeguarding E.L.A.'s property and it may be irretrievable, there is no reason this Court's existing order requires amendment. Should Defendants discover E.L.A.'s personal property, it should be returned to him.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge